## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

APPLE INC. and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),

        Plaintiffs,

v.

MOTOROLA, INC. and MOTOROLA MOBILITY, INC.

        Defendants.

Case No. 10-CV-662

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Apple Inc. ("Apple") and NeXT Software, Inc. ("NeXT"), by its undersigned counsel, for its complaint against Defendants Motorola, Inc. and Motorola Mobility, Inc. (collectively "Motorola"), alleges as follows:

## PARTIES

1.  Plaintiff Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.

2.  Plaintiff NeXT, a wholly-owned subsidiary of Apple, is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.

3.  On information and belief, Motorola, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

4.  On information and belief, Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc. organized under the laws of Delaware with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

## JURISDICTION AND VENUE

5.  This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction under Wis. Stats. § 801.05.

7.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE ACCUSED PRODUCTS

8.  The Accused Products are mobile devices, such as smartphones, and associated software, including operating systems, user interfaces, and other application software designed for use on, and loaded onto, such devices.  Upon information and belief, these products are manufactured, marketed and/or sold by Motorola in the United

States. At least the following Android mobile phone handsets infringe one or more claims of one or more of the Asserted Patents: Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, Devour i1, and Charm.[1]

### THE ASSERTED PATENTS

9. Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 7,479,949 ("the '949 patent"), entitled "Touch Screen Device, Method, and Graphical User Interface for Determining Commands by Applying Heuristics," issued on January 20, 2009, to inventors Steven P. Jobs, Scott Forstall, Greg Christie, Stephen O. Lemay, Scott Herz, Marcel van Os, Bas Ording, Gregory Novick, Wayne C. Westerman, Imran Chaudhri, Patrick Lee Coffman, Kenneth Kocienda, Nitin K. Ganatra, Freddy Allen Anzures, Jeremy A. Wyld, Jeffrey Bush, Michael Matas, Paul D. Marcos, Charles J. Pisula, Virgil Scott King, Chris Blumenberg, Francisco Ryan Tolmasky, Richard Williamson, Andre M. J. Boule, and Henri C. Lamiraux. The '949 patent issued from U.S. Patent Application No. 12/101,832, filed on April 11, 2008, which was a continuation of U.S. Application No. 11/850,635, filed on September 5, 2007, which claims priority to Provisional Application No. 60/937,993, filed on June 29, 2007, Provisional Application No. 60/937,991, filed on June 29, 2007, Provisional Application No. 60/879,469, filed on January 8, 2007, Provisional Application No. 60/879,253, filed on January 7, 2007, and Provisional Application No. 60/824,769, filed on September 6, 2006. A true and correct copy of the '949 patent is attached to this Complaint as **Exhibit A**.

---

[1] The aforementioned are not intended to exclusively define or otherwise limit the categories of Accused Products. Apple expects that Motorola will introduce additional products in the future that will also infringe the Asserted Patents.

10.     Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 6,493,002 ("the '002 patent"), entitled "Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System," issued on December 10, 2002, to inventor Steven W. Christensen.   The '002 patent issued from U.S. Patent Application No. 08/821,004, filed on March 20, 1997, which was a continuation of U.S. Patent Application No. 08/316,237, filed on September 30, 1994. A true and correct copy of the '002 patent is attached to this Complaint as **Exhibit B**.

11.     Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,838,315 ("the '315 patent"), entitled "Support for Custom User-Interaction Elements in a Graphical, Event-Driven Computer System," issued on November 17, 1998, to inventors Timothy J. Craycroft and Robert R. Ulrich.   The '315 patent issued from U.S. Patent Application No. 977,059, filed on November 24, 1997, which was a continuation of U.S. Patent Application No. 593,171, filed on February 1, 1996.   A true and correct copy of the '315 patent is attached to this Complaint as **Exhibit C**.

12.     Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. RE 39,486 (the "RE '486 patent"), entitled "Extensible, Replaceable Network Component System," reissued on February 6, 2007, to inventors Michael A. Cleron, Stephen Fisher, and Timo Bruck.   The RE '486 patent is a reissue of U.S. Patent No. 6,212,575, which issued from U.S. Patent Application No. 08/435,377, filed on May 5, 1995.   A true and correct copy of the RE '486 patent is attached to this Complaint as **Exhibit D**.

13.     Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 6,424,354 ("the '354 patent"), entitled "Object-Oriented Event Notification

3

System with Listener Registration of Both Interests and Methods," issued on July 23,

2002, to inventors John R. Matheny, Christopher White, David R. Anderson, and Arn J.

Schaeffer.    The '354 patent issued from U.S. Patent Application No. 09/287,172, filed

on April 1, 1999, which was a continuation of U.S. Patent Application No. 07/996,775,

filed on December 23, 1992.    A true and correct copy of the '354 patent is attached to

this Complaint as **Exhibit E**.

14.    Apple is the owner of the entire right, title, and interest to and in U.S.

Patent No. 6,343,263 ("the '263 patent"), entitled "Real-Time Signal Processing System

for Serially Transmitted Data," issued on January 29, 2002, to inventors James B.

Nichols and John Lynch.    The '263 patent issued from U.S. Patent Application No.

08/284,061, filed on August 2, 1994.    A true and correct copy of the '263 patent is

attached to this Complaint as **Exhibit F**.

15.    Apple is the owner of the entire right, title, and interest to and in U.S.

Patent No. 6,275,983 ("the '983 patent"), entitled "Object-Oriented Operating System,"

issued on August 14, 2001, to inventors Debra Lyn Orton, Eugenie Lee Bolton, Daniel F.

Chernikoff, David Brook Goldsmith, and Christopher P. Moeller.    The '983 patent

issued from U.S. Patent Application No. 09/140,523, filed on August 26, 1998, which

was a continuation of U.S. Patent Application No. 08/521,085, filed on August 29, 1995.

A true and correct copy of the '983 patent is attached to this Complaint as **Exhibit G**.

16.    Apple is the owner of the entire right, title, and interest to and in U.S.

Patent No. 5,969,705 ("the '705 patent"), entitled "Message Protocol for Controlling a

User Interface from an Inactive Application Program," issued on October 19, 1999, to

inventors Stephen Fisher and Eric Mathew Trehus.    The '705 patent issued from U.S.

Patent Application No. 08/816,492, filed on March 13, 1997, which was a continuation of

U.S. Patent Application No. 08/312,437, filed on September 26, 1994, which was itself a

continuation of U.S. Patent Application No. 08/084,288, filed on June 28, 1993.    A true

and correct copy of the '705 patent is attached to this Complaint as **Exhibit H**.

17.    Apple is the owner of the entire right, title, and interest to and in U.S.

Patent No. 5,946,647 ("the '647 patent"), entitled "System and Method for Performing an

Action on a Structure in Computer-Generated Data," issued on August 31, 1999, to

inventors James R. Miller, Thomas Bonura, Bonnie Nardi, and David Wright.    The '647

patent issued from U.S. Patent Application No. 08/595,257, filed on February 1, 1996.

A true and correct copy of the '647 patent is attached to this Complaint as **Exhibit I**.

18.    Apple is the owner of the entire right, title, and interest to and in U.S.

Patent No. 5,929,852 ("the '852 patent"), entitled "Encapsulated Network Entity

Reference of a Network Component System," issued on July 27, 1999, to inventors

Stephen Fisher, Michael A. Cleron, and Timo Bruck.    The '852 patent issued from U.S.

Patent Application No. 09/007,691, filed on November 24, 1997, which was a

continuation of U.S. Patent Application No. 08/435,880, filed on February May 5, 1995.

A true and correct copy of the '852 patent is attached to this Complaint as **Exhibit J**.

19.    Apple is the owner of the entire right, title, and interest to and in U.S.

Patent No. 5,915,131 ("the '131 patent"), entitled "Method and Apparatus for Handling

I/O Requests Utilizing Separate Programming Interfaces to Access Separate I/O

Services," issued on June 22, 1999, to inventors Holly N. Knight, Carl D. Sutton, Wayne

N. Meretsky, and Alan B. Mimms.    The '131 patent issued from U.S. Patent Application

No. 08/435,677, filed on May 5, 1995.   A true and correct copy of the '131 patent is attached to this Complaint as **Exhibit K**.

20.     Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,566,337 ("the '337 patent"), entitled "Method and Apparatus for Distributing Events in an Operating System," issued on October 15, 1996, to inventors Steven J. Szymanski, Thomas E. Saulpaugh, and William J. Keenan.   The '337 patent issued from U.S. Patent Application No. 242,204, filed on May 13, 1994.   A true and correct copy of the '337 patent is attached to this Complaint as **Exhibit L**.

21.     Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,519,867 ("the '867 patent"), entitled "Object-Oriented Multitasking System," issued on May 21, 1996, to inventors Christopher P. Moeller, Eugenie L. Bolton, Daniel F. Chernikoff, and Russell T. Nakano.   The '867 patent issued from U.S. Patent Application No. 94,673, filed on July 19, 1993.   A true and correct copy of the '867 patent is attached to this Complaint as **Exhibit M**.

22.     Apple and/or NeXT is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,481,721 ("the '721 patent"), entitled "Method for Providing Automatic and Dynamic Translation of Object Oriented Programming Language-Based Message Passing into Operation System Message Passing Using Proxy Objects," issued on January 2, 1996, to inventors Bertrand Serlet, Lee Boynton, and Avadis Tevanian. The '721 patent issued from U.S. Patent Application No. 332,486, filed on October 31, 1994, which was a continuation of U.S. Patent Application No. 731,636, filed on July 17, 1991.   A true and correct copy of the '721 patent is attached to this Complaint as **Exhibit N**.

23.     Apple is the owner of the entire right, title, and interest to and in U.S.

Patent No. 5,455,599 ("the '599 patent"), entitled "Object-Oriented Graphic System,"

issued on October 3, 1995, to inventors Arthur W. Cabral, Rajiv Jain, Maire L. Howard,

John Peterson, Richard D. Webb, and Robert Seidl.   The '599 patent issued from U.S.

Patent Application No. 416,949, filed on April 4, 1995, which was a continuation of U.S.

Patent Application No. 145,840, filed on November 2, 1993.   A true and correct copy of

the '599 patent is attached to this Complaint as **Exhibit O**.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,479,949

24.     Apple incorporates by reference paragraphs 1 through 23 above as if fully

set forth herein.

25.     On information and belief, Motorola has infringed and continues to

infringe, contributorily infringe and/or induce infringement of one or more claims of

the '949 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or

indirectly, literally or under the doctrine of equivalents, by making, using, offering for

sale and selling in the United States and by importing in to the United States, without

authority, mobile devices and related software including but not limited to its Android

mobile phone handsets.

26.     Motorola directly infringes and/or will infringe the '949 patent by making,

using, selling, offering for sale, and importing the mobile devices and related software

practicing the claimed inventions of the '949 patent.   Moreover, Motorola is aware of

the '949 patent, at least because Motorola was provided with a copy of this Complaint

upon its filing.   Motorola indirectly infringes the '949 patent by knowingly inducing the

infringement of these patents by end users of its mobile devices.   Further, on

information and belief, Motorola contributes to the infringement of the '949 patent

because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

27.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

28.     Apple has been and continues to be damaged by Motorola's infringement of the '949 patent in an amount to be determined at trial.

29.     On information and belief, Motorola's infringement of the '949 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

30.     On information and belief, Motorola's infringement of the '949 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,493,002

31.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

32.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '002 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

33.     Motorola directly infringes and/or will infringe the '002 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '002 patent.   Moreover, Motorola is aware of the '002 patent, at least because Motorola was provided with a copy of this Complaint upon its filing.   Motorola indirectly infringes the '002 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.   Further, on information and belief, Motorola contributes to the infringement of the '002 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

34.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

35.     Apple has been and continues to be damaged by Motorola's infringement of the '002 patent in an amount to be determined at trial.

36.     On information and belief, Motorola's infringement of the '002 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

37.     On information and belief, Motorola's infringement of the '002 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,838,315

38.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

39.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '315 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

40.     Motorola directly infringes and/or will infringe the '315 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '315 patent.   Moreover, Motorola is aware of the '315 patent, at least because Motorola was provided with a copy of this Complaint upon its filing.   Motorola indirectly infringes the '315 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.   Further, on information and belief, Motorola contributes to the infringement of the '315 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

41.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

42.     Apple has been and continues to be damaged by Motorola's infringement of the '315 patent in an amount to be determined at trial.

43.     On information and belief, Motorola's infringement of the '315 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

44.     On information and belief, Motorola's infringement of the '315 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. RE 39,486

45.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

46.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the RE '486 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

47.     Motorola directly infringes and/or will infringe the RE '486 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the RE '486 patent.   Moreover, Motorola is aware of the RE '486 patent, at least because Motorola included declaratory judgment claims regarding the RE '486 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.   Motorola indirectly infringes the RE '486 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.   Further, on information and belief, Motorola

11

contributes to the infringement of the RE '486 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

48.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

49.     Apple has been and continues to be damaged by Motorola's infringement of the RE '486 patent in an amount to be determined at trial.

50.     On information and belief, Motorola's infringement of the RE '486 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

51.     On information and belief, Motorola's infringement of the RE '486 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,424,354

52.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

53.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '354 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

54.     Motorola directly infringes and/or will infringe the '354 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '354 patent.   Moreover, Motorola is aware of the '354 patent, at least because Motorola included declaratory judgment claims regarding the '354 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.   Motorola indirectly infringes the '354 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.   Further, on information and belief, Motorola contributes to the infringement of the '354 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

55.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

56.     Apple has been and continues to be damaged by Motorola's infringement of the '354 patent in an amount to be determined at trial.

57.     On information and belief, Motorola's infringement of the '354 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

58.     On information and belief, Motorola's infringement of the '354 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,343,263**

59.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

60.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '263 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

61.     Motorola directly infringes and/or will infringe the '263 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '263 patent.   Moreover, Motorola is aware of the '263 patent, at least because Motorola included declaratory judgment claims regarding the '263 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.   Motorola indirectly infringes the '263 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.   Further, on information and belief, Motorola contributes to the infringement of the '263 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

62.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

63.     Apple has been and continues to be damaged by Motorola's infringement of the '263 patent in an amount to be determined at trial.

64.     On information and belief, Motorola's infringement of the '263 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

65.     On information and belief, Motorola's infringement of the '263 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 6,275,983

66.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

67.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '983 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

68.     Motorola directly infringes and/or will infringe the '983 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '983 patent.   Moreover, Motorola is aware of the '983 patent, at least because Motorola included declaratory judgment claims regarding the '983 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.   Motorola indirectly infringes

the '983 patent by knowingly inducing the infringement of these patents by end users of

its mobile devices.   Further, on information and belief, Motorola contributes to the

infringement of the '983 patent because Motorola knows that its mobile devices are made

for use in infringement and are not staple articles of commerce suitable for substantial

non-infringing use.

69.    Motorola's infringing activities have caused and will continue to cause

Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's

infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

70.    Apple has been and continues to be damaged by Motorola's infringement

of the '983 patent in an amount to be determined at trial.

71.    On information and belief, Motorola's infringement of the '983 patent is

willful and deliberate, and justifies an increase in damages of up to three times in

accordance with 35 U.S.C. § 284.

72.    On information and belief, Motorola's infringement of the '983 patent is

exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this

action in accordance with 35 U.S.C. § 285.

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 5,969,705

73.    Apple incorporates by reference paragraphs 1 through 23 above as if fully

set forth herein.

74.    On information and belief, Motorola has infringed and continues to

infringe, contributorily infringe and/or induce infringement of one or more claims of

the '705 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or

indirectly, literally or under the doctrine of equivalents, by making, using, offering for

sale and selling in the United States and by importing in to the United States, without

authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

75.    Motorola directly infringes and/or will infringe the '705 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '705 patent.    Moreover, Motorola is aware of the '705 patent, at least because Motorola included declaratory judgment claims regarding the '705 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.    Motorola indirectly infringes the '705 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.    Further, on information and belief, Motorola contributes to the infringement of the '705 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

76.    Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

77.    Apple has been and continues to be damaged by Motorola's infringement of the '705 patent in an amount to be determined at trial.

78.    On information and belief, Motorola's infringement of the '705 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

79.     On information and belief, Motorola's infringement of the '705 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 5,946,647

80.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

81.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '647 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

82.     Motorola directly infringes and/or will infringe the '647 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '647 patent.   Moreover, Motorola is aware of the '647 patent, at least because Motorola included declaratory judgment claims regarding the '647 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.   Motorola indirectly infringes the '647 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.   Further, on information and belief, Motorola contributes to the infringement of the '647 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

83.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

84.     Apple has been and continues to be damaged by Motorola's infringement of the '647 patent in an amount to be determined at trial.

85.     On information and belief, Motorola's infringement of the '647 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

86.     On information and belief, Motorola's infringement of the '647 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT X: INFRINGEMENT OF U.S. PATENT NO. 5,929,852

87.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

88.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '852 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

89.     Motorola directly infringes and/or will infringe the '852 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '852 patent.   Moreover, Motorola is aware of

the '852 patent, at least because Motorola included declaratory judgment claims regarding the '852 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware. Motorola indirectly infringes the '852 patent by knowingly inducing the infringement of these patents by end users of its mobile devices. Further, on information and belief, Motorola contributes to the infringement of the '852 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

90.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

91.     Apple has been and continues to be damaged by Motorola's infringement of the '852 patent in an amount to be determined at trial.

92.     On information and belief, Motorola's infringement of the '852 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

93.     On information and belief, Motorola's infringement of the '852 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

### COUNT XI: INFRINGEMENT OF U.S. PATENT NO. 5,915,131

94.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

95.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of

the '131 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

96.     Motorola directly infringes and/or will infringe the '131 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '131 patent.    Moreover, Motorola is aware of the '131 patent, at least because Motorola included declaratory judgment claims regarding the '131 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.    Motorola indirectly infringes the '131 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.    Further, on information and belief, Motorola contributes to the infringement of the '131 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

97.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

98.     Apple has been and continues to be damaged by Motorola's infringement of the '131 patent in an amount to be determined at trial.

99.     On information and belief, Motorola's infringement of the '131 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

100.     On information and belief, Motorola's infringement of the '131 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT XII: INFRINGEMENT OF U.S. PATENT NO. 5,566,337

101.     Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

102.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '337 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

103.     Motorola directly infringes and/or will infringe the '337 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '337 patent.   Moreover, Motorola is aware of the '337 patent, at least because Motorola included declaratory judgment claims regarding the '337 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.   Motorola indirectly infringes the '337 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.   Further, on information and belief, Motorola contributes to the

infringement of the '337 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

104. Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

105. Apple has been and continues to be damaged by Motorola's infringement of the '337 patent in an amount to be determined at trial.

106. On information and belief, Motorola's infringement of the '337 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

107. On information and belief, Motorola's infringement of the '337 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT XIII: INFRINGEMENT OF U.S. PATENT NO. 5,519,867

108. Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

109. On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '867 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

110.     Motorola directly infringes and/or will infringe the '867 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '867 patent.     Moreover, Motorola is aware of the '867 patent, at least because Motorola included declaratory judgment claims regarding the '867 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.     Motorola indirectly infringes the '867 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.     Further, on information and belief, Motorola contributes to the infringement of the '867 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

111.     Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

112.     Apple has been and continues to be damaged by Motorola's infringement of the '867 patent in an amount to be determined at trial.

113.     On information and belief, Motorola's infringement of the '867 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

114.     On information and belief, Motorola's infringement of the '867 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT XIV: INFRINGEMENT OF U.S. PATENT NO. 5,481,721

115.    Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

116.    On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '721 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

117.    Motorola directly infringes and/or will infringe the '721 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '721 patent.    Moreover, Motorola is aware of the '721 patent, at least because Motorola included declaratory judgment claims regarding the '721 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.    Motorola indirectly infringes the '721 patent by knowingly inducing the infringement of these patents by end users of its mobile devices.    Further, on information and belief, Motorola contributes to the infringement of the '721 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

118.    Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

119.    Apple has been and continues to be damaged by Motorola's infringement of the '721 patent in an amount to be determined at trial.

120.    On information and belief, Motorola's infringement of the '721 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

121.    On information and belief, Motorola's infringement of the '721 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT XV: INFRINGEMENT OF U.S. PATENT NO. 5,455,599

122.    Apple incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

123.    On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '599 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to its Android mobile phone handsets.

124.    Motorola directly infringes and/or will infringe the '599 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '599 patent.    Moreover, Motorola is aware of the '599 patent, at least because Motorola included declaratory judgment claims regarding the '599 patent in its Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware.    Motorola indirectly infringes

26

the '599 patent by knowingly inducing the infringement of these patents by end users of its mobile devices. Further, on information and belief, Motorola contributes to the infringement of the '599 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

125. Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

126. Apple has been and continues to be damaged by Motorola's infringement of the ' '599 patent in an amount to be determined at trial.

127. On information and belief, Motorola's infringement of the '599 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

128. On information and belief, Motorola's infringement of the '599 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

129. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple demands a trial by jury.

## PRAYER FOR RELIEF

130. WHEREFORE, Apple respectfully prays for relief as follows:

(a) A judgment that Motorola has directly infringed, induced infringement, and/or contributed to the infringement of one or more claims of each of

the '949, '002, '315, RE '486, '354, '263, '983, '705, '647, '852, '131, '337, '867, '721, and '599 patents;

(b)     A judgment permanently enjoining Motorola and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c)     A judgment awarding Apple all damages adequate to compensate for Motorola's infringement, and in no event less than a reasonable royalty for Motorola's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d)     A judgment that Motorola's various acts of infringement have been willful and deliberate, and therefore, that Apple is entitled to up to treble damages as provided by 35 U.S.C. § 284;

(e)     A judgment that Motorola's willful infringement renders this an exceptional case entitling Apple to an award of its attorneys' fees and costs incurred in prosecuting this action, together with interest, pursuant to 35 U.S.C. § 285; and

(f)     Such other relief as the Court may deem just and equitable.

Dated: December 2, 2010          Respectfully Submitted,

*/s/ James Donald Peterson*
James Donald Peterson (# 1022819)
jpeterson@gklaw.com
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Matthew D. Powers
matthew.powers@weil.com
Steven S. Cherensky
steven.cherensky@weil.com
Jill J. Ho
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Mark G. Davis
mark.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Patricia Young
patricia.young@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
*Attorneys for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2010, I caused the foregoing document to be

electronically filed with the Clerk of Court using the ECF system, which will make this

document available to all counsel of record for viewing and downloading from the ECF system.

*s/James D. Peterson*
James D. Peterson