**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

APPLE INC.,

            Plaintiff and Counterclaim-
Defendant,

v.

MOTOROLA, INC. and MOTOROLA
MOBILITY, INC.,

            Defendants and Counterclaims-
Plaintiffs.

Case No. 10-CV-00662-BBC

**JURY TRIAL DEMANDED**

---

**APPLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
MOTOROLA, INC. AND MOTOROLA MOBILITY, INC.'S  JOINT
COUNTERCLAIMS AND MOTOROLA MOBILITY, INC.'S COUNTERCLAIMS**

---

Plaintiff Apple Inc. ("Apple") by and through its undersigned counsel, hereby responds to

Motorola, Inc. and/or Motorola Mobility, Inc.'s (collectively, "Motorola") Joint Counterclaims,

and Motorola Mobility, Inc.'s ("Motorola Mobility") Counterclaims as follows:

**I.**

**ANSWER TO DEFENDANTS' JOINT COUNTERCLAIMS**

1.      No response to Paragraph 1 is required.

**PARTIES**

2.      On information and belief, Apple admits that Motorola, Inc. is a corporation

organized under the laws of the State of Delaware, with its principal place of business at 1303

East Algonquin Road, Schaumburg, Illinois 60196.  On information and belief, Apple admits

that Motorola Mobility is a corporation organized and existing under the laws of the State of

Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville,

Illinois 60048.  On information and belief, Apple admits that Motorola Mobility is a wholly

owned subsidiary of Motorola, Inc.

3.      Apple admits that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

**JURISDICTION AND VENUE**

4.      Apple admits that the Joint Counterclaims purport to be counterclaims for Declaratory Relief under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.  Apple does not contest the Court's jurisdiction over the Joint Counterclaims.

5.      Apple admits that this Court has personal jurisdiction over Apple.  Apple admits that it offers for sale and has sold its products to persons within this District, operates retail stores within this District, and conducts business in this District.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 5 of the Joint Counterclaims.

6.      Apple admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**COUNTERCLAIM I:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 7,479,949**

7.      Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

8.      Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 7,479,949 ("the '949 patent").

9.      No response to Paragraph 9 is required.

10.      Apple denies the allegations in Paragraph 10 of the Joint Counterclaims.

11.      Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '949 patent.

12.      Apple denies the allegations in Paragraph 12 of the Joint Counterclaims.

**COUNTERCLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,493,002**

13.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

14.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 6,493,002 ("the '002 patent").

15.     No response to Paragraph 15 is required.

16.     Apple denies the allegations in Paragraph 16 of the Joint Counterclaims.

17.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '002 patent.

18.     Apple denies the allegations in Paragraph 18 of the Joint Counterclaims.

**COUNTERCLAIM III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,838,315**

19.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

20.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,838,315 ("the '315 patent").

21.     No response to Paragraph 21 is required.

22.     Apple denies the allegations in Paragraph 22 of the Joint Counterclaims.

23.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '315 patent.

24.     Apple denies the allegations in Paragraph 24 of the Joint Counterclaims.

## JOINT REQUEST FOR RELIEF

25.     Apple denies that Motorola is entitled to any of the relief sought in its prayer for relief, including that requested in Paragraphs (A) through (D).  The '949, '002, and '315 patents are valid, enforceable, and infringed by Motorola.  Motorola is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, costs, fees, interest or any other type of recovery from Apple.  Motorola's prayer should, therefore, be denied in its entirety and with prejudice, and Motorola should take nothing.

## ANSWER TO MOTOROLA MOBILITY'S COUNTERCLAIMS

26.     No response to Paragraph 26 is required.

27.     Apple admits that the Counterclaims allege that Apple infringes U.S. Patents Nos. 5,311,516 ("the '516 patent"), 5,319,712 ("the '712 patent"), 5,490,230 ("the '230 patent"), 5,572,193 ("the '193 patent"), 6,175,559 ("the '559 patent"), and 6,359,898 ("the '898 patent") (collectively, "the Asserted Patents"), and that Motorola seeks remedies for Apple's alleged infringement.  Apple denies infringing any of the Asserted Patents and all remaining allegations of Paragraph 27.

## PARTIES

28.     On information and belief, Apple admits that Motorola Mobility is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  On information and belief, Apple admits that Motorola Mobility is a wholly owned subsidiary of Motorola, Inc.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Counterclaims, and, on that basis, denies those allegations.

29.     Apple admits that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

**JURISDICTION AND VENUE**

30.　　Apple admits that these Counterclaims purport to arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., but denies any wrongdoing or liability on its own behalf for the reasons stated herein.  Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 30 of the Counterclaims.

31.　　Apple admits that this Court has personal jurisdiction over Apple.  Apple admits that it offers for sale and has sold its products to persons within this District, operates retail stores within this District, and conducts business in this District.  Apple denies that it has committed any acts of infringement within this District and specifically denies any wrongdoing, infringement, inducement of infringement or contribution to infringement.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 31 of the Counterclaims.

32.　　Apple admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**MOTOROLA MOBILITY'S COUNTERCLAIM IV:**
**INFRINGEMENT OF U.S. PATENT NO. 5,311,516**

33.　　Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 26-32 above.

34.　　Apple admits that the '516 patent states on its face that it is entitled "Paging System Using Message Fragmentation to Redistribute Traffic."  Apple further admits that the '516 patent states on its face that it issued on May 10, 1994.  Apple denies that the '516 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 34 of the Counterclaims.

35.　　Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '516 patent and, therefore, denies those allegations.

36.     Apple denies the allegations in Paragraph 36 of the Counterclaims.

37.     Apple denies the allegations in Paragraph 37 of the Counterclaims.

38.     Apple denies the allegations in Paragraph 38 of the Counterclaims.

39.     Apple denies the allegations in Paragraph 39 of the Counterclaims.

40.     Apple denies the allegations in Paragraph 40 of the Counterclaims.

## MOTOROLA MOBILITY'S COUNTERCLAIM V:
## INFRINGEMENT OF U.S. PATENT NO. 5,319,712

41.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 26-32 above.

42.     Apple admits that the '712 patent states on its face that it is entitled "Method and Apparatus for Providing Cryptographic Protection of a Data Stream in a Communication System." Apple further admits that the '712 patent states on its face that it issued on June 7, 1994. Apple denies that the '712 patent was duly or lawfully issued. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 42 of the Counterclaims.

43.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '712 patent and, therefore, denies those allegations.

44.     Apple denies the allegations in Paragraph 44 of the Counterclaims.

45.     Apple denies the allegations in Paragraph 45 of the Counterclaims.

46.     Apple denies the allegations in Paragraph 46 of the Counterclaims.

47.     Apple denies the allegations in Paragraph 47 of the Counterclaims.

48.     Apple denies the allegations in Paragraph 48 of the Counterclaims.

## MOTOROLA MOBILITY'S COUNTERCLAIM VI:
## INFRINGEMENT OF U.S. PATENT NO. 5,490,230

49.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 26-32 above.

50.     Apple admits that the '230 patent states on its face that it is entitled "Digital Speech Coder Having Optimized Signal Energy Parameters." Apple further admits that the '230 patent states on its face that it issued on February 6, 1996. Apple denies that the '230 patent was duly or lawfully issued. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 50 of the Counterclaims.

51.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 51 of the Counterclaims and, therefore, denies those allegations.

52.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 52 of the Counterclaims and, therefore, denies those allegations.

53.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '230 patent and, therefore, denies those allegations.

54.     Apple denies the allegations in Paragraph 54 of the Counterclaims.

55.     Apple denies the allegations in Paragraph 55 of the Counterclaims.

56.     Apple denies the allegations in Paragraph 56 of the Counterclaims.

57.     Apple denies the allegations in Paragraph 57 of the Counterclaims.

58.     Apple denies the allegations in Paragraph 58 of the Counterclaims.

## MOTOROLA MOBILITY'S COUNTERCLAIM VII:
## INFRINGEMENT OF U.S. PATENT NO. 5,572,193

59.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 26-32 above.

60.     Apple admits that the '193 patent states on its face that it is entitled "Method for Authentication and Protection of Subscribers in Telecommunications Systems." Apple further admits that the '193 patent states on its face that it issued on November 5, 1996. Apple denies

that the '193 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 60 of the Counterclaims.

61.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 61 of the Counterclaims and, therefore, denies those allegations.

62.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '193 patent and, therefore, denies those allegations.

63.     Apple denies the allegations in Paragraph 63 of the Counterclaims.

64.     Apple denies the allegations in Paragraph 64 of the Counterclaims.

65.     Apple denies the allegations in Paragraph 65 of the Counterclaims.

66.     Apple denies the allegations in Paragraph 66 of the Counterclaims.

67.     Apple denies the allegations in Paragraph 67 of the Counterclaims.

## MOTOROLA MOBILITY'S COUNTERCLAIM VIII: INFRINGEMENT OF U.S. PATENT NO. 5,175,559

68.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 26-32 above.

69.     Apple admits that the '559 patent states on its face that it is entitled "Method for Generating Preamble Sequences in a Code Division Multiple Access System."  Apple further admits that the '559 patent states on its face that it issued on January 16, 2001.  Apple denies that the '559 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 69 of the Counterclaims.

70.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '559 patent and, therefore, denies those allegations.

71.     Apple denies the allegations in Paragraph 71 of the Counterclaims.

72.     Apple denies the allegations in Paragraph 72 of the Counterclaims.

73.     Apple denies the allegations in Paragraph 73 of the Counterclaims.

74.     Apple denies the allegations in Paragraph 74 of the Counterclaims.

75.     Apple denies the allegations in Paragraph 75 of the Counterclaims.

### MOTOROLA MOBILITY'S COUNTERCLAIM IX:
### INFRINGEMENT OF U.S. PATENT NO. 6,359,898

76.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 26-32 above.

77.     Apple admits that the '898 patent states on its face that it is entitled "Method for Performing a Countdown Function During a Mobile-Originated Transfer for a Packet Radio System." Apple further admits that the '898 patent states on its face that it issued on March 19, 2002. Apple denies that the '898 patent was duly or lawfully issued. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 77 of the Counterclaims.

78.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '898 patent and, therefore, denies those allegations.

79.     Apple denies the allegations in Paragraph 79 of the Counterclaims.

80.     Apple denies the allegations in Paragraph 80 of the Counterclaims.

81.     Apple denies the allegations in Paragraph 81 of the Counterclaims.

82.     Apple denies the allegations in Paragraph 82 of the Counterclaims.

83.     Apple denies the allegations in Paragraph 83 of the Counterclaims.

### DEMAND FOR JURY TRIAL

84.     Apple does not object to a trial by jury on all issues so triable.

### REQUEST FOR RELIEF

85.     Apple denies that Motorola Mobility is entitled to any of the relief sought in its prayer for relief, including that requested in Paragraphs (a) through (f). Apple has not directly or

indirectly infringed the Asserted Patents, either literally or by the doctrine of equivalents, willfully or otherwise. Motorola Mobility is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest or any other type of recovery from Apple. Motorola Mobility's prayer should, therefore, be denied in its entirety and with prejudice, and Motorola Mobility should take nothing.

## II.

### DEFENSES

In addition to the defenses described below, Apple expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

86.     The Counterclaims fail to state a claim upon which relief can be granted because Apple has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Motorola.

### SECOND DEFENSE – NONINFRINGEMENT

87.     Apple does not infringe and has not infringed, either directly, indirectly, contributorily or by inducement, any claims of the Asserted Patents, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD DEFENSE – PATENT INVALIDITY

88.     Motorola's alleged claims for infringement of the Asserted Patents are barred because each and every claim of the Asserted Patents is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 102, 103, 112, and/or improper inventorship and noncompliance with Sections 115 and/or 116.

### FOURTH DEFENSE – LACHES

89.     Motorola's claims for relief are barred in whole or in part by the equitable doctrine of laches.

10

### FIFTH DEFENSE – ESTOPPEL/UNCLEAN HANDS

90.     Motorola's claims for relief are barred in whole or in part by the doctrines of equitable estoppel and/or unclean hands.

91.     Before filings its Counterclaims, Motorola made numerous representations to various standards setting and standard related organizations (collectively, "SSOs") that its Asserted Patents were essential to practicing certain industry standards, and Motorola would offer licenses to these patents on fair, reasonable, and non-discriminatory ("FRAND") OR reasonable and non-discriminatory ("RAND") (collectively, "F/RAND") terms.  Apple has invested billions of dollars in products and technologies in reliance on Motorola's promises regarding its purportedly standards-essential patents.  To date, however, Motorola has refused to offer Apple a license to the Asserted Patents on F/RAND terms as promised.  If the SSOs and Apple had known that Motorola would refuse to honor its promises to offer licenses to the Asserted Patents on F/RAND terms, then alternative technologies would have been incorporated into the relevant standards in avoidance of the Asserted Patents.

92.     Under the doctrine of equitable estoppel, Motorola cannot be allowed to seek the relief it seeks in its Counterclaims for Apple's alleged infringement of the Asserted Patents.

93.     Most SSOs—including, without limitation, the European Telecommunications Standards Institute ("ETSI") and the Institute of Electrical and Electronics Engineers Standards Association (the "IEEE")—have adopted intellectual property rights policies ("IPR Policies") to address the problem of patent hold-up.  These policies often contain requirements concerning: (a) the disclosure of patents or patent applications that may claim any portion of the standard in development, i.e., purported "essential patents"; and (b) whether and to what extent patentees holding such purported essential patents must commit to licensing these patents on F/RAND terms.

94.     Timely disclosures of purported essential patents permits participants in standards development to evaluate competing technical proposals with better knowledge of the potential licensing costs that designers may incur when developing standards-compliant products.

95.     Additionally, such IPR Policies require participants who claim to own essential patents to commit to license those patents to any implementer of the standard on F/RAND terms. Participants in standards development rely on these contractual undertakings to ensure, among other things, that the widespread adoption of the standard will not be hindered by patentees seeking to extract unreasonable royalties and terms from those implementing the standard.

96.     Breaching F/RAND commitments, as Motorola has done here, undermines the pro-competitive safeguards put in place by SSOs.  By seeking to capitalize on a patent's actual or purported incorporation into a standard, the patentee violates the very commitment that led to incorporation of that technology in the first place.

97.     IPR Policies, including, without limitation, ETSI's IPR Policies require, among other things, that members timely disclose to the organization any intellectual property right ("IPR") they own which may be essential to standards that have been developed or are being developed.  Participants in ETSI standard development understand that this provision requires disclosure of all IPR that they believe might be essential to standards under consideration.  If an owner of an essential IPR refuses to undertake a FRAND commitment with respect to that IPR, then, as provided, for example, in Section 8 of the ETSI IPR Policy, ETSI may suspend work on relevant parts of the standard or redesign the standard to render the IPR non-essential.  ETSI's IPR Policy was designed to benefit all ETSI members, as well as other parties that implement an ETSI standard.

98.     Upon information and belief, and without limitation, during all times relevant to the Asserted Patents, Motorola has been a member of ETSI.  Motorola has participated in, without limitation, ETSI's development of mobile wireless communications standards for GSM/WCDMA, UMTS/3GPP, General Packet Radio Service ("GPRS"), and Enhanced Data Rates for GSM Evolution ("EDGE").  As a result of its membership and participation in ETSI, and through its Declaration, Motorola was and is bound by the ETSI Rules of Procedure, including the ETSI IPR Policy.  Through its Declaration, Motorola represented to ETSI, ETSI members, and third parties that it would be prepared to or actually granted irrevocable licenses of

some of the Asserted Patents on FRAND terms. Motorola's FRAND Declaration is a binding contractual commitment made to ETSI, its members and designers and sellers of products implementing ETSI standards (including Apple), for the benefit of ETSI, its members, and any entity that implements GSM/WCDMA, UMTS/3GPP (or any other ETSI standards for which Motorola declared essential IPR and undertook a FRAND commitment). Motorola is therefore bound to offer FRAND licenses to Apple, a member of ETSI and seller of products that implement the relevant mobile communications standards at issue.

99.     Upon information and belief, Motorola has also participated in other SSOs, including without limitation, IEEE.

100.     Before the SSOs adopted any relevant standards at issue, there were viable alternative technology solutions competing in markets for technologies to perform the functions included in the standards that Motorola asserts are performed by its patented technologies. But once the SSO participants selected technologies – technologies that Motorola claims are covered by its patents – all alternative technological solutions for those functions were excluded from the relevant technology markets. Those technologies were excluded because they would not be compliant with the adopted standard. Accordingly, to the extent that Motorola's Asserted Patents are essential to any standard, it was Motorola's false F/RAND declarations and deceptive acts – not the inherent attributes of its purportedly essential technologies or any superior product, business acumen or historic accident – that conferred monopoly power on Motorola with respect to the technologies which perform the functions included in the standards.

101.     In reliance on Motorola's representations that it would offer Apple a license to the Asserted Patents on F/RAND terms and would otherwise comply with its obligations to the SSOs, Apple made substantial investments in the research, design, manufacture, and marketing of its products.

102.     A party's breach of a commitment to a SRO constitutes "misleading conduct" sufficient to equitably estop a party from enforcing its patents. As a matter of law, Apple is

entitled to rely on affirmative commitments by SRO members to license their declared-essential patents on F/RAND terms.

103.    Upon information and belief, Motorola also failed to timely identify IPR, including at least the '559 patent, to certain SSOs.

104.    Motorola's assertion of its Counterclaims of purportedly essential patents in violation of its obligation to license on F/RAND terms constitutes unclean hands which bars any relief sought by Motorola in this case.

## SIXTH DEFENSE – STATUTE OF LIMITATIONS

105.    To the extent Motorola seek damages for alleged infringement more than six years prior to filing of the Counterclaims, the relief sought by Motorola is barred by 35 U.S.C. § 286.

## SEVENTH DEFENSE – NOTICE

106.    To the extent Motorola seeks damages for alleged infringement prior to its giving actual or constructive notice of the '516, '712, '230, '193, '559, and '898 patents to Apple, the relief sought is barred by 35 U.S.C. § 287.

## EIGHTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

107.    Motorola is estopped from construing the claims of the '516, '712, '230, '193, '559, and '898 patents in such a way as may cover any of Apple's products or processes by reasons of statements made to the U.S. Patent and Trademark Office ("Patent Office") during the prosecution of the applications that led to the issuance of the '516, '712, '230, '193, '559, and '898 patents.

## NINTH DEFENSE – PATENT EXHAUSTION/IMPLIED LICENSE

108.    The relief sought by Motorola is barred in whole or in part by the doctrines of patent exhaustion and/or implied license.

## TENTH DEFENSE –LICENSE

109.    On information and belief, the relief sought by Motorola is barred in whole or in part by an express license.

## ELEVENTH DEFENSE – LACK OF STANDING

110.    Motorola Mobility lacks standing to bring its claims because, as shown on the faces of the '516, '712, '230, '193, '559, and '898 patents, Motorola Mobility is not the assignee of those patents.  In addition, essential parties are not named in this action.

## TWELFTH DEFENSE – NO INJUNCTIVE RELIEF

111.    To the extent Motorola seeks injunctive relief for alleged infringement, the relief sought by Motorola is unavailable because any alleged injury to Motorola is not immediate or irreparable and because Motorola has an adequate remedy at law for any alleged injury.

## THIRTEENTH DEFENSE – INEQUITABLE CONDUCT

### A.    The '516 Patent

112.    The '516 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '516 patent, at least one of inventors named on that patent, David F. Willard, was aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office.  This information includes, without limitation, the disclosures in U.S. Patent No. 5,089,813 to Michael J. DeLuca, Leon Jasinski, and David F. Willard ("DeLuca"), filed on July 19, 1989 and issued on February 18, 1992.

113.    Willard, one of the named inventors of the '516 patent, is also a named inventor on the DeLuca reference and thus had knowledge of the information disclosed in DeLuca at least by July 19, 1989, over three years prior to the filing date of the '516 patent.

114.    DeLuca is not cumulative to any references disclosed during prosecution of the '516 patent.  None of the references cited to the Patent Office describe the subject matter disclosed in DeLuca, namely, constructing multi-packet messages by using signals in the message data that indicate the starting and stopping points.  Specifically, DeLuca discloses employing "continue signals" in the message data ('00' and '01') that indicate whether additional packets will follow or the instant packet is the last.  These packets are then reconstructed by a receiving device to form the multi-packet message for display.

115.     Upon information and belief, Willard failed to disclose DeLuca during the prosecution of the '516 patent with an intent to deceive the Patent Office.  As explained in Paragraph 113 above, Willard was aware of DeLuca as early as July 1989, over three years before the filing of the '516 patent, and almost five years before the issuance of the '516 patent. Yet, Willard did not disclose DeLuca to the Patent Office in conjunction with the prosecution of the '516 patent.

116.     DeLuca qualifies as prior art to the '516 patent under 35 U.S.C. §§ 102(a), (e), or (g) and/or § 103.  Based on the disclosure described in Paragraph 114 above, DeLuca anticipates or renders obvious at least claim 1 of the '516 patent.

117.     Upon information and belief, the examiner did not consider DeLuca during prosecution of the '516 patent.

118.     The acts of fraud on the Patent Office committed during the prosecution of the '516 patent renders the '516 patent unenforceable.

### B.     The '193 Patent

119.     The '193 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '193 patent, at least one of inventors named on that patent, Louis Finkelstein, as well as one of the attorneys who prosecuted the '193 patent, Kevin A. Buford, were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office. This information includes, without limitation, the disclosures in U.S. Patent No. 5,189,700 to Robert R. Blandford ("Blandford"), filed on January 7, 1991 and issued on February 23, 1993.

120.     Upon information and belief, Finkelstein had knowledge of Blandford at least by November 25, 1994, during the pendency of U.S. Application No. 08/295,173 ("the '173 application"), and about two years before the issuance of the '193 patent.  Named inventor Finkelstein is also a named inventor on  U.S. Patent Application No. 08/084,664 ("the '664 application"), entitled "Method and Apparatus for Efficient Real-Time Authentication and Encryption in a Communication System" and filed on June 29, 1993.  Finkelstein learned of

Blandford at least by November 25, 1994, when the examiner reviewing the '664 application issued an office action that identified Blandford as relevant to the prosecution of that application in the Notice of References Cited. This was about two years before the issuance of the '193 patent. Blandford is one of only seven references listed on the examiner's Notice of References Cited.

121. Upon information and belief, Buford – an attorney responsible for prosecuting the '193 patent – also had knowledge of Blandford at least by November 25, 1994, during the pendency of the '173 application, and about two years before the issuance of the '193 patent. Buford was also responsible for prosecuting the '664 application. Buford learned of Blandford at least by November 25, 1994, when the examiner reviewing the '664 application issued an office action that identified Blandford as relevant to the prosecution of that application in the Notice of References Cited. This was about two years before the issuance of the '193 patent. Blandford is one of only seven references listed on the examiner's Notice of References Cited.

122. Upon information and belief, Finkelstein and Buford knew that Blandford was material prior art to the '173 application and the '193 patent because Blandford discloses "Devices to (1) Supply Authenticated Time and (2) Time Stamp and Authenticate Digital Documents." In particular, Blandford discloses the use of multiple methods for authentication, including using a sequence number.

123. Blandford is not cumulative to any references disclosed during prosecution of the '193 patent. None of the references cited to the Patent Office describe the inventions claimed in Blandford as described above, which anticipate and/or render obvious the '193 patent.

124. Upon information and belief, Finkelstein and Buford failed to disclose Blandford during the prosecution of the '193 patent with an intent to deceive the Patent Office. As explained in Paragraphs 120-121 above, although Finkelstein and Buford became aware of Blandford in conjunction with the prosecution of the '863 patent in November 1994, they did not disclose Blandford in conjunction with the prosecution of the '193 patent, even though prosecution of that patent was ongoing in November 1994.

17

125.     Blandford qualifies as prior art to the '193 patent at least under 35 U.S.C. §102(e) and/or §103.  The United States patent application that issued as Blandford, U.S. Patent Application No. 07/637,675 was filed on January 7, 1991, more than three years prior to the August 22, 1994 filing date of the '173 application.  In addition, Blandford issued on February 23, 1993, over three-and-a-half years before issuance of the '193 patent.

126.     Upon information and belief, the examiner did not consider Blandford during prosecution of the '193 patent.

127.     The acts of fraud on the Patent Office committed during the prosecution of the '193 patent renders the '193 patent unenforceable.

### C.     The '559 Patent

128.     The '559 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '559 patent, Motorola was aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office.  This information includes, without limitation, documents from the 3GPP TSG-RAN Working Group 1, including, without limitation 3GPP TS 25.213 v2.0.0 (1999-4) Technical Specification; 3GPP TS 25.213 v2.1.0 (1999-06); "New RACH preambles with low auto-correlation sidelobes and reduced detector complexity," TSGR1#3(99)205 (Ericsson, March 22-26, 1999); "Comments on the proposed RACH sequence structure," Tdoc R1-99377 (Nokia, April 18-20, 1999); and "Text proposal for RACH preambles," TSGR1-598/99 (Nokia, June 1-4, 1999) (collectively "the 3GPP TSG-RAN Prior Art").

129.     Upon information and belief, Motorola had knowledge of the work at the 3GPP TSG-RAN Working Group 1 as early as January 1999 as Motorola participated in the early meetings of 3GPP TSG-RAN Working Group 1.  Specifically, upon information and belief, Motorola had knowledge of the 3GPP TSG-RAN Prior Art at least by June 1999, when Motorola submitted to the 3GPP TSG-RAN Working Group 1 a document titled "Evaluation of Proposed RACH Signatures," 3GPP/TSGR1#5(99)670 (Motorola, June 1-4, 1999), which was prior to the

filing date of the '559 patent. Motorola also submitted a "Proposal for RACH Preambles," 3GPP/TSGR1#6(99)893 (Motorola/Texas Instruments, July 13-16, 1999) to the 3GPP TSG-RAN Working Group 1 in July 1999, prior to the issuance of the '559 patent.

130.     The 3GPP TSG-RAN Prior Art is not cumulative to any references disclosed during prosecution of the '559 patent. None of the references cited to the Patent Office describe the subject matter disclosed in the 3GPP TSG-RAN Prior Art, namely, a Gold outer code in combination with another code used for a preamble for a random access channel.

131.     Upon information and belief, Motorola failed to disclose the 3GPP TSG-RAN Prior Art during the prosecution of the '559 patent with an intent to deceive the Patent Office.

132.     The 3GPP TSG-RAN Prior Art qualifies as prior art to the '559 patent at least under 35 U.S.C. §§ 102(a), (e), or (g) and/or § 103. Based on the disclosure described in Paragraph 130 above, the 3GPP TSG-RAN Prior Art anticipates or renders obvious at least claim 1 of the '559 patent.

133.     Upon information and belief, the examiner did not consider the 3GPP TSG-RAN Prior Art during prosecution of the '559 patent.

134.     The acts of fraud on the Patent Office committed during the prosecution of the '559 patent renders the '559 patent unenforceable.

### D.     The '898 Patent

135.     The '898 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the '898 patent, at least one of inventors named on that patent, Mark Cudak, as well as one of the attorneys who prosecuted the '898 patent, Jonathan Meyer, were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office. This information includes, without limitation, an article entitled "SWAN: A Mobile Multimedia Wireless Network" by Prathima Agrawal, Eoin Hyden, Paul Krzyzanowski, Partho Mishra, Mani B. Srivastava, and John A. Trotter (April 1996).

136.    Upon information and belief, at least one of the named inventors of the '898 patent and at least one of the prosecuting attorneys had knowledge of Agrawal at least by October 1998.  Specifically, Agrawal was one of only three non-patent references cited by the examiner on October 8, 1998, during prosecution of Application No. 08/953,948, now U.S. Pat. 6,058,106 ("the '106 patent"), entitled "Network Protocol Method, Access Point Device and Peripheral Devices for Providing for an Efficient Centrally Coordinated Peer-to-Peer Wireless Communications Network."  Mark Cudak is one of the named inventors and Jonathan Meyer is listed as one of the prosecuting attorneys on the '106 patent.

137.    Agrawal is not cumulative to any references disclosed during prosecution of the '898 patent.  None of the references cited to the Patent Office describe the subject matter disclosed in Agrawal, namely, the control of frequency hopping in the Seamless Wireless ATM Network (SWAN).  Specifically, Agrawal describes a SWAN basestation that uses a token passing approach to manage transmissions by multiple mobile units.  The number of token passes are counted to measure the length of a hop frame; hopping is done after every $M=8$ token grants.  In lieu of a straightforward counting of tokens, the SWAN system counts the effective number of token passes, calculated as the actual number of token passes plus the number of time-outs while waiting for the token.  Thus, Agrawal discloses maintaining a value representing the remaining amount of data to be transmitted, which is adjusted periodically.

138.    Upon information and belief, Cudak and Meyer failed to disclose Agrawal during the prosecution of the '898 patent with an intent to deceive the Patent Office.  As explained in Paragraph 136 above, Cudak and Meyer became aware of Agrawal in conjunction with prosecution of the '106 patent in October 1998, over three years before the first office action during the pendency of U.S. Application 09/141,835 and almost three and a half years before issuance of the '898 patent.  Yet, they did not disclose Agrawal to the Patent Office in conjunction with the prosecution of the '898 patent.

139.    Agrawal qualifies as prior art to the '898 patent under 35 U.S.C. §§ 102(a), (b), or (e) and/or § 103.  Based on the disclosure described in Paragraph 137 above, Agrawal anticipates or renders obvious at least claim 1 of the '898 patent.

140.    Upon information and belief, the examiner did not consider Agrawal during prosecution of the '898 patent.

141.    The acts of fraud on the Patent Office committed during the prosecution of the '898 patent renders the '898 patent unenforceable.

## III.

## COUNTERCLAIMS

Counterclaim-Defendant Apple counterclaims against Counterclaim-Plaintiff Motorola as follows:

### PARTIES

142.    Apple is a corporation organized under the laws of the State of California and having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

143.    Upon information and belief, Motorola, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60048.

144.    Upon information and belief, Motorola Mobility is a corporation organized under the laws of the State of Delaware, with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Upon information and belief, Motorola Mobility is a wholly owned subsidiary of Motorola, Inc.

### JURISDICTION AND VENUE

145.    These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

146.    Motorola, Inc. is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district and its purposeful acts and/or transactions

directed toward this district. Such contacts include without limitation Motorola, Inc.'s past and ongoing infringing conduct in this district, and, on information and belief, Motorola, Inc.'s presence and conduct of business in this district.

147. Motorola Mobility is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district and its purposeful acts and/or transactions directed toward this district. Such contacts include without limitation Motorola Mobility's past and ongoing infringing conduct in this district, Motorola Mobility's assertion of Counterclaims in this district, and, on information and belief, Motorola Mobility's presence and conduct of business in this district.

148. Venue is proper in this judicial district under 28 U.S.C. § 1391.

**FIRST COUNTERCLAIM – DECLARATORY JUDGMENT**

**U.S. PATENT NO. 5,311,516**

149. Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

150. Motorola Mobility claims to be the owner of the '516 patent, entitled "Paging System Using Message Fragmentation to Redistribute Traffic," filed on November 23, 1992 and issued on May 10, 1994. The '516 patent on its face identifies as inventors William J. Kuznicki and David F. Willard. The '516 patent on its face identifies as assignee Motorola, Inc. *See* Exhibit 1 of Motorola's Answer and Counterclaim.

**A.      Declaration of Noninfringement**

151. Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-150 above as if fully set forth herein.

152. An actual and justiciable controversy exists between Apple and Motorola with respect to the '516 patent because Motorola has brought an action against Apple alleging that Apple infringes the '516 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its

22

MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac pro product, which allegation Apple denies. Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '516 patent against Apple, and thereby cause Apple irreparable injury and damage.

153. Apple has not infringed the '516 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

154. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B. Declaration of Invalidity

155. Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-154 above as if fully set forth herein.

156. An actual and justiciable controversy exists between Apple and Motorola with respect to the '516 patent because Motorola has brought an action against Apple alleging that Apple infringes the '516 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac pro product, which allegation Apple denies. Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '516 patent against Apple, and thereby cause Apple irreparable injury and damage.

157. The '516 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

158. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.     Declaration of Unenforceability

159.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-158 above as if fully set forth herein.

160.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '516 patent because Motorola has brought an action against Apple alleging that Apple infringes the '516 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac pro product, which allegation Apple denies.  Absent a declaration of unenforceability, Motorola will continue to wrongfully assert the '516 patent against Apple, and thereby cause Apple irreparable injury and damage.

161.     Upon information and belief, the '516 patent is unenforceable due to inequitable conduct for the reasons described in Apple's defense, and Apple is entitled to a declaration to that effect.

162.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### SECOND COUNTERCLAIM – DECLARATORY JUDGMENT
### U.S. PATENT NO. 5,319,712

163.     Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

164.     Motorola Mobility claims to be the owner of the '712 patent, entitled "Method and Apparatus for Providing Cryptographic Protection of a Data Stream in a Communication System," filed on August 26, 1993 and issued in June 7, 1994.  The '712 patent on its face identifies as inventors Louis D. Finkelstein, James J. Kosmach, and Jeffrey C. Smolinske.  The '712 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 2 of Motorola's Answer and Counterclaim.

### A.      Declaration of Noninfringement

165.      Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-164 above as if fully set forth herein.

166.      An actual and justiciable controversy exists between Apple and Motorola with respect to the '712 patent because Motorola has brought an action against Apple alleging that Apple infringes the '712 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '712 patent against Apple, and thereby cause Apple irreparable injury and damage.  Apple has not infringed the '712 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

167.      This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.      Declaration of Invalidity

168.      Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-167 above as if fully set forth herein.

169.      An actual and justiciable controversy exists between Apple and Motorola with respect to the '712 patent because Motorola has brought an action against Apple alleging that Apple infringes the '712 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '712 patent against Apple, and thereby cause Apple irreparable injury and damage.  Apple has not infringed the '712 patent, either directly or

indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

170.     The '712 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

171.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**THIRD COUNTERCLAIM – DECLARATORY JUDGMENT**

**U.S. PATENT NO. 5,490,230**

172.     Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

173.     Motorola Mobility claims to be the owner of the '230 patent, entitled "Digital Speech Coder Having Optimized Signal Energy Parameters," filed on December 22, 1994 and issued on February 6, 1996.  The '230 patent on its face identifies as inventors Ira A. Gerson and Mark A. Jasiuk.  *See* Exhibit 3 of Motorola's Answer and Counterclaim.

**A.     Declaration of Noninfringement**

174.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-173 above as if fully set forth herein.

175.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '230 patent because Motorola has brought an action against Apple alleging that Apple infringes the '230 patent by making, using, offering for sale, selling and/or importing certain iPhone products, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '230 patent against Apple, and thereby cause Apple irreparable injury and damage.

176.     Apple has not infringed the '230 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

177.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.     Declaration of Invalidity

178.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-177 above as if fully set forth herein.

179.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '230 patent because Motorola has brought an action against Apple alleging that Apple infringes the '230 patent by making, using, offering for sale, selling and/or importing certain iPhone products, which allegation Apple denies.  Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '230 patent against Apple, and thereby cause Apple irreparable injury and damage.

180.     The '230 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

181.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT
### U.S. PATENT NO. 5,572,193

182.     Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

183.     Motorola Mobility claims to be the owner of the '193 patent, entitled "Method for Authentication and Protection of Subscribers in Telecommunications Systems," filed on August 22, 1994 and issued on November 5, 1996.  The '193 patent on its face identifies as inventors

27

Mary B. Flanders, Louis D. Finkelstein, and Larry C. Puhl.  The '193 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 4 of Motorola's Answer and Counterclaim.

### A.    Declaration of Noninfringement

184.    Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-183 above as if fully set forth herein.

185.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '193 patent because Motorola has brought an action against Apple alleging that Apple infringes the '193 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '193 patent against Apple, and thereby cause Apple irreparable injury and damage.

186.    Apple has not infringed the '193 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

187.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

188.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-187 above as if fully set forth herein.

189.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '193 patent because Motorola has brought an action against Apple alleging that Apple infringes the '193 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola

will continue to wrongfully assert the '193 patent against Apple, and thereby cause Apple irreparable injury and damage.

190.    The '193 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

191.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.    Declaration of Unenforceability

192.    Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-191 above as if fully set forth herein.

193.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '193 patent because Motorola has brought an action against Apple alleging that Apple infringes the '193 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of unenforceability, Motorola will continue to wrongfully assert the '193 patent against Apple, and thereby cause Apple irreparable injury and damage.

194.    Upon information and belief, the '193 patent is unenforceable due to inequitable conduct for the reasons described in Apple's defenses, and Apple is entitled to a declaration to that effect.

195.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT

## U.S. PATENT NO. 6,175,559

196.    Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

197.    Motorola Mobility claims to be the owner of the '559 patent, entitled "Method for Generating Preamble Sequences in a Code Division Multiple Access System," filed on July 7, 1999 and issued on January 16, 2001.  The '559 patent on its face identifies as inventor Tyler Brown.  The '559 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 5 of Motorola's Answer and Counterclaim.

### A.    Declaration of Noninfringement

198.    Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-197 above as if fully set forth herein.

199.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '559 patent because Motorola has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling and/or importing certain iPhone products and its iPad with 3G product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '559 patent against Apple, and thereby cause Apple irreparable injury and damage.

200.    Apple has not infringed the '559 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

201.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

202.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-201 above as if fully set forth herein.

203.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '559 patent because Motorola has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling and/or importing certain iPhone products and its iPad with 3G product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '559 patent against Apple, and thereby cause Apple irreparable injury and damage.

204.    The '559 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

205.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.    Declaration of Unenforceability

206.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-205 above as if fully set forth herein.

207.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '559 patent because Motorola has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling and/or importing certain iPhone products and its iPad with 3G product, which allegation Apple denies.  Absent a declaration of unenforceability, Motorola will continue to wrongfully assert the '559 patent against Apple, and thereby cause Apple irreparable injury and damage.

208.    Upon information and belief, the '559 patent is unenforceable due to inequitable conduct for the reasons described in Apple's defense, and Apple is entitled to a declaration to that effect.

209.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT

## U.S. PATENT NO. 6,359,898

210.   Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

211.   Motorola Mobility claims to be the owner of the '898 patent, entitled "Method for Performing a Countdown Function During a Mobile-Originated Transfer for a Packet Radio System," filed on August 28, 1998 and issued on March 19, 2002. The '898 patent on its face identifies as inventors Mark Conrad Cudak, Dominic Michael Tolli, and Jeffrey Charles Smolinske. The '898 patent on its face identifies as assignee Motorola, Inc. *See* Exhibit 6 of Motorola's Answer and Counterclaim.

### A.   Declaration of Noninfringement

212.   Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-211 above as if fully set forth herein.

213.   An actual and justiciable controversy exists between Apple and Motorola with respect to the '898 patent because Motorola has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling and/or importing certain of its iPhone products and its iPad with 3G product, which allegation Apple denies. Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '898 patent against Apple, and thereby cause Apple irreparable injury and damage.

214.   Apple has not infringed the '898 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

215.   This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.  Declaration of Invalidity

216.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-215 above as if fully set forth herein.

217.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '898 patent because Motorola has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling and/or importing certain of its iPhone products and its iPad with 3G product, which allegation Apple denies. Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '898 patent against Apple, and thereby cause Apple irreparable injury and damage.

218.    The '898 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

219.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.  Declaration of Unenforceability

220.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-219 above as if fully set forth herein.

221.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '898 patent because Motorola has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling and/or importing certain of its iPhone products and its iPad with 3G product, which allegation Apple denies. Absent a declaration of unenforceability, Motorola will continue to wrongfully assert the '898 patent against Apple, and thereby cause Apple irreparable injury and damage.

222.    Upon information and belief, the '898 patent is unenforceable due to inequitable conduct for the reasons described in Apple's defenses, and Apple is entitled to a declaration to that effect.

223.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### REQUEST FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Motorola's Joint Counterclaims, Motorola Mobility's Counterclaims and on Apple's Answer to Motorola's Joint Counterclaims and Motorola Mobility's Counterclaims:

A.     That each and every claim of the '516 patent, the '712 patent, the '230 patent, the '193 patent, the '559 patent, and the '898 patent be declared not infringed and invalid;

B.     That each and every claim of the '516 patent, the '193 patent, the '559 patent, and the '898 patent be declared unenforceable;

C.     That Motorola takes nothing by the Counterclaims and that all Counterclaims be dismissed with prejudice;

D.     That judgment be entered in favor of Apple against Motorola on the Counterclaims;

E.     That Apple's relief requested in its Complaint is granted;

F.     That Motorola be declared to have infringed, directly and/or indirectly, literally or under the doctrine of equivalents, induced infringement, and/or contributed to the infringement of one or more claims of each of the '949, '002, and '315 patents under 35 U.S.C. § 271;

G.     That the '949, '002, and '315 patents are valid and enforceable;

H.     That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Motorola's conduct be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

I.     That Apple be awarded its cost of suit incurred herein;

J.     That Apple be awarded such other and further relief as the court may deem just and proper.

Dated: December 3, 2010                       Respectfully submitted,

*/s/ James Donald Peterson*
James Donald Peterson (# 1022819)
jpeterson@gklaw.com
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Matthew D. Powers
matthew.powers@weil.com
Steven S. Cherensky
steven.cherensky@weil.com
Jill J. Ho
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Mark G. Davis
mark.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Patricia Young
patricia.young@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
*Attorneys for Plaintiff Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2010, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

_s/James D. Peterson_
James D. Peterson