# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, Inc.), | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-CV-662-BBC |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC. | ) ) ) | |
| Defendants. | ) | |

## MOTOROLA, INC. AND MOTOROLA MOBILITY, INC.'S ANSWER AND COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT

Defendants Motorola Solutions, Inc. (f/k/a Motorola, Inc.) ("Motorola") and Motorola Mobility, Inc. ("Mobility") (collectively, "Defendants"), hereby answer the Amended Complaint of Apple Inc. ("Apple") and NeXT Software, Inc. ("NeXT") (collectively, "Apple") filed in the above-captioned matter on December 2, 2010, and assert affirmative defenses and counterclaims as follows:

### ANSWER TO APPLE'S COMPLAINT

#### GENERAL DENIAL

Unless expressly admitted below, Defendants deny each and every allegation Apple has set forth in its Amended Complaint.

#### RESPONSE TO APPLE'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Apple's Amended Complaint, Defendants respond with the following paragraphs, which correspond sequentially to the paragraphs in Apple's Amended Complaint:

# PARTIES[1]

1.      Admitted.

2.      Admitted.

3.      Denied.   On January 4, 2011, Motorola Mobility Holdings, Inc. ("Mobility Holdings")—the holding company for Mobility—completed its previously announced separation from Motorola. Simultaneous to the separation, Motorola, Inc. changed its name to Motorola Solutions, Inc. Motorola Solutions and Mobility Holdings are now two independent, publicly traded companies. Through its subsidiaries, including Mobility, Mobility Holdings holds the assets and liabilities associated with Motorola, Inc's former Mobile Devices and Home business segments. As such, Mobility Holdings will carry on as the provider of cellular phone devices, as well as digital set-top boxes and end-to-end video solutions. Motorola Solutions, formed from Motorola, Inc.'s Enterprise Mobility Solutions and Networks businesses, will continue as the provider of communication products and services for enterprise and government customers.

4.      Defendants admit that Mobility is currently a corporation organized under the laws of Delaware with its principal place of business at 600 North US Highway 45, Libertyville, Illinois 60048. Defendants deny that Mobility is currently a wholly-owned subsidiary of Motorola.

## JURISDICTION AND VENUE

5.      Defendants admit that Apple alleges an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but specifically denies any

---

[1]   For ease of reference only, Defendants have reproduced the headings Apple used in its Complaint. To the extent the headings Apple used contain any allegations or characterizations, Defendants deny the truth of those allegations or characterizations.

such alleged infringement. Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Defendants admit that this Court has personal jurisdiction over Defendants for purposes of this case.

7.      Denied.

## THE ACCUSED PRODUCTS

8.      Defendants admit that Apple has alleged that the Droid, Droid 2, Droid X, Cliq, Cliq XT, Backflip, Devour A555, Devour i1, and Charm infringe one or more claims of the Asserted Patents. Defendants deny that these products infringe any claim of the Asserted Patents. Defendants deny the allegations in Footnote 1 to Paragraph 8. To the extent there are any remaining allegations in Paragraph 8, they are incomplete, and thus Defendants deny them on that basis.

## THE ASSERTED PATENTS

9.      Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 7,479,949 ("the '949 patent"). Defendants admit that Apple alleges that a copy of the '949 patent is attached to its Amended Complaint as Exhibit A, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit A is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '949 patent states (i) that it is entitled "Touch Screen Device, Method, and Graphical User Interface for Determining Commands by Applying Heuristics"; (ii) issued on January 20, 2009; (iii) issued from U.S. Patent Application No. 12/101,832, filed on April 11, 2008, which was a continuation of U.S. Application No. 11/850,635, filed on September 5, 2007; and (iv) is related to

Provisional Application No. 60/937,993, filed on June 29, 2007, Provisional Application No. 60/937,991, filed on June 29, 2007, Provisional Application No. 60/879,469, filed on January 8, 2007, Provisional Application No. 60/879,253, filed on January 7, 2007, and Provisional Application No. 60/824,769, filed on September 6, 2006. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 9 regarding the '949 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 9, Defendants deny that the '949 patent is valid or enforceable.

10.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 6,493,002 ("the '002 patent"). Defendants admit that Apple alleges that a copy of the '002 patent is attached to its Amended Complaint as Exhibit B, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit B is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '002 patent states (i) that it is entitled "Method and Apparatus for Displaying and Accessing Control and status Information in a Computer System"; (ii) issued on December 10, 2002; and (iii) issued from U.S. Patent Application No. 08/821,004, filed on March 20, 1997, which was a continuation of U.S. Patent Application No. 08/316,237, filed on September 30, 1994. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 10 regarding the '002 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 10, Defendants deny that the '002 patent is valid or enforceable.

11.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,838,315 ("the '315 patent"). Defendants admit that Apple alleges that copy of the '315 patent is attached to its Amended Complaint as Exhibit C, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit C is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '315 patent states (i) that it is entitled "Support for Custom User-Interaction Elements in a Graphical, Event-Driven Computer System"; (ii) issued on November 17, 1998; and (iii) issued from U.S. Patent Application No. 977,059, filed on November 24, 1997, which was a continuation of U.S. Patent Application No. 593,171, filed on February 1, 1996. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 11 regarding the '315 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 11, Defendants deny that the '315 patent is valid or enforceable.

12.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. RE 39,486 (the "RE '486 patent"). Defendants admit that Apple alleges that copy of the RE '486 patent is attached to its Amended Complaint as Exhibit D, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit D is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the RE '486 patent states (i) that it is entitled "Extensible, Replaceable Network Component System"; (ii) reissued on February 6, 2007; and (iii) reissued from 6,212,575, which issued from U.S. Patent Application No. 08/435,377, filed on May 5, 1995. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining the allegations in
Paragraph 12 regarding the RE '486 patent, including any allegations regarding inventorship, and
on that basis deny them. To the extent such allegations are contained in Paragraph 12,
Defendants deny that the RE '486 patent is valid or enforceable.

13.     Defendants lack knowledge or information sufficient to form a belief regarding
Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent
No. 6,424,354 ("the '354 patent"). Defendants admit that Apple alleges that copy of the '354
patent is attached to its Amended Complaint as Exhibit E, but lack knowledge or information
sufficient to form a belief regarding Apple's allegation that Exhibit E is a true and correct copy.
Defendants admit that the face of the document Apple alleges is a copy of the '354 patent states
(i) that it is entitled "Object-Oriented Event Notification System with Listener Registration of
Both Interests and Methods"; (ii) issued on July 23, 2002; and (iii) issued from U.S. Patent
Application No. 09/287,172, filed on April 1, 1999, which was a continuation of U.S. Patent
Application No. 07/996,775, filed on December 23, 1992. Defendants lack knowledge or
information sufficient to form a belief as to the truth of the remaining the allegations in
Paragraph 13 regarding the '354 patent, including any allegations regarding inventorship, and on
that basis deny them. To the extent such allegations are contained in Paragraph 13, Defendants
deny that the '354 patent is valid or enforceable.

14.     Defendants lack knowledge or information sufficient to form a belief regarding
Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent
No. 6,343,263 ("the '263 patent"). Defendants admit that Apple alleges that copy of the '263
patent is attached to its Amended Complaint as Exhibit F, but lack knowledge or information
sufficient to form a belief regarding Apple's allegation that Exhibit F is a true and correct copy.

Defendants admit that the face of the document Apple alleges is a copy of the '263 patent states (i) that it is entitled "Real-Time Signal Processing System for Serially Transmitted Data"; (ii) issued on January 29, 2002; and (iii) issued from issued from U.S. Patent Application No. 08/284,061, filed on August 2, 1994. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 14 regarding the '263 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 14, Defendants deny that the '263 patent is valid or enforceable.

15.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 6,275,983 ("the '983 patent"). Defendants admit that Apple alleges that copy of the '983 patent is attached to its Amended Complaint as Exhibit G, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit G is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '983 patent states (i) that it is entitled "Object-Oriented Operating System"; (ii) issued on August 14, 2001; and (iii) issued from issued from U.S. Patent Application No. 09/140,523, filed on August 26, 1998, which was a continuation of U.S. Patent Application No. 08/521,085, filed on August 29, 1995. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 15 regarding the '983 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 15, Defendants deny that the '983 patent is valid or enforceable.

16.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent

No. 5,969,705 ("the '705 patent"). Defendants admit that Apple alleges that copy of the '705 patent is attached to its Amended Complaint as Exhibit H, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit H is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '705 patent states (i) that it is entitled "Message Protocol for Controlling a User Interface from an Inactive Application Program"; (ii) issued on October 19, 1999; and (iii) issued from U.S. Patent Application No. 08/816,492, filed on March 13, 1997, which was a continuation of U.S. Patent Application No. 08/312,437, filed on September 26, 1994, which was a continuation of U.S. Patent Application No. 08/084,288, filed on June 28, 1993. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 16 regarding the '705 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 16, Defendants deny that the '705 patent is valid or enforceable.

17.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,946,647 ("the '647 patent"). Defendants admit that Apple alleges that copy of the '647 patent is attached to its Amended Complaint as Exhibit I, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit I is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '647 patent states (i) that it is entitled "System and Method for Performing an Action on a Structure in Computer-Generated Data"; (ii) issued on August 31, 1999; and (iii) issued from U.S. Patent Application No. 08/595,257, filed on February 1, 1996. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 17 regarding the

'647 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 17, Defendants deny that the '647 patent is valid or enforceable.

18.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,929,852 ("the '852 patent"). Defendants admit that Apple alleges that copy of the '852 patent is attached to its Amended Complaint as Exhibit J, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit J is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '852 patent states (i) that it is entitled "Encapsulated Network Entity Reference of a Network Component System"; (ii) issued on July 27, 1999; and (iii) issued from U.S. Patent Application No. 09/007,691, filed on November 24, 1997, which was a continuation of U.S. Patent Application No. 08/435,880, filed on February May 5, 1995. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 18 regarding the '852 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 18, Defendants deny that the '852 patent is valid or enforceable.

19.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,915,131 ("the '131 patent"). Defendants admit that Apple alleges that copy of the '131 patent is attached to its Amended Complaint as Exhibit K, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit K is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '131 patent states

(i) that it is entitled "Method and Apparatus for Handling I/O Requests Utilizing Separate Programming Interfaces to Access Separate I/O Services"; (ii) issued on June 22, 1999; and (iii) issued from U.S. Patent Application No. 08/435,677, filed on May 5, 1995. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 19 regarding the '131 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 19, Defendants deny that the '131 patent is valid or enforceable.

20.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,566,337 ("the '337 patent"). Defendants admit that Apple alleges that copy of the '337 patent is attached to its Amended Complaint as Exhibit L, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit L is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '337 patent states (i) that it is entitled "Method and Apparatus for Distributing Events in an Operating System"; (ii) issued on October 15, 1996; and (iii) issued from U.S. Patent Application No. 242,204, filed on May 13, 1994. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 20 regarding the '337 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 20, Defendants deny that the '337 patent is valid or enforceable.

21.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,519,867 ("the '867 patent"). Defendants admit that Apple alleges that copy of the '867 patent is attached to its Amended Complaint as Exhibit M, but lack knowledge or information

sufficient to form a belief regarding Apple's allegation that Exhibit M is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '867 patent states (i) that it is entitled "Object-Oriented Multitasking System"; (ii) issued on May 21, 1996; and (iii) issued from U.S. Patent Application No. 94,673, filed on July 19, 1993. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 21 regarding the '867 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 21, Defendants deny that the '867 patent is valid or enforceable.

22.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that Apple Inc. and/or NeXT is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,481,721 ("the '721 patent"). Defendants admit that Apple alleges that copy of the '721 patent is attached to its Amended Complaint as Exhibit N, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit N is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '721 patent states (i) that it is entitled "Method for Providing Automatic and Dynamic Translation of Object Oriented Programming Language-Based Message Passing into Operation System Message Passing Using Proxy Objects"; (ii) issued on January 2, 1996; and (iii) issued from U.S. Patent Application No. 332,486, filed on October 31, 1994, which was a continuation of U.S. Patent Application No. 731,636, filed on July 17, 1991. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 22 regarding the '721 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 22, Defendants deny that the '721 patent is valid or enforceable.

23.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,455,599 ("the '599 patent"). Defendants admit that Apple alleges that copy of the '599 patent is attached to its Amended Complaint as Exhibit O, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit O is a true and correct copy. Defendants admit that the face of the document Apple alleges is a copy of the '599 patent states (i) that it is entitled "Object-Oriented Graphic System"; (ii) issued on October 3, 1995; and (iii) issued from U.S. Patent Application No. 416,949, filed on April 4, 1995, which was a continuation of U.S. Patent Application No. 145,840, filed on November 2, 1993. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 23 regarding the '599 patent, including any allegations regarding inventorship, and on that basis deny them. To the extent such allegations are contained in Paragraph 23, Defendants deny that the '599 patent is valid or enforceable.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,479,949

24.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

25.     Defendants deny each and every allegation contained in Paragraph 25.

26.     Defendants admit that they were provided with a copy of Apple's Complaint after the filing of the Complaint. Defendants deny each and every remaining allegation contained in Paragraph 26.

27.     Defendants deny each and every allegation contained in Paragraph 27.

28.     Defendants deny each and every allegation contained in Paragraph 28.

29.     Defendants deny each and every allegation contained in Paragraph 29.

30.     Defendants deny each and every allegation contained in Paragraph 30.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,493,002

31.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

32.     Defendants deny each and every allegation contained in Paragraph 32.

33.     Defendants admit that they were provided with a copy of Apple's Complaint after the filing of the Complaint. Defendants deny each and every remaining allegation contained in Paragraph 33.

34.     Defendants deny each and every allegation contained in Paragraph 34.

35.     Defendants deny each and every allegation contained in Paragraph 35.

36.     Defendants deny each and every allegation contained in Paragraph 36.

37.     Defendants deny each and every allegation contained in Paragraph 37.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,838,315

38.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

39.     Defendants deny each and every allegation contained in Paragraph 39.

40.     Defendants admit that they were provided with a copy of Apple's Complaint after the filing of the Complaint. Defendants deny each and every remaining allegation contained in Paragraph 40.

41.     Defendants deny each and every allegation contained in Paragraph 41.

42.     Defendants deny each and every allegation contained in Paragraph 42.

43.     Defendants deny each and every allegation contained in Paragraph 43.

44.     Defendants deny each and every allegation contained in Paragraph 44.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. RE 39,486

45.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

46.     Defendants deny each and every allegation contained in Paragraph 46.

47.     Defendants admit that Mobility included declaratory judgment claims regarding the RE '486 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 47.

48.     Defendants deny each and every allegation contained in Paragraph 48.

49.     Defendants deny each and every allegation contained in Paragraph 49.

50.     Defendants deny each and every allegation contained in Paragraph 50.

51.     Defendants deny each and every allegation contained in Paragraph 51.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,424,354

52.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

53.     Defendants deny each and every allegation contained in Paragraph 53.

54.     Defendants admit that Mobility included declaratory judgment claims regarding the '354 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 54.

55.     Defendants deny each and every allegation contained in Paragraph 55.

56.     Defendants deny each and every allegation contained in Paragraph 56.

57.     Defendants deny each and every allegation contained in Paragraph 57.

58.     Defendants deny each and every allegation contained in Paragraph 58.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,343,263**

59.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

60.     Defendants deny each and every allegation contained in Paragraph 60.

61.     Defendants admit that Mobility included declaratory judgment claims regarding the '263 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 61.

62.     Defendants deny each and every allegation contained in Paragraph 62.

63.     Defendants deny each and every allegation contained in Paragraph 63.

64.     Defendants deny each and every allegation contained in Paragraph 64.

65.     Defendants deny each and every allegation contained in Paragraph 65.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 6,275,983**

66.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

67.     Defendants deny each and every allegation contained in Paragraph 67.

68.     Defendants admit that Mobility included declaratory judgment claims regarding the '983 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made

any such claims. Defendants deny each and every remaining allegation contained in Paragraph 68.

69.     Defendants deny each and every allegation contained in Paragraph 69.

70.     Defendants deny each and every allegation contained in Paragraph 70.

71.     Defendants deny each and every allegation contained in Paragraph 71.

72.     Defendants deny each and every allegation contained in Paragraph 72.

**COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 5,969,705**

73.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

74.     Defendants deny each and every allegation contained in Paragraph 74.

75.     Defendants admit that Mobility included declaratory judgment claims regarding the '705 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 75.

76.     Defendants deny each and every allegation contained in Paragraph 76.

77.     Defendants deny each and every allegation contained in Paragraph 77.

78.     Defendants deny each and every allegation contained in Paragraph 78.

79.     Defendants deny each and every allegation contained in Paragraph 79.

**COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 5,946,647**

80.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

81.     Defendants deny each and every allegation contained in Paragraph 81.

82. Defendants admit that Mobility included declaratory judgment claims regarding the '647 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 82.

83. Defendants deny each and every allegation contained in Paragraph 83.

84. Defendants deny each and every allegation contained in Paragraph 84.

85. Defendants deny each and every allegation contained in Paragraph 85.

86. Defendants deny each and every allegation contained in Paragraph 86.

**COUNT X: INFRINGEMENT OF U.S. PATENT NO. 5,929,852**

87. Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

88. Defendants deny each and every allegation contained in Paragraph 88.

89. Defendants admit that Mobility included declaratory judgment claims regarding the '852 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 89.

90. Defendants deny each and every allegation contained in Paragraph 90.

91. Defendants deny each and every allegation contained in Paragraph 91.

92. Defendants deny each and every allegation contained in Paragraph 92.

93. Defendants deny each and every allegation contained in Paragraph 93.

## COUNT XI: INFRINGEMENT OF U.S. PATENT NO. 5,915,131

94.     Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

95.     Defendants deny each and every allegation contained in Paragraph 95.

96.     Defendants admit that Mobility included declaratory judgment claims regarding the '131 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 96.

97.     Defendants deny each and every allegation contained in Paragraph 97.

98.     Defendants deny each and every allegation contained in Paragraph 98.

99.     Defendants deny each and every allegation contained in Paragraph 99.

100.    Defendants deny each and every allegation contained in Paragraph 100.

## COUNT XII: INFRINGEMENT OF U.S. PATENT NO. 5,566,337

101.    Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

102.    Defendants deny each and every allegation contained in Paragraph 102.

103.    Defendants admit that Mobility included declaratory judgment claims regarding the '337 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 103.

104.    Defendants deny each and every allegation contained in Paragraph 104.

105.    Defendants deny each and every allegation contained in Paragraph 105.

106.    Defendants deny each and every allegation contained in Paragraph 106.

107.    Defendants deny each and every allegation contained in Paragraph 107.

## COUNT XIII: INFRINGEMENT OF U.S. PATENT NO. 5,519,867

108.    Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

109.    Defendants deny each and every allegation contained in Paragraph 109.

110.    Defendants admit that Mobility included declaratory judgment claims regarding the '867 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 110.

111.    Defendants deny each and every allegation contained in Paragraph 111.

112.    Defendants deny each and every allegation contained in Paragraph 112.

113.    Defendants deny each and every allegation contained in Paragraph 113.

114.    Defendants deny each and every allegation contained in Paragraph 114.

## COUNT XIV: INFRINGEMENT OF U.S. PATENT NO. 5,481,721

115.    Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

116.    Defendants deny each and every allegation contained in Paragraph 116.

117.    Defendants admit that Mobility included declaratory judgment claims regarding the '721 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made

any such claims. Defendants deny each and every remaining allegation contained in Paragraph 117.

118. Defendants deny each and every allegation contained in Paragraph 118.

119. Defendants deny each and every allegation contained in Paragraph 119.

120. Defendants deny each and every allegation contained in Paragraph 120.

121. Defendants deny each and every allegation contained in Paragraph 121.

**COUNT XV: INFRINGEMENT OF U.S. PATENT NO. 5,455,599**

122. Defendants repeat and reallege their responses to Paragraphs 1 through 23 above as if fully set forth herein.

123. Defendants deny each and every allegation contained in Paragraph 123.

124. Defendants admit that Mobility included declaratory judgment claims regarding the '599 patent in Mobility's Complaint for Declaratory Relief filed on October 8, 2010 in Case No. 10-cv-867, in the District of Delaware, but deny Motorola filed any such Complaint or made any such claims. Defendants deny each and every remaining allegation contained in Paragraph 124.

125. Defendants deny each and every allegation contained in Paragraph 125.

126. Defendants deny each and every allegation contained in Paragraph 126.

127. Defendants deny each and every allegation contained in Paragraph 127.

128. Defendants deny each and every allegation contained in Paragraph 128.

**DEMAND FOR JURY TRIAL**

129. Defendants admit that Apple demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

130.     Defendants deny each and every allegation contained in Paragraph 130, including Apple's allegation that it is entitled to or should be granted any relief in this matter, including any of the relief Apple seeks in Paragraph 130, subparts (a) through (f).

## <u>DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES</u>

Defendants assert the following affirmative and other defenses set forth below, and in making such defenses do not concede that they bear the burden of proof as to any of them. Discovery is only in its preliminary stages in this matter, and therefore Defendants have not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, Defendants reserve the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

Upon information and belief, and without prejudice to further amendment upon information found during discovery, each asserted claim of the patents asserted by Apple is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Defendants have not and do not infringe any claim of the patents asserted by Apple.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the applications resulting in the issuance of the patents asserted by Apple, namely, the admissions, representations, and amendments made on behalf of the applicants for those patents, Apple is estopped from extending the coverage of the asserted claims in the asserted patents, including under the doctrine of equivalents, to cover the accused instrumentalities.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, or Laches)

Upon information and belief, Apple has made claims that are barred in whole or in part by the doctrines of acquiescence, estoppel, laches, or waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Express or Implied License, Exhaustion)

Apple has made claims for relief that are barred in whole or in part pursuant to actual licenses or under the doctrines of implied license or patent exhaustion.

## SIXTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

On information and belief, Apple has improperly attempted to expand the scope of the patents asserted by Apple beyond any protection to which Apple is entitled under the patent laws of the United States.

## SEVENTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287 – Failure to Mark)

Upon information and belief, Apple's pre-lawsuit claims for damages as to the asserted patents are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (28 U.S.C. § 1498)

Upon information and belief, Mobility may sell and/or offer for sale in the United States the accused instrumentalities to the United States government or to third parties who sell the accused instrumentalities to the United States government. Mobility is therefore entitled to assert 28 U.S.C. § 1498 as a defense to Apple's allegations.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

Upon information and belief, Apple has failed to state a claim against Defendants upon which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

Venue is improper in this district as to Counts IV-XV of Apple's Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Absolute/Equitable Intervening Rights)

To the extent Apple seeks damages for alleged infringement of U.S. Patent No. RE 39,486 before February 6, 2007, the date of reissue, the relief sought by Apple is barred by 35 U.S.C. § 252.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent Apple seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Apple is barred by 35 U.S.C. § 286.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent Apple seeks damages for alleged infringement prior to its giving actual or constructive notice of the asserted patents to Defendants, the relief sought by Apple is barred by 35 U.S.C. § 287.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Remaining Defenses)

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## DEFENDANTS' JOINT COUNTERCLAIMS

1.      Counterclaim-Plaintiffs Motorola Solutions, Inc. (f/k/a Motorola, Inc.)

("Motorola") and Motorola Mobility, Inc. ("Motorola Mobility"), for their joint counterclaims

against Counterclaim-Defendants Apple, Inc. and NeXT Software, Inc. (f/k/a NeXT Computer,

Inc.) (collectively "Apple"), repeat and reassert Counterclaims I-III from Motorola, Inc. and

Motorola Mobility, Inc.'s Answer and Counterclaims to Apple Inc.'s Complaint filed on

November 9, 2010 in this matter, add Counterclaims X-XXI, and allege as follows:

## PARTIES

2.      Motorola Solutions, Inc. (f/k/a Motorola, Inc.) is a corporation organized under

the laws of Delaware with its principle place of business at 1303 East Algonquin Road,

Schaumburg, Illinois 60196. Motorola Mobility, Inc. is a corporation organized and existing

under the laws of the State of Delaware, having a principal place of business at 600 North U.S.

Highway 45, Libertyville, Illinois 60048.

3.      In its Amended Complaint, Apple alleges that Apple Inc. is a corporation

organized and existing under the laws of the State of California, having a principal place of

business at 1 Infinite Loop, Cupertino, California 95014.

4.      In its Amended Complaint, Apple alleges that NeXT Software, Inc. (f/k/a NeXT

Computer, Inc.) is a wholly-owned subsidiary of Apple and is a California corporation having its

principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

5.      These are counterclaims for Declaratory Relief for which this Court has

jurisdiction under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332,

1338, 2201, and 2202.

6. This Court has personal jurisdiction over Apple by virtue of the Amended Complaint Apple filed in this Court and Apple's significant contacts with this forum. On information and belief, Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in the Western District of Wisconsin. On information and belief, Apple, directly and/or through its distribution network, places devices within the stream of commerce, with the knowledge and/or understanding that such devices will be sold in the Western District of Wisconsin. Moreover, on information and belief, Apple operates retail stores within the Western District of Wisconsin and expects or should reasonably expect its actions to have consequences in the Western District of Wisconsin. Therefore, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with Wis. Stats. § 801.05, including at least under § 801.05(1)(d), because Apple is engaged in substantial and not isolated activities within Wisconsin and this judicial district.

## COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 7,479,949

7. Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

8. By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '949 patent.

9. Defendants deny Apple's infringement allegations.

10. The claims of the '949 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

11.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '949 patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '949 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '949 patent is invalid and unenforceable.

## COUNTERCLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,493,002

13.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

14.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '002 patent.

15.     Defendants deny Apple's infringement allegations.

16.     The claims of the '002 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

17.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '002 patent.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '002 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '002 patent is invalid and unenforceable.

## COUNTERCLAIM III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,838,315

19.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

20.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '315 patent.

21.     Defendants deny Apple's infringement allegations.

22.     The claims of the '315 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

23.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '315 patent.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '315 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '315 patent is invalid and unenforceable.

## COUNTERCLAIM X: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. RE 39,486

25.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

26.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '486 patent.

27.     Defendants deny Apple's infringement allegations.

28. The claims of the '486 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

29. Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '486 patent.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '486 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '486 patent is invalid and unenforceable.

## COUNTERCLAIM XI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,424,354

31. Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

32. By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '354 patent.

33. Defendants deny Apple's infringement allegations.

34. The claims of the '354 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

35. Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '354 patent.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '354 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '354 patent is invalid and unenforceable.

## COUNTERCLAIM XII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,343,263

37.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

38.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '263 patent.

39.     Defendants deny Apple's infringement allegations.

40.     The claims of the '263 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

41.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '263 patent.

42.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '263 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '263 patent is invalid and unenforceable.

## COUNTERCLAIM XIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,275,983

43.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

44.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '983 patent.

45.     Defendants deny Apple's infringement allegations.

46.     The claims of the '983 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

47.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '983 patent.

48.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '983 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '983 patent is invalid and unenforceable.

### COUNTERCLAIM XIV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,969,705

49.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

50.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '705 patent.

51.     Defendants deny Apple's infringement allegations.

52.     The claims of the '705 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

53.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '705 patent.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '705 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '705 patent is invalid and unenforceable.

## COUNTERCLAIM XV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,946,647

55.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

56.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '647 patent.

57.     Defendants deny Apple's infringement allegations.

58.     The claims of the '647 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

59.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '647 patent.

60.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '647 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '647 patent is invalid and unenforceable.

## COUNTERCLAIM XVI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,929,852

61.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

62.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '852 patent.

63.     Defendants deny Apple's infringement allegations.

64.     The claims of the '852 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

65.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '852 patent.

66.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '852 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '852 patent is invalid and unenforceable.

## COUNTERCLAIM XVII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,915,131

67.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

68.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '131 patent.

69.     Defendants deny Apple's infringement allegations.

70. The claims of the '131 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

71. Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '131 patent.

72. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '131 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '131 patent is invalid and unenforceable.

## COUNTERCLAIM XVIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,566,337

73. Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

74. By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '337 patent.

75. Defendants deny Apple's infringement allegations.

76. The claims of the '337 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

77. Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '337 patent.

78.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '337 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '337 patent is invalid and unenforceable.

## COUNTERCLAIM XIX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,519,867

79.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

80.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '867 patent.

81.     Defendants deny Apple's infringement allegations.

82.     The claims of the '867 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

83.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '867 patent.

84.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '867 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '867 patent is invalid and unenforceable.

## COUNTERCLAIM XX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,481,721

85.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

86.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '721 patent.

87.     Defendants deny Apple's infringement allegations.

88.     The claims of the '721 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

89.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '721 patent.

90.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '721 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '721 patent is invalid and unenforceable.

## COUNTERCLAIM XXI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,455,599

91.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

92.     By the filing of its Amended Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '599 patent.

93.     Defendants deny Apple's infringement allegations.

94.     The claims of the '599 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

95. Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '599 patent.

96. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '599 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '599 patent is invalid and unenforceable.

## JOINT REQUEST FOR RELIEF

97. WHEREFORE, Defendants respectfully pray for relief as follows:

A. For a Declaratory Judgment that the '949, '002, '315, RE '486, '354, '263, '983, '705, '647, '852, '131, '337, '867, '721, and '599 patents, and each and every asserted claim thereof, are invalid, unenforceable, and not infringed;

B. That Apple's Amended Complaint be dismissed with prejudice, with Apple taking nothing;

C. That pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or other applicable authority, Apple be ordered to pay all of Defendants' reasonable attorneys' fees incurred in defending against Apple's claims;

D. Defendants be awarded such other relief as the Court deems just and equitable.

## MOTOROLA MOBILITY'S COUNTERCLAIMS

1.      Counterclaim-Plaintiff Motorola Mobility, Inc. ("Motorola Mobility"), for its counterclaims against Counterclaim-Defendant Apple Inc. ("Apple"), repeats and reasserts Counterclaims IV-IX from Motorola Mobility, Inc.'s Answer and Counterclaims to Apple Inc.'s Complaint filed on November 9, 2010 in this matter, and alleges as follows:

2.      These are counterclaims brought by Motorola Mobility against Apple for Apple's infringement of Motorola Mobility's patents. In particular, Motorola Mobility seeks remedies for Apple's infringement of Motorola Mobility's U.S. Patents Nos. 5,311,516 ("the '516 patent"), 5,319,712 ("the '712 patent"), 5,490,230 ("the '230 patent"), 5,572,193 ("the '193 patent"), 6,175,559 ("the '559 patent") and 6,359,898 ("the '898 patent") (collectively, "the Asserted Patents").

### PARTIES

3.      Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. On July 31, 2010, Motorola, Inc. assigned all its right, title and interest in each of the Asserted Patents to Motorola Mobility, Inc.

4.      Apple has alleged in its Amended Complaint that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

### JURISDICTION AND VENUE

5.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, et seq. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Apple by virtue of the Complaint Apple filed in this Court and Apple's significant contacts with this forum. On information and belief, Apple has significant contacts with this forum because Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in the Western District of Wisconsin. On information and belief, Apple, directly and/or through its distribution network, places infringing devices within the stream of commerce, with the knowledge and/or understanding that such infringing devices will be sold in the Western District of Wisconsin. Moreover, on information and belief, Apple operates retail stores within the Western District of Wisconsin and expects or should reasonably expect its infringing actions to have consequences in the Western District of Wisconsin. Therefore, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with Wis. Stats. § 801.05, including at least under § 801.05(1)(d), because, as described above, because Apple is engaged in substantial and not isolated activities within Wisconsin and this judicial district.

7.      Venue is proper in this District as to these counterclaims pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

## MOTOROLA MOBILITY'S COUNTERCLAIM IV:
## INFRINGEMENT OF U.S. PATENT NO. 5,311,516

8.      Motorola Mobility incorporates by reference the preceding averments set forth in Mobility Counterclaim Paragraphs 1-7.

9.      The '516 patent, entitled "Paging System Using Message Fragmentation to Redistribute Traffic," duly and lawfully issued on May 10, 1994. A true and correct copy of the '516 patent is attached to this Complaint as Exhibit 1.

10.     Motorola Mobility is the owner of all rights, title and interest in the '516 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

11.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '516 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services, including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, the Apple iPad 2, the Apple iPad 2 with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, the Apple Mac Pro, the Apple TV, the Apple Power Book, the Apple iBook, the Apple AirPort Extreme Card, the Apple AirPort Base Station, the Apple AirPort Extreme Base Station, the Apple AirPort Express Base Station and the Apple Time Capsule.

12.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

13.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '516 patent in an amount to be determined at trial.

14.     On information and belief, Apple's infringement of the '516 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

15.     On information and belief, Apple's infringement of the '516 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### MOTOROLA MOBILITY'S COUNTERCLAIM V: INFRINGEMENT OF U.S. PATENT NO. 5,319,712

16.     Motorola Mobility incorporates by reference the preceding averments set forth in Mobility Counterclaim Paragraphs 1-7.

17.     The '712 patent, entitled "Method and Apparatus for Providing Cryptographic Protection of a Data Stream in a Communication System," duly and lawfully issued on June 7, 1994. A true and correct copy of the '712 patent is attached to this Complaint as Exhibit 2.

18.     Motorola Mobility is the owner of all rights, title and interest in the '712 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

19.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '712 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, the Apple iPad 2, the Apple iPad 2 with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, the Apple Mac Pro, the Apple TV, the Apple AirPort Extreme Card, the Apple AirPort Extreme Base Station, the Apple AirPort Express Base Station and the Apple Time Capsule.

41

20.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

21.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '712 patent in an amount to be determined at trial.

22.     On information and belief, Apple's infringement of the '712 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

23.     On information and belief, Apple's infringement of the '712 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## MOTOROLA MOBILITY'S COUNTERCLAIM VI:
## INFRINGEMENT OF U.S. PATENT NO. 5,490,230

24.     Motorola Mobility incorporates by reference the preceding averments set forth in Mobility Counterclaim Paragraphs 1-7.

25.     The '230 patent, entitled "Digital Speech Coder Having Optimized Signal Energy Parameters," duly and lawfully issued on February 6, 1996.

26.     On September 3, 1996, the United States Patent and Trademark Office issued a Certificate of Correction for the '230 patent.

27.     On October 1, 1996, the United States Patent and Trademark Office issued a Certificate of Correction for the '230 patent. A true and correct copy of the '230 patent with the September 3, 1996 and October 1, 1996 Certificates of Correction is attached to this Complaint as Exhibit 3.

28.     Motorola Mobility is the owner of all rights, title and interest in the '230 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

29.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '230 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad with 3G and the Apple iPad 2 with 3G.

30.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

31.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '230 patent in an amount to be determined at trial.

32.     On information and belief, Apple's infringement of the '230 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

33.     On information and belief, Apple's infringement of the '230 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### MOTOROLA MOBILITY'S COUNTERCLAIM VII:
### INFRINGEMENT OF U.S. PATENT NO. 5,572,193

34.     Motorola Mobility incorporates by reference the preceding averments set forth in Mobility Counterclaim Paragraphs 1-7.

35.     The '193 patent, entitled "Method for Authentication and Protection of Subscribers in Telecommunications Systems," duly and lawfully issued on November 5, 1996.

36.     On April 22, 1997, the United States Patent and Trademark Office issued a Certificate of Correction for the '193 patent. A true and correct copy of the '193 patent with the April 22, 1997 Certificate of Correction is attached to this Complaint as Exhibit 4.

37.     Motorola Mobility is the owner of all rights, title and interest in the '193 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

38.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '193 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, the Apple iPad 2, the Apple iPad 2 with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, the Apple Mac Pro, the Apple TV, the Apple AirPort Extreme Card, the Apple AirPort Extreme Base Station, the Apple AirPort Express Base Station and the Apple Time Capsule.

39.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

40.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '193 patent in an amount to be determined at trial.

41.     On information and belief, Apple's infringement of the '193 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

42.     On information and belief, Apple's infringement of the '193 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## MOTOROLA MOBILITY'S COUNTERCLAIM VIII:
## INFRINGEMENT OF U.S. PATENT NO. 6,175,559

43.     Motorola Mobility incorporates by reference the preceding averments set forth in Mobility Counterclaim Paragraphs 1-7.

44.     The '559 patent, entitled "Method for Generating Preamble Sequences in a Code Division Multiple Access System," duly and lawfully issued on January 16, 2001. A true and correct copy of the '559 patent is attached to this Complaint as Exhibit 5.

45.     Motorola Mobility is the owner of all rights, title and interest in the '559 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

46.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '559 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad with 3G, and the Apple iPad 2 with 3G.

47. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

48. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '559 patent in an amount to be determined at trial.

49. On information and belief, Apple's infringement of the '559 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

50. On information and belief, Apple's infringement of the '559 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### MOTOROLA MOBILITY'S COUNTERCLAIM IX:
### INFRINGEMENT OF U.S. PATENT NO. 6,359,898

51. Motorola Mobility incorporates by reference the preceding averments set forth in Mobility Counterclaim Paragraphs 1-7.

52. The '898 patent, entitled "Method for Performing a Countdown Function During a Mobile-Originated Transfer for a Packet Radio System," duly and lawfully issued on March 19, 2002. A true and correct copy of the '898 patent is attached to this Complaint as Exhibit 6.

53. Motorola Mobility is the owner of all rights, title and interest in the '898 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

54. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '898 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the

United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad with 3G, and the Apple iPad 2 with 3G.

55.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

56.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '898 patent in an amount to be determined at trial.

57.     On information and belief, Apple's infringement of the '898 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

58.     On information and belief, Apple's infringement of the '898 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

59.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola Mobility demands a trial by jury of this action.

## REQUEST FOR RELIEF

60.     WHEREFORE, Motorola Mobility respectfully requests that:

a.     Judgment be entered that Apple has infringed one or more claims of each of the Asserted Patents;

b.     Judgment be entered permanently enjoining Apple, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their

subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory

infringement, or inducement of infringement of the Asserted Patents;

    c.  Judgment be entered awarding Motorola Mobility all damages adequate to

compensate it for Apple's infringement of the Asserted Patents including all pre-judgment and

post-judgment interest at the maximum rate permitted by law;

    d.  Judgment be entered that Apple's infringement of each of the Asserted

Patents is willful and deliberate, and therefore, that Motorola Mobility is entitled to treble

damages as provided by 35 U.S.C. § 284;

    e.  Judgment be entered that Apple's infringement of the Asserted Patents is

willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola Mobility

to an award of its attorneys' fees for bringing and prosecuting this action, together with interest,

and costs of the action, pursuant to 35 U.S.C. § 285; and

    f.  Judgment be entered awarding Motorola Mobility such other and further

relief as this Court may deem just and proper.

Dated: March 22, 2011

Respectfully submitted,

MOTOROLA, INC. &
MOTOROLA MOBILITY, INC.

By: */s/ Scott W. Hansen*
   Scott W. Hansen (1017206)

Scott W. Hansen (1017206)
Lynn M. Stathas (1003695)
Lisa Nester Kass (1045755)
REINHART BOERNER VAN DEUREN, S.C.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
Telephone: (608) 229-2200
Facsimile: (608) 229-2100
Email: shansen@reinhartlaw.com
  lstathas@reinhartlaw.com
  lkass@reinhartlaw.com

*Of Counsel*
David A. Nelson
Jennifer A. Bauer
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
  jenniferbauer@quinnemanuel.com

Edward J. DeFranco
Alexander Rudis
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
  alexanderrudis@quinnemanuel.com

Kevin Johnson
555 Twin Dolphin Drive
Suite 560
Redwood Shores, CA 94065
Email: kevinjohnson@quinnemanuel.com

*Attorneys for Defendants Motorola, Inc. and*
*Motorola Mobility, Inc.*