## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

APPLE INC. and NeXT SOFTWARE, INC.
(f/k/a NeXT COMPUTER, INC.)

      Plaintiffs,

v.

MOTOROLA, INC. and MOTOROLA
MOBILITY, INC.,

      Defendants.

Case No. 10-CV-00662-BBC

**JURY TRIAL DEMANDED**

---

### APPLE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO MOTOROLA, INC. AND MOTOROLA MOBILITY, INC.'S ANSWER AND COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT

Plaintiffs and Counterclaim-Defendants Apple Inc. ("Apple") and NeXT Software, Inc. ("NeXT") (collectively, "Apple"), by and through their undersigned counsel, hereby respond to Motorola Solutions, Inc. (f/k/a Motorola, Inc.) and/or Motorola Mobility, Inc.'s (collectively, "Motorola") Joint Counterclaims, and Motorola Mobility, Inc.'s ("Motorola Mobility") Counterclaims (Dkt. No. 70) as follows:

### I.

### ANSWER TO DEFENDANTS' JOINT COUNTERCLAIMS

### GENERAL DENIAL

Unless expressly admitted below, Apple denies each and every allegation Motorola has set forth in its Joint Counterclaims.

### RESPONSE TO MOTOROLA'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Motorola's Joint Counterclaims, Apple responds with the following paragraphs:

1.      No response to Paragraph 1 of the Joint Counterclaims is required.

## PARTIES

2.      On information and belief, Apple admits that Motorola Solutions, Inc. (f/k/a Motorola, Inc.) is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.  On information and belief, Apple admits that Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

3.      Apple admits that Apple Inc. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

4.      Apple admits that NeXT Software, Inc. (f/k/a NeXT Computer, Inc.) is a wholly-owned subsidiary of Apple and is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

5.      Apple admits that the Joint Counterclaims purport to be counterclaims for Declaratory Relief under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.  Apple does not contest the Court's jurisdiction over the Joint Counterclaims.

6.      Apple admits that this Court has personal jurisdiction over Apple for purposes of this case.  Apple admits that Apple Inc. offers for sale and has sold its products to persons within this District, operates retail stores within this District, and conducts business in this District. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 6 of the Joint Counterclaims.

## COUNTERCLAIM I:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 7,479,949

7.      Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

8.      Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 7,479,949 ("the '949 patent").

9.      No response to Paragraph 9 of the Joint Counterclaims is required.

10.     Apple denies the allegations in Paragraph 10 of the Joint Counterclaims.

11.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '949 patent.

12.     Apple denies the allegations in Paragraph 12 of the Joint Counterclaims.

## COUNTERCLAIM II:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,493,002

13.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

14.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 6,493,002 ("the '002 patent").

15.     No response to Paragraph 15 is required of the Joint Counterclaims.

16.     Apple denies the allegations in Paragraph 16 of the Joint Counterclaims.

17.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '002 patent.

18.     Apple denies the allegations in Paragraph 18 of the Joint Counterclaims.

**COUNTERCLAIM III:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,838,315**

19.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

20.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,838,315 ("the '315 patent").

21.     No response to Paragraph 21 of the Joint Counterclaims is required.

22.     Apple denies the allegations in Paragraph 22 of the Joint Counterclaims.

23.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '315 patent.

24.     Apple denies the allegations in Paragraph 24 of the Joint Counterclaims.

**COUNTERCLAIM X:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. RE 39,486**

25.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

26.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. RE 39,486 ("the RE '486 patent").

27.     No response to Paragraph 27 of the Joint Counterclaims is required.

28.     Apple denies the allegations in Paragraph 28 of the Joint Counterclaims.

29.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the RE '486 patent.

30.     Apple denies the allegations in Paragraph 30 of the Joint Counterclaims.

**COUNTERCLAIM XI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,424,354**

31.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

32.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 6,424,354 ("the '354 patent").

33.     No response to Paragraph 33 of the Joint Counterclaims is required.

34.     Apple denies the allegations in Paragraph 34 of the Joint Counterclaims.

35.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '354 patent.

36.     Apple denies the allegations in Paragraph 36 of the Joint Counterclaims.

**COUNTERCLAIM XII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,343,263**

37.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

38.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 6,343,263 ("the '263 patent").

39.     No response to Paragraph 39 of the Joint Counterclaims is required.

40.     Apple denies the allegations in Paragraph 40 of the Joint Counterclaims.

41.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '263 patent.

42.     Apple denies the allegations in Paragraph 42 of the Joint Counterclaims.

**COUNTERCLAIM XIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,275,983**

43.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

44.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 6,275,983 ("the '983 patent").

45.     No response to Paragraph 45 of the Joint Counterclaims is required.

46.     Apple denies the allegations in Paragraph 46 of the Joint Counterclaims.

47.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '983 patent.

48.     Apple denies the allegations in Paragraph 48 of the Joint Counterclaims.

**COUNTERCLAIM XIV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,969,705**

49.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

50.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,969,705 ("the '705 patent").

51.     No response to Paragraph 51 of the Joint Counterclaims is required.

52.     Apple denies the allegations in Paragraph 52 of the Joint Counterclaims.

53.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '705 patent.

54.     Apple denies the allegations in Paragraph 54 of the Joint Counterclaims.

### COUNTERCLAIM XV:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,946,647

55.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

56.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,946,647 ("the '647 patent").

57.     No response to Paragraph 57 of the Joint Counterclaims is required.

58.     Apple denies the allegations in Paragraph 58 of the Joint Counterclaims.

59.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '647 patent.

60.     Apple denies the allegations in Paragraph 60 of the Joint Counterclaims.

### COUNTERCLAIM XVI:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,929,852

61.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

62.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,929,852 ("the '852 patent").

63.     No response to Paragraph 63 of the Joint Counterclaims is required.

64.     Apple denies the allegations in Paragraph 64 of the Joint Counterclaims.

65.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '852 patent.

66.     Apple denies the allegations in Paragraph 66 of the Joint Counterclaims.

**COUNTERCLAIM XVII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,915,131**

67.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

68.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,915,131 ("the '131 patent").

69.     No response to Paragraph 69 of the Joint Counterclaims is required.

70.     Apple denies the allegations in Paragraph 70 of the Joint Counterclaims.

71.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '131 patent.

72.     Apple denies the allegations in Paragraph 72 of the Joint Counterclaims.

**COUNTERCLAIM XVIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,566,337**

73.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

74.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,566,337 ("the '337 patent").

75.     No response to Paragraph 75 of the Joint Counterclaims is required.

76.     Apple denies the allegations in Paragraph 76 of the Joint Counterclaims.

77.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '337 patent.

78.     Apple denies the allegations in Paragraph 78 of the Joint Counterclaims.

**COUNTERCLAIM XIX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,519,867**

79.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

80.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,519,867 ("the '867 patent").

81.     No response to Paragraph 81 of the Joint Counterclaims is required.

82.     Apple denies the allegations in Paragraph 82 of the Joint Counterclaims.

83.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '867 patent.

84.     Apple denies the allegations in Paragraph 84 of the Joint Counterclaims.

**COUNTERCLAIM XX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,481,721**

85.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

86.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,481,721 ("the '721 patent").

87.     No response to Paragraph 87 of the Joint Counterclaims is required.

88.     Apple denies the allegations in Paragraph 88 of the Joint Counterclaims.

89.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '721 patent.

90.     Apple denies the allegations in Paragraph 90 of the Joint Counterclaims.

**COUNTERCLAIM XXI:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,455,599**

91.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 above.

92.     Apple admits that it has asserted claims against Motorola for the infringement of U.S. Patent No. 5,455,599 ("the '599 patent").

93.     No response to Paragraph 93 of the Joint Counterclaims is required.

94.     Apple denies the allegations in Paragraph 94 of the Joint Counterclaims.

95.     Apple admits that there is a substantial and continuing justiciable controversy between Apple and Motorola as to the infringement, validity, and enforceability of the '599 patent.

96.     Apple denies the allegations in Paragraph 96 of the Joint Counterclaims.

**JOINT REQUEST FOR RELIEF**

97.     Apple denies that Motorola is entitled to any of the relief sought in its prayer for relief, including that requested in Paragraphs 97(A) through 97(D) of the Joint Counterclaims. The '949, '002, '315, RE '486, '354, '263, '983, '705, '647, '852, '131, '337 '867, '721, and '599 patents are valid, enforceable, and infringed by Motorola.  Motorola is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, costs, fees, interest or any other type of recovery from Apple.  Motorola's prayer should, therefore, be denied in its entirety and with prejudice, and Motorola should take nothing.

**ANSWER TO MOTOROLA MOBILITY'S COUNTERCLAIMS**

**GENERAL DENIAL**

Unless expressly admitted below, Apple denies each and every allegation Motorola Mobility has set forth in its Counterclaims.

**RESPONSE TO MOTOROLA'S SPECIFIC ALLEGATIONS**

Answering the specific allegations of Motorola Mobility's Counterclaims, Apple responds with the following paragraphs:

98.     No response to Paragraph 1 of Motorola Mobility's Counterclaims is required.

99.     Apple admits that Motorola Mobility's Counterclaims allege that Apple infringes U.S. Patent Nos. 5,311,516 ("the '516 patent"), 5,319,712 ("the '712 patent"), 5,490,230 ("the '230 patent"), 5,572,193 ("the '193 patent"), 6,175,559 ("the '559 patent"), and 6,359,898 ("the '898 patent") (collectively, "the Asserted Patents"), and that Motorola Mobility seeks remedies for Apple's alleged infringement.  Apple denies infringing any of the Asserted Patents and all remaining allegations of Paragraph 2 of Motorola Mobility's Complaint.

## PARTIES

100.     On information and belief, Apple admits that Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of Motorola Mobility's Counterclaims, and, on that basis, denies those allegations.

101.     Apple admits that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

102.     Apple admits that Motorola Mobility's Counterclaims purport to arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., but denies any wrongdoing or liability on its own behalf for the reasons stated herein.  Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 5 of Motorola Mobility's Counterclaims.

103.     Apple admits that this Court has personal jurisdiction over Apple for purposes of this case.  Apple admits that Apple Inc. offers for sale and has sold its products to persons within this District, operates retail stores within this District, and conducts business in this District. Apple denies that it has committed any acts of infringement within this District and specifically

denies any wrongdoing, infringement, inducement of infringement or contribution to infringement. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 6 of Motorola Mobility's Counterclaims.

104.     Apple admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## MOTOROLA MOBILITY'S COUNTERCLAIM IV: INFRINGEMENT OF U.S. PATENT NO. 5,311,516

105.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 98-104 above.

106.     Apple admits that the '516 patent states on its face that it is entitled "Paging System Using Message Fragmentation to Redistribute Traffic." Apple further admits that the '516 patent states on its face that it issued on May 10, 1994. Apple denies that the '516 patent was duly or lawfully issued. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 9 of Motorola Mobility's Counterclaims.

107.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '516 patent and, therefore, denies those allegations.

108.     Apple denies the allegations in Paragraph 11 of Motorola Mobility's Counterclaims.

109.     Apple denies the allegations in Paragraph 12 of Motorola Mobility's Counterclaims.

110.     Apple denies the allegations in Paragraph 13 of Motorola Mobility's Counterclaims.

111.     Apple denies the allegations in Paragraph 14 of Motorola Mobility's Counterclaims.

112.     Apple denies the allegations in Paragraph 15 of Motorola Mobility's Counterclaims.

**MOTOROLA MOBILITY'S COUNTERCLAIM V:**
**INFRINGEMENT OF U.S. PATENT NO. 5,319,712**

113.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 98-104 above.

114.     Apple admits that the '712 patent states on its face that it is entitled "Method and Apparatus for Providing Cryptographic Protection of a Data Stream in a Communication System." Apple further admits that the '712 patent states on its face that it issued on June 7, 1994. Apple denies that the '712 patent was duly or lawfully issued. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 17 of Motorola Mobility's Counterclaims.

115.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '712 patent and, therefore, denies those allegations.

116.     Apple denies the allegations in Paragraph 19 of Motorola Mobility's Counterclaims.

117.     Apple denies the allegations in Paragraph 20 of Motorola Mobility's Counterclaims.

118.     Apple denies the allegations in Paragraph 21 of Motorola Mobility's Counterclaims.

119.     Apple denies the allegations in Paragraph 22 of Motorola Mobility's Counterclaims.

120.     Apple denies the allegations in Paragraph 23 of Motorola Mobility's Counterclaims.

## MOTOROLA MOBILITY'S COUNTERCLAIM VI:
## INFRINGEMENT OF U.S. PATENT NO. 5,490,230

121.    Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 98-104 above.

122.    Apple admits that the '230 patent states on its face that it is entitled "Digital Speech Coder Having Optimized Signal Energy Parameters." Apple further admits that the '230 patent states on its face that it issued on February 6, 1996. Apple denies that the '230 patent was duly or lawfully issued. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 25 of Motorola Mobility's Counterclaims.

123.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 26 of Motorola Mobility's Counterclaims and, therefore, denies those allegations.

124.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 27 of Motorola Mobility's Counterclaims and, therefore, denies those allegations.

125.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '230 patent and, therefore, denies those allegations.

126.    Apple denies the allegations in Paragraph 29 of Motorola Mobility's Counterclaims.

127.    Apple denies the allegations in Paragraph 30 of Motorola Mobility's Counterclaims.

128.    Apple denies the allegations in Paragraph 31 of Motorola Mobility's Counterclaims.

129.    Apple denies the allegations in Paragraph 32 of Motorola Mobility's Counterclaims.

130.    Apple denies the allegations in Paragraph 33 of Motorola Mobility's Counterclaims.

## MOTOROLA MOBILITY'S COUNTERCLAIM VII:
## INFRINGEMENT OF U.S. PATENT NO. 5,572,193

131.    Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 98-104 above.

132.    Apple admits that the '193 patent states on its face that it is entitled "Method for Authentication and Protection of Subscribers in Telecommunications Systems."  Apple further admits that the '193 patent states on its face that it issued on November 5, 1996.  Apple denies that the '193 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 35 of Motorola Mobility's Counterclaims.

133.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the allegations in Paragraph 36 of Motorola Mobility's Counterclaims and, therefore, denies those allegations.

134.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '193 patent and, therefore, denies those allegations.

135.    Apple denies the allegations in Paragraph 38 of Motorola Mobility's Counterclaims.

136.    Apple denies the allegations in Paragraph 39 of Motorola Mobility's Counterclaims.

137.    Apple denies the allegations in Paragraph 40 of Motorola Mobility's Counterclaims.

138.    Apple denies the allegations in Paragraph 41 of Motorola Mobility's Counterclaims.

139.     Apple denies the allegations in Paragraph 42 of Motorola Mobility's Counterclaims.

## MOTOROLA MOBILITY'S COUNTERCLAIM VIII:
## INFRINGEMENT OF U.S. PATENT NO. 6,175,559

140.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 98-104 above.

141.     Apple admits that the '559 patent states on its face that it is entitled "Method for Generating Preamble Sequences in a Code Division Multiple Access System."  Apple further admits that the '559 patent states on its face that it issued on January 16, 2001.  Apple denies that the '559 patent was duly or lawfully issued.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 44 of Motorola Mobility's Counterclaims.

142.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '559 patent and, therefore, denies those allegations.

143.     Apple denies the allegations in Paragraph 46 of Motorola Mobility's Counterclaims.

144.     Apple denies the allegations in Paragraph 47 of Motorola Mobility's Counterclaims.

145.     Apple denies the allegations in Paragraph 48 of Motorola Mobility's Counterclaims.

146.     Apple denies the allegations in Paragraph 49 of Motorola Mobility's Counterclaims.

147.     Apple denies the allegations in Paragraph 50 of Motorola Mobility's Counterclaims.

**MOTOROLA MOBILITY'S COUNTERCLAIM IX:**
**INFRINGEMENT OF U.S. PATENT NO. 6,359,898**

148. Apple refers to and incorporates herein its answers as provided in Paragraphs 1-6 and 98-104 above.

149. Apple admits that the '898 patent states on its face that it is entitled "Method for Performing a Countdown Function During a Mobile-Originated Transfer for a Packet Radio System." Apple further admits that the '898 patent states on its face that it issued on March 19, 2002. Apple denies that the '898 patent was duly or lawfully issued. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 52 of Motorola Mobility's Counterclaims.

150. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Motorola Mobility's purported ownership of all rights, title and interest in the '898 patent and, therefore, denies those allegations.

151. Apple denies the allegations in Paragraph 54 of Motorola Mobility's Counterclaims.

152. Apple denies the allegations in Paragraph 55 of Motorola Mobility's Counterclaims.

153. Apple denies the allegations in Paragraph 56 of Motorola Mobility's Counterclaims.

154. Apple denies the allegations in Paragraph 57 of Motorola Mobility's Counterclaims.

155. Apple denies the allegations in Paragraph 58 of Motorola Mobility's Counterclaims.

**DEMAND FOR JURY TRIAL**

156. Apple does not object to a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

157.    Apple denies that Motorola Mobility is entitled to any of the relief sought in its prayer for relief, including that requested in Paragraphs 60(a) through 60(f) of Motorola Mobility's Counterclaims.  Apple has not directly or indirectly infringed the Asserted Patents, either literally or by the doctrine of equivalents, willfully or otherwise.  Motorola Mobility is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest or any other type of recovery from Apple.  Motorola Mobility's prayer should, therefore, be denied in its entirety and with prejudice, and Motorola Mobility should take nothing.

## II.

## DEFENSES

In addition to the defenses described below, Apple expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

158.    Motorola's Counterclaims fail to state a claim upon which relief can be granted because Apple has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Motorola.

### SECOND DEFENSE – NONINFRINGEMENT

159.    Apple does not infringe and has not infringed, either directly, indirectly, contributorily or by inducement, any claims of the Asserted Patents, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD DEFENSE – PATENT INVALIDITY

160.    Motorola's alleged claims for infringement of the Asserted Patents are barred because each and every claim of the Asserted Patents is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 102, 103, 112, and/or improper inventorship and noncompliance with Sections 115 and/or 116.

## FOURTH DEFENSE – LACHES

161.    Motorola's claims for relief are barred in whole or in part by the equitable doctrine of laches.

## FIFTH DEFENSE – ESTOPPEL/UNCLEAN HANDS

162.    Motorola's claims for relief are barred in whole or in part by the doctrines of equitable estoppel and/or unclean hands.

163.    Before filings its Counterclaims, Motorola made numerous representations to various standards setting and standard related organizations (collectively, "SSOs") that its Asserted Patents were essential to practicing certain industry standards, and Motorola would offer licenses to these patents on fair, reasonable, and non-discriminatory ("FRAND") OR reasonable and non-discriminatory ("RAND") (collectively, "F/RAND") terms. Apple has invested billions of dollars in products and technologies in reliance on SSO members', including Motorola's, promises regarding purportedly standards-essential patents. To date, however, Motorola has refused to offer Apple a license to the Asserted Patents on F/RAND terms as promised. If the SSOs and Apple had known that Motorola would refuse to honor its promises to offer licenses to the Asserted Patents on F/RAND terms, then alternative technologies would have been incorporated into the relevant standards in avoidance of the Asserted Patents.

164.    Under the doctrine of equitable estoppel, Motorola cannot be allowed to seek the relief it seeks in its Counterclaims for Apple's alleged infringement of the Asserted Patents.

165.    Most SSOs—including, without limitation, the European Telecommunications Standards Institute ("ETSI") and the Institute of Electrical and Electronics Engineers Standards Association (the "IEEE")—have adopted intellectual property rights policies ("IPR Policies") to address the problem of patent hold-up. These policies often contain requirements concerning: (a) the disclosure of patents or patent applications that may claim any portion of the standard in development, i.e., purported "essential patents"; and (b) whether and to what extent patentees holding such purported essential patents must commit to licensing these patents on F/RAND terms.

166.    Timely disclosures of purported essential patents permits participants in standards development to evaluate competing technical proposals with better knowledge of the potential licensing costs that designers may incur when developing standards-compliant products.

167.    Additionally, such IPR Policies require participants who claim to own essential patents to commit to license those patents to any implementer of the standard on F/RAND terms. Participants in standards development rely on these contractual undertakings to ensure, among other things, that the widespread adoption of the standard will not be hindered by patentees seeking to extract unreasonable royalties and terms from those implementing the standard.

168.    Breaching F/RAND commitments, as Motorola has done here, undermines the pro-competitive safeguards put in place by SSOs.  By seeking to capitalize on a patent's actual or purported incorporation into a standard, the patentee violates the very commitment that led to incorporation of that technology in the first place.

169.    IPR Policies, including, without limitation, ETSI's IPR Policies require, among other things, that members timely disclose to the organization any intellectual property right ("IPR") they own which may be essential to standards that have been developed or are being developed.  Participants in ETSI standard development understand that this provision requires disclosure of all IPR that they believe might be essential to standards under consideration.  If an owner of an essential IPR refuses to undertake a FRAND commitment with respect to that IPR, then, as provided, for example, in Section 8 of the ETSI IPR Policy, ETSI may suspend work on relevant parts of the standard or redesign the standard to render the IPR non-essential.  ETSI's IPR Policy was designed to benefit all ETSI members, as well as other parties that implement an ETSI standard.

170.    Upon information and belief, and without limitation, during all times relevant to the Asserted Patents, Motorola has been a member of ETSI.  Motorola has participated in, without limitation, ETSI's development of mobile wireless communications standards for GSM/WCDMA, UMTS/3GPP, General Packet Radio Service ("GPRS"), and Enhanced Data Rates for GSM Evolution ("EDGE").  As a result of its membership and participation in ETSI,

20

and through its Declaration, Motorola was and is bound by the ETSI Rules of Procedure, including the ETSI IPR Policy.  Through its Declaration, Motorola represented to ETSI, ETSI members, and third parties that it would be prepared to or actually granted irrevocable licenses of some of the Asserted Patents on FRAND terms.  Motorola's FRAND Declaration is a binding contractual commitment made to ETSI, its members and designers and sellers of products implementing ETSI standards (including Apple), for the benefit of ETSI, its members, and any entity that implements GSM/WCDMA, UMTS/3GPP (or any other ETSI standards for which Motorola declared essential IPR and undertook a FRAND commitment).  Motorola is therefore bound to offer FRAND licenses to Apple, a member of ETSI and seller of products that implement the relevant mobile communications standards at issue.

171.    Upon information and belief, Motorola has also participated in other SSOs, including without limitation, IEEE.

172.    Before the SSOs adopted any relevant standards at issue, there were viable alternative technology solutions competing in markets for technologies to perform the functions included in the standards that Motorola asserts are performed by its patented technologies. But once the SSO participants selected technologies as mandatory implementations of essential features of the standards – implementations that Motorola claims are covered by its patents – alternative implementations of these essential features were excluded from the relevant technology markets.  Those technologies were excluded because they would not be compliant with mandatory implementations of essential features of the adopted standard.  Accordingly, to the extent that Motorola's Asserted Patents are essential to any standard, it was Motorola's false F/RAND declarations and deceptive acts – not the inherent attributes of its purportedly essential technologies or any superior product, business acumen or historic accident – that conferred monopoly power on Motorola with respect to the technologies which perform the functions included in the standards.

173.    In reliance on SSO members', including Motorola's, representations that they would offer Apple a license to essential patents on F/RAND terms and would otherwise comply

21

with their obligations to the SSOs, Apple made substantial investments in the research, design, manufacture, and marketing of its products.

174. A party's breach of a commitment to a SRO constitutes "misleading conduct" sufficient to equitably estop a party from enforcing its patents. As a matter of law, Apple is entitled to rely on affirmative commitments by SRO members to license their declared-essential patents on F/RAND terms.

175. Upon information and belief, Motorola also failed to timely identify IPR, including at least the '559 patent, the '230 patent, and the '898 patent, to certain SSOs.

176. Motorola's assertion of its Counterclaims of purportedly essential patents in violation of its obligation to license on F/RAND terms constitutes unclean hands which bars any relief sought by Motorola in this case.

## SIXTH DEFENSE – STATUTE OF LIMITATIONS

177. To the extent Motorola seeks damages for alleged infringement more than six years prior to filing of the Counterclaims, the relief sought by Motorola is barred by 35 U.S.C. § 286.

## SEVENTH DEFENSE – NOTICE

178. To the extent Motorola seeks damages for alleged infringement prior to its giving actual or constructive notice of the '516, '712, '230, '193, '559, and '898 patents to Apple, the relief sought is barred by 35 U.S.C. § 287.

## EIGHTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

179. Motorola is estopped from construing the claims of the '516, '712, '230, '193, '559, and '898 patents in such a way as may cover any of Apple's products or processes by reasons of statements made to the U.S. Patent and Trademark Office ("Patent Office") during the prosecution of the applications that led to the issuance of the '516, '712, '230, '193, '559, and '898 patents.

### NINTH DEFENSE – PATENT EXHAUSTION/IMPLIED LICENSE

180.    The relief sought by Motorola is barred in whole or in part by the doctrines of patent exhaustion and/or implied license.

### TENTH DEFENSE –LICENSE

181.    On information and belief, the relief sought by Motorola is barred in whole or in part by an express license.

### ELEVENTH DEFENSE – LACK OF STANDING

182.    Motorola Mobility lacks standing to bring its claims because, as shown on the faces of the '516, '712, '230, '193, '559, and '898 patents, Motorola Mobility is not the assignee of those patents.  In addition, essential parties are not named in this action.

### TWELFTH DEFENSE – NO INJUNCTIVE RELIEF

183.    To the extent Motorola seeks injunctive relief for alleged infringement, the relief sought by Motorola is unavailable because any alleged injury to Motorola is not immediate or irreparable and because Motorola has an adequate remedy at law for any alleged injury.

### THIRTEENTH DEFENSE – INEQUITABLE CONDUCT

#### A.    The '516 Patent

184.    The '516 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '516 patent, at least one of inventors named on that patent, David F. Willard, was aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office.  This information includes, without limitation, the disclosures in U.S. Patent No. 5,089,813 to Michael J. DeLuca, Leon Jasinski, and David F. Willard ("DeLuca"), filed on July 19, 1989 and issued on February 18, 1992.

185.    Willard, one of the named inventors of the '516 patent, is also a named inventor on the DeLuca reference and thus had knowledge of the information disclosed in DeLuca at least by July 19, 1989, over three years prior to the filing date of the '516 patent.

186.    DeLuca is not cumulative to any references disclosed during prosecution of the '516 patent.  None of the references cited to the Patent Office describe the subject matter disclosed in DeLuca, namely, constructing multi-packet messages by using signals in the message data that indicate the starting and stopping points.  Specifically, DeLuca discloses employing "continue signals" in the message data ('00' and '01') that indicate whether additional packets will follow or the instant packet is the last.  These packets are then reconstructed by a receiving device to form the multi-packet message for display.

187.    Upon information and belief, Willard failed to disclose DeLuca during the prosecution of the '516 patent with an intent to deceive the Patent Office.  As explained in Paragraph 113 above, Willard was aware of DeLuca as early as July 1989, over three years before the filing of the '516 patent, and almost five years before the issuance of the '516 patent.  Yet, Willard did not disclose DeLuca to the Patent Office in conjunction with the prosecution of the '516 patent.

188.    DeLuca qualifies as prior art to the '516 patent under 35 U.S.C. §§ 102(a), (e), or (g) and/or § 103.  Based on the disclosure described in Paragraph 114 above, DeLuca anticipates or renders obvious at least claim 1 of the '516 patent.

189.    Upon information and belief, the examiner did not consider DeLuca during prosecution of the '516 patent.

190.    The acts of fraud on the Patent Office committed during the prosecution of the '516 patent renders the '516 patent unenforceable.

### B.    The '712 Patent

191.    The '712 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '712 patent, at least two of the inventors named on the patent, Louis Finkelstein and Jeffrey Smolinske, as well as the attorney who prosecuted the '712 patent, Shawn Dempster, were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office.  This information includes, without limitation, the inventions disclosed

in U.S. Patent No. 5,239,294 to Flanders et al. ("Flanders"), filed on December 7, 1990 (as Appl. No. 07/626,227) and issued on August 24, 1993; and U.S. Pat. No. 5,455,863 to Brown et al. ("Brown"), filed on June 29, 1993 (as Appl. No. 08/84,664) and issued on October 3, 1995.

192.    Upon information and belief, at least named inventor Louis Finkelstein, as well as the attorney who prosecuted the '712 patent, Shawn Dempster, had knowledge of Flanders at least by December 7, 1990, which is more than three years before the '712 patent issued.  A named inventor of Flanders is Louis Finkelstein, who is also a named inventor of the '712 patent. The prosecuting attorney of Flanders, Shawn Dempster, is also the prosecuting attorney of the '712 patent.  Flanders was filed on December 7, 1990, on behalf of Louis Finkelstein et al., by prosecuting attorney Shawn Dempster, but neither party disclosed Flanders to the Patent Office.

193.    Upon information and belief, at least named inventors Louis Finkelstein and Jeffrey Smolinske of the '712 patent, as well as the attorney who prosecuted the '712 patent, Shawn Dempster, had knowledge of Brown at least by June 29, 1993, which is nearly a year before the '712 patent issued.  The named inventors of Brown are Louis Finkelstein and Jeffrey Smolinske, who are also named inventors of the '712 patent.  The prosecuting attorney of Brown, Shawn Dempster, is also the prosecuting attorney of the '712 patent.  Brown was filed on June 29, 1993, on behalf of Louis Finkelstein, Jeffrey Smolinske, et al., by prosecuting attorney Shawn Dempster, but the parties did not disclose Brown to the Patent Office.

194.    Upon information and belief, Finkelstein and Dempster knew that Flanders was material prior art to the '712 patent because Flanders discloses an encryption scheme wherein encryption/decryption is performed as a function of sequence variables (including counters and an "overflow counter").  In particular, Flanders discloses that "FIG. 5 shows an bit map for a typical initialization vector (500) and key field (505) for carrying out the method of preserving encryption integrity during handoffs.  The encryption key field is termed the session key field since it is unique for each session or call and changes on a per call basis.  The initialization vector (500) includes the pseudo random encryption variable and is maintained by both the subscriber unit and the basesite and changes for each slot.  The initialization vector (500)

25

contains 32 bits and these 32 bits are combined with the session cryptokey (505) to produce 159 bits needed for each slot. The 32 bits are divided between three counters: an eight bit handoff counter, a nine bit speech slot counter, and a fifteen bit speech slot overflow counter." Flanders at 12:41-55.

195. Upon information and belief, Finkelstein, Smolinske, and Dempster knew that Brown was material prior art to the '712 patent because Brown discloses an encryption scheme wherein encryption/decryption is performed as a function of sequence variables (including a "unique packet number" variable). Brown discloses "The encryption process consists of generating a packetized message encryption key within the subscriber unit and the serving communication system. Further, at least one packet of a message to be communicated is numbered with a unique packet number such that a sequential order of the packet in the packetized message can be maintained. This packet of the message is encrypted by using the packetized message encryption key and the unique packet number as encryption variables." Brown at 4:41-49. To the extent that Brown does not disclose an overflow counter, the most significant bits of Brown's "unique packet number" can be viewed as the claimed "overflow counter."

196. Flanders and Brown are not cumulative to any references disclosed during prosecution of the '712 patent. None of the references cited to the Patent Office describe the inventions claimed in Flanders and Brown, specifically, encrypting/decrypting data as a function of a sequence variable. Flanders and Brown anticipate and/or render obvious the '712 patent for the reasons identified above. Specifically, both Flanders and Brown disclose encrypting/decrypting as a function of sequence variables. *See*, *e.g.*, the '712 patent, claim 1.

197. Upon information and belief, Finkelstein and Dempster failed to disclose Flanders during prosecution of the '712 patent with an intent to deceive the Patent Office. As explained in Paragraphs 120 and 122 above, although Finkelstein and Dempster were aware of Flanders during the prosecution of the '712 patent and were aware of material disclosures therein, they did not disclose Flanders in conjunction with prosecution of the '712 patent.

198.    Upon information and belief, Finkelstein, Smolinske, and Dempster failed to disclose Brown during prosecution of the '712 patent with an intent to deceive the Patent Office. As explained in Paragraphs 193 and 195 above, although Finkelstein, Smolinski, and Dempster were aware of Brown during the prosecution of the '712 patent and were aware of material disclosures therein, they did not disclose Brown in conjunction with prosecution of the '712 patent.

199.    Flanders qualifies as prior art to the '712 patent under at least 35 U.S.C. § 102(a), (e)(2), and (g)(2). The United States patent application that issued as Flanders, Appl. No. 07/626,227, was filed on December 7, 1990, more than two years prior to the August 26, 1993 filing date of the '712 patent. In addition, Flanders issued on August 24, 1993, nearly one year before issuance of the '712 patent.

200.    Brown qualifies as prior art to the '712 patent under at least 35 U.S.C. § 102(e)(2) and (g)(2). The United States patent application that issued as Brown, Appl. No. 08/84,664, was filed on June 29, 1993, before the August 26, 1993 filing date of the '712 patent.

201.    Upon information and belief, the examiner did not consider Flanders or Brown during prosecution of the '712 patent.

202.    The acts of fraud on the Patent Office committed during the prosecution of the '712 patent renders the '712 patent unenforceable.

## C.    The '559 Patent

203.    The '559 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the '559 patent, Motorola was aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office. This information includes, without limitation, documents from the 3GPP TSG-RAN Working Group 1, including, without limitation 3GPP TS 25.213 v2.0.0 (1999-4) Technical Specification; 3GPP TS 25.213 v2.1.0 (1999-06); "New RACH preambles with low auto-correlation sidelobes and reduced detector complexity," TSGR1#3(99)205 (Ericsson, March 22-26, 1999); "Comments on the proposed RACH sequence

structure," Tdoc R1-99377 (Nokia, April 18-20, 1999); and "Text proposal for RACH preambles," TSGR1-598/99 (Nokia, June 1-4, 1999) (collectively "the 3GPP TSG-RAN Prior Art").

204.    Upon information and belief, Motorola had knowledge of the work at the 3GPP TSG-RAN Working Group 1 as early as January 1999 as Motorola participated in the early meetings of 3GPP TSG-RAN Working Group 1.  Specifically, upon information and belief, Motorola had knowledge of the 3GPP TSG-RAN Prior Art at least by June 1999, when Motorola submitted to the 3GPP TSG-RAN Working Group 1 a document titled "Evaluation of Proposed RACH Signatures," 3GPP/TSGR1#5(99)670 (Motorola, June 1-4, 1999), which was prior to the filing date of the '559 patent.  Motorola also submitted a "Proposal for RACH Preambles," 3GPP/TSGR1#6(99)893 (Motorola/Texas Instruments, July 13-16, 1999) to the 3GPP TSG-RAN Working Group 1 in July 1999, prior to the issuance of the '559 patent.

205.    The 3GPP TSG-RAN Prior Art is not cumulative to any references disclosed during prosecution of the '559 patent.  None of the references cited to the Patent Office describe the subject matter disclosed in the 3GPP TSG-RAN Prior Art, namely, a Gold outer code in combination with another code used for a preamble for a random access channel.

206.    Upon information and belief, Motorola failed to disclose the 3GPP TSG-RAN Prior Art during the prosecution of the '559 patent with an intent to deceive the Patent Office.

207.    The 3GPP TSG-RAN Prior Art qualifies as prior art to the '559 patent at least under 35 U.S.C. §§ 102(a), (e), or (g) and/or § 103.  Based on the disclosure described in Paragraph 130 above, the 3GPP TSG-RAN Prior Art anticipates or renders obvious at least claim 1 of the '559 patent.

208.    Upon information and belief, the examiner did not consider the 3GPP TSG-RAN Prior Art during prosecution of the '559 patent.

209.    The acts of fraud on the Patent Office committed during the prosecution of the '559 patent renders the '559 patent unenforceable.

### D.    The '898 Patent

210.    The '898 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '898 patent, named inventors Jeffrey Smolinske and Dominic Tolli were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent Office.  This information includes, without limitation, an August 1997 ETSI contribution entitled "GPRS RLC/MAC Block Formats (6)" and numbered "Tdoc SMG2/3 WPA 97A119" (hereinafter referred to as "contribution 97A119").

211.    Upon information and belief, based on records maintained in the ETSI database, ETSI STC SMG2/3 WPA held a meeting from August 18-22, 1997, in Kista, Sweden ("the August 1997 meeting").

212.    Upon information and belief, based on records maintained in the ETSI database, contribution 97A119 was submitted to and made available at or before the August 1997 meeting.

213.    Upon information and belief, based on records maintained in the ETSI database, Jeffrey Smolinske attended the August 1997 meeting.  Thus, upon information and belief, Smolinske had knowledge of contribution 97A119 by no later than August 22, 1997.

214.    Upon information and belief, based on records maintained in the ETSI database, ETSI STC SMG2/3 WPA held a meeting from November 10-14, 1997, in Sophia Antipolis, France ("the November 1997 meeting").

215.    Upon information and belief, based on records maintained in the ETSI database, Jeffrey Smolinske and Dominic Tolli attended the November 1997 meeting.

216.    Upon information and belief, based on records maintained in the ETSI database, Motorola submitted a contribution entitled "Countdown Value definition" and numbered "Tdoc SMG2/3 WPA 97A330" (hereinafter referred to as "contribution 97A330") to the November 1997 meeting.  Contribution 97A330 references "the current 'GPRS RLC/MAC Block Formats' document."

29

217. Upon information and belief, based on records maintained in the ETSI database, Dominic Tolli participated in the drafting of contribution 97A330. Thus, upon information and belief, Tolli had knowledge of contribution 97A119 by no later than November 10, 1997.

218. Contribution 97A119 lists as its source "SMG2 GPRS." Upon information and belief, "SMG2 GPRS" is not identical to the '898 patent's inventive entity.

219. Contribution 97A119 discloses a mobile station using four bits of the power control (PC) field of the MAC header to transmit to the base station the countdown of the last sixteen RLC blocks in a packet transmission and was therefore material to the patentability of the claims of the '898 patent.

220. Contribution 97A119 is not cumulative to any references disclosed or considered during prosecution of the '898 patent. None of the references cited to or by the Patent Office describes the subject matter disclosed in contribution 97A119, namely the mobile station's use of bits of the PC field to transmit the countdown value to the base station. Moreover, in describing the prior art in its background section, the '898 patent fails to disclose that using bits of the PC field to transmit the countdown value was known.

221. Upon information and belief, Smolinske and Tolli failed to disclose contribution 97A119 during the prosecution of the '898 patent with an intent to deceive the Patent Office. As explained in Paragraphs 210-217 above, Smolinske became aware of contribution 97A119 when he attended the August 1997 meeting, and Tolli had knowledge of contribution 97A119 at least by November 10, 1997. Yet neither Smolinske nor Tolli disclosed contribution 97A119 to the Patent Office during the prosecution of the '898 patent. Furthermore, in its detailed description, the '898 patent describes the use of bits of the PC field to transmit the countdown value as "new," thus affirmatively misleading the Patent Office as to the novelty of that feature of the disclosure.

222. Contribution 97A119 qualifies as prior art to the '898 patent under 35 U.S.C. §§ 102(a), (b), or (e) and/or § 103. Based on the disclosure described in Paragraph 137 above, contribution 97A119 anticipates or renders obvious at least claim 1 of the '898 patent.

223.    Upon information and belief, the examiner did not consider contribution 97A119 during prosecution of the '898 patent.

224.    The acts of fraud on the Patent Office committed during the prosecution of the '898 patent render the '898 patent unenforceable.

## III.

## COUNTERCLAIMS

Counterclaim-Defendant Apple counterclaims against Counterclaim-Plaintiff Motorola as follows:

## PARTIES

225.    Apple is a corporation organized under the laws of the State of California and having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

226.    Upon information and belief, Motorola Solutions, Inc. (f/k/a Motorola, Inc.) is a corporation organized under the laws of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60048.

227.    Upon information and belief, Motorola Mobility is a corporation organized under the laws of the State of Delaware, with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Upon information and belief, Motorola Mobility is a wholly owned subsidiary of Motorola, Inc.

## JURISDICTION AND VENUE

228.    These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

229.    Motorola, Inc. is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district and its purposeful acts and/or transactions directed toward this district.  Such contacts include without limitation Motorola, Inc.'s past and ongoing infringing conduct in this district, and, on information and belief, Motorola, Inc.'s presence and conduct of business in this district.

230. Motorola Mobility is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district and its purposeful acts and/or transactions directed toward this district. Such contacts include without limitation Motorola Mobility's past and ongoing infringing conduct in this district, Motorola Mobility's assertion of Counterclaims in this district, and, on information and belief, Motorola Mobility's presence and conduct of business in this district.

231. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 5,311,516

232. Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

233. Motorola Mobility claims to be the owner of the '516 patent, entitled "Paging System Using Message Fragmentation to Redistribute Traffic," filed on November 23, 1992 and issued on May 10, 1994. The '516 patent on its face identifies as inventors William J. Kuznicki and David F. Willard. The '516 patent on its face identifies as assignee Motorola, Inc. *See* Exhibit 1 of Motorola's Answer and Counterclaim.

### A.    Declaration of Noninfringement

234. Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-233 above as if fully set forth herein.

235. An actual and justiciable controversy exists between Apple and Motorola with respect to the '516 patent because Motorola has brought an action against Apple alleging that Apple infringes the '516 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac pro product, which allegation Apple denies. Absent a declaration of noninfringement,

Motorola will continue to wrongfully assert the '516 patent against Apple, and thereby cause Apple irreparable injury and damage.

236. Apple has not infringed the '516 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

237. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.     Declaration of Invalidity

238. Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-237 above as if fully set forth herein.

239. An actual and justiciable controversy exists between Apple and Motorola with respect to the '516 patent because Motorola has brought an action against Apple alleging that Apple infringes the '516 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac pro product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '516 patent against Apple, and thereby cause Apple irreparable injury and damage.

240. The '516 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

241. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.     Declaration of Unenforceability

242. Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-241 above as if fully set forth herein.

243.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '516 patent because Motorola has brought an action against Apple alleging that Apple infringes the '516 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac pro product, which allegation Apple denies.  Absent a declaration of unenforceability, Motorola will continue to wrongfully assert the '516 patent against Apple, and thereby cause Apple irreparable injury and damage.

244.     Upon information and belief, the '516 patent is unenforceable due to inequitable conduct for the reasons described in Apple's defense, and Apple is entitled to a declaration to that effect.

245.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 5,319,712

246.     Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

247.     Motorola Mobility claims to be the owner of the '712 patent, entitled "Method and Apparatus for Providing Cryptographic Protection of a Data Stream in a Communication System," filed on August 26, 1993 and issued in June 7, 1994.  The '712 patent on its face identifies as inventors Louis D. Finkelstein, James J. Kosmach, and Jeffrey C. Smolinske.  The '712 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 2 of Motorola's Answer and Counterclaim.

### A.     Declaration of Noninfringement

248.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-247 above as if fully set forth herein.

34

249.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '712 patent because Motorola has brought an action against Apple alleging that Apple infringes the '712 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '712 patent against Apple, and thereby cause Apple irreparable injury and damage.  Apple has not infringed the '712 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

250.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.     Declaration of Invalidity

251.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-250 above as if fully set forth herein.

252.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '712 patent because Motorola has brought an action against Apple alleging that Apple infringes the '712 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '712 patent against Apple, and thereby cause Apple irreparable injury and damage.  Apple has not infringed the '712 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

253.    The '712 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

254.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.    Declaration of Unenforceability

255.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-254 above as if fully set forth herein.

256.    An actual and justiciable controversy exists between Apple and Motorola Mobility with respect to the '712 patent because Motorola Mobility has brought an action against Apple alleging that Apple infringes the '712 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of unenforceability, Motorola Mobility will continue to wrongfully assert the '712 patent against Apple, and thereby cause Apple irreparable injury and damage.

257.    Upon information and belief, the '712 patent is unenforceable due to inequitable conduct for the reasons described in Apple's defense, and Apple is entitled to a declaration to that effect.

258.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### THIRD COUNTERCLAIM – DECLARATORY JUDGMENT

### U.S. PATENT NO. 5,490,230

259.    Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

36

260.    Motorola Mobility claims to be the owner of the '230 patent, entitled "Digital Speech Coder Having Optimized Signal Energy Parameters," filed on December 22, 1994 and issued on February 6, 1996.  The '230 patent on its face identifies as inventors Ira A. Gerson and Mark A. Jasiuk.  *See* Exhibit 3 of Motorola's Answer and Counterclaim.

### A.    Declaration of Noninfringement

261.    Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-260 above as if fully set forth herein.

262.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '230 patent because Motorola has brought an action against Apple alleging that Apple infringes the '230 patent by making, using, offering for sale, selling and/or importing certain iPhone products, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '230 patent against Apple, and thereby cause Apple irreparable injury and damage.

263.    Apple has not infringed the '230 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

264.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

265.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-264 above as if fully set forth herein.

266.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '230 patent because Motorola has brought an action against Apple alleging that Apple infringes the '230 patent by making, using, offering for sale, selling and/or importing certain iPhone products, which allegation Apple denies.  Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '230 patent against Apple, and thereby cause Apple irreparable injury and damage.

267.     The '230 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

268.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 5,572,193

269.     Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

270.     Motorola Mobility claims to be the owner of the '193 patent, entitled "Method for Authentication and Protection of Subscribers in Telecommunications Systems," filed on August 22, 1994 and issued on November 5, 1996.  The '193 patent on its face identifies as inventors Mary B. Flanders, Louis D. Finkelstein, and Larry C. Puhl.  The '193 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 4 of Motorola's Answer and Counterclaim.

### A.     Declaration of Noninfringement

271.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-270 above as if fully set forth herein.

272.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '193 patent because Motorola has brought an action against Apple alleging that Apple infringes the '193 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '193 patent against Apple, and thereby cause Apple irreparable injury and damage.

273.    Apple has not infringed the '193 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

274.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**B.      Declaration of Invalidity**

275.    Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-274 above as if fully set forth herein.

276.    An actual and justiciable controversy exists between Apple and Motorola with respect to the '193 patent because Motorola has brought an action against Apple alleging that Apple infringes the '193 patent by making, using, offering for sale, selling and/or importing certain iPhone products, certain iPad products, its iPod Touch products, its MacBook product, its MacBook Pro product, its MacBook Air product, its iMac product, its Mac mini product, and its Mac Pro product, which allegation Apple denies.  Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '193 patent against Apple, and thereby cause Apple irreparable injury and damage.

277.    The '193 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

278.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT**

**U.S. PATENT NO. 6,175,559**

279.    Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

280.     Motorola Mobility claims to be the owner of the '559 patent, entitled "Method for Generating Preamble Sequences in a Code Division Multiple Access System," filed on July 7, 1999 and issued on January 16, 2001.  The '559 patent on its face identifies as inventor Tyler Brown.  The '559 patent on its face identifies as assignee Motorola, Inc.  *See* Exhibit 5 of Motorola's Answer and Counterclaim.

### A.     Declaration of Noninfringement

281.     Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-280 above as if fully set forth herein.

282.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '559 patent because Motorola has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling and/or importing certain iPhone products and its iPad with 3G product, which allegation Apple denies.  Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '559 patent against Apple, and thereby cause Apple irreparable injury and damage.

283.     Apple has not infringed the '559 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

284.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.     Declaration of Invalidity

285.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-284 above as if fully set forth herein.

286.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '559 patent because Motorola has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling and/or importing certain iPhone products and its iPad with 3G product, which allegation Apple denies.  Absent a

declaration of invalidity, Motorola will continue to wrongfully assert the '559 patent against Apple, and thereby cause Apple irreparable injury and damage.

287.     The '559 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

288.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.     Declaration of Unenforceability

289.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-288 above as if fully set forth herein.

290.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '559 patent because Motorola has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling and/or importing certain iPhone products and its iPad with 3G product, which allegation Apple denies.  Absent a declaration of unenforceability, Motorola will continue to wrongfully assert the '559 patent against Apple, and thereby cause Apple irreparable injury and damage.

291.     Upon information and belief, the '559 patent is unenforceable due to inequitable conduct for the reasons described in Apple's defense, and Apple is entitled to a declaration to that effect.

292.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT

### U.S. PATENT NO. 6,359,898

293. Apple counterclaims against Motorola pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

294. Motorola Mobility claims to be the owner of the '898 patent, entitled "Method for Performing a Countdown Function During a Mobile-Originated Transfer for a Packet Radio System," filed on August 28, 1998 and issued on March 19, 2002. The '898 patent on its face identifies as inventors Mark Conrad Cudak, Dominic Michael Tolli, and Jeffrey Charles Smolinske. The '898 patent on its face identifies as assignee Motorola, Inc. *See* Exhibit 6 of Motorola's Answer and Counterclaim.

### A. Declaration of Noninfringement

295. Apple incorporates herein by reference the answers and allegations set forth in Paragraphs 1-294 above as if fully set forth herein.

296. An actual and justiciable controversy exists between Apple and Motorola with respect to the '898 patent because Motorola has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling and/or importing certain of its iPhone products and its iPad with 3G product, which allegation Apple denies. Absent a declaration of noninfringement, Motorola will continue to wrongfully assert the '898 patent against Apple, and thereby cause Apple irreparable injury and damage.

297. Apple has not infringed the '898 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

298. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B. Declaration of Invalidity

299. Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-298 above as if fully set forth herein.

300. An actual and justiciable controversy exists between Apple and Motorola with respect to the '898 patent because Motorola has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling and/or importing certain of its iPhone products and its iPad with 3G product, which allegation Apple denies.

Absent a declaration of invalidity, Motorola will continue to wrongfully assert the '898 patent against Apple, and thereby cause Apple irreparable injury and damage.

301.     The '898 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Apple is entitled to a declaration to that effect.

302.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.     Declaration of Unenforceability

303.     Apple realleges and incorporates by reference the answers and allegations set forth in Paragraphs 1-302 above as if fully set forth herein.

304.     An actual and justiciable controversy exists between Apple and Motorola with respect to the '898 patent because Motorola has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling and/or importing certain of its iPhone products and its iPad with 3G product, which allegation Apple denies. Absent a declaration of unenforceability, Motorola will continue to wrongfully assert the '898 patent against Apple, and thereby cause Apple irreparable injury and damage.

305.     Upon information and belief, the '898 patent is unenforceable due to inequitable conduct for the reasons described in Apple's defenses, and Apple is entitled to a declaration to that effect.

306.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### REQUEST FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Motorola's Joint Counterclaims, Motorola Mobility's Counterclaims and on Apple's Answer to Motorola's Joint Counterclaims and Motorola Mobility's Counterclaims:

A.     That each and every claim of the '516 patent, the '712 patent, the '230 patent, the '193 patent, the '559 patent, and the '898 patent be declared not infringed and invalid;

B.     That each and every claim of the '516 patent, the '712 patent, the '559 patent, and the '898 patent be declared unenforceable;

C.     That Motorola take nothing by Motorola's Counterclaims and that all of Motorola's Counterclaims be dismissed with prejudice;

D.     That judgment be entered in favor of Apple against Motorola on Motorola's Counterclaims;

E.     That Apple's relief requested in their Amended Complaint is granted;

F.     That Motorola be declared to have infringed, directly and/or indirectly, literally or under the doctrine of equivalents, induced infringement, and/or contributed to the infringement of one or more claims of each of the '949, '002, '315, RE '486, '354, '263, '983, '705, '647, '852, '131, '337 '867, '721, and '599 patents under 35 U.S.C. § 271;

G.     That the '949, '002, '315, RE '486, '354, '263, '983, '705, '647, '852, '131, '337 '867, '721, and '599 patents are valid and enforceable;

H.     That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Motorola's conduct be found to render this an exceptional case and that Apple be awarded their attorneys' fees incurred in connection with this action;

I.     That Apple be awarded their cost of suit incurred herein;

J.     That Apple be awarded such other and further relief as the court may deem just and proper.

Dated: April 15, 2011                    Respectfully submitted,

*/s/ Christine Saunders Haskett*
Robert D. Fram (CA Bar No. 126750)
rfram@cov.com
Christine Saunders Haskett (CA Bar No. 188053)
chaskett@cov.com
Samuel F. Ernst (CA Bar No. 223963)
sernst@cov.com
Winslow B. Taub (CA Bar No. 233456)
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091

Robert T. Haslam (CA Bar No. 71134)
rhaslam@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800

James Donald Peterson (# 1022819)
jpeterson@gklaw.com
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Matthew D. Powers
matthew.powers@weil.com
Steven S. Cherensky
steven.cherensky@weil.com
Jill J. Ho
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Mark G. Davis
mark.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

*Attorneys for Plaintiffs Apple Inc.*

*and NeXT Software, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2011, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

*/s/ Christine Saunders Haskett*