# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.), | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-CV-662-BBC |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC. | ) ) ) ) | |
| Defendants. | ) | |

## MOTOROLA SOLUTIONS, INC.'S AND MOTOROLA MOBILITY, INC.'S ANSWER AND REPLY TO APPLE INC.'S COUNTERCLAIMS

Defendants Motorola Solutions, Inc. (f/k/a Motorola, Inc.) (hereinafter "Solutions") and

Motorola Mobility, Inc. (hereinafter "Mobility") (collectively, "Motorola") hereby answer the

Counterclaims of Apple Inc. ("Apple") and NeXT Software, Inc. ("NeXT") (collectively,

"Apple"), filed in the above-captioned action on April 15, 2011.

## MOTOROLA'S ANSWER TO APPLE'S COUNTERCLAIMS

### GENERAL DENIAL

Unless expressly admitted below, Motorola denies each and every allegation Apple has

set forth in its Counterclaims. Motorola further specifically denies the allegations contained in

the affirmative defenses Apple has set forth in its Answer, including Apple's allegations of

inequitable conduct.

## RESPONSE TO APPLE'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Apple's Counterclaims, Motorola responds with the following paragraphs, which correspond sequentially to the paragraphs in Apple's Counterclaims:

### PARTIES[1]

225.    Admitted.

226.    Denied. On January 4, 2011, Motorola Mobility Holdings, Inc. ("Mobility Holdings")—the holding company for Mobility—completed its previously announced separation from Motorola, Inc. Simultaneous with the separation, Motorola, Inc. changed its name to Motorola Solutions, Inc. Solutions and Mobility Holdings are now two independent, publicly traded companies. Through its subsidiaries, including Mobility, Mobility Holdings holds the assets and liabilities associated with Motorola, Inc's former Mobile Devices and Home business segments. As such, Mobility Holdings will carry on as the provider of cellular phone devices, as well as digital set-top boxes and end-to-end video solutions. Solutions, formed from Motorola, Inc.'s Enterprise Mobility Solutions and Networks businesses, will continue as the provider of communication products and services for enterprise and government customers.

227.    Motorola admits that Mobility is currently a corporation organized under the laws of Delaware with its principal place of business at 600 North US Highway 45, Libertyville, Illinois 60048. Motorola denies that Mobility is currently a wholly-owned subsidiary of Solutions.

---

1       For ease of reference only, Motorola has reproduced the headings Apple used in its Counterclaims. To the extent the headings Apple used contain any allegations or characterizations, Motorola denies the truth of those allegations or characterizations.

## JURISDICTION AND VENUE

228.    Solutions' Response:

Solutions admits that Apple alleges counterclaims that arise under the patent laws of the United States, Title 35 of the United States Code, but specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents. Solutions denies the remaining allegations of Paragraph 228, including specifically denying that this Court has subject matter jurisdiction over these counterclaims against Solutions.

Mobility's Response:

Mobility admits that Apple alleges counterclaims that arise under the patent laws of the United States, Title 35 of the United States Code, but specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents. Mobility admits that this Court has subject matter jurisdiction over these counterclaims against Mobility pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Mobility denies the remaining allegations of Paragraph 228.

229.    Motorola admits that this Court has personal jurisdiction over Solutions for purposes of this case. Motorola denies the remaining allegations of Paragraph 229.

230.    Motorola admits that this Court has personal jurisdiction over Mobility for purposes of this case. Motorola denies the remaining allegations of Paragraph 230.

231.    Motorola admits that venue is proper in this district as to Apple's First through Sixth Counterclaims pursuant to at least 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT

## U.S. PATENT NO. 5,311,516

232.     Motorola admits that Apple purports to counterclaim against Motorola pursuant to

the patent laws of the United States, Titled 35 of the United States Code and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202. Motorola specifically denies Apple's allegations

regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents,

including U.S. Patent No. 5,311,516. Motorola denies the remaining allegations of

Paragraph 232.

233.     Admitted. U.S. Patent No. 5,311,516 has been assigned to Mobility.

### A.     Declaration of Noninfringement

234.     Motorola repeats and realleges its responses to Paragraphs 225–233 above as if

set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers

and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and

Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those

paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations

therein.

235.     Solutions' Response:

         To the extent Paragraph 235 contains allegations that are not directed to

Solutions, no response is required. To the extent a response is required, Solutions denies each

and every allegation in Paragraph 235. Solutions specifically denies that it has brought any

action against Apple alleging that Apple infringes the '516 patent.

         Mobility's Response:

         Mobility admits that at this time an actual and justiciable controversy exists

between Apple and Mobility with respect to the '516 patent. Mobility admits that it has brought

4

an action against Apple alleging that Apple infringes the '516 patent by making, using, offering

for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone

3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple

iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple

iMac, the Apple Mac mini, and the Apple Mac Pro. To the extent Paragraph 235 contains

allegations that are not directed to Mobility, no response is required. To the extent a response is

required, Mobility denies the remaining allegations of Paragraph 235. Mobility specifically

denies that Apple does not infringe the '516 patent and that Mobility is wrongfully asserting the

'516 patent against Apple, thereby causing Apple any harm.

236.    Motorola denies each and every allegation of Paragraph 236.

237.    Motorola denies each and every allegation of Paragraph 237.

**B.    Declaration of Invalidity**

238.    Motorola repeats and realleges its responses to Paragraphs 225–237 above as if

set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers

and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and

Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those

paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations

therein.

239.    Solutions' Response:

To the extent Paragraph 239 contains allegations that are not directed to

Solutions, no response is required. To the extent a response is required, Solutions denies each

and every allegation in Paragraph 239. Solutions specifically denies that it has brought any

action against Apple alleging that Apple infringes the '516 patent.

Mobility's Response:

5

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '516 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '516 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, and the Apple Mac Pro. To the extent Paragraph 239 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 239. Mobility specifically denies that the '516 patent is invalid and that Mobility is wrongfully asserting the '516 patent against Apple, thereby causing Apple any harm.

240.    Motorola denies each and every allegation of Paragraph 240.

241.    Motorola denies each and every allegation of Paragraph 241.

### C.    Declaration of Unenforceability

242.    Motorola repeats and realleges its responses to Paragraphs 225–241 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

243.    Solutions' Response:

To the extent Paragraph 243 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 243. Solutions specifically denies that it has brought any

action against Apple alleging that Apple infringes the '516 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '516 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '516 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, and the Apple Mac Pro. To the extent Paragraph 243 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 243. Mobility specifically denies that the '516 patent is unenforceable and that Mobility is wrongfully asserting the '516 patent against Apple, thereby causing Apple any harm.

244.    Motorola denies each and every allegation of Paragraph 244, including, but not limited to, specifically denying Apple's allegations of inequitable conduct as described in Apple's affirmative defenses. Motorola specifically denies that David F. Willard was aware of specific material information, including any prior art, that he withheld, concealed, or mischaracterized with the intent to deceive the Patent Office. Motorola incorporates by reference its response to Paragraphs 184-190 of Apple's Thirteenth Affirmative Defense set forth below.

245.    Motorola denies each and every allegation of Paragraph 245.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 5,319,712

246.    Motorola admits that Apple purports to counterclaim against Motorola pursuant to the patent laws of the United States, Titled 35 of the United States Code and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202. Motorola specifically denies Apple's allegations

regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents,

including U.S. Patent No. 5,319,712. Motorola denies the remaining allegations of

Paragraph 246.

247.    Admitted. U.S. Patent No. 5,319,712 has been assigned to Mobility.

### A.    Declaration of Noninfringement

248.    Motorola repeats and realleges its responses to Paragraphs 225–247 above as if

set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers

and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and

Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those

paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations

therein.

249.    Solutions' Response:

To the extent Paragraph 249 contains allegations that are not directed to

Solutions, no response is required. To the extent a response is required, Solutions denies each

and every allegation in Paragraph 249. Solutions specifically denies that it has brought any

action against Apple alleging that Apple infringes the '712 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists

between Apple and Mobility with respect to the '712 patent. Mobility admits that it has brought

an action against Apple alleging that Apple infringes the '712 patent by making, using, offering

for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone

3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple

iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple

iMac, the Apple Mac mini, and the Apple Mac Pro. To the extent Paragraph 249 contains

allegations that are not directed to Mobility, no response is required. To the extent a response is

required, Mobility denies the remaining allegations of Paragraph 249. Mobility specifically

denies that Apple does not infringe or has not infringed the '712 patent and that Mobility is

wrongfully asserting the '712 patent against Apple, thereby causing Apple any harm.

250.     Motorola denies each and every allegation in Paragraph 250.

### B.     Declaration of Invalidity

251.     Motorola repeats and realleges its responses to Paragraphs 225–250 above as if

set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers

and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and

Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those

paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations

therein.

252.     Solutions' Response:

To the extent Paragraph 252 contains allegations that are not directed to

Solutions, no response is required. To the extent a response is required, Solutions denies each

and every allegation in Paragraph 252. Solutions specifically denies that it has brought any

action against Apple alleging that Apple infringes the '712 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists

between Apple and Mobility with respect to the '712 patent. Mobility admits that it has brought

an action against Apple alleging that Apple infringes the '712 patent by making, using, offering

for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone

3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple

9

iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, and the Apple Mac Pro. To the extent Paragraph 252 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 252. Mobility specifically denies that the '712 patent is invalid and that Mobility is wrongfully asserting the '712 patent against Apple, thereby causing Apple any harm and that Apple has not infringed the '712 patent.

253.    Motorola denies each and every allegation in Paragraph 253.

254.    Motorola denies each and every allegation in Paragraph 254.

**C.    Declaration of Unenforceability**

255.    Motorola repeats and realleges its responses to Paragraphs 225–254 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

256.    Solutions' Response:

To the extent Paragraph 256 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 256. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '712 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '712 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '712 patent by making, using, offering

10

for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, the Apple iPad 2, the Apple iPad 2 with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, the Apple Mac Pro, the Apple TV, the Apple AirPort Extreme Card, the Apple AirPort Extreme Base Station, the Apple AirPort Express Base Station and the Apple Time Capsule. To the extent Paragraph 256 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 256. Mobility specifically denies that the '712 patent is unenforceable and that Mobility is wrongfully asserting the '712 patent against Apple, thereby causing Apple any harm.

257.    Motorola denies each and every allegation of Paragraph 257, including, but not limited to, specifically denying Apple's allegations of inequitable conduct as described in Apple's affirmative defenses. Motorola specifically denies that Louis Finkelstein, Jeffrey Smolinske, or Shawn Dempster were aware of specific material information, including any prior art, that he withheld, concealed, or mischaracterized with the intent to deceive the Patent Office. Motorola incorporates by reference its response to Paragraphs 191-202 of Apple's Thirteenth Affirmative Defense set forth below.

258.    Motorola denies each and every allegation of Paragraph 258.

## THIRD COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 5,490,230

259.    Motorola admits that Apple purports to counterclaim against Motorola pursuant to the patent laws of the United States, Titled 35 of the United States Code and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Motorola specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents,

including U.S. Patent No. 5,490,230. Motorola denies the remaining allegations of Paragraph 259.

260.    Admitted. U.S. Patent No. 5,490,230 has been assigned to Mobility.

### A.    Declaration of Noninfringement

261.    Motorola repeats and realleges its responses to Paragraphs 225–260 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

262.    Solutions' Response:

To the extent Paragraph 262 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 262. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '230 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '230 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '230 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, and the Apple iPhone 4. To the extent Paragraph 262 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 262. Mobility specifically denies that Apple does

12

not infringe the '230 patent and that Mobility is wrongfully asserting the '230 patent against Apple, thereby causing Apple any harm.

263. Motorola denies each and every allegation in Paragraph 263.

264. Motorola denies each and every allegation in Paragraph 264.

### B. Declaration of Invalidity

265. Motorola repeats and realleges its responses to Paragraphs 225–264 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

266. Solutions' Response:

To the extent Paragraph 266 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 266. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '230 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '230 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '230 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, and the Apple iPhone 4. To the extent Paragraph 266 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 266. Mobility specifically denies that the '230

13

patent is invalid and that Mobility is wrongfully asserting the '230 patent against Apple, thereby causing Apple any harm.

267.    Motorola denies each and every allegation in Paragraph 267.

268.    Motorola denies each and every allegation in Paragraph 268.

## FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT

## U.S. PATENT NO. 5,572,193

269.    Motorola admits that Apple purports to counterclaim against Motorola pursuant to the patent laws of the United States, Titled 35 of the United States Code and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Motorola specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents, including U.S. Patent No. 5,572,193. Motorola denies the remaining allegations of Paragraph 269.

270.    Admitted. U.S. Patent No. 5,572,193 has been assigned to Mobility.

### A.    Declaration of Noninfringement

271.    Motorola repeats and realleges its responses to Paragraphs 225–270 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

272.    Solutions' Response:

To the extent Paragraph 272 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 272. Solutions specifically denies that it has brought any

14

action against Apple alleging that Apple infringes the '193 patent.

> Mobility's Response:

> Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '193 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '193 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, and the Apple Mac Pro. To the extent Paragraph 272 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 272. Mobility specifically denies that Apple does not infringe the '193 patent and that Mobility is wrongfully asserting the '193 patent against Apple, thereby causing Apple any harm.

273.    Motorola denies each and every allegation in Paragraph 273.

274.    Motorola denies each and every allegation in Paragraph 274.

## B.    Declaration of Invalidity

275.    Motorola repeats and realleges its responses to Paragraphs 225–275 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

276.    Solutions' Response:

> To the extent Paragraph 276 contains allegations that are not directed to

Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 276. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '193 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '193 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '193 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, and the Apple Mac Pro. To the extent Paragraph 276 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 276. Mobility specifically denies that the '193 patent is invalid and that Mobility is wrongfully asserting the '193 patent against Apple, thereby causing Apple any harm.

277.    Motorola denies each and every allegation in Paragraph 277.

278.    Motorola denies each and every allegation in Paragraph 278.

## FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT
## U.S. PATENT NO. 6,175,559

279.    Motorola admits that Apple purports to counterclaim against Motorola pursuant to the patent laws of the United States, Titled 35 of the United States Code and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Motorola specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents,

16

including U.S. Patent No. 6,175,559. Motorola denies the remaining allegations of Paragraph 279.

280.     Admitted. U.S. Patent No. 6,175,559 has been assigned to Mobility.

**A.     Declaration of Noninfringement**

281.     Motorola repeats and realleges its responses to Paragraphs 225–280 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

282.     Solutions' Response:

To the extent Paragraph 282 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 282. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '559 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '559 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, and the Apple iPad with 3G. To the extent Paragraph 282 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 282. Mobility specifically denies that Apple does

17

not infringe the '559 patent and that Mobility is wrongfully asserting the '559 patent against Apple, thereby causing Apple any harm.

283.    Motorola denies each and every allegation in Paragraph 283.

284.    Motorola denies each and every allegation in Paragraph 284.

**B.    Declaration of Invalidity**

285.    Motorola repeats and realleges its responses to Paragraphs 225–284 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

286.    Solutions' Response:

To the extent Paragraph 286 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 286. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '559 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '559 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, and the Apple iPad with 3G. To the extent Paragraph 286 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 286. Mobility specifically denies that the '559

patent is invalid and that Mobility is wrongfully asserting the '559 patent against Apple, thereby causing Apple any harm.

287.     Motorola denies each and every allegation in Paragraph 287.

288.     Motorola denies each and every allegation in Paragraph 288.

### C.     Declaration of Unenforceability

289.     Motorola repeats and realleges its responses to Paragraphs 225–288 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

290.     Solutions' Response:

To the extent Paragraph 290 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 290. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '559 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '559 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '559 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, and the Apple iPad with 3G. To the extent Paragraph 290 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 290. Mobility specifically denies that the '559

patent is unenforceable and that Mobility is wrongfully asserting the '559 patent against Apple, thereby causing Apple any harm.

291.    Motorola denies each and every allegation of Paragraph 291, including, but not limited to, specifically denying Apple's allegations of inequitable conduct as described in Apple's affirmative defenses. Motorola specifically denies that any named inventor or prosecuting attorney was aware of specific material information, including any prior art, that was withheld, concealed, or mischaracterized with the intent to deceive the Patent Office. Motorola incorporates by reference its response to Paragraphs 203-209 of Apple's Thirteenth Affirmative Defense set forth below.

292.    Motorola denies each and every allegation in Paragraph 292.

## SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT

## U.S. PATENT NO. 6,359,898

293.    Motorola admits that Apple purports to counterclaim against Motorola pursuant to the patent laws of the United States, Titled 35 of the United States Code and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Motorola specifically denies Apple's allegations regarding non-infringement, invalidity, or unenforceability of the asserted Mobility patents, including U.S. Patent No. 6,359,898. Motorola denies the remaining allegations of Paragraph 293.

294.    Admitted. U.S. Patent No. 6,359,898 has been assigned to Mobility.

### A.      Declaration of Noninfringement

295.    Motorola repeats and realleges its responses to Paragraphs 225–294 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those

paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

296.　<u>Solutions' Response</u>:

　　　　To the extent Paragraph 296 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 296. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '898 patent.

　　　　<u>Mobility's Response</u>:

　　　　Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '898 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, and the Apple iPad with 3G. To the extent Paragraph 296 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 296. Mobility specifically denies that Apple does not infringe the '898 patent and that Mobility is wrongfully asserting the '898 patent against Apple, thereby causing Apple any harm.

297.　Motorola denies each and every allegation in Paragraph 297.

298.　Motorola denies each and every allegation in Paragraph 298.

### B.　Declaration of Invalidity

299.　Motorola repeats and realleges its responses to Paragraphs 225–298 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those

paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

300.    Solutions' Response:

To the extent Paragraph 300 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 300. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '898 patent.

Mobility's Response:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '898 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, and the Apple iPad with 3G. To the extent Paragraph 300 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 300. Mobility specifically denies that the '898 patent is invalid and that Mobility is wrongfully asserting the '898 patent against Apple, thereby causing Apple any harm.

301.    Motorola denies each and every allegation in Paragraph 301.

302.    Motorola denies each and every allegation in Paragraph 302.

### C.    Declaration of Unenforceability

303.    Motorola repeats and realleges its responses to Paragraphs 225–303 above as if set forth herein; to the extent Apple purports to reallege and incorporate by reference the answers and allegations set forth in Paragraphs 1–224 of its Answer, Affirmative Defenses, and Counterclaims, Motorola, to the extent so required, admits that Apple so responds to those

paragraphs in Motorola's and Mobility's Counterclaims and denies any of Apple's allegations therein.

304.  <u>Solutions' Response</u>:

To the extent Paragraph 304 contains allegations that are not directed to Solutions, no response is required. To the extent a response is required, Solutions denies each and every allegation in Paragraph 304. Solutions specifically denies that it has brought any action against Apple alleging that Apple infringes the '898 patent.

<u>Mobility's Response</u>:

Mobility admits that at this time an actual and justiciable controversy exists between Apple and Mobility with respect to the '898 patent. Mobility admits that it has brought an action against Apple alleging that Apple infringes the '898 patent by making, using, offering for sale, selling, and/or importing the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, and the Apple iPad with 3G. To the extent Paragraph 304 contains allegations that are not directed to Mobility, no response is required. To the extent a response is required, Mobility denies the remaining allegations of Paragraph 304. Mobility specifically denies that the '898 patent is unenforceable and that Mobility is wrongfully asserting the '898 patent against Apple, thereby causing Apple any harm.

305.  Motorola denies each and every allegation of Paragraph 305, including, but not limited to, specifically denying Apple's allegations of inequitable conduct as described in Apple's affirmative defenses. Motorola specifically denies that Jeffrey Smolinske or Dominic Tolli were aware of specific material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office. Motorola incorporates by reference its response to Paragraphs 210-224 of Apple's Thirteenth Affirmative Defense set forth below.

306.     Motorola denies each and every allegation in Paragraph 306.

## REQUEST FOR RELIEF

Motorola denies each and every allegation contained in the section of Apple's Counterclaims headed "Request for Relief," including Apple's allegation that it is entitled to or should be granted any relief in this matter, including the relief Apple seeks in lettered paragraphs A through J.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola demands a trial by jury of this action.

## MOTOROLA'S REPLY TO APPLE'S THIRTEENTH DEFENSE OF INEQUITABLE CONDUCT

### GENERAL DENIAL OF ALL AFFIRMATIVE DEFENSES

Unless expressly admitted below, Motorola denies each and every allegation Apple has set forth in its Affirmative Defenses, including, as set forth below, specifically denying the allegations contained in Apple's Thirteenth Defense regarding alleged inequitable conduct.

### RESPONSE TO APPLE'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Apple's Thirteenth Defense, Motorola responds with the following paragraphs, which correspond sequentially to the paragraphs in Apple's Thirteenth Defense:[2]

### A.     The '516 Patent

184.     Motorola denies each and every allegation in Paragraph 184, including specifically denying Apple's allegations of inequitable conduct. Motorola specifically denies that David F. Willard was aware of any material information, including any prior art, that he

---

[2]  To the extent the headers used by Apple in its Thirteenth Affirmative Defense contain allegations requiring response, Motorola hereby denies them.

withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any

such prior art exists, including any allegation that U.S. Patent No. 5,089,813 to Michael J.

DeLuca, Leon Jasinski, and David F. Willard ("DeLuca") is prior art.

185.    Motorola admits that David F. Willard is a named inventor on the DeLuca

reference. Motorola denies the remaining allegations in Paragraph 185, including specifically

denying that David F. Willard had knowledge regarding material prior art at least by July 19,

1989 that he withheld, concealed, or mischaracterized with the intent to deceive the Patent

Office. Motorola further denies that DeLuca is prior art.

186.    Motorola denies each and every allegation of Paragraph 186.

187.    Motorola denies each and every allegation of Paragraph 187, including

specifically denying Apple's allegations of inequitable conduct. Motorola specifically denies that

David F. Willard failed to disclose the DeLuca reference during prosecution of the '516 patent

with an intent to deceive the Patent Office or was aware of material information, including any

prior art, that he withheld, concealed, or mischaracterized with the intent to deceive the Patent

Office or that any such prior art exists. Motorola further reincorporates its response to

Paragraph 185, including specifically denying that Willard knew of material prior art at least by

July 19, 1989 that he withheld, concealed, or mischaracterized with the intent to deceive the

Patent Office.

188.    Any allegations in Paragraph 188 constitute legal conclusions, and on that basis,

to the extent that response is required, Motorola denies each and every allegation in

Paragraph 188. Motorola reincorporates its response to Paragraph 186 and specifically denies

that DeLuca anticipates or renders obvious any claim of the '516 patent.

189.    Motorola lacks information sufficient to form a belief regarding the allegations contained in Paragraph 189, and on that basis denies each and every allegation in Paragraph 189.

190.    Motorola denies each and every allegation of Paragraph 190, including, but not limited to, specifically denying Apple's allegations that the '516 patent is unenforceable or that David F. Willard committed fraud on the Patent Office or any inequitable conduct by withholding, concealing, or mischaracterizing any material prior art with the intent to deceive the Patent Office.

**B.      The '712 Patent**

191.    Motorola denies each and every allegation in Paragraph 191, including specifically denying Apple's allegations of inequitable conduct. Motorola specifically denies that Louis Finkelstein, Jeffrey Smolinske, or Shawn Dempster were aware of any material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists, including any allegation that U.S. Patent No. 5,239,294 to Flanders et al. ("Flanders"), and U.S. Pat. No. 5,455,863 to Brown et al. ("Brown") are prior art.

192.    Motorola admits that Louis Finkelstein is named as an inventor on the Flanders reference and Shawn Dempster is named as a prosecuting attorney on the Flanders reference. Motorola denies the remaining allegations in Paragraph 192, including specifically denying that Louis Finkelstein, Jeffrey Smolinske, or Shawn Dempster had knowledge regarding material prior art that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office. Motorola further denies that Flanders is prior art.

193.    Motorola admits that Louis Finkelstein and Jeffrey Smolinske are named as inventors on the Brown reference and Shawn Dempster is named as a prosecuting attorney on the

Brown reference. Motorola denies the remaining allegations in Paragraph 193, including specifically denying that Louis Finkelstein, Jeffrey Smolinske, or Shawn Dempster had knowledge regarding material prior art that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office. Motorola further denies that Brown is prior art.

194.     Any allegations contained in Paragraph 194 constitute legal conclusions, and on that basis, to the extent that a response is required, Motorola denies each and every allegation in Paragraph 194. To the extent there are any remaining allegations in Paragraph 194, they are incomplete and on that basis Motorola denies them.

195.     Any allegations contained in Paragraph 195 constitute legal conclusions, and on that basis, to the extent that a response is required, Motorola denies each and every allegation in Paragraph 195. To the extent there are any remaining allegations in Paragraph 195, they are incomplete and on that basis Motorola denies them.

196.     Motorola denies each and every allegation contained in Paragraph 196.

197.     Motorola denies each and every allegation of Paragraph 197, including specifically denying Apple's allegations of inequitable conduct. Motorola specifically denies that Louis Finkelstein, Jeffrey Smolinske, or Shawn Dempster failed to disclose the Flanders reference during prosecution of the '712 patent with an intent to deceive the Patent Office or was aware of material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists. Motorola further reincorporates its response to Paragraph 192.

198.     Motorola denies each and every allegation of Paragraph 198, including specifically denying Apple's allegations of inequitable conduct. Motorola specifically denies that Louis Finkelstein, Jeffrey Smolinske, or Shawn Dempster failed to disclose the Brown reference

during prosecution of the '712 patent with an intent to deceive the Patent Office or was aware of material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists. Motorola further reincorporates its response to Paragraph 193.

199.    Any allegations in Paragraph 199 constitute legal conclusions, and on that basis, to the extent that response is required, Motorola denies each and every allegation in Paragraph 199. Motorola reincorporates its response to Paragraph 196 and specifically denies that Flanders anticipates or renders obvious any claim of the '712 patent.

200.    Any allegations in Paragraph 200 constitute legal conclusions, and on that basis, to the extent that response is required, Motorola denies each and every allegation in Paragraph 200. Motorola reincorporates its response to Paragraph 196 and specifically denies that Brown anticipates or renders obvious any claim of the '712 patent.

201.    Motorola lacks information sufficient to form a belief regarding the allegations contained in Paragraph 201, and on that basis denies each and every allegation in Paragraph 201.

202.    Motorola denies each and every allegation of Paragraph 202, including, but not limited to, specifically denying Apple's allegations that the '712 patent is unenforceable or that Louis Finkelstein, Jeffrey Smolinske, or Shawn Dempster committed fraud on the Patent Office or any inequitable conduct by withholding, concealing, or mischaracterizing any material prior art with the intent to deceive the Patent Office.

### C.    The '559 Patent

203.    Any allegations contained in Paragraph 203 constitute legal conclusions and therefore no response is required. To the extent a response is required, Motorola lacks sufficient information to respond to the allegations in Paragraph 203 because Apple has not alleged

knowledge or conduct by any individual, and on this basis denies each and every allegation in Paragraph 203. Motorola specifically denies that it was aware of material information, including prior art, and withheld, concealed, or mischaracterized that information with intent to deceive the Patent Office, including any allegation that documents from the 3GPP TSG-RAN Working Group 1, including, without limitation, 3GPP TS 25.213 v2.0.0 (1999-4) Technical Specification; 3GPP TS 25.213 v2.1.0 (1999-06); "New RACH preambles with low auto-correlation sidelobes and reduced detector complexity," TSGR1#3(99)205 (Ericsson, March 22-26, 1999); "Comments on the proposed RACH sequence structure," Tdoc R1-99377 (Nokia, April 18-20, 1999); and "Text proposal for RACH preambles," TSGR1-598/99 (Nokia, June 1-4, 1999) (collectively "the 3GPP TSG-RAN Art").

204. Any allegations contained in Paragraph 204 constitute legal conclusions and therefore no response is required. To the extent a response is required, Motorola lacks sufficient information to respond to the allegations in Paragraph 204 because Apple has not alleged knowledge or conduct by any individual, and on this basis denies each and every allegation in Paragraph 204. Motorola specifically denies that any of the 3GPP TSG-RAN Art constitutes prior art.

205. Motorola denies each and every allegation in Paragraph 205.

206. Any allegations contained in Paragraph 206 constitute legal conclusions and therefore no response is required. To the extent a response is required, Motorola lacks sufficient information to respond to the allegations in Paragraph 206 because Apple has not alleged knowledge or conduct by any individual, and on this basis Motorola denies each and every allegation of Paragraph 206, including specifically denying Apple's allegations of inequitable conduct. Motorola specifically denies that any inventors or prosecuting attorneys for the '559

patent failed to disclose the GPP TSG-RAN Art with an intent to deceive the Patent Office or were aware of material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists.

207.    Any allegations contained in Paragraph 207 constitute legal conclusions, and on that basis, to the extent that a response is required, Motorola denies each and every allegation in Paragraph 207. Motorola specifically denies that the 3GPP TSG-RAN Art anticipates and/or renders obvious the '559 patent and that the 3GPP TSG-RAN Art is prior art.

208.    Motorola lacks information sufficient to form a belief regarding the allegations contained in Paragraph 208, and on that basis denies each and every allegation in Paragraph 208.

209.    Motorola denies each and every allegation of Paragraph 209, including, but not limited to, specifically denying Apple's allegations that the '559 patent is unenforceable or that the named inventors and prosecuting attorneys committed fraud on the Patent Office or any inequitable conduct by withholding, concealing or mischaracterizing any material prior art with the intent to deceive the Patent Office.

### D.    The '898 Patent

210.    Motorola denies each and every allegation in Paragraph 210, including specifically denying Apple's allegations of inequitable conduct. Motorola specifically denies that Jeffrey Smolinske and Dominic Tolli were aware of any material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists, including any allegation that an article entitled "GPRS RLC/MAC Block Formats (6)" and numbered "Tdoc SMG2/3 WPA 97A119" (hereinafter referred to as "contribution 97A119") is prior art.

211.    Motorola responds that Apple has not sufficiently identified the information on which it purports to base the allegations contained in Paragraph 211. Motorola further responds

that to the extent any records exist in any ETSI database, those records speak for themselves. Motorola lacks sufficient information to respond to the allegations in Paragraph 211 because they are, at a minimum, incomplete. To the extent there are any remaining allegations in paragraph 211, Motorola denies them.

212. Motorola responds that Apple has not sufficiently identified the information on which it purports to base the allegations contained in Paragraph 212. Motorola further responds that to the extent any records exist in any ETSI database, those records speak for themselves. Motorola lacks sufficient information to respond to the allegations in Paragraph 212 because they are, at a minimum, incomplete. To the extent there are any remaining allegations in paragraph 212, Motorola denies them.

213. Motorola responds that Apple has not sufficiently identified the information on which it purports to base the allegations contained in Paragraph 213. Motorola further responds that to the extent any records exist in any ETSI database, those records speak for themselves. Motorola lacks sufficient information to respond to the allegations in Paragraph 213 because they are, at a minimum, incomplete. Motorola denies that Jeffrey Smolinske was aware of any material information, including any prior art, that he withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists, including any allegation that an article entitled contribution 97A119 is prior art. To the extent there are any remaining allegations in paragraph 213, Motorola denies them.

214. Motorola responds that Apple has not sufficiently identified the information on which it purports to base the allegations contained in Paragraph 214. Motorola further responds that to the extent any records exist in any ETSI database, those records speak for themselves. Motorola lacks sufficient information to respond to the allegations in Paragraph 214 because

they are, at a minimum, incomplete. To the extent there are any remaining allegations in paragraph 214, Motorola denies them.

215.     Motorola responds that Apple has not sufficiently identified the information on which it purports to base the allegations contained in Paragraph 215. Motorola further responds that to the extent any records exist in any ETSI database, those records speak for themselves. Motorola lacks sufficient information to respond to the allegations in Paragraph 215 because they are, at a minimum, incomplete. To the extent there are any remaining allegations in paragraph 215, Motorola denies them.

216.     Motorola responds that Apple has not sufficiently identified the information on which it purports to base the allegations contained in Paragraph 216. Motorola further responds that to the extent any records exist in any ETSI database, those records speak for themselves. Motorola lacks sufficient information to respond to the allegations in Paragraph 216 because they are, at a minimum, incomplete. To the extent there are any remaining allegations in paragraph 216, Motorola denies them.

217.     Motorola responds that Apple has not sufficiently identified the information on which it purports to base the allegations contained in Paragraph 217. Motorola further responds that to the extent any records exist in any ETSI database, those records speak for themselves. Motorola lacks sufficient information to respond to the allegations in Paragraph 217 because they are, at a minimum, incomplete. Motorola denies that Dominic Tolli was aware of any material information, including any prior art, that he withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists, including any allegation that an article entitled contribution 97A119 is prior art. To the extent there are any remaining allegations in paragraph 217, Motorola denies them.

218.    Any allegations contained in Paragraph 218 constitute legal conclusions, and on that basis, to the extent that a response is required, Motorola denies each and every allegation in Paragraph 218. To the extent there are any remaining allegations in Paragraph 218, they are incomplete and on that basis Motorola denies them.

219.    Any allegations contained in Paragraph 219 constitute legal conclusions, and on that basis, to the extent that a response is required, Motorola denies each and every allegation in Paragraph 219. To the extent there are any remaining allegations in Paragraph 219, they are incomplete and on that basis Motorola denies them.

220.    Motorola denies each and every allegation contained in Paragraph 220.

221.    Motorola denies each and every allegation in Paragraph 221, including specifically denying Apple's allegations of inequitable conduct. Motorola specifically denies that Jeffrey Smolinske and Dominic Tolli were aware of any material information, including any prior art, that they withheld, concealed, or mischaracterized with the intent to deceive the Patent Office or that any such prior art exists, including any allegation that contribution 97A119 is prior art. Motorola further incorporates its response to Paragraphs 210-217 herein.

222.    Any allegations in Paragraph 222 constitute legal conclusions, and on that basis, to the extent that response is required, Motorola denies each and every allegation in Paragraph 222. Motorola reincorporates its response to Paragraph 219 and specifically denies that contribution 97A119 anticipates or renders obvious any claim of the '898 patent.

223.    Motorola lacks information sufficient to form a belief regarding the allegations contained in Paragraph 223, and on that basis denies each and every allegation in Paragraph 223.

224.    Motorola denies each and every allegation of Paragraph 224, including, but not limited to, specifically denying Apple's allegations that the '898 patent is unenforceable or that

33

the named inventors and prosecuting attorneys committed fraud on the Patent Office or any inequitable conduct by withholding, concealing, or mischaracterizing any material prior art with the intent to deceive the Patent Office.

## MOTOROLA'S AFFIRMATIVE AND OTHER DEFENSES

Motorola asserts the following affirmative and other defenses set forth below, and in making such defenses does not concede that Motorola bears the burden of proof as to any of them. Discovery has only recently begun in this matter, and, therefore, Motorola has not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, Motorola reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

## FIRST DEFENSE AND AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

Upon information and belief, Apple has failed to state a claim against either Solutions or Motorola Mobility, Inc. upon which relief may be granted.

## SECOND DEFENSE AND AFFIRMATIVE DEFENSE
### (Reservation of Remaining Defenses)

Motorola reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Dated: May 9, 2011

Respectfully submitted,

MOTOROLA SOLUTIONS, INC. &
MOTOROLA MOBILITY, INC.

By:    s/ Scott W. Hansen
       Scott W. Hansen

David A. Nelson
Jennifer A. Bauer
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
        jenniferbauer@quinnemanuel.com

Edward J. DeFranco
Alexander Rudis
Richard W. Erwine
Carlos A. Rodriguez
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
        alexanderrudis@quinnemanuel.com
        richarderwine@quinnemanuel.com
        carlosrodriguez@quinnemanuel.com

Scott W. Hansen
Lynn M. Stathas
Lisa Nester Kass
Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
Telephone: (608) 229-2200
Facsimile: (608) 229-2100
1000 North Water Street, Suite 1700
Milwaukee, WI  53202
Telephone:  414-298-1000
Facsimile:  414-298-8097
Email: shansen@reinhartlaw.com
        lstathas@reinhartlaw.com
        lkass@reinhartlaw.com

*Attorneys for Defendants Motorola
Solutions, Inc. and Motorola Mobility, Inc.*

Kevin Johnson
Brian Cannon
Robert W. Stone
Thomas R. Watson
Meghan Bordonaro
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Email:  kevinjohnson@quinnemanuel.com
        briancannon@quinnemanuel.com
        robertstone@quinnemanuel.com
        tomwatson@quinnemanuel.com
        meghanbordonaro@quinnemanuel.com

Linda J. Brewer
David L. Shaul
50 California Street, 22nd Floor
San Francisco, CA  94111
Email:  lindabrewer@quinnemanuel.com
        davidshaul@quinnemanuel.com

REINHART\6724472