**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| APPLE INC., and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>       Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>MOTOROLA INC. and MOTOROLA MOBILITY, INC.<br><br>       Defendants and Counterclaim Plaintiffs. | Case No. 1:11-CV-08540<br><br><br>Hon. Richard A. Posner<br><br><br>**JURY TRIAL DEMANDED** |

**APPLE'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT MOTOROLA MAY NOT USE APPLE'S SALES TO ESTABLISH DAMAGES FOR DIRECT INFRINGEMENT OF METHOD CLAIMS BY APPLE**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................... 1

II.     ARGUMENT .................................................................................................................. 2

      A.      Apple's Sales Revenues Are Irrelevant to Damages for any Direct
             Infringement of Motorola's Method Claims. ...................................................... 2

      B.      Partial Summary Judgment Is Appropriate to Narrow the Scope of
             Damages Before Trial. ........................................................................................ 4

III.    CONCLUSION ............................................................................................................. 6

## I.    INTRODUCTION

To the extent that Motorola's counterclaims of infringement survive, Motorola is not entitled to rely on Apple's sales to establish damages for direct infringement of method claims. Every claim Motorola asserts against Apple in this action is a method claim. To the extent Motorola ultimately is able to prove infringement of any of these method claims, Motorola "can only receive infringement damages on those devices that actually performed the patented method[s]." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009); *see Oak Indus., Inc. v. Zenith Elecs. Corp.*, 726 F. Supp. 1525, 1543 (N.D. Ill. 1989) (granting partial summary judgment limiting patentee's recovery to products proved to practice claimed method).

The method claims at issue are not practiced by Apple when it makes, sells, or offers to sell the accused products. They are practiced, if at all, by end users when they use the accused products and by Apple when testing them. To the extent Motorola's infringement theory is premised on direct infringement by Apple via testing,[1] Motorola's damages may not be based on

---

[1] As addressed in Apple's motions for summary judgment relating to the individual Motorola Asserted Patents, in all but two instances (claims 1 and 2 of U.S. Patent No. 6,359,898 ("the '898 patent")) Motorola has not provided evidence sufficient to support at the threshold its contentions that Apple is liable for inducing its customers or end users to perform the asserted methods. *See* Apple's Memoranda in Support of Its Motions for Summary Judgment of Non-Infringement of U.S. Patent No. 5,319,712 at pp. 31-32; U.S. Patent No. 5,572,193 at pp. 4-6; U.S. Patent No. 5,311,516 at pp. 39-41; and U.S. Patent No. 6,175,559 at pp. 33-36. For these claims, therefore, Motorola is *limited* to pursuing a theory of direct infringement by Apple and damages commensurate therewith. For claim 5 of the '898 patent, Motorola has not provided evidence sufficient to support its contentions that *anyone*—whether Apple directly or any end user—has performed the asserted method. *See* Apple's Memorandum in Support of its Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,359,898 at pp. 28-31.

Apple's sales of its accused products. Apple therefore moves for an order that Motorola may not rely on Apple's sales to prove damages for direct infringement by Apple. [2]

## II.     ARGUMENT

### A.     Apple's Sales Revenues Are Irrelevant to Damages for any Direct Infringement of Motorola's Method Claims.

Any damages to which Motorola may be entitled for Apple's alleged direct infringement of the asserted method claims are limited to damages for the particular devices on which Motorola can prove Apple performed the asserted methods (e.g., through internal product testing). Such damages, if any, will be minimal because they may not be derived from Apple's sales. *Mirror World, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 724-25 (E.D. Tex. 2011) ("Apple's sales cannot be used to determine damages for Apple's direct infringement of the method claims.").

In *Mirror World*, the plaintiff asserted, *inter alia*, that Apple induced infringement and directly infringed method claims from two of the plaintiff's patents. *Id.* at 719-20, 724-25. At the end of the plaintiff's case in chief at trial, the court granted Apple's motion for judgment as a matter of law that the plaintiff had not presented evidence of inducement. *Id.* at 721-22. The plaintiff's case was therefore limited to Apple's alleged direct infringement. *Id.* Despite this limitation on the plaintiff's case, the plaintiff continued to rely on a damages theory based on revenues from Apple's sales, and the jury returned a $208.5 million damages award. *Id.* at 724-25.

---

[2]Apple's Legal Principles discussion can be found in its Memorandum in Support of Plaintiff and Counter-Claimant Apple Inc.'s Motion for Summary Judgment for Invalidity and Non-Infringement of U.S. Patent No. 5,311,516, ¶ II.

Following the verdict, Apple filed a renewed motion for judgment as a matter of law that, *inter alia*, the jury's award was unsupported by the evidence. The court granted Apple's motion. Reasoning that sales are "insufficient to prove direct infringement of a method claim" and therefore "irrelevant" in calculating damages, the court concluded that "Apple's sales cannot be used to determine damages for Apple's direct infringement of the method claims." *Id.* at 724-25. As a result, the plaintiff's evidentiary record on damages, comprised of information relating to Apple's sales, was "insufficient" and "left the jury without an adequate basis to award damages." *Id.* at 725.

This result is also compelled by the Federal Circuit's decision in *Embrex, Inc. v. Service Engineering Corp.*, 216 F.3d 1343 (Fed. Cir. 2000). In *Embrex*, a jury had awarded the plaintiff $500,000 based on its finding that the defendant had infringed the plaintiff's method claims by offering to sell and internally testing a device capable of infringement. *Id.* at 1350. Because a sale of or offer to sell a device capable of performing a claimed method "cannot serve as the sole basis for finding infringement of the claimed method," *id.* at 1349, the Federal Circuit disregarded the plaintiff's sales offers when addressing the jury's damage award. *Id.* at 1350.

With the plaintiff's "offers to sell" theory of infringement removed from the case, the only infringement on which damages could be based was the infringing testing performed by the defendant and its agents. *Id.* at 1350. The Federal Circuit therefore vacated the jury's damage award, which was based on purportedly lost sales rather than compensation for the defendant's direct infringement through testing. *Id.* The Federal Circuit suggested that on remand the plaintiff could attempt to prove reasonable royalty damages based on the amount a licensee would pay for its own use of the claimed method. *Id.* In constructing such a reasonable royalty model, however, the plaintiff would need to look to evidence other than the sales evidence that

had been introduced at trial, since "the [existing] record [did] not supply sufficient evidence to compute a reasonable royalty." *Id.*

As in *Mirror Worlds* and *Embrex*, in the present case, Motorola's damages for direct infringement of its asserted method claims are limited to damages to compensate Motorola only for whatever minimal use it can prove Apple made of the asserted methods, if any. And in deriving such damages, Motorola may not use or rely on Apple's sales. "The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of [35 U.S.C. §] 271(a)." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993).

### B. Partial Summary Judgment Is Appropriate to Narrow the Scope of Damages Before Trial.

In light of this precedent, Apple requests an order precluding Motorola from using Apple's sales to establish damages for Apple's alleged direct infringement of its asserted method claims. This is not a novel form of relief on these facts.

For instance, the court in *Oak Industries, Inc. v. Zenith Elecs. Corp.* granted this relief. There, the plaintiffs accused Zenith of inducing and contributorily infringing plaintiffs' method patent with its cable converter devices. 726 F. Supp. at 1528. On summary judgment, the court granted Zenith's motion to limit damages "only to converters which plaintiffs have proved were used to infringe the [patent-in-suit]." *Id.* at 1543.

The *Zenith* court rejected the plaintiffs' argument "that a reasonable royalty should be calculated on all units capable of infringing," and found as a matter of law that sales of units that had not been proven to infringe were irrelevant and could not be considered in determining damages. *Id.* In its analysis, the court noted that the patent damages statute, 35 U.S.C. § 284, provides that damages should be awarded "adequate to compensate for infringement but in no event less than a reasonable royalty *for the use of the invention by the infringer*." *Id.* (quoting

- 4 -

statute; emphasis in original). A damages award based on Zenith's total sales would have "impose[d] liability on Zenith for non-infringing use" and therefore violated the statute. *Id.*

More recently, in *Aurora Water v. PS Sys., Inc.*, 720 F. Supp. 2d 1243 (D. Colo. 2010), the district court granted partial summary judgment limiting damages in analogous circumstances. In that case, a contractor won a municipal bid to build an aquifer, which a patentee later claimed would infringe its method patents when put in use. *Id.* at 1247. On summary judgment, the court ruled that the contractor's winning bid constituted an offer to sell the aquifer, and not a sale—and that this offer was the sole potential basis for infringement under section 271(a). *Id.* at 1252-53.

Turning to damages, the court denied as premature the city and contractor's motion that as a matter of law there could be *no* damages based on the contractor's offer for sale. *Id.* at 1254-56. But the court did grant partial summary judgment precluding the patentee from presenting a damages theory based on the future sale and use of the aquifer. *Id.* at 1256. Instead, the court held that any damages to which the patentee might be entitled would be limited to "the price, if any, the parties would have negotiated for [the contractor] to include the inventions of [the asserted patents] in its bid." *Id.* And in determining this price, the patentee was precluded from using its expert damages report or any of the damages evidence it had previously put forward, all of which related to projected post-offer revenues. *Id.* (Because "any reasonable royalty will not encompass a royalty for the actual construction or use of the patented inventions[,] . . . the patentees may not use the evidence discussed here to establish a reasonable royalty.").

Apple is likewise entitled to summary judgment limiting its potential damages to Motorola and precluding Motorola from relying on Apple's sales to determine damages for any

direct infringement of its asserted method claims. As a matter of law, evidence of Apple's sales is "irrelevant" to the damages Motorola may recover for any direct infringement of method claims by Apple. There is thus nothing to be gained by permitting Motorola to pursue a futile damages theory beyond this point in the case. To the contrary, a summary judgment order narrowing the scope of damages evidence to exclude legally irrelevant information will provide for a more efficient discovery and pre-trial process and will aid the parties' damages experts in tailoring their reports to legally viable damages models.

## III.    CONCLUSION

For the foregoing reasons, this court should order that Motorola may not rely upon Apple's sales in support of any remaining claim of direct infringement by Apple.

Dated: January 9, 2012                              Respectfully submitted,

                                                    */s/ Robert T. Haslam*
                                                    Robert T. Haslam (Ill. ID No. 71134)
                                                    rhaslam@cov.com
                                                    Anupam Sharma (*pro hac vice*)
                                                    asharma@cov.com
                                                    COVINGTON & BURLING LLP
                                                    333 Twin Dolphin Drive, Suite 700
                                                    Redwood Shores, CA 94065-1418
                                                    Telephone:  (650) 632-4700
                                                    Facsimile:  (650) 632-4800

                                                    Robert D. Fram (*pro hac vice*)
                                                    rfram@cov.com
                                                    Christine Saunders Haskett (*pro hac vice*)
                                                    chaskett@cov.com
                                                    Winslow B. Taub (*pro hac vice*)
                                                    wtaub@cov.com
                                                    COVINGTON & BURLING LLP
                                                    One Front Street
                                                    San Francisco, CA 94111-5356
                                                    Telephone:  (415) 591-6000
                                                    Facsimile:  (415) 591-6091

Jill J. Ho (*pro hac vice*)
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Brian E. Ferguson (*pro hac vice*)
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser (*pro hac vice*)
elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY 10153
Telephone: (212) 310-8022
Facsimile: (212) 310-8007

Matthew D. Powers (*pro hac vice*)
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky (*pro hac vice*)
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  650-802-6000
Facsimile: 650-802-6001

*Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Robert T. Haslam, an attorney, do hereby certify that I caused the following to be electronically filed with the Court:

APPLE'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT MOTOROLA MAY NOT USE APPLE'S SALES TO ESTABLISH DAMAGES FOR DIRECT INFRINGEMENT OF METHOD CLAIMS BY APPLE

on January 9, 2012 with the Clerk of the court using the electronic case filing system.


By: */s/ Robert T. Haslam* _____
      Robert T. Haslam