UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

———————

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE INC. (f/k/a NeXT COMPUTER, INC.), | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:11-cv-08540 |
| v. | ) ) | Judge Richard A. Posner. |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC., | ) ) ) | |
| *Defendants*. | ) | |

**ORDER OF JANUARY 31, 2012**

In my order of January 23, I set the following deadlines for January 30, 2012:

> "2. The parties shall submit by January 30 a proposed schedule for completion of all discovery relating to damages (including fact discovery, designation of experts, submission of experts' reports, and depositions of experts) and for the nomination by the parties' damages experts of a neutral expert or experts (no more than two) on damages."

> "7. The parties will by January 30 propose a deadline for supplementation of expert testimony on liability issues."

> "8. Also by January 30 the parties will complete winnowing and will inform me of what patents they wish to litigate in the liability trial."

The parties, in their January 30 submission, have complied with item 8, although not fully satisfactorily, as I explain below.

2

With regard to item 7, the parties haven't agreed, so I am setting the following deadlines: March 1 for submission supplemental reports, without ex ante limitation as to scope, although I will rein in unreasonably broad supplemental reports by either party. Responses to the supplemental reports shall be due on March 15.

With regard to item 2 (damages discovery), I am moving up the dates, as follows:

    Feb. 7:     proposed neutral experts identified;
    March 1:   expert reports submitted;
    April 15:   close of fact discovery and rebuttal to expert reports;
    April 23:   close of expert discovery;
    April 30:   *Daubert* motions due;
    May 7:     *Daubert* replies due;
    May 15:    *Daubert* hearing for damages experts.

I will not conceal my skepticism that substantial damages can be proved (as opposed to being conjured) in this case.

Other matters:

Nomination of neutral liability experts. If the parties cannot agree by Friday, February 3, they shall each by then separately propose neutral experts. I will not be bound by their proposals, though if they agree on the neutral experts (or a neutral expert) I will be strongly inclined to defer to their joint choice.

Liability discovery timetable. The parties shall submit, also by Friday, February 3, a timetable for liability discovery, incorporating the supplemental discovery dates of this order and highlighting any outstanding scheduling issues to be resolved.

*Daubert* hearing on liability. I would like to have the *Daubert* hearing for liability experts as soon as possible and invite your suggestions for a timetable.

3

Winnowing. I'm not satisfied with the winnowing to date, which leaves nine patents for trial. By Friday, February 3, I would like an estimate, either jointly submitted or by each side separately, of how many hours of trial time they think necessary to determine liability with respect to each of the nine patents. I do not require that either the number of hours allotted to each patent, or the number of patents tried, be the same for both parties.

*Richard A. Posner*

United States Circuit Judge

January 31, 2012