**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>        Plaintiffs and<br>        Counterclaim-Defendants,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.<br><br>        Defendants and<br>        Counterclaim-Plaintiffs | Case No. 11-CV-08540<br><br>Judge Richard A. Posner |

**PLAINTIFFS APPLE INC. AND NeXT SOFTWARE INC.'S MOTION TO COMPEL
MOTOROLA AND GOOGLE TO PROVIDE DISCOVERY CONCERNING
GOOGLE'S ACQUISITION OF ANDROID INC., ITS DEVELOPMENT OF THE
ANDROID OPERATING SYSTEM, AND ITS ACQUISITION OF MOTOROLA**

Pursuant to Fed. R. Civ. P. Rules 30 and 37(a), Apple respectfully moves the Court for an order compelling Motorola and Google to produce documents and deposition testimony concerning (i) Google's acquisition of Android Inc., (ii) Google's development of the Android operating system, and (iii) Google's acquisition of Motorola (collectively "Android/Motorola Acquisition Discovery").

**I.    INTRODUCTION**

On February 21, 2012, the Court ordered that "Motorola shall be expected to obtain full and immediate compliance by Google with Apple's liability discovery demands." Dkt. No. 591. Promptly following that Order, Apple re-initiated its requests to Motorola and Google to produce the Android/Motorola Acquisition Discovery. Yet, Motorola and Google continue—through

their attorneys from the same Quinn Emanuel law firm—a coordinated refusal to cooperate in discovery, despite Apple's numerous requests and subpoenas demanding this information.

The Android/Motorola Acquisition Discovery is highly relevant to Apple's claims and defenses. For example, the Motorola products accused of infringing the Apple asserted patents run on Google's Android operating system, and the amount that Google paid to acquire and develop Android and the asserted features is thus relevant to the non-obviousness and value of the patented functionalities. Similarly, Google's purchase of Motorola—including the Motorola smartphones and tablets accused of infringing Apple's patents—is also relevant to the the nonobviousness and value of the patented features as such discovery will show, for example, the value that Google placed on the patented features and accused products in its decision to acquire Motorola.

Google's effort to avoid this discovery based on its status as a "non-party" has already been rejected by this Court in its February 21st Order, which directed Motorola "to obtain full and immediate compliance by Google." There is no question that Google is directly involved in and relevant to these proceedings, particularly given that the Justice Department has approved Google's acquisition of Motorola and the parties will soon become the same entity.

Motorola and Google may also argue that the Court's order is directed only to "liability discovery," and that any discovery relevant to damages is not required by the Order. That argument should likewise be rejected. While the Court's Order does reference liability discovery, Apple respectfully submits that the spirit of the order should have compelled Motorola and Google to cooperate with Apple and provide discovery relevant to *all* claims and defenses at issue in this case, not just those related to liability. But in any event, the discovery

that Apple seeks is relevant to liability because it shows, among other things, the importance, and thus the nonobviousness, of the inventions claimed in the asserted Apple patents.

## II. ARGUMENT

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Fed. R. Civ. P. 26(b)(1). The Android/Motorola Acquisition Discovery is relevant to the claims and defenses in this case and Apple is thus entitled to this discovery.

### A. Google's Acquisition and Development of Android

On May 20, 2011, Apple served a subpoena on Google requesting information relating to Google's development of the Android functionality used in the Motorola accused products. *See* Exhibit 1, Apple's Subpoena to Google Inc. Topic No. 6 requested a witness to testify about "Google's involvement in . . . developing . . . the Motorola Accused Products," and Topic No. 38 requested "[t]he development . . . of the layered structure of the Android Platform, including the Applications, Application Framework, Libraries, Android Runtime, and Android Kernel." The subpeona also requested documents and testimony on Google's development of each of the patented features at issue in this case. *See, e.g.*, Topic Nos. 13, 17, 18, 21-25, 30, 34, 35, 44, 67-71, and 86; Document Request Nos. 6, 20, 24, 27, 28, 36, 50, 53, 54, and 59-65.

This information is highly relevant because at least two of Apple's asserted patents—U.S. Patent Nos. 5,519,867 and 5,566,337—are directed to core features of the Android operating system.[1] Apple has alleged that to remove or design around the claimed features would involve a substantial overhaul of the Android operating system, which would likely cost Motorola tens (if not hundreds) of millions of dollars to implement. As Apple explained to

---

[1] Tthe '337 and '867 patents are only examples of why the information sought is relevant. The information is relevant to all six Apple patents.

Google's counsel, the information is relevant because the cost that Motorola would have to pay to design around or remove these features provides an indication of the amount of royalty that Motorola would have been willing to pay Apple at the time of the hypothetical negotiation, and is also relevant to the value of the patented features. The amount that Google paid to acquire and develop the Android system, and its motivations therefore, is thus highly relevant to liability and damages.

Apple repeated its demand for this discovery on February 27th, explaining that "Google has failed to produce documents or testimony relevant to Google's acquisition of the Android platform, and has also failed to produce documents or testimony relevant to the expenses and efforts Google has incurred to develop the Android Platform." *See* Exhibit 2, Letter from R. Watkins to K. Madigan. In again rejecting Apple's demand, Google relied on *Apple's* historical cooperation in working with Motorola and Google to narrow the discovery to support *Google's* continued refusal to comply with the subpoena. *See* Exhibit 3, Letter from K. Madigan to R. Watkins. This is backwards—Apple's good-faith efforts to cooperate to narrow discovery should not be used against Apple and cannot serve as a credible basis for Motorola and Google refusing to provide discovery *on other issues*.

Google also professed not to understand how Apple's request is within the scope of the subpoena because Apple provided "scant information" and failed to "really even try" to explain its relevancy. *See id*. This response is especially troubling given the simplicity of Apple's request, and its clear relevance to this case and nexus to the subpoena. Google also cannot seriously maintain that it is unable to provide the cost of purchasing Android or its development costs for the Android software. Google thus has no legitimate basis for withholding this discovery.

### B. Google's Acquisition of Motorola

On August 22, 2011, Apple served a second subpoena for documents and deposition testimony pertaining to Google's acquisition of Motorola Mobility. *See* Exhibit 4, Apple's Subpoena to Google. This discovery is relevant to showing the value that Google placed on the Motorola accused products, including the Apple patented features at issue. Apple served similar discovery requests on Motorola. *See, e.g.,* Exhibit 5, Apple's Fifth Set of Requests for Production (Nos. 95-110); Exhibit 6, Apple's Second Notice of Deposition of Motorola Mobility, Inc.. This information is relevant to both the nonobviousness of the claimed inventions and damages.

Google's sole basis for refusing to comply with the August 22nd subpoena on this topic is that Google has refused to do so for six months. *See* Exhibit 3, Letter from K. Madigan to R. Watkins ("[O]n September 6, 2011, Google tendered objections to the August 23 Subpoena and declined to produce any documents or testimony."). Google's prolonged refusal to comply with a subpoena cannot be a credible basis for Google's continued refusal to do so. Importantly, Apple continues to pursue this discovery from Google in part because Motorola has also refused to provide it. *See, e.g.,* Exhibit 7, E-mail from A. Williamson to R. Vlasis ("Motorola continues its objections to the [acquisition] topics listed below."); Exhibit 8, E-mail from A. Williamson to R. Watkins ("Motorola maintains its objections to [the acquisition document requests].").

Yesterday, Apple attempted once more to obtain a "date certain" by when Google would provide this discovery, but again Google rejected Apple's request, committing to no more than a further meet-and-confer and further delay. *See* Exhibits 9 and 10, Letters between R. Watkins and K. Madigan. Given the upcoming deadline for damages expert reports, to which this discovery is highly relevant, and as we near the close of fact discovery, Apple cannot

countenance any further delays in obtaining relevant discovery from Motorola and Google. *See* Exhibit 8, Letter from R. Watkins to K. Madigan.

### III. **CONCLUSION**

Motorola's and Google's continued refusal to provide discovery is unjustified and prejudicial to Apple. Apple thus respectfully requests that the Court order Motorola and Google to produce documents and deposition testimony concerning (i) Google's acquisition of Android Inc., (ii) Google's development of the Android operating system; and (iii) Google's acquisition of Motorola.

Dated: March 2, 2012                              Respectfully submitted,


                                                     /s/ Brian E. Ferguson

Robert T. Haslam
rhaslam@cov.com
Anupam Sharma
asharma@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram
rfram@cov.com
Christine Saunders Haskett
chaskett@cov.com
Samuel F. Ernst
sernst@cov.com
Winslow B. Taub
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone: 650-802-6010
Facsimile: 650-802-6001

Brian E. Ferguson
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser
Elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2012, before 5:00 p.m. CST, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

                                            */s/ Brian E. Ferguson*
                                            Brian E. Ferguson