# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| APPLE INC., and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA INC. and MOTOROLA MOBILITY, INC.<br><br>Defendants. | Case No. 11-CV-662 (BBC)<br><br>**JURY TRIAL DEMANDED** |

### **PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 95-110)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Apple Inc. ("Apple") and NeXT Software ("NeXT") (collectively, "Plaintiffs") request that Defendants Motorola, Inc. and Motorola Mobility, Inc. (collectively "Defendants") produce copies of Documents and Things requested below at the law offices of Weil, Gotshal & Manges LLP, 201 Redwood Shores Parkway, Redwood City, California, 94065 within thirty (30) days after service hereof. Plaintiffs also request that, within thirty days (30) days after service hereof, Defendants serve Plaintiffs with their written responses to these Requests for Production of documents and things in accordance with Rule 34 of the Federal Rules of Civil Procedure. Pursuant to Federal Rules of Civil Procedure 26(e), these Requests for Production are continuing in nature and therefore require Defendants to furnish supplemental answers whenever they obtain different or additional knowledge, information, or belief relative to these Requests for Production.

## DEFINITIONS

The definitions in Plaintiffs' First Set of Requests for Production (Nos. 1-50), Second Set of Requests for Production (51-85), Third Set of Requests for Production (No. 86), and Fourth Set of Requests for Production (87-94) are incorporated by reference. The following definitions also apply to these requests:

A. "**Motorola Mobility Holdings**" shall mean Motorola Mobility Holdings, Inc., and including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Motorola Mobility Holdings, and others acting on behalf of Motorola Mobility Holdings.

B. "**Agreement and Plan of Merger**" shall mean the Agreement and Plan of Merger by and among Google Inc., RB98 Inc. and Motorola Mobility Holdings, Inc., dated August 15, 2011, and available at:

http://www.sec.gov/Archives/edgar/data/1495569/000119312511225807/dex21.htm

C. "**Google**" shall mean Google, Inc. and RB98 Inc., and including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Google, and others acting on behalf of Google.

## INSTRUCTIONS

The instructions in Plaintiffs' First Set of Requests for Production (Nos. 1-50), Second Set of Requests for Production (51-85), Third Set of Requests for Production (No. 86), and Fourth Set of Requests for Production (87-94) are incorporated by reference

## REQUESTS FOR PRODUCTION

**REQUEST NO. 95:**

All documents relating to or reflecting the sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof.

**REQUEST NO. 96:**

All documents relating to or reflecting the negotiation for the sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof.

**REQUEST NO. 97:**

All documents relating to internal meetings, including but not limited to all meeting minutes of the Board of Directors, relating to the sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof.

**REQUEST NO. 98:**

All communications with third parties, including but not limited to Google, relating to or reflecting the sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof.

**REQUEST NO. 99:**

All communications with Google relating to the Motorola Patents-in-Suit.

**REQUEST NO. 100:**

All documents relating to or reflecting the actual or potential value of the Motorola Patents-in-Suit.

**REQUEST NO. 101:**

All documents relating to or reflecting the potential or actual assignment of the Motorola Patents-in-Suit.

**REQUEST NO. 102:**

All communications within Motorola and with third parties, including but not limited to Google, relating to this Action.

**REQUEST NO. 103:**

All documents relating to or identified in the Agreement and Plan of Merger, including but not limited to the "Disclosure Letter" identified in Article III of the Agreement and Plan of Merger and any documents required under the Hart-Scott-Rodino Antitrust Improvements Act ("HSR Act").

**REQUEST NO. 104:**

All documents relating to Section 3.14(f) of the Agreement and Plan of Merger, including but not limited to documents relating to the negotiation of the provision or communications relating to the provision.

**REQUEST NO. 105:**

All documents relating to Section 5.01(j) of the Agreement and Plan of Merger, including but not limited to documents relating to the negotiation of the provision or communications relating to the provision.

**REQUEST NO. 106:**

All documents relating to Section 5.01(v) of the Agreement and Plan of Merger, including but not limited to documents relating to the negotiation of the provision or communications relating to the provision.

**REQUEST NO. 107:**

All documents relating to Section 5.01(w) of the Agreement and Plan of Merger, including but not limited to documents relating to the negotiation of the provision or communications relating to the provision.

**REQUEST NO. 108:**

All communications and documents relating to Google's statements that it will use Motorola's patent portfolio, including but not limited to the Motorola Patents-in-Suit, to protect its Android operating system and manufacturers of handsets based on the Android operating system.

**REQUEST NO. 109:**

All communications and documents relating to Google's post-merger plans and strategies for the business, assets, and intellectual property of Motorola Mobility and/or Motorola Mobility Holdings.

**REQUEST NO. 110:**

All communications with government regulators and/or agencies, of the United States or other foreign countries, relating to the Agreement and Plan of Merger.

Dated: August 22, 2011

Respectfully submitted,
*/s/ Christine Saunders Haskett*_____
Robert D. Fram (CA Bar No. 126750)
rfram@cov.com
Christine Saunders Haskett (CA Bar No. 188053)
chaskett@cov.com
Samuel F. Ernst (CA Bar No. 223963)
sernst@cov.com
Winslow B. Taub (CA Bar No. 233456)
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Robert T. Haslam (CA Bar No. 71134)
rhaslam@cov.com
COVINGTON & BURLING LLP

333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Jill J. Ho
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650-802-6000
Facsimile: 650-802-6001

Mark G. Davis
mark.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

James Donald Peterson (# 1022819)
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
*Attorneys for Plaintiffs Apple Inc.*
*and NeXT Software, Inc.*

**CERTIFICATE OF SERVICE**

  I declare that I am employed with the law firm of Covington & Burling LLP, One Front Street, San Francisco, California 94111.  I am not a party to the within cause, and I am over the age of eighteen years.  I further declare that on August 22, 2011, I caused to be served, on all counsel of record, a copy of :

**PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 95-110)**

  ☐ **BY U.S. MAIL** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing in accordance with the firm's ordinary business practices. I am readily familiar with the practice for collection and processing of mail, and know that in the ordinary course of business practice that the document(s) described above will be deposited with the U.S. Postal Service on the same date as sworn to below.

  ☒ **BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through the electronic mail system to the email address(es) set forth in the service list below.

  ☐ **BY OVERNIGHT DELIVERY** by placing a true copy thereof enclosed in a sealed envelope with overnight delivery fees provided for, addressed as follows, for collection by Federal Express in accordance with ordinary business practices. I am readily familiar with the practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of business practice the document(s) described above will be deposited by an employee or agent in a box or other facility regularly maintained by Federal Express for collection on the same day that the document(s) are deposited.

  ☐ **BY PERSONAL SERVICE** by placing a true copy thereof enclosed in a sealed envelope to be delivered by messenger to the offices of the addressee(s) (and left with an employee or person in charge of addressee's office), as stated below, during ordinary business hours.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 22, 2011, at San Francisco, California.

               */s/ Christine Saunders Haskett*
               Christine Saunders Haskett