# EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| APPLE INC. and NeXT SOFTWARE INC. (f/k/a NeXT COMPUTER, INC.),<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.<br><br>Defendants. | Case No. 10-CV-662 (BBC)<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' NOTICE OF DEPOSITION OF MOTOROLA MOBILITY, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Apple Inc. ("Apple") and NeXT Software Inc. ("NeXT") (collectively, "Plaintiffs") will take the deposition of Motorola Mobility, Inc. ("Mobility") on September 13, 2011 at 9:00 a.m. at the offices of Weil, Gotshal & Manges, LLP, 201 Redwood Shores Parkway, Redwood Shores, CA 94065, or at such other time and place as the parties mutually agree. The deposition will continue from day to day until completed, Saturdays, Sundays, and holidays excepted.

The deposition will be taken before a court reporter or other person authorized by law to administer oaths, and it will be recorded by stenographic means and/or videotape. The deposition will be taken for the purpose of discovery, for use in summary judgment briefing or at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure. The scope of this deposition will likely include questions relating to information that

has been designated "Confidential Business Information" as that term is defined in the Protective Order for this action.

Pursuant to Rule 30(b)(6), Defendants shall designate a witness or witnesses to appear and testify at the taking of a deposition on each of the topics set forth below. Mobility shall identify the person(s) who will testify on its behalf pursuant to this notice and the matter(s) about which each person will testify no less than five calendar days prior to the date of their deposition. To the extent that Mobility intends to rely on any documents or information not yet produced in this Investigation, those documents or that information shall be produced no less than five calendar days prior to the date for the expected testimony.

## DEFINITIONS

A. **"You," "Your," "Mobility," and "Motorola Mobility"** is defined to mean and refer to Defendant Motorola Mobility, Inc. and all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, including without limitation Motorola SpinCo Holdings Corp., and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with the aforementioned entities, and others acting on their behalf.

B. **"Motorola Solutions"** is defined to mean and refer to Defendant Motorola Solutions, Inc. and all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, including without limitation Motorola, Inc., the Mobile Devices segment of Motorola, Inc., and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with the aforementioned entities, and others acting on their behalf.

C. "**Apple**" shall mean Plaintiff Apple Inc. and its predecessor, Apple Computer

Inc., and including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Apple, and others acting on behalf of Apple.

D. **"NeXT"** shall mean Plaintiff NeXT Software Inc. (f/k/a NeXT Computer, Inc.), including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with NeXT, and others acting on behalf of NeXT.

E. **"Action"** shall mean the above-captioned case pending before the United States District Court for the Western District of Wisconsin, entitled *Apple Inc. v. Motorola, Inc.*, Case No. 10-CV-662-bbc.

F. **"Motorola Patent(s)-in-Suit"** shall mean, individually and collectively, U.S. Patent Nos. 5,311,516, 5,319,712, 5,490,230, 5,572,193, 6,175,559, and 6,359,898.

G. **"Motorola Mobility Holdings"** shall mean Motorola Mobility Holdings, Inc., and including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Motorola Mobility Holdings, and others acting on behalf of Motorola Mobility Holdings.

H. **"Agreement and Plan of Merger"** shall mean the Agreement and Plan of Merger by and among Google Inc., RB98 Inc. and Motorola Mobility Holdings, Inc., dated August 15, 2011, and available at:

http://www.sec.gov/Archives/edgar/data/1495569/000119312511225807/dex21.htm

    I.    "**Google**" shall mean Google, Inc. and RB98 Inc., and including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Google, and others acting on behalf of Google.

    J.    "**Person**" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

    K.    "**Document**" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of handwritten notes or underlining, represents a distinct version).

    L.    "**Thing**" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

M. "**Communication**" shall mean any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings in any medium of oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; and any translation thereof.

N. "**Information**" shall mean information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to orally, in writing, or via electronic communication.

O. "**Identify**" and "**Identity**" shall each mean:

(a) as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his present employment responsibilities;

(b) as applied to a Person other than a natural person (including but not limited to any business or other entity), to state the entity's full name, place and date of incorporation or formation, principal place of business or activity, and the identity of the natural persons within that entity having knowledge of the matter with respect to which that entity is named;

(c) as applied to a Document (whether or not any claim of privilege is made in respect thereof), to state the type of Document, the date of creation of the Document, the date of communication of the Document, the names and Identities of the individuals who drafted,

authored, or signed the Document or to whom a copy thereof was addressed or sent, a summary of the subject matter of the Document, the number of pages of the Document, the present whereabouts of the Document, including without limitation all originals and copies, and the name and address of the present or last-known custodian of the Document;

(d) as applied to a Thing (including without limitation any products manufactured, developed, or sold by Motorola), to state the date that the Thing was first introduced for sale, the date of the Thing's first sale, all versions, parts, or revision numbers or codes, all product names, and all team names or project titles used in connection with the design, development, testing, or engineering of that product;

(e) as applied to a process, to state the date that the process was first used, the date the products or goods made by the process were first sold, all numbers or codes used to refer to the process, including but not limited to process revision numbers or codes, all process names, and all team names or project titles used in connection with the design, development, testing, or engineering of that process; or

(f) as applied to a Communication, to state the type of Communication, the date and the parties to such Communication, and if such Communication has been recorded in documentary form, to identify all Documents recording such Communication.

P. "**Relate to**," "**Related to**," "**Relating to**," or "**Concerning**" shall mean in whole or in part constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

Q. Except where the context does not permit, the term "**including**" shall be without limitation.

R. Except where the context does not permit, the terms "**and**" and "**or**" shall be both conjunctive and disjunctive.

S. Except where the context does not permit, the terms "**each**" and "**any**" shall mean any and all.

**TOPICS**

1. The Person(s) involved in and most knowledgeable about the sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof.

2. The Person(s) involved in and most knowledgeable about the negotiation for the sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof.

3. The sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof.

4. The negotiation for the sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof.

5. The Agreement and Plan of Merger, including but not limited to, Sections 3.14(f), 5.01(j), 5.01(v), and 5.01(w), and any negotiations and communications relating thereto.

6. Communications between You and any Person, including but not limited to Google, concerning the sale, acquisition and/or value of Motorola Mobility Holdings or any portion or assets thereof

7. Communications between You and any Person, including but not limited to Google, concerning the Motorola Patents-in-Suit.

8. Communications between You and any Person, including but not limited to Google, concerning the actual or potential value of the Motorola Patents-in-Suit.

9. Communications between You and any Person, including but not limited to Google, concerning the potential or actual assignment of the Motorola Patents-in-Suit.

10. Communications between You and any Person, including but not limited to Google, concerning the Agreement and Plan of Merger.

11. Google's statements that it will use Motorola's patent portfolio, including but not limited to the Motorola Patents-in-Suit, to protect its Android operating system and manufacturers of handsets based on the Android operating system, and all communications between or within Motorola or Google relating to those statements.

12. All documents relating to or identified in the Agreement and Plan of Merger, including but not limited to the "Disclosure Letter" identified in Article III of the Agreement and Plan of Merger and any documents required under the Hart-Scott-Rodino Antitrust Improvements Act ("HSR Act").

13. All communications and documents relating to Google's post-merger plans and strategies for the business, assets, and intellectual property of Motorola Mobility and/or Motorola Mobility Holdings.

14. All communications with government regulators and/or agencies, of the United States or other foreign countries, relating to the Agreement and Plan of Merger.

15. The corporate and personnel structure of Motorola Mobility Holdings.

16. The identity, locations, titles, and job descriptions of the persons most knowledgeable about each the foregoing deposition topics.

17. The identity and location of all persons, documents, and things consulted, reviewed, communicated with or relied upon in preparing to testify about each of the foregoing topics.

Dated: August 22, 2011

Respectfully submitted,
/s/ *Christine Saunders Haskett*
Robert D. Fram (CA Bar No. 126750)
rfram@cov.com
Christine Saunders Haskett (CA Bar No. 188053)
chaskett@cov.com
Samuel F. Ernst (CA Bar No. 223963)
sernst@cov.com
Winslow B. Taub (CA Bar No. 233456)
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Robert T. Haslam (CA Bar No. 71134)
rhaslam@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

MATTHEW D. POWERS
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650-802-6000
Facsimile: 650-802-6001

Jill J. Ho
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

9

Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Mark G. Davis
mark.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

James Donald Peterson (# 1022819)
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.*

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Covington & Burling LLP, One Front Street, San Francisco, California 94111. I am not a party to the within cause, and I am over the age of eighteen years. I further declare that on August 22, 2011, I caused to be served, on all counsel of record, a copy of :

**PLAINTIFFS' NOTICE OF DEPOSITION OF MOTOROLA MOBILITY, INC.**

☐ **BY U.S. MAIL** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing in accordance with the firm's ordinary business practices. I am readily familiar with the practice for collection and processing of mail, and know that in the ordinary course of business practice that the document(s) described above will be deposited with the U.S. Postal Service on the same date as sworn to below.

☒ **BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through the electronic mail system to the email address(es) set forth in the service list below.

☐ **BY OVERNIGHT DELIVERY** by placing a true copy thereof enclosed in a sealed envelope with overnight delivery fees provided for, addressed as follows, for collection by Federal Express in accordance with ordinary business practices. I am readily familiar with the practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of business practice the document(s) described above will be deposited by an employee or agent in a box or other facility regularly maintained by Federal Express for collection on the same day that the document(s) are deposited.

☐ **BY PERSONAL SERVICE** by placing a true copy thereof enclosed in a sealed envelope to be delivered by messenger to the offices of the addressee(s) (and left with an employee or person in charge of addressee's office), as stated below, during ordinary business hours.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 22, 2011, at San Francisco, California.

*/s/ Christine Saunders Haskett*<br>
Christine Saunders Haskett