# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APPLE INC. and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>        Plaintiffs,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC. and MOTOROLA MOBILITY, INC.<br><br>        Defendants. | Case No. 1:11-cv-08540<br><br>Judge: Hon. Richard A. Posner |

**MOTOROLA'S MOTION TO STRIKE APPLE'S NEW FRAND REPORTS**

Motorola brings this motion to strike Apple's March 1, 2012 "supplemental" FRAND reports, including new experts and declarations, as outside the scope of the Court's orders concerning supplemental liability reports. As explained below, the Court did not contemplate the parties supplementing these reports related to the separate trial on equitable defenses.

## INTRODUCTION

At midnight March 1, 2012, Apple served an entire new set of supplemental expert reports concerning its equitable defense that Motorola violated FRAND obligations to telecom standards setting bodies. These are not supplements to liability expert reports, but are directed to equitable defenses. Most egregiously, Apple not only served four supplemental FRAND reports, but added for the first time the expert report of Dennis Carlton and the declaration of a witness based in Taiwan that had never been disclosed before. By order, the Court was clear that the trial would be split with liability issues first, followed by Apple's equitable defenses. Pursuant to Court order, the supplementation for March 1 was for liability issues only – i..e, patent infringement and validity. This is not a dispute over the scope of permissible supplementation to technical expert reports. Instead, Apple is seeking to bring in entirely new reports not contemplated by the Court's schedule and parties' expectations. They should be stricken.

## BACKGROUND

Per Judge Crabb's schedule, Apple served its FRAND expert reports on September 15, 2011. Motorola served its rebuttal reports on October 21, 2011. This round of reports relates to Apple's allegation that Motorola violated FRAND obligations by offering license terms that Apple deems unreasonable and by Motorola's exercise of contractual provisions to terminate Apple's pass-though patent rights from component suppliers Chi Mei and Qualcomm.

On January 24, 2012, after a hearing, this Court issued an order, dividing equitable defenses from liability, ruling in Item No. 4 that "The trial on equitable defenses will begin one week after the conclusion of the liability trial, and the trial on damages one week after the conclusion of the damages trial." Doc. #. 551. In addition, after the parties had presented disputes to the Court concerning the scope of technical reports, the Court ruled in Item No. 7: "The parties will by January 30 propose a deadline for supplementation of expert testimony on **liability** issues." *Id*. (emphasis added).

On January 30, 2012, in response to Item No. 7 from the Court's order, the parties submitted their proposal for supplementation of liability reports . (See email from Stephen Swedlow of 1/30/12.) In that joint email, the parties unambiguously understood the Court's order to refer to technical reports – i.e., patent liability -- because the parties directed their discussion to accused products and whether or not they could expand existing theories of infringement in light of claim construction rulings. *Id*. There has never been discussion between the parties concerning supplementing FRAND reports.

On January 31, 2012, the Court issued an order concerning supplementing liability reports, ruling:

> "With regard to item 7, the parties haven't agreed, so I am setting the following deadlines: March 1 for submission supplemental reports, without ex ante limitation as to scope, although I will rein in unreasonably broad supplemental reports by either party. Responses to supplemental reports shall be due on March 15."

Doc. # 563 at page 2. Separately, the Court set a damages report deadline of March 20 (formerly March 1) with rebuttal reports due April 15, 2012. *Id*. (see also Court's email of 2/23/12.)

On March 1, 2012, in addition to liability reports, Apple served the following supplemental FRAND reports:

- Louis P. Berneman, ED D, CLP

- Brian W. Napper
- Professor Phillipe Delebeque
- Professor Timothy S. Simcoe

In addition, Apple served the following brand new expert report and declaration:

- Dennis W. Carlton Ph.D.
- Declaration of Justin Huang (Chi Mei)

Apple never served a report from Carlton before March 1. And Justin Huang was never identified in Apple's initial disclosures and appears to be resident in Taiwan, outside the scope of Motorola's ability to take his deposition.

## ARGUMENT

A prompt decision is necessitated by Apple's unannounced service of new FRAND reports at midnight on Thursday, March 1. Given the compressed time frame and that rebuttal reports to the March 1 liability reports are due March 15, Motorola files this motion outside of the Court-ordered schedule for routine motions and respectfully requests that the Court rule upon it in due course this week as it considers the parties' other recently filed motions. Motorola does not intend to start over with new and different rebuttal reports on FRAND issues. However, if Apple is permitted to offer these new expert reports/declarations, then Motorola should be permitted more than two weeks to identify and prepare it own new rebuttal reports and new witnesses. This is precisely the reason Apple should not be permitted to misread abusively the Court's scheduling orders and jeopardize the June trial schedule for this multiphase trial procedure.

This Court specified that limited supplementation to "liability" reports could occur on March 1. Accordingly both sides served technical reports, addressing for instance the Court's

rulings on patent claim construction. However, Apple has improperly served a raft of new reports on FRAND – issues for the trial on equitable defenses, not the liability trial. This Court distinguished the liability trial from equitable defenses in every order concerning the schedule and supplementation.

Apple should not be permitted to take the limited supplementation as an invitation to supplement every FRAND report, and offer completely new ones.

Not only does this contradict the Court's orders, but it was never discussed between the parties. All of the submissions and disputes concern technical reports, not FRAND. The supplemental and new FRAND reports should be stricken. Motorola should not have to respond to new surprise reports in this manner. Apple's conduct serves simply to expand the issues for trial when the parties should be narrowing them.

## CONCLUSION

For the foregoing reasons, Motorola respectfully requests that its motion be granted.

-5-

Dated: March 4, 2012

Respectfully submitted,

MOTOROLA MOBILITY, INC.
By: /s/ *Brian C. Cannon*

Edward J. DeFranco
Raymond Nimrod
Richard W. Erwine
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
raynimrod@quinnemanuel.com
richarderwine@quinnemanuel.com

Charles K. Verhoeven
David A. Perlson
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email:
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com

Brian Cannon
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5001
Email: briancannon@quinnemanuel.com

David A. Nelson
Stephen Swedlow
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
500 West Madison St., Ste. 2450

Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
       stephenswedlow@quinnemanuel.com

*Attorneys for Defendant Motorola Mobility, Inc. and Motorola Solutions, Inc. (f/k/a Motorola, Inc.)*

-7-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record will be served with a true and correct copy of the foregoing by electronic mail, on this the 4th day of March, 2012.

_/s/Brian C. Cannon_