UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
_____

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE INC. (f/k/a NeXT COMPUTER, INC.), | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:11-cv-08540 |
| v. | ) ) ) | Judge Richard A. Posner. |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC., | ) ) ) | |
| *Defendants*. | ) | |

**ORDER OF APRIL 27, 2012**

Motorola has moved for summary judgment of noninfringement of Apple's U.S. Patent No. 7,479,949 ("Touch Screen Device, Method, and Graphical User Interface for Determining Commands By Applying Heuristics"), arguing that its products do not infringe in light of my interpretation of the patent's language in my claims construction order of March 29, 2012. On April 7 I denied Motorola's previous summary judgment motion, permitted the parties to supplement their expert reports with new evidence based on my claims construction, and granted Motorola leave to file a renewed motion for summary judgment based on the supplemented expert reports. I have now received both Motorola's new summary judgment motion and Apple's brief in opposition. I grant Motorola's motion in part.

The motion and response focus on a single limitation (that is, claim provision) of the '949 patent, the "next item" heuristic, which Motorola argues is not practiced by any of the products that Apple alleges infringe. The limitation is in claim 1 of the patent, and the other claims that Apple asserts—claims 2, 9, and 10—depend on claim 1.

The limitation describes "a next item heuristic for determining that the one or more finger contacts [that is, the user's touching the screen of a touch-screen device with his finger] correspond to a command to transition from displaying a respective item in a set of items to displaying a next item in the set of items." I have ruled that claim 1 and its

dependent claims are means-plus-function claims (see 35 U.S.C. § 112, ¶ 6), that the function covered by the next-item heuristic is "determining that the user's finger contacts correspond to a command to transition from displaying one item in a set of items to displaying the next item in the set," and that the structure that performs this function is "a heuristic that uses as one input a user's finger tap on the right side of the device's touch screen."

In less technical terms, the covered function is switching from one item to the next on a touch-screen device such as an iPhone or one of Motorola's smartphones, as when a user flips through photos; the patent covers that function only when the user performs it by tapping his finger on the right side of the screen. I rejected Apple's argument that the patent also covers performing the function with a horizontal finger swipe rather than a finger tap.

Apple accuses Motorola's products of infringing the patent by six applications that can run on Motorola devices: "Gallery," "Music," "Browser" (specifically, the Browser application's bookmark feature), "YouTube," "Google Image Search," and "Kindle Reader."

I conclude that the Gallery, Music, Browser bookmarks, and YouTube applications do not infringe. Each of those applications presents the user with an array of options ("items," in the language of the patent) in graphic form: photographs (in the Gallery application), album covers (the Music application), screenshots of bookmarked websites (Browser bookmarks), and still images from YouTube videos (YouTube). The array (or a portion of it) appears on the screen, and by tapping one of the items the user moves that item to the center of the screen. Apple claims that these applications infringe the next-item limitation because the user can select (bring to the center of the screen) one of the "next items" displayed on the right side of the screen by tapping it with his finger, and if he does so he will have selected a next item by way of a finger tap on the right side of the screen. That is literally true, but Apple's reading of my claims construction is *too* literal. For what the user is actually doing is selecting an option by tapping *the option itself* with his finger, a mode of selection not covered by the limitation. What the next-item limitation covers is the selection of an item by tapping not on the item to be selected but on the right side of the screen. This interpretation is confirmed by the two diagrams from the '949 patent's specification that I relied on in holding that the specification specified enough structure to perform the next-item function. These are Figures 12A and 16A, and in both diagrams one item is displayed on the screen and the user can switch to the next image by tapping on the right side of the screen (gestures 1218 and 1620).

No. 1:11-cv-08540                                                                                      3

The Google Image Search and Kindle Reader applications, by contrast, both appear to include the '949 patent's next-item functionality. A user who performs a Google Image Search using the Browser application can select one of the images brought up by the search, which then fills the device's screen, and then switch to the next image in the sequence by tapping the right side of the screen. Similarly, a user reading an e-book in the Kindle Reader application can turn to the next page by tapping the right side of the screen.

It is true as Motorola points out that the computer code that performs the next-item function during a Google Image Search is not preloaded or stored permanently on the Motorola devices. Instead the instructions for implementing the function "are contained within the JavaScript downloaded from Google when the search is being performed." And it is also true that the fact "that a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001). The operation of a computer (and a modern cell phone is a computer) is "modified" routinely by applications that enable the computer to perform functions that it could not perform without the applications. But Motorola may do more than just make it possible for users to conduct a Google image search by selling them a computer that can be made to perform that function. According to Apple, Motorola's devices come preloaded both with a Google search application and with a Browser search application that uses Google as its default search engine. When a user searches for an image using either application, the Motorola device uses Google Image Search, and that invokes the next-item function.

So the cell phone itself does not infringe, but it invites and enables infringement, and "whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). But liability for inducement requires "knowledge that the induced acts constitute infringement" at the time of the inducement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Apple has pointed to no evidence that Motorola knew (or was reckless in failing to learn) that switching to a next item by means of a finger tap in the Google search engine might be held (in combination with the other limitations of claim 1) to infringe the '949 patent. I therefore grant summary judgment to Motorola with respect to Google Image Search.

Kindle Reader is an application created by Amazon that allows users to read e-books on computers other than Amazon's Kindle devices, including desktops, laptops, touchpads, and smartphones. Motorola is not liable for infringement caused by end users who choose to download Kindle Reader onto their Motorola devices. See *Telemac Cellular Corp. v. Topp Telecom, Inc.*, *supra*, 247 F.3d at 1330. But Apple points out that at least some

No. 1:11-cv-08540                                                                                          4

of Motorola's devices ship at least some of the time with Kindle Reader pre-installed. In those cases, Motorola itself cannot elude a finding of infringement by not being the author of the application, because by installing the application onto its devices it has made and then sold an infringing device. I therefore grant Motorola's motion for summary judgment insofar as it pertains to the Kindle Reader application installed by users, rather than pre-installed by Motorola.

I must also consider Apple's argument that a horizontal finger swipe is "equivalent" to a finger tap—equivalent either under the patent law's means-plus-function provision, 35 U.S.C. § 112, ¶ 6, which requires that means-plus-function claims be interpreted to cover the structure for performing the claimed function that is disclosed in the specification "and equivalents thereof," or under the doctrine of equivalents.

Apple contends that the finger swipe is equivalent to a finger tap because the two gestures are interchangeable: touch screen devices are often programmed so that the two gestures can both perform the same next-item command. That does not make them equivalent. Some consumers prefer one of the methods of flipping to a next item and some prefer the other, and so programmers often provide both and let the user choose. If consumers distinguish between the two, they are not interchangeable; if they were interchangeable, programmers would be content to use one or the other method rather than providing a choice. Equivalence refers to a situation in which, in an effort to avoid liability for infringement without making a substantive change in a patented product, the alleged infringer makes a trivial change that neither lowers a producer's costs or alters the consumer's experience, as in *International Nickel Co. v. Ford Motor Co.*, 166 F. Supp. 551 (S.D.N.Y. 1958). This is not such a case.

Apple's equivalents argument is also inconsistent with my claims construction. In my March 29 order I held that the finger-tap gesture recited in the specification was structure that could perform the next-item function, but I rejected Apple's argument that the finger-swipe gesture was an alternative structure also disclosed by the specification. My reason was that I had already accepted Apple's argument that a finger swipe performed another function in claim 1—the two-dimensional screen translation function—and that single gesture could not perform both functions, since then the device would be unable to determine when a user swiped his finger on the screen what command the user was trying to give the device. That would have been unacceptable because the patented invention codes user gestures as commands to the computer. "[A]n element of an accused product or process is not, as a matter of law, equivalent to a limitation of the claimed invention if such a finding would entirely vitiate the limitation." *Freedman Seating Co. v.*

No. 1:11-cv-08540 5

*American Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005). The limitations in claim 1 are assignments of user gestures to commands—one gesture to one command.

    Apple's final equivalents argument is that "a tap is a zero-length swipe." That's silly. It's like saying that a point is a zero-length line.

                                          United States Circuit Judge

April 27, 2012