UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE INC. (f/k/a NeXT COMPUTER, INC.), | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:11-cv-08540 |
| v. | ) ) ) | Judge Richard A. Posner. |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC., | ) ) ) | |
| *Defendants*. | ) | |

**ORDER OF MAY 1, 2012**

1. Motorola's motion to strike portions of Brian Napper's supplemental expert report is denied. On April 16, I granted Apple's request to supplement its damages expert report to address "information disclosed between the March 20 filing date for [Apple's] damages report and the April 15 date for close of discovery." Napper's royalty estimate is based on the costs of designing around the '263 patent. One measure of the costs of avoiding the '263 technology concerns the cost of integrating non-infringing codecs into various applications. Napper's estimate of this cost has been revised upward in light of Rubin's deposition testimony, which postdates the March 20 submission of Napper's initial expert report, even if the relevant PacketVideo license agreements may have been disclosed earlier. Revision of this estimate doesn't violate my April 16 order. Napper's reference to the Stewart deposition testimony is similarly permissible.

Motorola's request to supplement its own expert damages report to address Rubin's deposition testimony is denied. Motorola made no request to supplement its expert reports in its April 15 opposition to Apple's supplementation request, though it was aware of Rubin's deposition testimony—which Apple had mentioned in its supplementation request—at that time.

No. 1:11-cv-08540 2

2. Motorola's motion to strike Apple's updated summaries of its expert reports is dismissed as moot, as the court-appointed experts' reports are due today and, because of that motion, I have yet to send those experts Apple's revised summaries. Motorola can submit updated summaries of its own if it wants to.

3. Motorola's motion to compel Apple to produce its AT&T and Verizon carrier agreements is granted subject to Apple's requested limitation that it produce the documents on a secure computer following the same procedures applicable to production of sensitive source code.

United States Circuit Judge

May 1, 2012