# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APPLE INC., and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>  Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>MOTOROLA INC. and MOTOROLA MOBILITY, INC.<br><br>  Defendants and Counterclaim Plaintiffs. | Case No. 1:11-CV-08540<br><br>Hon. Richard A. Posner<br><br>**JURY TRIAL DEMANDED** |

### APPLE'S MOTION TO STRIKE "DECLARATION OF TIM A. WILLIAMS, PH.D," EXHIBIT 6 TO MOTOROLA'S RESPONSE TO APPLE'S MOTION TO PRECLUDE TESTIMONY OF CARLA MULHERN

Apple respectfully moves the Court to strike Exhibit 6, "Declaration of Tim A. Williams, Ph.D." ("Williams Declaration"), to Motorola's May 7 response to Apple's motion to preclude testimony from Ms. Mulhern on Motorola's claims for damages [Dkt. No. 844][1] as an untimely and unauthorized supplemental expert report submitted in violation of the Court's scheduling order and without leave of Court.

## I. INTRODUCTION

On May 7, Motorola filed an opposition to Apple's motion to preclude testimony from Ms. Mulhern regarding Motorola's claims for damages, and attached as Exhibit 6 to its opposition a "Declaration of Tim A. Williams, Ph.D." that purports to provide new opinions of Dr. Williams regarding the use by AT&T networks of the purported benefit provided by the '898 patent that are not contained in any of Dr. Williams's four expert reports. Dkt. No. 844-7. The Williams Declaration provides new opinions based on the supplemental report submitted by Apple's expert, document Bates-numbered WI-Apple4403509 to WI-Apple4403573 (produced by AT&T), and also on document Bates-numbered ATT000207 to 602 (produced by AT&T), which was available to Dr. Williams at the time of his supplemental report. Dkt. No. 844-7 ¶¶ 3-4, 6-11.[2]

Apple respectfully submits that the Williams Declaration should be stricken.

---

[1] Motorola's opposition to Apple's motion to preclude and its Exhibit 6 thereto, the Williams Declaration, are Docket Nos. 844 and 844-7 respectively.

[2] Dr. Williams's declaration also responds to Dr. Cimini's April 13, 2012 declaration, which discussed the document Bates-numbered WI-Apple4403509 to WI-Apple4403573. However, in light of the Court's recent rulings regarding expert declarations, Apple hereby withdraws the April 13, 2012 declaration of Dr. Cimini from the record. Essentially the same opinions by Dr. Cimini are contained in his March 22, 2012 Rebuttal Expert Report, which remains in the record.

## II. ARGUMENT

The Williams Declaration is in effect a supplemental expert report that was submitted by Motorola without leave of Court and in violation of the Court's scheduling order. In this manner, it is no different from the Declaration of Mike Wagner that Motorola submitted in support of its *Daubert* motion regarding the damages expert report of Brian Napper, and that this Court struck from the record in its order of May 9, 2012. *See* Dkt. No. 848 ("The Wagner Declaration is in fact an unauthorized and untimely supplemental expert report."). Permitting Motorola to supplement its expert report in this way would initiate the "supplementation death spiral" this Court has sought to avoid. *See id.*

For these reasons, Apple respectfully submits that the Williams Declaration should be stricken in its entirety, and Motorola should be precluded from relying on its contents at trial in the form of testimony of Dr. Williams or otherwise.

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court strike Exhibit 6, "Declaration of Tim A. Williams, Ph.D.," to Motorola's "Response to Apple's Motion to Preclude Testimony of Carla Mulhern Regarding Motorola's Damages" and preclude Motorola from relying on the contents of the Williams Declaration at trial, in the form of testimony of Dr. Williams or otherwise.

Dated: May 11, 2012

Respectfully submitted,

*/s/ Robert D. Fram*
Robert T. Haslam (Ill. ID No. 71134)
rhaslam@cov.com
Anupam Sharma (*pro hac vice*)
asharma@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram (*pro hac vice*)
rfram@cov.com
Christine Saunders Haskett (*pro hac vice*)
chaskett@cov.com
Winslow B. Taub (*pro hac vice*)
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Christopher K. Eppich (*pro hac vice*)
ceppich@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Telephone: (858) 678-1800
Fax: (858) 678-1600

Jill Schmidt (*pro hac vice*)
jill.schmidt@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Brian E. Ferguson (*pro hac vice*)
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser (*pro hac vice*)
elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY 10153
Telephone: (212) 310-8022
Facsimile: (212) 310-8007

Matthew D. Powers (*pro hac vice*)
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky (*pro hac vice*)
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group, LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone: 650-802-6000
Facsimile: 650-802-6001

*Attorneys for Plaintiffs Apple Inc.*
*and NeXT Software, Inc.*

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

    I, Robert D. Fram, an attorney, do hereby certify that I caused a copy of the foregoing to be electronically filed with the Court and served on all parties on May 11, 2012 using the Court's electronic case filing system.

                                                By: */s/ Robert D. Fram*
                                                     Robert D. Fram