IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>       Plaintiffs and<br>       Counterclaim-Defendants,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.<br><br>       Defendants and<br>       Counterclaim-Plaintiffs | Case No. 11-CV-08540<br><br>Judge Richard A. Posner |

**APPLE'S MOTION IN LIMINE NO. 2 CONCERNING MOTOROLA'S INCORRECT ANALYSIS OF THE LAW OF OBVIOUSNESS UNDER 35 U.S.C. § 103 (APPLIES TO APPLE PATENTS TRIAL)**

Apple moves *in limine* to exclude Motorola and/or its experts from misstating the law concerning the obviousness defense under 35 U.S.C. § 103. Specifically, Apple seeks an Order preventing Motorola from arguing or representing to the jury that individual claim limitations (as opposed to the claim as a whole) must be "inventive." As explained herein, that view is directly contrary to the controlling law regarding obviousness. As such, if Motorola is allowed to make such arguments, the jury will be confused throughout the trial, resulting in prejudice to Apple.

## ARGUMENT

35 U.S.C. § 103 states that a patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art are such that ***the subject matter as a whole*** would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." (Emphasis added). Thus, the fact that any one of the elements in a claim may be found in the prior art is of no moment, as inventions are defined by claims as a whole, not their individual elements. *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1565 (Fed. Cir. 1991) ("[t]here is 'no legally recognizable or protected 'essential' element, 'gist' or 'heart' of the invention in a combination patent…. [citation omitted] 'The invention' is defined by the claims on appeal. The instant claims do not recite only a pair of semi-circular lumens, or a conical tip, or a ratio at which the tip tapers, or the shape, size, and placement of the inlets and outlets; they claim a double lumen catheter having a combination of those features"); *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1086 (Fed. Cir. 2008) (the "determination of obviousness is made with respect to the subject matter as a whole, not separate pieces of the claim"); *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358, 1364 (Fed. Cir.

1998) ("[i]n determining obviousness, the invention must be considered as a whole without the benefit of hindsight, and the claims must be considered in their entirety").

In spite of this clear and long-standing precedent, Motorola continues to assert, with respect to Apple's U.S. Patent No. 7,479,949, that individual claim elements must be "inventive." This point was made repeatedly during the deposition of the neutral expert, Dr. Culler:

| **Motorola Counsel's Questioning of Dr. Culler, May 10, 2012 Transcript** |
|---|
| Page 117:16-19: "So the part of this patent *that is inventive* is not identifying the fact that a heuristic for differentiating the two would be desirable, is that correct?" |
| Page 118:5-7: "So what is it, as you understand it, that is the *claimed portion of this element that is inventive*?" |
| Page 120:16-18: "But *it's not inventive* to know that at any point in a finger gesture you could compute an angle as of 2007, correct?" |
| Page 124:12-15: "Is it your opinion that *tapping on the screen to go to the next item was inventive* in 2007, in light of all the other prior art that existed at that time?" |

Exhibit 1 (Culler May 10, 2012 Tr.). These questions, and the idea encompassed in them (that individual claim elements must be "inventive" for a patent to issue) is directly contrary to the law cited above. It is further contrary to the long-standing principle that patent claims almost always are based on a new combination of old elements. Even when all of the elements of a claim may have been previously known, this does not preclude their *combination* being patentable. *Eames v. Godfrey*, 68 U.S. 78, 79-80 (1863) ("None of the parts referred to are new, and none are claimed as new; nor is any portion of the combination less than the whole claimed as new, or stated to produce any given result. The end in view is proposed to be accomplished by the union of all, arranged and combined together in the manner described"); *see also In re Wright*, 848 F.2d 1216, 1219 (Fed. Cir. 1988) ("virtually all inventions are 'combinations',

and . . . every invention is formed of 'old elements'. . . . Only God works from nothing. Man must work with old elements").

Should Motorola persist in misstating the law during the trial, the jury will be confused throughout the trial. Once the idea has "set" in the jury's minds, a corrective jury instruction at the close of trial will be a case of too little, too late. Accordingly, Apple respectfully moves the Court to issue an *in limine* Order preventing Motorola from misrepresenting the law concerning obviousness during the upcoming liability trial.

Dated: May 15, 2012            Respectfully submitted,

           */s/ Brian E. Ferguson*_____
Robert T. Haslam
rhaslam@cov.com
Anupam Sharma
asharma@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram
rfram@cov.com
Christine Saunders Haskett
chaskett@cov.com
Samuel F. Ernst
sernst@cov.com
Winslow B. Taub
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky

4

Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:   650-802-6000
Facsimile: 650-802-6001

Brian E. Ferguson
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser
Elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY   10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Apple Inc. and NeXT Software, Inc*.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2012, at 5:00 p.m. CST, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

  /s/ Brian E. Ferguson  
Brian E. Ferguson