IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>　　　　Plaintiffs and<br>　　　　Counterclaim-Defendants,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.,<br><br>　　　　Defendants and<br>　　　　Counterclaim-Plaintiffs. | Case No. 11-CV-08540<br><br>Judge Richard A. Posner |

### APPLE'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE CERTAIN DOCUMENTS NOT DISCLOSED IN MOTOROLA'S NOTICE OF PRIOR ART
### (APPLIES TO APPLE PATENTS TRIAL)

Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Plaintiffs Apple Inc. and Next Software, Inc. ("Apple") hereby respectfully move *in limine* to exclude from evidence and preclude testimony and argument on certain documents on Motorola's exhibit list that may be used as prior art, but that Motorola did not disclose in its notice of prior art filed with the Court on April 30, 2012 (Dkt. No. 817) pursuant to the Court's February 21, 2012 Order (Dkt. No. 591). Motorola's invalidity arguments should be limited to the documents in its April 30 notice of prior art as Ordered by the Court—putting each party on notice of the prior art at issue is why such narrowed disclosures were required. Anything else would not only violate the Court's Order, but confuse the jury, waste time at trial, and prejudice Apple, all contrary to the Federal Rules.[1]

---

[1] Apple believes that none of the exhibits addressed in this Motion are admissible. While mindful of the Court's May 14, 2012 Order regarding its intention to only rule pre-trial on objections to exhibits to be

Specifically, Apple moves to exclude from evidence and preclude testimony and argument on:

1. Three documents relating to the VCOS prior art reference Motorola asserts against Apple's 263 patent, but that are not in Motorola's notice of prior art and are not relied on by Motorola or its expert in their invalidity contentions (MX-0027, MX-0029, MX-0030);

2. One patent Motorola previously asserted as prior art against Apple's 263 patent, but thereafter dropped and did not include in its notice of prior art (MX-0014);

3. Three documents that Motorola apparently intends to use with respect to the validity of Apple's 949 patent that are not in Motorola's notice of prior art and are not relied on by Motorola or its expert in their invalidity contentions (MX-0083, MX-0084, MX-0086);

4. One patent Motorola previously asserted as prior art against Apple's 647 patent only under Apple's proposed constructions, which the Court rejected, and which Motorola did not include in its notice of prior art (MX-0065);

5. Two voluminous documents relating to the Perspective prior art system Motorola asserts against Apple's 647 patent that are not specifically identified in Motorola's notice of prior art and are not relied on by Motorola or its expert in their invalidity contentions (MX-0062, MX-0069); and

6. Four documents Motorola's expert previously relied on to support his obviousness arguments against Apple's 002 patent, but that Motorola thereafter dropped and did not include in its notice of prior art (MX-0001, MX-0003, MX-0004, MX-0008).

I. **APPLE'S 263 PATENT**

A. **The New VCOS Documents Should Be Excluded**

Motorola contends that a document called "VCOS Software Developer's Kit Version 1.1 (July 1993)" (hereinafter, "VCOS SDK") anticipates asserted claims 1 and 2 of Apple's 263 patent. (*See* Motorola's Notice of Prior Art References for Trial Pursuant to The Court's February 21, 2012 Order, Dkt. No. 817, "Notice of Prior Art," at 1.) The VCOS SDK document relates to a computer system the parties refer to as VCOS. Motorola does not contend that any

---

included in the jury binders, given today's deadline for filing motions *in limine*, Apple files this Motion to preserve its rights in light of the Court's April 15, 2012 Order (Dkt. No. 769) that exhibits not objected to *in limine* may not be objected to at trial.

other document relating to VCOS invalidates the asserted claims of the 263 patent—only the one specific VCOS SDK document disclosed in its notice of prior art. (*See id.*) Motorola's expert Dr. Clark admitted at his deposition that the VCOS SDK is the only document related to VCOS that he relies on for his invalidity opinions. (Exh. A, Clark 4/23/12 Dep. at 51:8-14: "**Q.** And in terms of the bases for your opinions on anticipation and obviousness in your expert report, you haven't cited to any other documents that discuss VCOS beyond this software developer's kit, Exhibit 7, correct? **A.** That's correct.".)[2]

Nevertheless, Motorola now attempts to introduce (as trial exhibits) three additional documents relating to VCOS: a 74-page presentation relating to the VCOS system (MX-0027), a product note relating to the VCOS system (MX-0029), and a 152-page overview document describing the VCOS system (MX-0030). Motorola did not disclose any of these three documents in its notice of prior art filed pursuant to Court Order, and Motorola's expert Dr. Clark did not rely on or cite to any of these three documents in forming his invalidity opinions. The Court should therefore exclude these three documents because Motorola's attempt to include them violates the Court's February 21, 2012 Order.

Apple can only guess as to Motorola's intentions in including these three documents on its exhibit list. It is possible Motorola intends to use the documents to plug holes in its invalidity case, or to provide background on the VCOS computer system itself. In any event, the three new VCOS documents, and the content therein, have no bearing on the validity of the 263 patent, because Motorola did not disclose them in its notice of prior art and Dr. Clark never relied on them in reaching his invalidity opinions. Therefore the Court should also exclude these documents because they are irrelevant under Federal Rule of Evidence 402.

---

[2] *See also* Second Supplemental Expert Report of Douglas W. Clark Regarding the Validity of U.S. Patent No. 6,343,263, at ¶ 99 (excerpt attached as Exh. B).

Even if relevant, the documents should be excluded under Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Fed. R. Evid. 403.) Here, the three documents at issue have no probative value—they cannot be used to invalidate the 263 patent because Motorola did not include them in its Notice of Prior Art and Dr. Clark did not rely on them. In addition, the three new documents would needlessly confuse and potentially mislead the jury as to which VCOS document Motorola actually asserts as its VCOS prior art. Further, any testimony on the three documents would cause undue delay and waste time, again because none of the three has any bearing on validity. Finally, allowing these three new documents into evidence would unduly prejudice Apple—Motorola never put Apple on notice that Motorola may somehow rely on three new VCOS documents in its invalidity case.[3]

For the foregoing reasons, Apple respectfully requests that the Court exclude Motorola exhibits MX-0027, MX-0029, and MX-0030 from trial, preclude Motorola from presenting any arguments relating to those three documents, and preclude Motorola from eliciting testimony relating to those three documents.

B.  **The Anderson Reference Should Be Excluded**

Motorola and its expert initially asserted that U.S. Pat. No. 5,384,890 ("Anderson reference") anticipated claims 1 and 2 of Apple's 263 patent. However, Motorola then dropped

---

[3] Apple also objects to MX-0027, MX-0029, and MX-0030 under FRE 802 as improper hearsay to the extent Motorola is attempting to prove the truth of anything asserted therein. (*See* Apple's Motion in Limine No. 9 for more detail.) Apple additionally objects under FRE 901 because no witness has testified as to these documents and Motorola has not proffered any other evidence that the documents are what they appear to be. (*See id.*) Apple objects for lack of foundation for the same reasons. Finally, Apple objects to these three documents under FRE 602 to the extent Motorola attempts to introduce the documents through a witness with no personal knowledge of the documents.

4

the Anderson reference from its invalidity contentions—Motorola did not disclose the Anderson reference in its notice of prior art filed with the Court.  (*See* Motorola's Notice of Prior Art at 1.) Nevertheless, Motorola included the Anderson reference on its trial exhibit list (MX-0014).  The Court should exclude the Anderson reference from trial because Motorola's attempt to include it violates the Court's February 21, 2012 Order.

The Court should also exclude the Anderson reference because it became irrelevant under FRE 402 when Motorola dropped it from its invalidity contentions.  And even if found relevant, the Anderson reference should be excluded under FRE 403.  The Anderson reference has no probative value—it cannot be used to invalidate the 263 patent because Motorola failed to include it in its Notice of Prior Art.  In addition, the Anderson reference would needlessly confuse and potentially mislead the jury as to which documents Motorola actually asserts as prior art.  Further, any testimony on the Anderson reference would cause undue delay and waste time, again because it has no bearing on validity.  Finally, allowing the Anderson reference into evidence would unduly prejudice Apple—when Motorola dropped this prior art reference, Apple proceeded to prepare for trial under the assumption that Motorola would no longer use the Anderson reference in its invalidity case.

For the foregoing reasons, Apple respectfully requests that the Court exclude Motorola exhibit MX-0014 from trial, preclude Motorola from presenting any arguments relating to that document, and preclude Motorola from eliciting testimony relating to that document.

## II.     APPLE'S 949 PATENT

The Court should also exclude three documents listed on Motorola's exhibit list relating to Apple's 949 patent that Motorola did not disclose in its notice of prior art filed with the Court, and that Motorola and its expert Mr. Dezmelyk have not cited in their invalidity claim charts.

Those documents are (1) Portfolio Wall, PDAs and the Society of Devices.mp4, MOTO-APPLE-0007162828 (MX-0083), PortfolioWall by AliasWavefront (now AutodeskAlias) #1.mp4, MOTO-APPLE-0007162829 (MX-0084), and Buxton - A Personal Perspective on the History, MOTO-APPLE-0007162848 (MX0086).

It is unclear to Apple exactly how Motorola intends to use these three documents, but it is clear that they were not included in Motorola's April 30 notice of prior art. The Court should therefore exclude these documents because Motorola's attempt to include them violates the Court's February 21, 2012 Order.

The Court should also exclude the documents as irrelevant under Federal Rule of Evidence 402—they have no bearing on the validity of the 949 patent because they were not included in Motorola's Notice of Prior Art, and Motorola's expert did not cite to them in his invalidity claim charts. Even if relevant, the documents should be excluded under Federal Rule of Evidence 403. The three documents at issue have no probative value because, as discussed, they cannot be used to invalidate the 949 patent. In addition, the three new documents would confuse and potentially mislead the jury as to which references Motorola asserts are invalidating. Also, two of the documents, MX-0083 and MX-0084, are videos, and Motorola likely wants to show them to the jury because they are in video format and may be more compelling to a jury than paper documents such as patents. But these particular video demonstrations have no probative value on the issue of validity, for the reasons stated above, and therefore permitting Motorola to use them with the jury will be prejudicial to Apple. Further, any testimony on the three documents would cause undue delay and waste time at trial, again because none of the three can have any bearing on validity.

For the foregoing reasons, Apple respectfully requests that the Court exclude Motorola exhibits MX-0083, MX-0084, and MX-0086 from trial, preclude Motorola from presenting any arguments relating to those three documents, and preclude Motorola from eliciting testimony relating to those three documents.[4]

### III.    APPLE'S 647 PATENT

#### A.    The Gomez Reference Should Be Excluded

Motorola and its expert previously asserted that U.S. Pat. No. 5,359,317 ("Gomez reference") invalidated asserted claims 1 and 8 of Apple's 647 patent under Apple's claim construction of the term "analyzer server," but not under Motorola's claim construction. The Court, however, adopted Motorola's claim construction. Motorola's expert Dr. Clark never offered a Gomez invalidity opinion under the Court's construction for "analyzer server," and confirmed at his deposition that he would not offer any opinions regarding the Gomez reference at trial. (Exh. C, Clark 4/20/12 Dep. at 70:21-71:2: "**Q.** It is correct, isn't it, that you have not provided an opinion that the Gomez patent discloses each and every limitation of claims 1 and 8 under the Court's two constructions? **A.** That is correct."; 73:21-74:8: "**Q.** Given that you have not provided opinions that Mosaic, Lynx, Gomez and the Sidekick handbook invalidate claims 1 and 8 of the 647 patent under the Court's constructions, it is true, isn't it, that you will not be offering testimony about them at trial? … **A.** I don't -- I believe that's the case.") Given that its expert thus never opined that Gomez anticipates each and every limitation of the 647 patent, Motorola did not disclose the Gomez reference in its notice of prior art filed with the Court. (*See*

---

[4] Also as to the 949 patent, Apple objects to Motorola exhibit MX00073, a translation of Japanese Patent Application Disclosure No. 2000-163031, as being an unofficial translation. For example, in the translation, MX00073, there are annotations included to numerous Figures, such as Figures 3, 5, 7, 8, 9, 14, and 15, that are absent in the Japanese version of this application. Accordingly, Apple objects to this exhibit and requests that Motorola provide a certified translation if it intends to rely upon this application as prior art.

Motorola's Notice of Prior Art at 1.)

Nevertheless, Motorola seeks to resurrect the Gomez reference by including it on its trial exhibit list as MX-0065. The Court should exclude the Gomez reference from trial because Motorola's attempt to include it violates the Court's February 21, 2012 Order.

The Court should also exclude the Gomez reference under FRE 401/402—it is now irrelevant because Motorola has not disclosed expert opinion that Gomez invalidates under the Court's constructions, and therefore cannot prove at trial by clear and convincing evidence that Gomez invalidates the asserted claims. And even if found relevant, the Gomez reference should be excluded under FRE 403. The Gomez reference has no probative value—it cannot be used to invalidate the 647 patent because Motorola did not include it in its Notice of Prior Art, and Motorola's expert has not offered any Gomez opinion under the Court's constructions. The Gomez reference would needlessly confuse and potentially mislead the jury as to which documents Motorola actually asserts as prior art. The Gomez reference is a patent, and the Court has expressed its belief that the jury is unable to review patents. Further, any testimony on the Gomez reference would cause undue delay and waste time, again because it has no bearing on validity for the reasons stated above. Finally, allowing the Gomez reference into evidence would unduly prejudice Apple—Motorola has never disclosed an opinion or any other evidence that Gomez invalidates each and every element of the asserted claims, and Apple has been conducting its case since Dr. Clark's original report in September 2011 under that assumption.

For the foregoing reasons, Apple respectfully requests that the Court exclude Motorola exhibit MX-0065 from trial, preclude Motorola from presenting any arguments relating to that document, and preclude Motorola from eliciting testimony relating to that document.

### B. The New Perspective Materials Should Be Excluded

Motorola contends that the Perspective computer system (specifically, certain source code, three documents describing its features, and two physical devices running the Perspective application) anticipates asserted claims 1 and 8 of Apple's 647 patent. (*See* Motorola's Notice of Prior Art at 1.) Motorola did not specifically identify any other documents or materials relating to Perspective in its notice of prior art filed with the Court. (*See id.*) Nonetheless, Motorola then identified 20 additional documents on its Direct Exhibit List that also relate to the Perspective system. Apple is, however, raising its objections with only two of those exhibits here: MX-0062 and MX-0069.

MX-0062 is identified as a document titled "Getting Started With Your EO Personal Communicator," although Motorola served Apple a copy of a document titled "The World of Messaging," the same document that is MX-0069 (discussed below). The Getting Started by EO Corporation is an 88-page third-party publication regarding the EO Personal Communicator that could run the Perspective application. MX-0069 is a similar 80-page third-party publication titled "The World of Messaging" by EO Corporation. Neither Motorola nor Dr. Clark has ever relied upon either document in their invalidity contentions. Motorola has disclosed two Perspective fact witnesses for trial, Diana Cohen and Michael Schaffer, but neither is an author, and neither has any knowledge of these documents. In fact, in reference to Getting Started, Ms. Cohen testified: "**Q.** When was the last time you reviewed "Getting Started," Exhibit 6? **A.** I actually don't know if I've ever seen it, you know, looked through it. I know that it existed. I've seen a copy of this cover at some point. It must be -- we have an EO, and I don't know if this "Getting Started" was with it or not. I don't remember." (Exh. D, Cohen Dep. at 150:15-21.) Similarly, about the World of Messaging, Ms. Cohen stated: "I don't know if I've seen this one

either. It doesn't look necessarily familiar. I don't know." (*Id.* at 154:16-25.) Mr. Schaffer testified that he does not remember a publication called "The World of Messaging, An Introduction to Personal Communicators," and he did not author any user documentation during his brief employment at the EO Corporation. (Exh. E, Schaffer Dep. at 42:3-6; 41:14-18.)

Those two documents were not in Motorola's notice of prior art. Moreover, neither Motorola nor its expert Dr. Clark ever relied on or cited to either of the documents in their invalidity contentions. The Court should exclude both documents because Motorola's attempt to introduce them as exhibits violates the Court's February 21, 2012 Order.

The Court should also exclude both documents pursuant to FRE 401/402 and 403. Motorola appears to intend to use them as prior art to fill gaps in its case regarding the Perspective system, but they were never identified as relevant, and were not listed in Motorola's notice of prior art, invalidity contentions, or expert reports. No Motorola witness that will testify about Perspective has authored or reviewed the documents.

And even if relevant, the documents should be excluded under FRE 403. The documents have no probative value—they cannot be used to invalidate the 647 patent because Motorola failed to include them in its Notice of Prior Art, and Dr. Clark never relied on them in forming his invalidity opinions. In addition, Motorola's three other Perspective-related exhibits total nearly 1200 pages. Giving the jury voluminous additional documents that no witness can testify about would needlessly confuse the jury. Further, any testimony on the new documents would cause undue delay and waste time, again because none have any bearing on validity for the reasons discussed above. Finally, allowing these new documents into evidence would unduly prejudice Apple—Motorola never put Apple on notice that Motorola may somehow rely on these new Perspective materials in its invalidity case.

For the foregoing reasons, Apple respectfully requests that the Court exclude Motorola exhibits MX-0062 and MX-0069 from trial, preclude Motorola from presenting any arguments relating to those documents, and preclude Motorola from eliciting testimony relating to those documents.

### IV. APPLE'S 002 PATENT

The Court should also exclude four documents Motorola's expert previously relied on to support his obviousness arguments against Apple's 002 patent, but that Motorola thereafter dropped and did not include in its notice of prior art. Those documents are MX-0001, MX-0003, MX-0004, and MX-0008. Motorola improperly attempts to include those documents as trial exhibits in violation of the Court's February 21, 2012 Order.

Therefore Apple respectfully requests that the Court exclude Motorola exhibits MX-0001, MX-0003, MX-0004, and MX-0008 from trial, preclude Motorola from presenting any arguments relating to those documents, and preclude Motorola from eliciting testimony relating to those documents.

Dated: May 15, 2012

Respectfully submitted,

 */s/ Brian E. Ferguson*
Robert T. Haslam rhaslam@cov.com
Anupam Sharma
asharma@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram
rfram@cov.com
Christine Saunders Haskett

chaskett@cov.com
Samuel F. Ernst
sernst@cov.com
Winslow B. Taub
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:  650-802-6010
Facsimile: 650-802-6001

Brian E. Ferguson
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser
Elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 15, 2012, at 5:00 p.m. CST, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

                                            */s/ Brian E. Ferguson*
                                            Brian E. Ferguson