IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>    Plaintiffs and<br>    Counterclaim-Defendants,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.,<br><br>    Defendants and<br>    Counterclaim-Plaintiffs. | Case No. 11-CV-08540<br><br>Judge Richard A. Posner |

**APPLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE CERTAIN DECLARATIONS AS HEARSAY OR IMPROPER EXPERT TESTIMONY (APPLIES TO APPLE PATENTS TRIAL)**

Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Plaintiffs Apple Inc. and Next Software, Inc. ("Apple") hereby respectfully move *in limine* to exclude from evidence and preclude testimony and argument on certain declarations on Motorola's exhibit list. In particular, two of the declarations Motorola identifies on its trial exhibit list are inadmissible hearsay, and the third declaration constitutes expert testimony from a witness that Motorola has neither identified as an expert, nor whom has provided an expert report in this action.

Specifically, Apple moves to exclude from evidence and preclude testimony and argument on:

1. MX-0034 / MX-0058, Declaration of Diana Bury Cohen (WI-Apple0474103)

2. MX-0035, Declaration of Dr. Robert Ellett (WI-Apple0474109)

I.   APPLE'S '647 PATENT

   A.   The Declaration of Diana Bury Cohen (MX-0034/58) Should Be Excluded

Apple objects to Motorola exhibit MX-0034, a declaration of non-party Diana Bury Cohen from ITC Inv. No. 337-TA-710, as inadmissible hearsay under Fed. R. Evid. 802. Ms. Cohen was deposed in this case because Motorola listed Ms. Cohen on its witness list as a live witness. Furthermore, the parties have stipulated that testimony from the 710 Investigation cannot be relied upon by a party unless that party agrees to forego deposition of that witness in the present matter, but Apple deposed Ms. Cohen in this matter. Ex. A, E-mail from Jill Schmidt to Amanda Williamson, dated August 31, 2011. Motorola therefore cannot introduce as evidence Ms. Cohen's testimony from a prior case. At most, Motorola can use such testimony for impeachment on cross examination. The Court should therefore exclude MX-0034 from being introduced as trial evidence.

Motorola's Proposed Exhibit MX-0058 is duplicative of MX-0034 (spanning an identical bates range in the production), and should therefore be excluded for the reasons outlined above.

   B.   The Declaration of Dr. Robert Ellett (MX-0035) Should Be Excluded

Motorola's expert, Dr. Robert Ellett, submitted no expert reports in this action, was not identified by Motorola as an expert witness, and Apple has not had an opportunity to depose him.[1]

Nevertheless, Dr. Ellett's Direct Witness Statement (MX-0035) consists entirely of Dr. Ellett utilizing specialized library and information science databases and techniques, along with his twenty years of consulting experience in the field of library and information sciences (MX-0035, ¶2) to render opinions regarding the dates of public availability of various references.

---

[1] *See* Motorola Witness List of Mar. 30, 2012; Motorola Revised Witness List of April 13, 2012; Motorola Second Revised Witness List of April 27, 2012; Motorola's Initial Submission for the Court's Pretrial Order Regarding Apple's Patents of May 4, 2012.

Local Patent Rule ("LPR") 5.1 addresses expert reports and requires that, unless the Court directs otherwise, "within twenty-one (21) days after the close of discovery after the claim construction ruling, each party shall make its initial expert witness disclosures," and further that "within thirty-five (35) days after the date for initial expert reports, each party shall make its rebuttal expert witness disclosures." LPR 5.1. The procedural schedule set the close of expert discovery on April 23, 2012. Order of Jan. 31, 2012, Dkt. No. 563. However, Motorola has in fact never identified Dr. Ellett as an expert witness. Nor has Dr. Ellett submitted any expert reports in this action, either prior to the close of expert discovery, or to date. Regardless, Motorola has identified a declaration from Dr. Ellett from a prior investigation before the International Trade Commission as a potential trial exhibit.[2] This declaration consists entirely of previously undisclosed expert opinion regarding the dates upon which certain publications were available to the public.

This is not the first time that Motorola has failed to timely disclose and provide expert discovery regarding Dr. Ellett's opinions. In Investigation No. 337-TA-753 ("the 753 Investigation"), Motorola and other respondents attempted to rely upon Dr. Ellett's opinions to establish the public availability of prior art publications, just as Motorola does in this action. There, the respondents acknowledged—belatedly—that Dr. Ellett's opinions required an expert disclosure and moved to add Dr. Ellett to their expert witness identification one month after the cutoff for identification of experts established in the procedural schedule. *Certain Semiconductor Chips and Products Containing Same*, Inv. No. 337-TA-753, Order No. 48 at 2 (Aug. 24, 2011) (Essex, ALJ). The ALJ denied the motion, finding that the respondents lacked good cause for their month-long delay and provided "absolutely no explanation why they could not have identified Dr. Ellett" before the established deadline. *Id.* Again, in Investigation No.

---

[2] Investigation No. 337-TA-710 before the International Trade Commission, involving Apple and HTC.

337-TA-750, instead of similarly acknowledging that Dr. Ellett is an expert witness whom they failed to identify during expert discovery, Motorola took the untenable position that Dr. Ellett is merely a third-party lay witness. *Certain Mobile Devices and Related Software*, Inv. No. 337-TA-750, Motorola's Opposition to Apple Inc.'s Motion *In Limine* No. 6 to Exclude the Testimony of Witnesses Who Were Not Offered For Deposition or, In the Alternative, Motion to Compel Depositions at 2 (Sept. 14, 2011) (Essex, ALJ). This was contrary to Motorola's position and the ALJ's ruling in the '753 Investigation. Motorola eventually withdrew the Witness Statement of Dr. Robert Ellett, after Apple stipulated not to dispute the prior art status of exhibits that were *properly* admitted through the testimony of Motorola's experts. *Certain Mobile Devices and Related Software,* Inv. No. 337-TA-750, Joint Stipulation Regarding the Withdrawal of Pending Motions at ¶ 8 (Sept. 14, 2011), (Essex, ALJ).

Federal Rule of Civil Procedure 26(a)(2)(B) states, in relevant part, that "[t]he [expert] report shall contain a complete statement of all opinions to be expressed . . . ." FED. R. CIV. P. 26(a)(2)(B) (2011). Failure to comply with Rule 26 precludes a party from using at trial expert testimony that was not timely or fully disclosed. Fed.R.Civ.P. 37(c)(1). The sanction of exclusion is mandatory and automatic unless the party can show its Rule 26(a) violation was either justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). As such, experts should be precluded from providing testimony at trial based on theories or prior art references that are not present in their report. *Advanced Med. Optics, Inc. v. Alcon, Inc.*, 2005 WL 782809, at *4 (D. Del. Apr. 7, 2005) (precluding an expert from offering an opinion on infringement at trial because the theory was not disclosed in his expert report). Indeed, several courts have found that experts may only testify at trial regarding opinions that are contained in their expert reports. *See Mosaid Techs., Inc., v. Samsung Electronics Co.*, 362 F. Supp. 2d 526,

543-44 (D.N.J. 2005) (the district court found that the plaintiffs "cannot elicit the expert's bases for asserting equivalency when those bases have not been expressly set forth in their expert reports."); *see also Sud-Chemie, Inc. v. CSP Techs., Inc.*, 2006 WL 2246404, *26 (S.D. Ind. Aug. 4, 2006) (granting the patentee's motion to strike the trial testimony of the opposing expert on an issue not addressed in his expert report).

In the instant case, Dr. Ellett's declaration draws on his knowledge of library and information science, gained through education, training, and experience, to interpret data pulled from highly specialized cataloging databases. At no point does Dr. Ellett claim to have personal knowledge of the prior existence of the references in question or the manner in which they were or were not made available to the public. Because Motorola failed to disclose Dr. Ellett as an expert witness and Dr. Ellett has not submitted any expert reports, Apple has had no opportunity to depose Dr. Ellett regarding his opinions or provide expert rebuttal. To admit Dr. Ellett's opinions would facilitate precisely the guesswork the Local and Federal Rules seek to eliminate. Accordingly, Dr. Ellett's declaration should be stricken.[3]

\* \* \*

---

[3] Motorola should not be heard to argue that Dr. Ellett's declaration is merely offering factual testimony. Federal Rule of Evidence 602 states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The purpose of this rule "is to assure reliability." *United States ex. rel. El-Amin v. George Washington University*, 533 F.Supp.2d 12, 25 (D.D.C. 2008) (citing *United States v. Lemire*, 720 F.2d 1327, 1347 (D.C. Cir. 1983)). Similarly, Federal Rule of Evidence 701 limits opinion testimony by lay witnesses to those that are "rationally based on the perception of the witness," which is "the familiar requirement of **firsthand knowledge or observation**." Fed. R. Evid. 701 advisory committee note (emphasis added). FRE 701 also excludes opinion testimony from a lay witness that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id*. Here, Dr. Ellett has no "firsthand knowledge" of the facts alleged in his witness statement, and the subject matter of his declaration, in its entirety, is based on "scientific, technical, or other specialized knowledge."

Therefore Apple respectfully requests that the Court exclude Motorola exhibits MX-0034, MX-0035, and MX-0059 from trial, preclude Motorola from presenting any arguments relating to those documents, and preclude Motorola from eliciting testimony relating to those documents or Dr. Ellett's opinions contained therein.

Dated: May 15, 2012

Respectfully submitted,

 /s/ Brian E. Ferguson
Robert T. Haslam rhaslam@cov.com
Anupam Sharma
asharma@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram
rfram@cov.com
Christine Saunders Haskett
chaskett@cov.com
Samuel F. Ernst
sernst@cov.com
Winslow B. Taub
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone: 650-802-6010
Facsimile: 650-802-6001

Brian E. Ferguson
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser
Elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2012, at 5:00 p.m. CST, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

                                          */s/ Brian E. Ferguson*
                                          Brian E. Ferguson