IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>        Plaintiffs and<br>        Counterclaim-Defendants,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.,<br><br>        Defendants and<br>        Counterclaim-Plaintiffs. | Case No. 11-CV-08540<br><br>Judge Richard A. Posner |

**APPLE'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THIRD-PARTY APPLICATIONS NOT PREINSTALLED ON THE ACCUSED PRODUCTS (APPLIES TO APPLE PATENTS TRIAL)**

Plaintiffs Apple Inc. and NeXT Software, Inc. ("Apple") move for an order *in limine* to preclude Defendants Motorola, Inc. and Motorola Mobility, Inc. ("Motorola") from the presentation of evidence or argument at trial relating to noninfringement positions that are inconsistent with the Court's April 13, 2012 Order.

Over the course of this case, Motorola has advanced the argument that it does not infringe the asserted claims of U.S. Patent No. 6,493,002 (the "'002 patent") because its Accused Products contain code that allows programmers to write third-party after-market applications that display windows that could obscure the Notification Window. Because this argument has already been rejected by the Court and would, therefore, be inconsistent with this Court's prior ruling if raised again, Motorola should be precluded from making it to the jury.

**I. BACKGROUND**

On April 2, 2012, Motorola moved for summary judgment of noninfringement of the '002 patent. (Dkt. No. 708) In its motion, Motorola argued that it did not infringe the '002 patent because its Accused Products contain code that enable programmers to write third-party after-market applications that display windows that could obscure the Notification Window, and that at least one third-party programmer – the third-party creator of the Smart Taskbar – has done so. (*Id.*) In an order dated April 13, 2012, the Court denied Motorola's motion for judgment, finding that the "infringing mode in this case is the default feature (the "un-blockable" feature), and the fact that it is optional – a programmer can turn it off – doesn't preclude infringement." (Dkt. No. 767)

**II. ARGUMENT**

Patent infringement is governed by 35 U.S.C. § 271, which provides that anyone who "without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefore, infringes the patent." 35 U.S.C. § 271(a). "Infringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention. … Thus, liability for infringement requires a party to make, use, sell, or offer to sell the patented invention, meaning the entire patented invention." *BMC Res., Inc. v. Paymentech, L.P.,* 498 F.3d 1373, 1380 (Fed. Cir. 2007). A patent is directly infringed if any of the infringing acts (making, using, selling, offering to sell or importing) is committed during the term of the patent and within the United States without the authority of the patentee. *Id.*

It is Apple's position that Motorola infringes the '002 patent because the Accused Products as sold by Motorola implement the Notification Window, and when used "out of the

box," the Notification Window is not obscured by any application programming windows. As explained above, Motorola has previously argued that it does not infringe the '002 patent because the operating system of its Accused Products enables a third-party programmer to write after-market applications that display windows that obscure the Notification Window. Similarly, Dr. Richard Cooper, Motorola's expert concerning the '002 patent, developed a third-party after-market application that he alleges shows different application programming windows obscuring the Notification Window in the Accused Products. The Court has explicitly rejected this argument.

In its April 13, 2012 order denying Motorola's motion for summary judgment, this Court noted:

> That a device can operate in a noninfringing mode doesn't save it from infringement if it can also operate in an infringing mode. The infringing mode in this case is the default feature (the "un-blockable" feature), and the fact that it is optional – a programmer can turn it off – doesn't preclude infringement. Suppose a car is made and sold with antilock brakes but include a switch on the dashboard that enables the driver to switch off the antilock function. The inclusion of the switch doesn't refute a charge of infringement of a patent on the brakes that don't lock up the vehicle's wheels when the brakes are applied.

(Dkt. No. 767 at 2) (citations omitted)

In other words, however the Accused Products are subsequently altered or used is irrelevant to whether Motorola infringes the '002 patent. Thus, the functionality or capability of any third party's after-market application running on Motorola's Accused Products in an allegedly noninfringing manner does not preclude a finding of infringement since infringement is determined when the Accused Products are made, used, sold, offered for sale, or imported by Motorola.

Because the "default feature" of the Motorola Accused Products does not include these third-party after-market applications, any testimony or argument Motorola could elicit during trial that relates to any third-party after-market applications that are not installed prior to sale and/or importation by Motorola would be inconsistent with this Court's April 13, 2012 ruling. More specifically, since the test application developed by Dr. Cooper is not a "default feature" of the Motorola Accused Products, any testimony or argument that relates to this application would be inconsistent with this Court's ruling. Because it would also be confusing to the jury and prejudicial to Apple for Motorola to make such arguments, this Court should issue an order precluding Motorola from doing so.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that its motion be granted and that Motorola be precluded from introducing evidence or argument directed to the functionality or capability of any third-party after-market applications not preinstalled on the Accused Products.

Dated: May 15, 2012

Respectfully submitted,

*/s/ Brian E. Ferguson*_____

Robert T. Haslam
rhaslam@cov.com
Anupam Sharma
asharma@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram
rfram@cov.com
Christine Saunders Haskett
chaskett@cov.com
Samuel F. Ernst
sernst@cov.com
Winslow B. Taub
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  650-802-6000
Facsimile: 650-802-6001

Brian E. Ferguson
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser
Elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Apple Inc. and NeXT Software, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2012, at 5:00 p.m. CST, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

    /s/ Brian E. Ferguson