**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>    Plaintiffs and<br>    Counterclaim-Defendants,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.<br><br>    Defendants and<br>    Counterclaim-Plaintiffs | Case No. 11-CV-08540<br><br>Judge Richard A. Posner |

**APPLE'S MOTION IN LIMINE NO. 11 TO PRECLUDE MOTOROLA FROM
REFERRING TO IRRELEVANT MATTERS DURING TRIAL
(APPLIES TO APPLE PATENTS TRIAL)**

Apple moves *in limine* to exclude Motorola from referring to irrelevant and prejudicial matters during the liability trials. Pursuant to Fed. R. Evid. 402, "irrelevant evidence is not admissible." Moreover, prejudice may result not only from the introduction of irrelevant evidence, but by efforts to inflame the jury via reference to matters that have no bearing on the ultimate issues to be tried. *See Mutual Life Ins. Co. v. City Nat'l Bank & Trust Co.*, 86 F.2d 660, 663 (7th Cir. 1936) ("Courts are only interested that verdicts of juries shall speak the truth and any conduct on the part of counsel calculated to prejudice and inflame the human mind to the point of believing that some one is being abused or mistreated or unfairly dealt with is not conducive to such result").

Here, there is the potential that irrelevant and/or prejudicial matters will be raised by Motorola during the liability trials. In order to avoid having to disrupt the conduct of the trial with on-the-spot objections, Apple respectfully requests an advance ruling from the Court prohibiting Motorola from referring to or otherwise presenting to the jury the following matters:

**A.** **The Number of Patents/Claims Previously At Issue**: As the Court knows, the number of patents and claims that Apple is asserting at trial has been reduced via the Court's summary judgment rulings and Apple's response to the Court's winnowing request. There is the potential for prejudice to Apple should the jury hear of this, as the jury may infer that there is weakness in Apple's case concerning the currently asserted patents/claims. Apple thus requests an order from the Court that Motorola may not make any reference to the patents/claims that Apple previously asserted in this case.

**B.** **Related Litigation Concerning Apple's '002 Patent**: Apple asserted the '002 patent against Samsung in the Northern District of California (Case No. 11-cv-01846-LHK). In that case, similar to the Court's request in this case for winnowing, Judge Koh requested that

both parties narrow the number of patents/claims to be asserted at the trial. To comply with the Court's directive, Apple agreed to dismiss the '002 patent without prejudice. Apple asks that the Court here prevent Motorola from informing the jury of Apple's decision to withdraw the '002 patent in the Samsung case, as the jury may infer that Apple's case as to the '002 patent here against Motorola is somehow impacted by its unrelated decision concerning the '002 patent in the Samsung case.

        C.        **The Steve Jobs Book**: Apple's co-founder and former CEO Steve Jobs is an iconic figure in America, and the publication of his biography[1] shortly after his death was the focus of intense media scrutiny. Mr. Jobs discussed many subjects with his biographer that are contained in the book, including his belief that Google used Apple's intellectual property to develop the Android mobile operating system. The biographer, using somewhat colorful language, notes that Mr. Jobs was very angry over this. To avoid any potential prejudice to Apple if Motorola attempts to use the book to appeal to the jury's passion, Apple asks that the Court prevent any reference to the Jobs book during the trial.

        D.        **Apple's Tax Positions and its Overseas Manufacturing Conditions**: There have been numerous press reports recently concerning Apple's tax payments to the U.S. Government, and the working conditions in its overseas third-party manufacturing facilities. Again, Motorola may attempt to refer to these issues in an effort to bias the jury against Apple. But these matters bear no relevance to any of issues the juries need to consider, and accordingly Apple asks the Court to issue an order preventing Motorola from making any reference to Apple's tax situation or its overseas manufacturing.

---

[1] W. Isaacson, *Steve Jobs* (Simon & Schuster Oct. 24, 2011).

  **E.** **The Potential Harm to The Local Community**: Finally, as the Court knows Motorola is based in Schaumberg, IL. Motorola should not be allowed to prejudice the jury by arguing that a verdict in Apple's favor during either of the liability trials could cause harm to the local community by, for example, causing the loss of local jobs.

Dated: May 15, 2012        Respectfully submitted,

              */s/ Brian E. Ferguson*_____
              Robert T. Haslam
              rhaslam@cov.com
              Anupam Sharma
              asharma@cov.com
              COVINGTON & BURLING LLP
              333 Twin Dolphin Drive, Suite 700
              Redwood Shores, CA 94065-1418
              Telephone: (650) 632-4700
              Facsimile: (650) 632-4800

              Robert D. Fram
              rfram@cov.com
              Christine Saunders Haskett
              chaskett@cov.com
              Samuel F. Ernst
              sernst@cov.com
              Winslow B. Taub
              wtaub@cov.com
              COVINGTON & BURLING LLP
              One Front Street
              San Francisco, CA 94111-5356
              Telephone: (415) 591-6000
              Facsimile: (415) 591-6091

              Matthew D. Powers
              Matthew.Powers@tensegritylawgroup.com
              Steven Cherensky
              Steven.Cherensky@tensegritylawgroup.com
              Tensegrity Law Group LLP
              555 Twin Dolphin Drive, Suite 360
              Redwood Shores, CA 94065

Telephone: 650-802-6000
Facsimile: 650-802-6001

Brian E. Ferguson
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser
Elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Apple Inc. and NeXT Software, Inc*.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2012, at 5:00 p.m. CST, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

    */s/ Brian E. Ferguson*
    Brian E. Ferguson