IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APPLE INC., and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>MOTOROLA INC. and MOTOROLA MOBILITY, INC.<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 1:11-CV-08540<br><br>Hon. Richard A. Posner<br><br>**JURY TRIAL DEMANDED** |

**APPLE'S 16TH MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING APPLE'S COUNSEL'S RETENTION OF DR. WILLIAMS**

I.      INTRODUCTION AND FACTUAL BACKGROUND

Motorola should not be allowed to introduce evidence or present argument that Apple's counsel, Covington & Burling LLP, has retained Motorola's expert, Dr. Tim A. Williams, as an expert witness in other litigation involving different parties and issues. Motorola may attempt to improperly suggest to the jury that Dr .Williams's retention by Covington in other cases shows that they should give greater weight to his opinions and analysis in this case.  Apple moves to exclude such evidence from trial.

II.     LEGAL STANDARD AND ARGUMENT

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Moreover, even if relevant, the Court may exercise its discretion to exclude evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Unfair prejudice "refers to the unfair advantage that results from the capacity of the evidence to persuade by illegitimate means."  Charles Alan Wright et al., 22 *Federal Practice & Procedure, Evidence* § 5215 (2012).

Motorola should not be permitted to introduce testimony or argument regarding Dr. Williams's retention in other litigation by Covington.  First, the fact that Covington retained Dr. Williams as an expert witness *in other cases* does not make any material fact at issue *in this case* more or less probable as required by Rule 401.  To the contrary, the retention of Dr. Williams by Covington in other cases says nothing about the merits of his opinions and analysis in this case.

Moreover, even if Dr. Williams's retention were somehow relevant, what little probative value this evidence may have would be substantially outweighed by either the risk of unfair

- 1 -

prejudice to Apple or the danger of confusing or misleading the jury, thereby warranting exclusion under Rule 403. Permitting Motorola to present evidence regarding Apple's counsel's use of Dr. Williams as an expert in other litigation could improperly lead the jury to speculate that Apple and its counsel must approve of Dr. Williams's expertise and opinions in this case because its counsel consulted him on other cases. Jurors may lend greater weight to Dr. Williams's testimony based not on the merits of his opinions, but on the mere fact that counsel for both parties have hired him. Moreover, jurors unfamiliar with the adversarial process may question why Apple's counsel would cross-examine an expert witness they hired for other cases.

Indeed, courts routinely exclude evidence of prior retention when one expert was consulted by both parties about the *same* case. *See, e.g.*, *Agron v. Trs. of Columbia Univ.*, 176 F.R.D. 445, 451 (S.D.N.Y. 1997) ("Such a restriction eliminates any concern on Plaintiff's part that, if Plaintiff attacked Deutsch's credentials, Defendant will attempt to rehabilitate by alluding to Plaintiff's own retention of the expert in this litigation."); *Steele v. Seglie*, Civ. No. 84-2200, 1986 WL 30765, at *4 (D. Kan. Mar. 27, 1986) ("[T]his restriction would prohibit defense counsel from attempting to rehabilitate any of their expert witnesses by showing that plaintiff's counsel had thought well enough of the witnesses to consult with them on this same case."). Here, where one expert was retained by counsel for both parties in *different* cases, involving different parties and issues, the fact of the opposing counsel's retention of that expert would have even less probative value and similarly warrant exclusion.

III. CONCLUSION

Based on the arguments set forth above, Apple respectfully asks the Court to enter an order excluding evidence and argument regarding Covington's retention of Dr. Williams in other cases.

Dated: May 15, 2012

Respectfully submitted,

*/s/ Robert T. Haslam*
Robert T. Haslam (*pro hac vice*)
rhaslam@cov.com
Anupam Sharma (*pro hac vice*)
asharma@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram (*pro hac vice*)
rfram@cov.com
Christine Saunders Haskett (*pro hac vice*)
chaskett@cov.com
Winslow B. Taub (*pro hac vice*)
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Christopher K. Eppich (*pro hac vice*)
ceppich@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Telephone: (858) 678-1800
Fax: (858) 678-1600

Jill Schmidt (*pro hac vice*)
jill.schmidt@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Brian E. Ferguson (*pro hac vice*)
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP

1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser (*pro hac vice*)
elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY 10153
Telephone: (212) 310-8022
Facsimile: (212) 310-8007

Matthew D. Powers (*pro hac vice*)
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky (*pro hac vice*)
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group, LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:  650-802-6000
Facsimile: 650-802-6001

*Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.*

- 5 -

## **CERTIFICATE OF SERVICE**

      I, Robert T. Haslam, an attorney, do hereby certify that I caused a copy of the foregoing to be electronically filed with the Court and served on all parties on May 15, 2012 using the Court's electronic case filing system.

      By: */s/ Robert T. Haslam*
      Robert T. Haslam