IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APPLE INC., and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>MOTOROLA INC. and MOTOROLA MOBILITY, INC.<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 1:11-CV-08540<br><br>Hon. Richard A. Posner<br><br>**JURY TRIAL DEMANDED** |

### APPLE'S OPPOSITION TO MOTOROLA'S MOTION FOR LEAVE TO ISSUE A SUBPOENA TO AMAZON REGARDING THE '949 PATENT AND THE COURT'S RULING OF APRIL 27, 2012

Motorola's motion for leave to re-open damages discovery, well over a month after it closed, and issue a subpoena to Amazon should be denied as untimely and highly prejudicial to the pre-trial schedule for disclosures that are well underway.

Motorola's motion is untimely. Motorola concedes as it must that it was aware that Motorola was on notice of Apple's infringement allegations in connection with the Kindle Reader prior to the close of damages discovery on April 15, and prior to the close of expert discovery on April 23, but sought no discovery. Motorola complains that "Apple did not accuse the Kindler Reader application of infringing the '949 Patent until April 13, 2012, when Apple submitted the supplemental report of its expert, Dr. Feiner." Moto Br. at 1. Putting aside the fact that Motorola has mischaracterized the facts concerning Apple's '949 patent

infringement allegations,[1] Motorola's argument only underscores the untimeliness of its motion: Motorola knew about the relevance of Kindle Reader prior to the close of discovery, prior to the submission of its damages expert report of Mr. Wagner on April 15, and well in advance of the close of expert discovery on April 23. Indeed, Motorola has repeatedly sought to supplement Mr. Wagner's reports to address the Kinder Reader and alleged design-arounds based on it, and the Court has denied each of Motorola's efforts to supplement Mr. Wagner's damages expert report as untimely. Dkt. Nos. 848, 900. And at none of those junctures did Motorola even move to re-open discovery and subpoena Amazon. The Court has previously denied Motorola's motion to compel discovery from a third party as "too late" where Motorola failed to seek the discovery when the issue was first raised. Dkt. No. 848.

Thus, Motorola's failure to act in a timely matter and seek discovery is a problem of its own making and Motorola only now getting around to this, after the pre-trial exchange is well underway, is simply too late. Pursuant to the Court's May 1 Order (Dkt. No. 828), the parties have submitted exhibit lists and deposition designations and are currently engaged in preparing objections, rebuttal exhibits, etc. Expert depositions have long been over and the *Daubert* motion process is complete and the deadline for the expert report of the neutral damages expert, and his deposition, is fast approaching. Any discovery arising from a subpoena to Amazon would need to be added to the pretrial submissions, and the parties' experts would need to file supplemental reports to address the new evidence, leading to a new round of depositions and potential *Daubert* filings. Re-opening discovery at this late juncture would lead to a "death

---

[1] Apple is not claiming that the Amazon Kindle Reader application "infringes" the '949 patent, as Motorola incorrectly alleges. The Kindle reader application, by itself, does not meet all the limitations of claim 1 of the 949 patent. It is **Motorola** that infringes the 949 patent claim by making, using and selling smartphones that meet all the limitations of claim 1. And it is Motorola that has chosen to use the '949 patented heuristics by including applications that contain those heuristics in the accused phones.

spiral" of supplemental expert reports, depositions, etc. during the narrow period prior to trial. For these reasons, Apple respectfully submits that Motorola's motion for leave to re-open discovery and issue a subpoena to Amazon should be denied.

Dated: May 21, 2012                                    Respectfully submitted,

                                                  */s/ Elizabeth S. Weiswasser*

Robert T. Haslam
rhaslam@cov.com
Anupam Sharma
asharma@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone:   (650) 632-4700
Facsimile:   (650) 632-4800

Robert D. Fram
rfram@cov.com
Christine Saunders Haskett
chaskett@cov.com
Samuel F. Ernst
sernst@cov.com
Winslow B. Taub
wtaub@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:   (415) 591-6000
Facsimile:   (415) 591-6091

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:   650-802-6000
Facsimile: 650-802-6001

Brian E. Ferguson
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser
Elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 21, 2012, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

                                                    */s/ Elizabeth S. Weiswasser*
                                                       Elizabeth S. Weiswasser