# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

APPLE INC. and NeXT SOFTWARE,
INC. (f/k/a NeXT COMPUTER, INC.),

        Plaintiffs,

        v.

MOTOROLA, INC. and MOTOROLA
MOBILITY, INC.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:11-cv-08540

Judge: Hon. Richard A. Posner

## MOTOROLA'S SPECIFIC OBJECTIONS TO APPLE'S PROPOSED JURY INSTRUCTIONS

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER**

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ............................................................................2

II.   CATEGORICAL OBJECTIONS TO APPLE'S PROPOSED JURY
      INSTRUCTIONS FOR THE APPLE LIABILITY TRIAL ................................................2

III.  SPECIFIC OBJECTIONS TO APPLE'S PROPOSED JURY INSTRUCTIONS
      FOR THE APPLE LIABILITY TRIAL ............................................................................3

IV.   CATEGORICAL OBJECTIONS TO APPLE'S PROPOSED JURY
      INSTRUCTIONS FOR THE MOTOROLA LIABILITY TRIAL....................................19

V.    SPECIFIC OBJECTIONS TO APPLE'S PROPOSED JURY INSTRUCTIONS
      FOR THE MOTOROLA LIABILITY TRIAL...................................................................19

Defendants Motorola Solutions, Inc. (f/k/a Motorola, Inc.) and Motorola Mobility, Inc. (collectively, "Motorola") respectfully submit the following specific objections to Apple Inc. and NEXT Software, Inc.'s (collectively, "Apple") proposed jury instructions for the Motorola (D.E. 917-10) and Apple (D.E. 916-11) patent trials.

## I.  PRELIMINARY STATEMENT

Motorola objects to many of Apple's proposed instructions because Apple has improperly offered different statements of the law depending on whether the instruction is being given in the Apple Liability Trial or the Motorola Liability Trial.  By way of example, Apple's general instructions on the law of obviousness for its own patents differ from the same instructions it has proposed for Motorola's patents.  *Compare* Section 1.7, D.E. 916-11 at 3-4 *with* Section 1.8, D.E. 917-10 at 9-10.  Motorola, on the other hand, proposed substantively identical sets of instructions for both liability trials, except where issues relevant to the two trials differed.[1]

To the extent there are overlapping legal issues between the two trials, Motorola requests that the Court should provide a common set of instruction to both juries.  Adopting this approach will avoid situations like the one on obviousness mentioned above and instead provide an objective tutorial on the law.  Adopting a common set of instructions would also aid the Court in the event that the case is winnowed further and all patents are tried before one jury.

## II.  CATEGORICAL OBJECTIONS TO APPLE'S PROPOSED JURY INSTRUCTIONS FOR THE APPLE LIABILITY TRIAL

---

[1]  Motorola has marked with an asterisk *** instances where Apple has proposed materially different instructions depending on whether the instruction is being given in the Apple Liability Trial or Motorola Liability trial.

1.    Apple is missing an instruction on written description, lack of enablement, and indefiniteness.  Each of these three issues is relevant to the asserted '949 Patent.  *See* Section 2.19 of Motorola's Proposed Instructions, D.E. 916-11 at 48-49.

2.    Apple is missing any instructions on mean-plus function elements.  Claim 1 of the '949 Patent contains several "means-plus-function" requirements.  *See id.*, Section 2.11 at 42-43.

3.    Apple is missing an instruction on the meaning of a "person of ordinary skill in the art."  *See id.*, Section 2.7 at 40.

## III.    SPECIFIC OBJECTIONS TO APPLE'S PROPOSED JURY INSTRUCTIONS FOR THE APPLE LIABILITY TRIAL[2]

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| 1.1<br><br>This is a case involving four patents, called 263, 647, 949 and 002. The patents relate to <u>various functionalities in smart phones and computer tablets</u>. The <u>specifics of the technology can get more complicated</u>, but it will be explained to you in the course of the trial.<br><br>I'm going to give you some preliminary instructions to introduce you to the case. I'll give you more detailed instructions later, when the trial is over and you are about to consider what your verdict will be.<br><br>Patents are issued by the U.S. Patent and Trademark Office, a federal agency. They are intended to encourage innovation by giving an inventor the right to exclude others from making, using, selling, or offering to sell his patented invention, without his permission, for a period of years. If someone violates that exclusive right—in other words, infringes the patent—the owner of the patent can sue the alleged violator (the infringer) in a federal district court. Even if the defendant did infringe the patent, the patent owner will lose the case if the defendant proves that the patent was invalid, that is, that the Patent and Trademark Office made a mistake in | *** The instructions in this section are materially different from Apple's parallel instructions for Motorola's patents in at least the following respect(s):<br><br>• Lists that the four Apple patents relate to "functionalities" without listing those functionalities.<br><br>• Lists the four Apple patents as relating generally to "smart phones and computer tablets", while the parallel instruction for Motorola's patents is much more specific: "The patents generally relate to processes (methods) used in cellular communications, such as cell phones."<br><br>• States that the "specifics of the technology" for the Apple patents "can get more complicated", but make no such statement for the parallel instruction on Motorola's |

[2]    Motorola has underlined specific portions of Apple's proposed instructions and addressed those underlined portions in the right column.

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| issuing it. Both infringement and validity are issues in this lawsuit, as I'll explain.<br><br>The parties to the lawsuit are Apple, Inc., and NeXT Software Inc. (which the parties call "Apple"), and Motorola, Inc. and Motorola Mobility, Inc. (which the parties call "Motorola"). Apple is the plaintiff and Motorola is the defendant. Apple owns the four asserted patents. Motorola sells <u>various smart phones and computer tablets</u>. That is not improper as long as Motorola's products do not infringe Apple's patents. Apple contends that Motorola has infringed the patents by making, using, selling, or offering to sell the inventions covered by the patents without Apple's permission. Motorola denies that it infringes the patents and also contends that the patents are invalid.<br><br>The Motorola products at issue are: Atrix, Backflip, Bionic, Bravo, Charm, Citrus, Cliq, Cliq 2, Cliq XT, Defy, Devour, Droid, Droid 2, Droid 2 Global, Droid 3, Droid Pro, Droid X, Droid X2, Flipout, Flipside, i1, Photon, Titanium, Triumph, XPRT, and Xoom. Rather than discuss every single product at issue, <u>the parties have agreed to focus on representative products</u>. | patents.<br>• Generally describes the accused Motorola products as "various smart phones and computer tablets," while it generally describes the accused Apple products as "iPhones and iPads." The instruction improperly relies on popular perceptions and knowledge of Apple products.<br>• Does not list the representative products chosen for the Motorola accused products, while lists the wrong representative product (iPhone rather than iPhone 4) for the Apple accused products. |
| 1.2<br><br>The inventions protected by a patent are described in the section of the patent labeled "patent claims," which are set forth in separately numbered paragraphs at the end of the patent. When a product (in this case the defendant's product) is accused of infringing a patent, the patent claims must be compared to the product.<br><br>To be entitled to patent protection, an invention must be new, useful, and non-obvious. A patent is not new if the invention was already known or invented earlier, or, in patent lingo, was part of the "prior art." I will give you further instructions about what counts as prior art at the end of the case. | |
| 1.3<br><br>The jury's job is to determine the facts relating to the legal issues. I will tell you what the law is and you'll apply the law to the facts to determine which side wins. Nothing I say during the trial is intended to indicate | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| what I think the facts are or your verdict should be. You're the decision makers; I'm the traffic cop. Although this is a civil case rather than a criminal case, it is very important to the parties. They and I expect you to make a careful, thoughtful, conscientious decision, bearing in mind the importance of the case to the parties. The parties are business firms rather than individuals, but they have legal rights just as individuals do and are entitled to the same consideration that you would give a case between individuals. | |
| 1.4<br><br>For Apple to prove infringement of its patents at issue in this case, it must persuade you that its position is more likely true than false. You don't have to be certain in order to find infringement, but you have to be convinced that they have a stronger case than Motorola.<br><br>To establish infringement, <u>Apple must prove that every element in each claim contained in the patents is found in the defendant's product</u>, whether as an exact duplicate of the element or as an equivalent to it in the sense that a person of ordinary skill in the relevant technology would have considered the differences between them to be insubstantial. (A person of "ordinary skill" in the technological field is a person who has the education and experience necessary for a competent understanding of the technology described in the patent.)<br><br>Any difference is insubstantial if, for each element of the patented claims, a feature of the defendant's product performs substantially the same function and works in substantially the same way to achieve substantially the same result. One factor you may consider in making that determination is whether a person of ordinary skill (as defined above) would have regarded a part of Motorola's products to be interchangeable with the element of the claim.<br><br>When deciding infringement, you should compare the patent claims to Motorola's products. You must not compare similarities or differences between Motorola's products and Apple's products, or anything other than the claims, to decide infringement. | \*\*\* The instructions in this section are materially different from Apple's parallel instructions for Motorola's patents in at least the following respect(s):<br>• Apple does not provide instructions specific to method claims (as it does for Motorola's patents), although it has asserted method claims, such as for the '002 patent.<br>• For its own patents, Apple generally refers to "defendant's product", while it specifically lists the iPhone 4 as part of the instruction for the Motorola patents. |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| 1.5<br><br>For its 002 patent, Apple also contends that Motorola induced its customers to infringe claim 21 of that patent. To succeed on this contention, Apple must prove that Motorola knew of Apple's 002 patent, instructed its customers to perform the steps in claim 21 in a manner that infringed Apple's 002 patent, and knew or should have known that its acts would cause the customers to infringe. | |
| 1.6<br><br>Apple contends that Motorola infringed its four patents willfully. To prove willful infringement, Apple must prove by "clear and convincing evidence" that it was highly likely that Motorola's products infringed and that Motorola either knew that it was highly likely or should have known.<br><br>"Clear and convincing" evidence means evidence that convinces you that it is highly probable that the particular proposition is true. You must decide whether there was simple infringement, under the lower standard of proof that I mentioned earlier, and if you find there was, you should go on to decide whether the infringement was willful. | |
| 1.7<br><br><u>Motorola contends that all of the asserted claims are invalid. Patents are issued by the U.S. Patent and Trademark Office, and the law presumes they're valid. For this reason, Motorola has the burden of proving invalidity by clear and convincing evidence.</u><br><br><u>A patent claim may be invalid if the invention claimed is anticipated by prior art. That is to say all of the elements in the patent claims can be found in a single piece of prior art that shows earlier invention.</u><br><br>A patent claim can also be invalid if the invention is obvious. An invention is obvious if a person who had ordinary (though not necessarily extraordinary) skill in the technology relevant to the invention and who knew all of the prior art existing at the time of the invention would have come up with the invention at that time, or | \*\*\* The instructions in this section are materially different from Apple's parallel instructions for Motorola's patents in at least the following respect(s):<br>• The biggest difference is that for its own patents Apple attempts to instruct the jury to find reasons why its patents are not obvious, while for Motorola's patents, it asks the jurors to actively search for reasons why the patent is obvious. This is improper. A middle ground should be adopted.<br>• For the Apple Patents, contains two introductory paragraphs completely |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| in other words, would have viewed the invention as obvious.<br><br>In deciding obviousness, you should put yourself in the position of a person with ordinary skill in the field at the time of the claimed invention. You must not use hindsight; in other words, you may not consider what is known now or what was learned from Apple's patents. In addition, you may not use Apple's patents as a roadmap for selecting and combining items of prior art. In deciding obviousness, you may also consider whether a person of ordinary skill in the field would have been discouraged from following the path the inventor took, keeping in mind that Apple is not required to show such discouraging factors. As I have stated, Motorola has the burden of proving obviousness by clear and convincing evidence. In making your decision regarding obviousness, you should consider the following:<br><br>1)____ The scope and content of the prior art. You may consider prior art that was reasonably relevant to the problem the inventor faced, including prior art in the field of the invention and prior art from other fields that a person of ordinary skill would consider when attempting to solve the problem.<br><br>2)____ Any differences between the prior art and the invention in the patent claim.<br><br>3)____ The level of ordinary skill in the field of the invention at the time of the invention.<br><br>4)____ Any of the indications of non-obviousness described in the next set of instructions that are shown by the evidence. | missing from the instructions for Motorola's patents.<br>• Many of the differences and objections are structural; for example, Apple has put the need to avoid hindsight bias near the front of paragraph three of section 1.7 for its patents, while relegating the sentence regarding hindsight bias to the end of the corresponding paragraph for Motorola's patents.<br>• The following underlined language appears in Apple's instructions for its patents, but no corresponding instruction appears for Motorola's patents: "You must not use hindsight; in other words, you may not consider what is known now or what was learned from Apple's patents."<br>• The sentences with the dashed lines do not appear anywhere in the instructions for Motorola's patents. They all provide reasons for a jury to find non-obviousness of Apple's patents.<br>• The instructions for Apple's patents lack the statement regarding simultaneous invention appearing in Apple's instructions for Motorola's patents.<br><br>Objection: This section is too long for a preliminary instruction, yet it is still missing an instruction on written description, lack of enablement, and indefiniteness (for the '949 Patent). |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| 1.8<br><br>The evidence you'll be hearing or reading consists of testimony of witnesses, documents admitted into evidence as exhibits, and any fact that the lawyers agree to or that I may instruct you to accept as being true. The exhibits are in binders, one for each side, which you will be given momentarily.<br><br>The parties may present the testimony of a witness by playing a videotape of the witness's deposition testimony. A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had appeared in court.<br><br>Certain things are not evidence and must not be considered by you:<br><br>    a.  Statements, arguments, and questions by lawyers.<br><br>    b.  Objections to questions or exhibits. Lawyers are entitled to object when evidence being offered is inadmissible. If the objection is sustained, ignore the question or exhibit. If the objection is overruled, treat the answer or exhibit like any other.<br><br>    c.  Testimony that I have excluded or told you to disregard.<br><br>    d.  Anything you may have heard or read about this matter outside the courtroom. You're to decide the case solely on the basis of the evidence presented in the courtroom.<br><br>    e.  Certain exhibits that are called "demonstrative exhibits," such as models, diagrams, graphs, and sketches, may be shown to you but they are not themselves evidence; they're just to help you understand the case better.<br><br>In deciding whether any fact has been proved, you should consider all the evidence relating to the question regardless of which side introduced it. You should also decide how much of a witness's testimony to accept or reject. | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| 1.9<br><br>A few words about your conduct as jurors.<br><br>You are not to discuss the case among yourselves until at the end of the case you go to the jury room to deliberate and to decide on your verdict.<br><br>You're not to talk to anyone (including members of your family, and friends) or make any public or online comments about this case until the trial has ended and you have been discharged as jurors.<br><br>You're not to read or listen to anything bearing on this case in any way, including news stories, radio or television reports, or the internet. You're not to do any research or conduct any other type of investigation of the case, the lawyers, the witnesses, or the companies that are the parties. If anyone tries to talk to you about the case, bring that to my attention promptly.<br><br>Don't form an opinion until all the evidence is in.<br><br>You've been given pads on which to make notes if you want, but leave the pads in the jury room at the end of each day, until you begin your deliberations with the other jurors, and don't be unduly influenced by the notes of other jurors, because they may not be accurate.<br><br>If you want to ask a question of a witness, raise your hand and I'll ask you to ask me the question first, so that I can make sure that it's in a form that's proper for the witness to answer. | |
| 1.10<br><br>The trial will now begin. Each side will make an opening statement. That is not evidence, but just a sketch of what the party intends to prove. Next each side will question its witnesses, and the lawyers for the other side will cross-examine them, to try to bring out errors, if any, in their testimony. After all the witnesses have testified, the lawyers will present closing arguments. I will then give you final instructions, setting forth the law in somewhat greater detail than in these preliminary instructions, and you'll then go to the jury room with a | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| copy of the instructions, your notes, and your evidence binders, to deliberate on your verdict.<br><br>DEPOSITION AS SUBSTANTIVE EVIDENCE<br><br>A deposition is the sworn testimony of a witness taken before trial. Like the live witnesses at trial, the witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.<br><br>The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration as if the witness had been present to testify. | |
| 2.        FINAL INSTRUCTIONS<br><br>2.1<br><br>Members of the jury, you've seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.<br><br>You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.<br><br>Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.<br><br>Perform these duties fairly and impartially.<br><br>Nothing I say now, and nothing I said during the trial, are meant to indicate what I think the facts are or your verdict should be. | |
| 2.2<br><br>The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations, A stipulation is an agreement between both sides that certain facts are true. You should give the same consideration to testimony presented to you by video from depositions as you would if the witnesses had | Objection due to typographical error. What is the first sentence should be split into two as follows: "The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations,. A stipulation is an agreement between both sides that certain facts are true." |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| come to court and testified live. | |
| 2.3<br><br>These things are not evidence:<br><br>Testimony or exhibits that I ordered stricken.<br><br>Anything you saw or heard outside this courtroom.<br><br>Questions to witnesses, and objections to questions by lawyers.<br><br>The lawyers' opening statements and closing arguments.<br><br>Any notes you took during the trial; they are just to help you remember things. | |
| 2.4<br><br>In determining whether any fact has been proved, you should consider all of the evidence relating to the question regardless of which side introduced it. | |
| 2.5<br><br>You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, and how much weight, if any, to give the testimony of each witness.<br><br>In evaluating the testimony of any witness, you may consider, among other things:<br><br>- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;<br><br>- the witness's memory;<br><br>- any interest, bias, or prejudice the witness may have;<br><br>- the witness's intelligence;<br><br>- the manner of the witness while testifying;<br><br>- and the reasonableness of the witness's testimony in light of all the evidence in the case. | Objection: Missing relevant language from the Court's sample instructions: "You shouldn't just count noses: the fact that one side presents more witnesses, testimony, or other evidence on an issue than the other side doesn't mean that the first side is right." *See* Section 2.5 of Motorola's Proposed Instructions, D.E. 916-11 at 40. |

11

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| 2.6<br><br>You have heard some opinions from witnesses who are called "expert witnesses" who have specialized knowledge. You should weigh this testimony in the same way that you weigh the testimony of any other witness.<br><br>You are not required to accept an expert's opinion, but you must give an expert's testimony the weight you think it deserves, considering the reasons for the opinion, the witness's qualifications, and all of the other evidence in the case. | |
| 2.7<br><br>The issues you have to decide are <u>(1) whether Apple has proved by a preponderance of the evidence that Motorola infringes claims 1 and 2 of the 263 patent, claims 1 and 8 of the 647 patent, claim 1 of the 949 patent, and claims 1, 21 and 46 of the 002 patent; (2) whether Apple has proved by clear and convincing evidence that Motorola's infringement of the Apple patents, if any, was willful;</u> and (3) whether Motorola has prov<u>en</u> by clear and convincing evidence that each of those claims is invalid. [final list under discussion]<br><br>A few words in the patents don't have their everyday meaning. I have defined the words and you must follow my definitions. [to be inserted after the parties submit the List of Contested Terms for Infringement; and List of Contested Elements in Prior Art; due May 18.] | Objection: Between the first and second numbered phrase of paragraph 1, Apple omitted an instruction regarding inducement for the '002 patent.  This is necessary since Apple has alleged inducement of method claims for the '002 patent.<br><br>Objection: This section is missing the list of claim terms that appears in the corresponding list for the Motorola patents.<br><br>Objection: Lacks sufficient detail on the role of patent claims. *See* Section 2.8 of Motorola's Proposed Instructions, D.E. 916-11 at 40-41.<br><br>Objection: Typo in the third numbered phrase of paragraph 1. "Proven" should be "proved." |
| 2.8<br><br>A product infringes a patent if every element in a claim is found in the product.<br><br>To find infringement of claim 1 of the 263 patent, you must find that Motorola's product contains: a "[the list of contested terms for infringement are due May 18]"<br><br>The other elements in claim 1 are not in dispute, so you | *** The instructions in this section are materially different from Apple's parallel instructions for Motorola's patents in at least the following respect(s):<br>• Apple doesn't include excerpts of any claim language for any of the Apple patents while it replicates claim 5 of the '559 patent in the instructions for Motorola's patents. |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| don't have to worry about them.<br><br>To infringe claim 2 of the 263 patent, Motorola must infringe claim 1. Therefore, if claim 1 is not infringed, then claim 2 is also not infringed.<br><br>To find infringement of claim 2 of the 263 patent, you must find that Motorola's product contains: a "[the list of contested terms for infringement are due May 18]"<br><br>To find infringement of claim 1 of the 647 patent, you must find that Motorola's product contains: a "[the list of contested terms for infringement are due May 18]"<br><br>The other elements in claim 1 are not in dispute, so you don't have to worry about them.<br><br>To infringe claim 8 of the 647 patent, Motorola must infringe claim 1. Therefore, if claim 1 is not infringed, then claim 8 is also not infringed.<br><br>To find infringement of claim 8 of the 647 patent, you must find that Motorola's product contains: a "[the list of contested terms for infringement are due May 18]"<br><br>To find infringement of claim 1 of the 949 patent, you must find that Motorola's product contains: a "[the list of contested terms for infringement are due May 18]"<br><br>The other elements in claim 1 are not in dispute, so you don't have to worry about them.<br><br>To find infringement of claim 1 of the 002 patent, you must find that Motorola's product contains: a "[the list of contested terms for infringement are due May 18]"<br><br>The other elements in claim 1 are not in dispute, so you don't have to worry about them.<br><br>To find infringement of claim 21 of the 002 patent, you must find that Motorola's product contains: a "[the list of contested terms for infringement are due May 18]"<br><br>The other elements in claim 21 are not in dispute, so you don't have to worry about them.<br><br>To find infringement of claim 46 of the 002 patent, you | • Apple has used different language regarding the jury's role in finding infringement as opposed to actively identifying reasons for a finding of non-infringement. *Compare* "To infringe claim 8 of the 647 patent, Motorola must infringe claim 1. Therefore, if claim 1 is not infringed, then claim 8 is also not infringed" *with* "Apple's products do not infringe claims 2 or 5 of the '898 patent if they do not infringe claim 1. If, therefore, you find that Apple's products do not infringe claim 1, then Apple's products do not infringe claim 2 and 5." |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| must find that Motorola's product contains: a "[the list of contested terms for infringement are due May 18]"<br><br>The other elements in claim 46 are not in dispute, so you don't have to worry about them. | |
| 2.9<br><br>You don't have to be absolutely certain in order to find infringement, but you have to be convinced that Apple has a stronger case for infringement than Motorola has for non- infringement.<br><br>Apple must prove that every element in the claim that you are considering is found in Motorola's products. This can be proved if the element in Motorola's products is exactly the same as it is in the claim in the Apple patent, or alternatively if the element in the Motorola product is equivalent to an element in the patent claim.<br><br>What is "equivalence?" An element in the product that is alleged to infringe an Apple patent is equivalent to an element in the patent if the differences between the two would be considered insubstantial by a person of "ordinary skill" in the field of knowledge relating to the invention. (A person of "ordinary skill" in the technological field to which the patented invention belongs just means a person who has the education and experience necessary for a competent understanding of the technology described in the patent; he doesn't have to be a genius.) Any difference is insubstantial if, for element of the patent claims, a feature of Motorola's product performs substantially the same function, in substantially the same way, to achieve substantially the same result, as the element of the claim. | *** The instructions in this section are materially different from Apple's parallel instructions for Motorola's patents in at least the following respect(s):<br>• Sets forth a different evidentiary standard for proving infringement for Apple's patents (lower) than Motorola's patents (higher). Also omits any reference to the doctrine of equivalents for Motorola's patents. *Compare* "This can be proved if Motorola's products is exactly the same as it is in the claim in the Apple patent, or alternatively if the element in the Motorola product is equivalent to an element in the patent claim" *with* "This can be proved if each and every element in the process claim that you are considering is performed by Apple's products in exactly the same way as claimed in the Motorola patents."<br>• No reference to the different representative products and the need to prove equivalence for each; refers to just one "product".<br><br>Objection: Apple's instructions are unclear in that they do not delineate the three elements that can be used for a finding of infringement under the doctrine of equivalents |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| | (function/way/result). In addition, Apple's instructions fail to explain to the jury that any analysis under the doctrine of equivalents necessarily deals with subject matter that is beyond, ignored by, and not included in the literal scope of the claim. *See* Section 2.10 of Motorola's Proposed Instructions, D.E. 916-11 at 42. |
| 2.10<br><br>For its 002 patent, Apple also contends that Motorola induced its customers to infringe claim 21 of that patent. To succeed on this contention, Apple must prove (1) that Motorola knew of Apple's 002 patent, (2) instructed its customers to perform the steps in claim 21 in a manner that infringed Apple's 002 patent, as defined in other instructions I have given you, and (3) knew or should have known that its acts would cause the customers to infringe. | Objection: Apple's instructions are incomplete and do not provide the jury with enough detail on the standard for inducement. Motorola's instructions, based on the Federal Circuit model instructions as well as the Supreme Court's recent holding in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011), are more complete. *See* Section 2.12 of Motorola's Proposed Instructions, D.E. 916-11 at 43. |
| 2.11<br><br>Apple contends not only that Motorola infringed their four patents, but that it did so willfully. You are to consider willful infringement only if you have found that Motorola infringed. To prove willfulness, Apple must prove by "clear and convincing evidence" both that it was highly likely that Motorola's products infringed and that Motorola either knew that it was highly likely or should have known that.<br><br>"Clear and convincing" evidence is evidence that makes it highly probable that a particular proposition is true. You must decide whether there was simple infringement, under the lower standard of proof that I mentioned earlier ("preponderance of the evidence" — that is, more likely than not, even if just a little more likely than not), and if you find there was, you should go on to decide whether the infringement was willful.<br><br>You also may have heard of a burden of proof used in criminal cases called "beyond a reasonable doubt," which is a higher burden of proof than "clear and convincing" evidence. You must not apply the criminal | Objection: Apple's instructions are incomplete and do not provide the factfinder with enough guidance on the distinction between infringement and willful infringement. Motorola's instructions, in contrast, are more complete and based on the Federal Circuit's opinion in *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007). For example, Motorola's instructions make clear that the willfulness inquiry includes both an objective and subjective component. *See* Section 2.13 of Motorola's Proposed Instructions, D.E. 916-11 at 44-45; *see also In re Seagate Tech.*, 497 F.3d at 1371 ("The state of mind of the accused infringer is not relevant to [the] objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the |

15

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| standard in this case. | record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."). Apple's instructions fail to clarify this distinction. |
| 2.12<br><br>Even if you find that there was infringement, that isn't the end of the case. Motorola contends that all the asserted claims are invalid because they were anticipated, or obvious. If Motorola proves the patent claims are invalid, it wins the case even if it infringed Apple's patents. | |
| 2.12.1<br><br>For a claim to be invalid because it is anticipated, Motorola must show by clear and convincing evidence that each and every element of the claim is present in a single piece of prior art and that a person with an ordinary level of skill in the field looking at the prior art would have been able to make and use the invention disclosed in the claim.<br><br>To qualify as prior art, the item or reference must have been made, known, used, published, or patented either before the invention was made or more than one year before the filing date of the patent application. However, prior art does not include a publication that describes the inventor's own work and was published less than one year before the date of invention. | |
| 2.12.2<br><br>A patent may also be invalid based on obviousness.<br><br>To prove invalidity based upon obviousness, Motorola must prove by clear and convincing evidence that a person of ordinary skill as defined earlier, and who knew all the "prior art" existing when the invention was made, would have been able to invent the patented product at that time, or in other words, would have viewed the invention as obvious. "Prior art" means all the information that is publicly known, used by others, or available on the date of the invention to a person of | Objection: The underlined portions in the second and fourth paragraph of section 2.12.2 are redundant.<br><br>Objection: The third paragraph of this section lists particular "secondary considerations of non-obviousness". However, Apple has alleged only the following secondary considerations of non-obviousness, and the instruction should be limited accordingly: " (a) the invention achieved commercial success so long |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| ordinary skill. For example, other patents, inventions, products, articles, books, and scientific literature are all prior art. To evaluate obviousness, you should assume that the person of ordinary skill knows all the "prior art" existing when the invention was made. <u>If you combine multiple references to find all the elements of the claims, you should decide if there was a reason or motivation to combine them, including market pressure to solve a problem.</u>[3] You should then determine what would have been thought obvious when using common sense.[4] In making this determination, you should consider that it may be obvious to apply a solution designed to solve one problem to a different problem in a different field, if doing so would yield predictable results.[5] You must not use hindsight; that is, you must not consider what is known now.<br><br>In making your decision regarding obviousness, you should consider the scope and content of the prior art and also any differences between the prior art and the invention in the patent claim. These factors (scope and content of the prior art and any differences between the prior art and the invention in the patent claim) are the primary factors that you should consider in deciding the question of obviousness, but you should also consider the following factors, which may indicate that Apple's inventions were not obvious: whether other inventors failed in attempting to make the invention in the patent claims; or copied the invention; or praised it or <u>sought or obtained a license to the patent from the patent holder.</u> You should also consider whether the same idea was simultaneously invented by another, which may indicate that Apple's inventions were obvious. None of these factors has to be present, for you to conclude that the Apple's inventions were or were not obvious. And it is for you to decide how much weight to give each factor that you find is present.<br><br><u>Two more points: (1) Because most inventions are built on prior knowledge, the fact that each element of a claim</u> | as the commercial success resulted from the claimed invention rather than from something else such as innovative marketing; (b) the invention satisfied a long-felt need; (c) others failed in attempting to make the invention; (d) others copied the invention; (e) the invention achieved unexpected results; or (f) others in the field praised the invention." *See* Section 2.18 of Motorola's Proposed Instructions, D.E. 916-11 at 47-48. |

---

[3]  KSR Intern. Co. v. Teleflex Inc., 550 U.S. 398, 419 (2007).

[4]  KSR Intern. Co. v. Teleflex Inc., 550 U.S. 398, 421 (2007).

[5]  KSR Intern. Co. v. Teleflex Inc., 550 U.S. 398, 401, 420 (2007)

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| is found in prior art is not enough, by itself, to prove obviousness. (2) In determining whether Apple has proved obviousness, you may combine multiple items of prior art, if a person of ordinary skill would have thought it obvious to combine them. | |
| 2.13<br><br>When you go to the jury room for your deliberations, first select a presiding juror to be the foreperson. He or she will preside over your deliberations and will be your representative here in court.<br><br>Forms of verdict have been prepared for you. Take them to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it. | |
| 2.14<br><br>The verdict must represent the considered judgment of each juror and must be unanimous, whether the verdict is in favor of the plaintiff or the defendant, or for the plaintiff on some issues and the defendant on others. You should make every reasonable effort to reach a unanimous verdict and in doing so you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views, and to change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. | |
| 2.15<br><br>If it becomes necessary during your deliberations to communicate with me, you may send a note by a court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any other means. If you have trouble reaching a unanimous verdict, you're not to tell me or anyone else which side is favored by more jurors. | |

## IV. CATEGORICAL OBJECTIONS TO APPLE'S PROPOSED JURY INSTRUCTIONS FOR THE MOTOROLA LIABILITY TRIAL

       1.      Apple is missing an instruction on the meaning of a "person of ordinary skill in

the art." *See* Section 2.7 of Motorola's Proposed Instructions, D.E. 917-10 at 7.

## V. SPECIFIC OBJECTIONS TO APPLE'S PROPOSED JURY INSTRUCTIONS FOR THE MOTOROLA LIABILITY TRIAL

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| **INTRODUCTORY INSTRUCTIONS**<br><br>1.1<br><br>This is a case involving two patents, called '559 and '898. <u>The patents generally relate to processes (methods) used in cellular communications, such as cell phones. The '559 patent relates to one process of generating a preamble, which is a signal that a cell phone transmits to announce itself to the network.</u> The '898 patent describes a process for warning a network base station that a transmission from a cell phone is nearing completion. The specifics of the technology of both patents will be explained to you in the course of the trial.<br><br>I'm going to give you some preliminary instructions to introduce you to the case. I'll give you more detailed instructions later, when the trial is over and you are about to consider what your verdict will be.<br><br>Patents are issued by the U.S. Patent and Trademark Office, a federal agency. They are intended to encourage innovation by giving an inventor the right to exclude others from making, using, selling, or offering to sell his patented invention, without his permission, for a period of years. If someone violates that exclusive right—in other words, infringes the patent—the owner of the patent can sue the alleged violator (the infringer) in a federal district court. Even if the defendant did infringe the patent, the patent owner will lose the case if the defendant proves that the patent was invalid, that is, that the Patent and Trademark Office made a mistake in | \*\*\* The instructions in this section are materially different from Apple's parallel instructions for Apple's patents in at least the following respect(s):<br><br>• Lists the four Apple patents as relating generally to "smart phones and computer tablets", while the parallel instruction for Motorola's patents is more specific: "The patents generally relate to processes (methods) used in cellular communications, such as cell phones."<br>• States that the "specifics of the technology" for the Apple patents "can get more complicated", but makes no such statement for the parallel instruction on Motorola's patents.<br>• Generally describes the accused Motorola products as "various smart phones and computer tablets," while it generally describes the accused Apple products as "iPhones and iPads." The instruction improperly relies on popular perceptions and knowledge of Apple products. |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| issuing it. Both infringement and validity are issues in this lawsuit, as I'll explain.<br><br>The parties to the lawsuit are Apple, Inc., and NeXT Software Inc. (which the parties call "Apple"), and Motorola, Inc. and Motorola Mobility, Inc. (which the parties call "Motorola"). Motorola is the counter-plaintiff and Apple is the counter-defendant. Motorola owns the two asserted patents. Apple sells iPhones and iPads. That is not improper as long as Apple's products do not infringe Motorola's patents. Motorola contends that Apple has infringed the patents by making, using, selling, or offering to sell the inventions covered by the patents without Motorola's permission. Apple denies that it infringes the patents and also contends that the patents are invalid.<br><br>The Apple products at issue are: iPhone 4, iPhone 3GS, iPhone 3G, iPhone, iPad 2 3G, and iPad 3G. Rather than discuss every single product at issue, the parties have agreed to focus on one representative product, the iPhone. | • Does not list the representative products chosen for the Motorola accused products, while lists the wrong representative product (iPhone rather than iPhone 4) for the Apple accused products.<br><br>Objection to the narrow definition of the scope of the patents in the first sentence. I.e., "The patents generally relate to processes (methods) used in cellular communications. . . ." If the Court is inclined to include such a description, Motorola proposes changing the language as follows: "The patents generally relate to processes (methods) used in cellular communications, such as cell phones and tablets." Motorola proposes that analogous categorical descriptions for Apple's patents also be provided.<br><br>Objection to "The '559 patent relates to one process of generating a preamble, which is a signal that a cell phone transmits to announce itself to the network." Without additional context, this technical description can be confusing. For example, this omits reference to the fact that the '559 Patent provides a method for generating a preamble sequences in a CDMA system.<br><br>Object to the statement "Apple sells iPhones and iPads" in the fourth paragraph. This instruction assumes facts not yet introduced as part of the instruction. It is improper to introduce product names or categories when describing the products generally when those descriptive words are the same as the |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| | accused products. Motorola proposes the use of the phrase "smartphones and tablets" instead.<br><br>Objection: Misstates states the representative product as "iPhone" when it is actually "iPhone 4".<br><br>Objection: Referring to Motorola as the "counter-plaintiff" and Apple as the "counter-defendant" will confuse the jury. Especially if the Motorola patents are tried in a separate trial, it would be easier to refer to Motorola as the "plaintiff" and Apple as the "defendant." |
| 1.2<br><br>The inventions protected by a patent are described in the section of the patent labeled "patent claims," which are set forth in separately numbered paragraphs at the end of the patent. When a product (in this case the defendant's product) is accused of infringing a patent, the patent claims must be compared to the product.<br><br>To be entitled to patent protection, an invention must be new, useful, and non-obvious. A patent is not new if the invention was already known or invented earlier, or, in patent lingo, was part of the "prior art." I will give you further instructions about what counts as prior art at the end of the case. | Objection: Ignores the Federal Circuit's holding in *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010), which allows an infringement analysis to be done from the perspective of the technical standard, here 3GPP TS 25.213 § 4.3.3.<br><br>Motorola proposes adding the following after the last sentence of the first paragraph: "However, if an accused product operates in accordance with a technical standard, then comparing the claims to that standard is the same as comparing the claims to the accused product." *Fujitsu Ltd.*, 620 F.3d at 1327. |
| 1.3<br><br>The jury's job is to determine the facts relating to the legal issues. I will tell you what the law is and you'll apply the law to the facts to determine which side wins. Nothing I say during the trial is intended to indicate what I think the facts are or your verdict should be. You're the decision makers; I'm the traffic cop. Although this is a civil case rather than a criminal case, it is very important to the parties. They and I expect you to make a careful, thoughtful, conscientious decision, | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| bearing in mind the importance of the case to the parties. The parties are business firms rather than individuals, but they have legal rights just as individuals do and are entitled to the same consideration that you would give a case between individuals. | |
| 1.4<br><br>For Motorola to prove infringement of its patents at issue in this case, it must persuade you that its position is more likely true than false. You don't have to be certain in order to find infringement, but you have to be convinced that they have a stronger case than Apple.<br><br>To establish infringement, Motorola must prove that every element (step) in each claimed method contained in the patents is used in processes performed by the <u>iPhone 4</u>, whether as an exact duplicate of the element or as an equivalent to it in the sense that a person of ordinary skill in the relevant technology would have considered the differences between them to be insubstantial. (A person of "ordinary skill" in the technological field is a person who has the education and experience necessary for a competent understanding of the technology described in the patent.)<br><br>Any difference is insubstantial if, for each element of the patented claims, a feature of the defendant's product performs substantially the same function and works in substantially the same way to achieve substantially the same result. One factor you may consider in making that determination is whether a person of ordinary skill (as defined above) would have regarded a part of Apple's products to be interchangeable with the element of the claim.[6]<br><br>When deciding infringement, you should compare the patent claims to Apple's products. You must not compare similarities or differences between Apple's | *** The instructions in this section are materially different from Apple's parallel instructions for Apple's patents in at least the following respect(s):<br><br>• Apple does not provide instructions specific to method claims (as it does for Motorola's patents), although it has asserted method claims, such as for the '002 patent.<br>• For its own patents, Apple generally refers to "defendant's product", while it specifically lists the iPhone 4 as part of the instruction for the Motorola patents.<br><br>Objection: Omits reference to the appropriate standard from *Fujitsu Ltd. v. Netgear Inc. See* 620 F.3d 1321, 1327 (Fed. Cir. 2010). Motorola respectfully requests that the last paragraph of this section be changed as follows:<br><br>"When deciding infringement, you should compare the patent claims to Apple's products <u>or the relevant 3GPP technical standard</u>. You must not compare similarities or differences between Apple's products and Motorola's products, or anything |

---

[6] If Apple's motion *in limine* to exclude argument about infringement by the doctrine of equivalents is granted, the instructions on the doctrine of equivalents are not needed.

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| products and Motorola's products, or anything other than the asserted claims, to decide infringement.[7] | other than the asserted claims <u>or the relevant technical standard</u>, to decide infringement." |
| 1.5<br><br>Motorola contends that Apple induced its customers to infringe its patents. To succeed on this contention, Motorola must prove that Apple knew of Motorola's '559 and '898 patents, instructed its customers to perform the steps in the asserted claims of those patents in a manner that infringed Motorola's patents, and knew or should have known that its acts would cause the customers to infringe. | |
| 1.6<br><br>Motorola also contends that Apple contributed to the infringement of its patents. To prove this, Motorola must prove four elements: 1) Apple knew of Motorola's patents; 2) Apple sold a significant part of the patented invention that is not a common item with other uses; 3) Apple's customers performed the infringing processes by using this part; and 4) Apple knew the part was especially made to infringe. | Objection: Misstates the law on contributory infringement and is confusing, as it does not even refer to "substantial, non-infringing uses."<br><br>Motorola believes that its own instructions, appearing at Section 2.12 of its instructions, are a more accurate representation of the law on contributory infringement and comport with the Federal Circuit Bar Jury Instructions. (*See* D.E. 917-10 at 11-12.) |
| 1.7<br><br>Motorola contends that Apple infringed its two patents willfully. To prove willful infringement, Motorola must prove by "clear and convincing evidence" that it was highly likely that Apple's products infringed and that Apple either knew that it was highly likely or should have known.<br><br>"Clear and convincing" evidence means evidence that convinces you that it is highly probable that the | |

---

[7] "As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent." *Zenith Labs. v. Bristol-Myers Squibb Co.,* 19 F.3d 1418, 1423 (Fed. Cir. 1994).

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| particular proposition is true. You must decide whether there was simple infringement, under the lower standard of proof that I mentioned earlier, and if you find there was, you should go on to decide whether the infringement was willful. | |
| 1.8<br><br>To prove invalidity based upon obviousness, Apple must prove by clear and convincing evidence that a person of ordinary skill as defined earlier, and who knew all the "prior art" existing when the invention was made, would have been able to invent the patented product at that time, or in other words, would have viewed the invention as obvious. "Prior art" means all the information that is publicly known, used by others, or available on the date of the invention to a person of ordinary skill. For example, other patents, inventions, products, articles, books, and scientific literature are all prior art. To evaluate obviousness, you should assume that the person of ordinary skill knows all the "prior art" existing when the invention was made. If you combine multiple references to find all the elements of the claims, you should decide if there was a reason or motivation to combine them, including market pressure to solve a problem.[8] You should then determine what would have been thought obvious when using common sense.[9] In making this determination, you should consider that it may be obvious to apply a solution designed to solve one problem to a different problem in a different field, if doing so would yield predictable results.[10] You must not use hindsight; that is, you must not consider what is known now.<br><br>In making your decision regarding obviousness, you should consider the scope and content of the prior art and also any differences between the prior art and the invention in the patent claim. These factors (scope and content of the prior art and any differences between the prior art and the invention in the patent claim) are the | *** The instructions in this section are materially different from Apple's parallel instructions for Apple's patents in at least the following respect(s):<br><br>• The biggest difference is that for its own patents Apple attempts to instruct the jury to find reasons why its patents are not obvious, while for Motorola's patents, it asks the jurors to actively search for reasons why the patent is obvious. This is improper. A middle ground should be adopted.<br><br>• For the Apple Patents, contains two introductory paragraphs completely missing from the instructions for Motorola's patents.<br><br>• Many of the differences and objections are structural; for example, Apple has put the need to avoid hindsight bias near the front of paragraph three of section 1.7 for its patents, while relegating the sentence regarding hindsight bias to the end of the corresponding paragraph for Motorola's patents.<br><br>• The following underlined language appears in Apple's |

---

[8]   *KSR Intern. Co. v. Teleflex Inc.,* 550 U.S. 398, 419 (2007).

[9]   *KSR Intern. Co. v. Teleflex Inc.,* 550 U.S. 398, 421 (2007).

[10]   *KSR Intern. Co. v. Teleflex Inc.,* 550 U.S. 398, 401, 420 (2007).

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| primary factors that you should consider in deciding the question of obviousness, but you should also consider the following factors, which may indicate that Motorola's inventions were not obvious: whether other inventors failed in attempting to make the invention in the patent claims; or copied the invention; or praised it or sought or obtained a license to the patent from the patent holder. You should also consider whether the same idea was simultaneously invented by another, which may indicate that Motorola's inventions were obvious. None of these factors has to be present, for you to conclude that Motorola's inventions were or were not obvious. And it is for you to decide how much weight to give each factor that you find is present.<br><br>Two more points: (1) Because most inventions are built on prior knowledge, the fact that each element of a claim is found in prior art is not enough, by itself, to prove obviousness. (2) In determining whether Apple has proved obviousness, you may combine multiple items of prior art, if a person of ordinary skill would have thought it obvious to combine them. | instructions for its patents, but no corresponding instruction appears for Motorola's patents: "You must not use hindsight; in other words, you may not consider what is known now or what was learned from Apple's [Motorola's] patents."<br>• The instructions for Apple's patents lack the statement regarding simultaneous invention appearing in Apple's instructions for Motorola's patents.<br><br>Objection: These instructions contain unnecessary repetition of the fact that one with ordinary skill in the art had access to applicable prior art in making a determination of obviousness. See underlined portions of first and fourth sentence of the first paragraph of section 1.8.<br><br>Objection: This section is too long for a preliminary instruction. *See* Section 1.7 of Motorola's Proposed Instructions, D.E. 917-10 at 3-4. |
| 1.9<br><br>The evidence you'll be hearing or reading consists of testimony of witnesses, documents admitted into evidence as exhibits, and any fact that the lawyers agree to or that I may instruct you to accept as being true. The exhibits are in binders, one for each side, which you will be given momentarily.<br><br>The parties may present the testimony of a witness by playing a videotape of the witness's deposition testimony. A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had appeared in court. | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| Certain things are not evidence and must not be considered by you:<br><br>    **(a)**      Statements, arguments, and questions by lawyers.<br><br>    **(b)**      Objections to questions or exhibits. Lawyers are entitled to object when evidence being offered is inadmissible. If the objection is sustained, ignore the question or exhibit. If the objection is overruled, treat the answer or exhibit like any other.<br><br>    **(c)**      Testimony that I have excluded or told you to disregard.<br><br>    **(d)**      Anything you may have heard or read about this matter outside the courtroom. You're to decide the case solely on the basis of the evidence presented in the courtroom.<br><br>    **(e)**      Certain exhibits that are called "demonstrative exhibits," such as models, diagrams, graphs, and sketches, may be shown to you but they are not themselves evidence; they're just to help you understand the case better.<br><br>In deciding whether any fact has been proved, you should consider all the evidence relating to the question regardless of which side introduced it. You should also decide how much of a witness's testimony to accept or reject. | |
| 1.10<br><br>A few words about your conduct as jurors.<br><br>You are not to discuss the case among yourselves until at the end of the case you go to the jury room to deliberate and to decide on your verdict.<br><br>You're not to talk to anyone (including members of your family, and friends) or make any public or online comments about this case until the trial has ended and you have been discharged as jurors.<br><br>You're not to read or listen to anything bearing on this | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| case in any way, including news stories, radio or television reports, or the internet. You're not to do any research or conduct any other type of investigation of the case, the lawyers, the witnesses, or the companies that are the parties. If anyone tries to talk to you about the case, bring that to my attention promptly.<br><br>Don't form an opinion until all the evidence is in.<br><br>You've been given pads on which to make notes if you want, but leave the pads in the jury room at the end of each day, until you begin your deliberations with the other jurors, and don't be unduly influenced by the notes of other jurors, because they may not be accurate.<br><br>If you want to ask a question of a witness, raise your hand and I'll ask you to ask me the question first, so that I can make sure that it's in a form that's proper for the witness to answer. | |
| 1.11<br><br>The trial will now begin. Each side will make an opening statement. That is not evidence, but just a sketch of what the party intends to prove. Next each side will question its witnesses, and the lawyers for the other side will cross-examine them, to try to bring out errors, if any, in their testimony. After all the witnesses have testified, the lawyers will present closing arguments. I will then give you final instructions, setting forth the law in somewhat greater detail than in these preliminary instructions, and you'll then go to the jury room with a copy of the instructions, your notes, and your evidence binders, to deliberate on your verdict.<br><br>DEPOSITION AS SUBSTANTIVE EVIDENCE<br><br>A deposition is the sworn testimony of a witness taken before trial. Like the live witnesses at trial, the witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.<br><br>The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration as if the witness had | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| been present to testify. | |
| **2. FINAL INSTRUCTIONS**<br><br>2.1<br><br>Members of the jury, you've seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.<br><br>You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.<br><br>Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.<br><br>Perform these duties fairly and impartially.<br><br>Nothing I say now, and nothing I said during the trial, are meant to indicate what I think the facts are or your verdict should be. | |
| 2.2<br><br>The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations, A stipulation is an agreement between both sides that certain facts are true. You should give the same consideration to testimony presented to you by video from depositions as you would if the witnesses had come to court and testified live. | |
| 2.3<br><br>These things are not evidence:<br><br>      Testimony or exhibits that I ordered stricken.<br><br>      Anything you saw or heard outside this courtroom.<br><br>      Questions to witnesses, and objections to questions by lawyers. | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| The lawyers' opening statements and closing arguments.<br><br>Any notes you took during the trial; they are just to help you remember things. | |
| 2.4<br><br>In determining whether any fact has been proved, you should consider all of the evidence relating to the question regardless of which side introduced it. | |
| 2.5<br><br>You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, and how much weight, if any, to give the testimony of each witness.<br><br>In evaluating the testimony of any witness, you may consider, among other things:<br><br>    - the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;<br><br>    - the witness's memory;<br><br>    - any interest, bias, or prejudice the witness may have;<br><br>    - the witness's intelligence;<br><br>    - the manner of the witness while testifying;<br><br>    - and the reasonableness of the witness's testimony in light of all the evidence in the case. | Objection: Missing relevant language from the Court's sample instructions: "You shouldn't just count noses: the fact that one side presents more witnesses, testimony, or other evidence on an issue than the other side doesn't mean that the first side is right." *See* Section 2.5 of Motorola's Proposed Instructions, D.E. 917-10 at 6. |
| 2.6<br><br>You have heard some opinions from witnesses who are called "expert witnesses" who have specialized knowledge. You should weigh this testimony in the same way that you weigh the testimony of any other witness. | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| You are not required to accept an expert's opinion, but you must give an expert's testimony the weight you think it deserves, considering the reasons for the opinion, the witness's qualifications, and all of the other evidence in the case. | |
| 2.7<br><br>The issues you have to decide are (1) whether Motorola has proved by a preponderance of the evidence that Apple infringes claim 5 of the '559 patent, and claims 1, 2 and 5 of the '898 patent; (2) whether Motorola has proved by a preponderance of the evidence that Apple has induced infringement of Motorola's patents; (3) whether Motorola has proved by a preponderance of the evidence that Apple has contributed to infringement of Motorola's patents; (4) whether Motorola has proved by clear and convincing evidence that Apple's infringement of the Motorola patents, if any, was willful; and (5) whether Apple has proven by clear and convincing evidence that each of those claims is invalid.<br><br>A few words in the patents don't have their everyday meaning. I have defined the words and you must follow my definitions.<br><br>For the '559 patent:<br><br>    "outer code" means a code that identifies a cell base station. The code does not need to be repeated, and does not need to be common for all mobile stations.<br><br>    "preamble sequence" means a signal preceding the transmission of a message that is the product of an inner code and an outer code<br><br>    "where $s_j$, j= 0, 1,..., M - 1 are a set of orthogonal codewords of length P, where M and P are positive integers" means that if there are more than one codewords, at least two must be orthogonal to each other.<br><br>    "forming an outer code" and "forming an inner code" mean forming the entire outer or inner | Objection to Apple's proposed definitions for claim terms in the '559 Patent:<br><br>"Outer code": The "outer code" helps identify a cell base station, not necessarily uniquely identify such base station. Therefore, Motorola proposes the following instruction on the outer code: "'outer code' means a code that helps identify a cell base station. The code does not need to be repeated, and does not need to be common for all mobile station."<br><br>Apple's proposed construction for "where $s_j$, j=0, 1, …" is incomplete and omits the portion of Apple's construction (as adopted by the Court) which explains that the accused inner code can be just one codeword. The correct instruction is: "the codewords consist of one or more codewords of length P, wherein if there are more than one codewords, at least two must be orthogonal to each other."<br><br>Motorola objects to Apple's proposed instruction for "forming an outer code" and "forming an inner code" because it believes that the Court's construction of the term "forming" was improper.<br><br>Motorola objects to Apple's proposed instruction for "multiplying the outer code by the inner code" because it impermissibly broadens the type of multiplication permitted by claim 5 |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| code.<br><br>"multiplying the outer code by the inner code" means calculating a code, where each chip of that code is the product of a chip from the outer code and a chip from the inner code. | of the '559 Patent. Specifically, the statement "each chip of that code is the product of a chip from the outer code and a chip from the inner code" is improper, as claim 5 does not allow a (i.e., any) chip from the outer code to be multiplied by a (i.e., any other) chip from the inner code. Moreover, Apple has defined "multiplying the outer code by the inner code" so as to permit the product of the inner code and outer code to be of any length (and not necessarily having any relationship between the lengths of the inner and outer code), which is not permitted by the '559 patent specification. Motorola proposes instruction the jury regarding "multiplying the outer code by the inner code" as follows:<br><br>"multiplying the outer code by the inner code" means multiplying each chip of the inner code by the corresponding chip of the outer code. The inner code, outer code, and product of the inner code and outer code, must each be of the same length.<br><br>Objection: Lacks sufficient detail on the role of patent claims. *See* Section 2.8 of Motorola's Proposed Instructions, D.E. 917-10 at 7-8.<br><br>Objection: Typo in the third numbered phrase of paragraph 1. "Proven" should be "proved."<br><br>Objection: Omits two important sets of instructions for claim 5 of the '559 patent. First, omits an instruction that "a party cannot avoid infringement through the presence of elements or steps in addition to those specifically recited in the claim." *See* Section 2.9 |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| | of Motorola's Proposed Instructions, D.E. 917-10 at 8.  In addition, omits an instruction that "[f]or the preamble in claim 5 of the '559 patent, the parties agree that the preamble is limiting, meaning it constitutes a limitation of the claim."  *Id.* |
| 2.8<br><br>A product infringes a patent if every element in a claim is found in the product.<br><br>To find infringement of claim 5 of the '559 patent, you must find that the iPhone 4 performs "a method for generating preamble sequences in a CDMA system, the method comprising the steps of: forming an outer code in a mobile station; forming an inner code in a mobile station utilizing the equation that appears in claim 5 of the '559 patent <u>(which you may refer to in your exhibit binder)*</u><br><br>$$\overset{*}{\underset{\rule{4cm}{0.4pt}}{c_i(k) = \sum_{j=0}^{M-1} s_j(k\text{-}jP)}}$$<br><br>where sj, j-0,1, . . . , M-1 are a set of orthogonal codewords of length P, where M and P are positive integers, and multiplying the outer code by the inner code to generate a preamble sequence," and where the definitions provided in the previous instruction apply to the defined terms.<br><br>To find infringement of claim 1 of the '898 patent, you must find that the iPhone 4 adjusts the number of the plurality of units remaining to produce an adjusted number of units remaining based on the predetermined number of channel resources.<br><br>The other elements in claim 1 are not in dispute, so you don't have to worry about them.<br><br>Apple's products do not infringe claims 2 or 5 in the '898 patent if they do not infringe claim 1. If, therefore, | *** The instructions in this section are materially different from Apple's parallel instructions for Apple's patents in at least the following respect(s):<br><ul><li>Apple here replicates claim 5 of the '559 Patent while it does not excerpt any claim language in the instructions for its own patents.</li><li>Apple has used drastically different language regarding the jury's role in finding infringement as opposed to actively identifying reasons for a finding of non-infringement.  *Compare* "To infringe claim 8 of the 647 patent, Motorola must infringe claim 1.  Therefore, if claim 1 is not infringed, then claim 8 is also not infringed" *with* "Apple's products do not infringe claims 2 or 5 of the '898 patent if they do not infringe claim 1.  If, therefore, you find that Apple's products do not infringe claim 1, then Apple's products do not infringe claim 2 and 5."</li></ul><br>Objection to the inclusion of the equation from claim 5 of the '559 patent in this portion of the jury instructions.  Apple admits that the equation appears in the copy of the patent "in your exhibit binder," and it |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| you find that Apple's products do not infringe claim 1, then Apple's products do not infringe claim 2 and 5.<br><br>To find infringement of claims 2 and 5 of the '898 patent, you must also find that the iPhone 4 "divides the number of the plurality of units remaining by the predetermined number of channel resources."<br><br>To find infringement of claim 5 of the '898 patent, you must also find that the iPhone 4 performs the above process "wherein the predetermined number of channel resources is greater than one."<br><br>The other elements in claims 2 and 5 are not in dispute, so you don't have to worry about them. | is thus unnecessary to replicate it here. The equation is complex, and on its own and without the aid of expert or fact testimony it will be unhelpful and potentially confusing to the jury. |
| 2.9<br><br>You don't have to be absolutely certain in order to find infringement, but you have to be convinced that Motorola has a stronger case for infringement than Apple has for non- infringement.<br><br>Motorola must prove that every element in the claim that you are considering is found in <u>Motorola's products.</u> <u>This can be proved if each and every element in the process claim that you are considering is performed by Apple's products in exactly the same way as claimed in the Motorola patents.</u><br><br>What is "equivalence?" An element (step) in the accused process performed by the iPhone 4 Representative Product is equivalent to an element in the Motorola patent if the differences between the two would be considered insubstantial by a person of "ordinary skill" in the field of knowledge relating to the invention. (A person of "ordinary skill" in the technological field to which the patented invention belongs just means a person who has the education and experience necessary for a competent understanding of the technology described in the patent; he doesn't have to be a genius.) Any difference is insubstantial if, for element of the patent claims, a feature of <u>Motorola's product</u> performs substantially the same function, in substantially the same way, to achieve substantially the same result, as the | *** The instructions in this section are materially different from Apple's parallel instructions for Apple's patents in at least the following respect(s):<br><br>• Sets forth a different evidentiary standard for proving infringement for Apple's patents (lower) than Motorola's patents (higher). Also omits any reference to the doctrine of equivalents for Motorola's patents. *Compare* "This can be proved if Motorola's products is exactly the same as it is in the claim in the Apple patent, or alternatively if the element in the Motorola product is equivalent to an element in the patent claim" *with* "This can be proved if each and every element in the process claim that you are considering is performed by Apple's products in exactly the same way as claimed in the Motorola patents."<br><br>Objection to the typos in the first |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| element of the claim. | sentence of the second paragraph, and last sentence of the third paragraph of this section, where "Motorola's product" should be "Apple's product."<br><br>Objection: Apple's instructions are unclear in that they do not delineate the three elements that can be used for a finding of infringement under the doctrine of equivalents (function/way/result). In addition, Apple's instructions fail to explain to the jury that any analysis under the doctrine of equivalents necessarily deals with subject matter that is beyond, ignored by, and not included in the literal scope of the claim. *See* Section 2.10 of Motorola's Proposed Instructions, D.E. 917-10 at 8-9.<br><br>Objection: Motorola objects to the following sentence because the phrases "each and every" and "exactly" imply an extraordinary burden on Motorola to demonstrate infringement: "This can be proved if each and every element in the process claim that you are considering is performed by Apple's products in exactly the same way as claimed in the Motorola patents." The equivalent statement from Motorola's instructions is more clear: "The plaintiffs must prove that every element in the claim that you are considering is found in Apple's process." *See* Section 2.10 of Motorola's Proposed Instructions, D.E. 917-10 at 9. |
| 2.10<br><br>Motorola contends that Apple induced its customers to infringe its patents. To succeed on this contention, Motorola must prove that Apple knew of Motorola's '559 and '898 patents, instructed its customers to | Objection: Apple's instructions are incomplete and do not provide the jury with enough detail on the standard for inducement. Motorola's instructions, based on the Federal Circuit model instructions as well as |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| perform the steps in the asserted claims of those patents in a manner that infringed Motorola's patents, and knew or should have known that its acts would cause the customers to infringe. | the Supreme Court's recent holding in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011), are more complete. *See* Section 2.11 of Motorola's Proposed Instructions, D.E. 917-10 at 9-10. |
| 2.11<br><br>Motorola also contends that Apple contributed to the infringement of its patents. To prove this, Motorola must prove four elements: 1) Apple knew of Motorola's patents; 2) Apple sold a significant part of the patented invention that is not a common item with other uses; 3) Apple's customers performed the infringing processes by using this part; and 4) Apple knew the part was especially made to infringe. | Objection: Misstates the law on contributory infringement and is confusing, as it does not even refer to "substantial, non-infringing uses."<br><br>Motorola believes that its own instruction, appearing at Section 2.12 of its instructions, are a more accurate representation of the law on contributory infringement and comport with the Federal Circuit Bar Jury Instructions. (*See* D.E. 917-10 at 11-12.) |
| 2.12<br><br>Motorola contends not only that Apple infringed its two patents, but that it did so willfully. You are to consider willful infringement only if you have found that Apple infringed. To prove willfulness, Motorola must prove by "clear and convincing evidence" both that it was highly likely that Apple's products infringed and that Apple either knew that it was highly likely or should have known that.<br><br>"Clear and convincing" evidence is evidence that makes it highly probable that a particular proposition is true. You must decide whether there was simple infringement, under the lower standard of proof that I mentioned earlier ("preponderance of the evidence" — that is, more likely than not, even if just a little more likely than not), and if you find there was, you should go on to decide whether the infringement was willful.<br><br>You also may have heard of a burden of proof used in criminal cases called "beyond a reasonable doubt," which is a higher burden of proof than "clear and convincing" evidence. You must not apply the criminal standard in this case. | Objection: Apple's instructions are incomplete and do not provide the factfinder with enough guidance on the distinction between infringement and willful infringement. Motorola's instructions, in contrast, are more complete and based on the Federal Circuit's opinion in *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007). For example, Motorola's instructions make clear that the willfulness inquiry includes both an objective and subjective component. *See* Section 2.13 of Motorola's Proposed Instructions, D.E. 917-10 at 11; *see also In re Seagate Tech.*, 497 F.3d at 1371 ("The state of mind of the accused infringer is not relevant to [the] objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| | known to the accused infringer."). Apple's instructions fail to clarify this distinction. |
| 2.13<br><br>Even if you find that there was infringement, that isn't the end of the case. Apple contends that all the asserted claims are invalid because they were anticipated, or obvious. If Apple proves the patent claims are invalid, it wins the case even if it infringed Motorola's patents. | |
| 2.13.1<br><br>For a claim to be invalid because it is anticipated, Apple must show by clear and convincing evidence that each and every element of the claim is present in a single piece of prior art and that a person with an ordinary level of skill in the field looking at the prior art would have been able to make and use the invention disclosed in the claim.<br><br>To qualify as prior art, the item or reference must have been made, known, used, published, or patented either before the invention was made or more than one year before the filing date of the patent application. However, prior art does not include a publication that describes the inventor's own work and was published less than one year before the date of invention. | |
| 2.13.2<br><br>For the '559 patent, the term "date of invention," as used in the previous instruction, means July 7, 1999, unless Motorola proves by a preponderance of the evidence that the invention was conceived <u>and actually reduced to practice at an earlier date</u>. An invention is "conceived" when the inventor has formed the idea of how to make and use every aspect of the claimed invention. An invention is "actually reduced to practice" when it is made or when the inventor determines that it will work for its intended purpose.<br><br>To establish an earlier date, Motorola must prove by a preponderance of the evidence that the invention was actually reduced to practice at an earlier date, in which case that date is the invention date, or the inventor | Objection: This is a potentially misleading statement of the law on establishing earlier conception dates. One who conceived before but reduced to practice after is still the first inventor so long as he establishes reasonable diligence towards the actual or constructive reduction to practice of his invention.  Therefore, Apple's instruction that Motorola must prove that the '559 patent was "actually reduced to practice at an earlier date" could mislead the jury.<br><br>Motorola respectfully requests that its proposed instructions on conception and reduction to practice, reproduced |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| conceived the invention before the date of the prior art and used reasonable diligence before the date of the prior art to reduce the invention to practice, in which case the date of the invention is the date when the invention was conceived. Reasonable diligence means the inventor worked continuously to reduce the invention to practice, allowing for everyday interruptions. | below, are less likely to confuse the jury. In addition, they distinguish between actual and constructive reduction to practice, which is lacking in Apple's instructions:<br><br>The term "date of invention," as used in the previous instruction means the date the patent application was filed unless the plaintiffs prove by a preponderance of the evidence that the inventor conceived the invention at an earlier date and used reasonable diligence to reduce the invention to practice, in which case the "date of the invention" is the date when the invention was conceived. An invention is "conceived" when the inventor has formed the idea of how to make and use every aspect of the claimed invention. An invention is "actually reduced to practice" when it is made or when the inventor determines that it will work for its intended purpose. Reasonable diligence means the inventor worked continuously to reduce the invention to practice, allowing for everyday interruptions.<br><br>The patentee must corroborate the alleged date of invention in order to be entitled to it. You must consider all pertinent evidence when making a determination whether the patentee has sufficiently corroborated his conception date. It is not necessary for the patentee to provide evidence of an actual over-the-shoulder observer. Instead, you are |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| | permitted to rely on circumstantial evidence to demonstrate that the patentee is entitled to his alleged conception date. In other words, conception may be corroborated even though no single piece of evidence shows complete conception. |
| 2.13.3<br><br>To prove invalidity based upon obviousness, Apple must prove by clear and convincing evidence that a person of ordinary skill as defined earlier, and who knew all the "prior art" existing when the invention was made, would have been able to invent the patented product at that time, or in other words, would have viewed the invention as obvious. "Prior art" means all the information that is publicly known, used by others, or available on the date of the invention to a person of ordinary skill. For example, other patents, inventions, products, articles, books, and scientific literature are all prior art. To evaluate obviousness, you should assume that the person of ordinary skill knows all the "prior art" existing when the invention was made. <u>If you combine multiple references to find all the elements of the claims, you should decide if there was a reason or motivation to combine them, including market pressure to solve a problem.</u>[11] You should then determine what would have been thought obvious when using common sense.[12] In making this determination, you should consider that it may be obvious to apply a solution designed to solve one problem to a different problem in a different field, if doing so would yield predictable results.[13] You must not use hindsight; that is, you must not consider what is known now.<br><br>In making your decision regarding obviousness, you should consider the scope and content of the prior art and also any differences between the prior art and the | Objection: The underlined portions in the second and fourth paragraph of section 2.13.2 are redundant.<br><br>Objection: The third paragraph of this section lists particular "secondary considerations of non-obviousness". However, it is incomplete. Motorola has alleged the following secondary considerations of non-obviousness, and the instruction should include all of them: " (a) the invention achieved commercial success so long as the commercial success resulted from the claimed invention rather than from something else such as innovative marketing; (b) the invention satisfied a long-felt need; (c) others failed in attempting to make the invention; (d) others copied the invention; (e) the invention achieved unexpected results; or (f) others in the field praised the invention." *See* Section 2.18 of Motorola's Proposed Instructions, D.E. 917-10 at 14. |

---

[11]   *KSR Intern. Co. v. Teleflex Inc.,* 550 U.S. 398, 419 (2007).

[12]   *KSR Intern. Co. v. Teleflex Inc.,* 550 U.S. 398, 421 (2007).

[13]   *KSR Intern. Co. v. Teleflex Inc.,* 550 U.S. 398, 401, 420 (2007).

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| invention in the patent claim. These factors (scope and content of the prior art and any differences between the prior art and the invention in the patent claim) are the primary factors that you should consider in deciding the question of obviousness, but you should also consider the following factors, which may indicate that Motorola's inventions were not obvious: whether other inventors failed in attempting to make the invention in the patent claims; or copied the invention; or praised it or sought or obtained a license to the patent from the patent holder. You should also consider whether the same idea was simultaneously invented by another, which may indicate that Motorola's inventions were obvious. None of these factors has to be present, for you to conclude that Motorola's inventions were or were not obvious. And it is for you to decide how much weight to give each factor that you find is present.<br><br>Two more points: (1) Because most inventions are built on prior knowledge, the fact that each element of a claim is found in prior art is not enough, by itself, to prove obviousness. (2) In determining whether Apple has proved obviousness, you may combine multiple items of prior art, if a person of ordinary skill would have thought it obvious to combine them. | |
| 2.14<br><br>The law requires that the "specification" section of the patent contain enough information to enable a person of ordinary skill in the field of the invention to make and use the invention, without an unreasonable amount of experimentation. A patent does not have to state what persons of ordinary skill in the field would likely know or could easily learn.<br><br>Apple argues that claim 5 of Motorola's '559 patent is invalid because it fails to meet this requirement. To succeed on this argument, Apple must prove by clear and convincing evidence that the specification does not allow a person of ordinary skill in the field of the invention to make and use a process covered by claim 5 without an unreasonable amount of experimentation. Whether the amount of experimentation is unreasonable depends on the complexity of the field of the invention and the level of expertise and knowledge of persons of | |

| Apple's Proposed Instruction | Motorola's Specific Objection |
|---|---|
| ordinary skill in that field.<br><br>If Apple proves this as to a particular claim by clear and convincing evidence, you should find that claim invalid. | |
| 2.15<br><br>When you go to the jury room for your deliberations, first select a presiding juror to be the foreperson. He or she will preside over your deliberations and will be your representative here in court.<br><br>Forms of verdict have been prepared for you. Take them to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it. | |
| 2.16<br><br>The verdict must represent the considered judgment of each juror and must be unanimous, whether the verdict is in favor of the plaintiff or the defendant, or for the plaintiff on some issues and the defendant on others. You should make every reasonable effort to reach a unanimous verdict and in doing so you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views, and to change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. | |
| 2.17<br><br>If it becomes necessary during your deliberations to communicate with me, you may send a note by a court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any other means. If you have trouble reaching a unanimous verdict, you're not to tell me or anyone else which side is favored by more jurors. | |

Dated:  June 1, 2012                    Respectfully submitted,

MOTOROLA MOBILITY, INC. AND
MOTOROLA SOLUTIONS, INC.
By:      */s/ Richard W. Erwine*

Edward J. DeFranco
Raymond Nimrod
Richard W. Erwine
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
raynimrod@quinnemanuel.com
richarderwine@quinnemanuel.com

Charles K. Verhoeven
David A. Perlson
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email:
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com

Brian Cannon
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Telephone: (650) 801-5000
Facsimile:  (650) 801-5001
Email:  briancannon@quinnemanuel.com

David A. Nelson
Stephen Swedlow
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP

500 West Madison St., Ste. 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
       stephenswedlow@quinnemanuel.com

*Attorneys for Defendant Motorola Mobility,*
*Inc. and Motorola Solutions, Inc. (f/k/a*
*Motorola, Inc.)*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record will be served with a true and correct copy of the foregoing by electronic mail, on this the 1st day of June, 2012.


 /s/Richard W. Erwine