UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APPLE INC. and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.), ) ) ) Plaintiffs, ) ) ) v. ) ) MOTOROLA, INC. and MOTOROLA ) MOBILITY, INC. ) ) Defendants. ) | Case No. 1:11-cv-08540<br><br>Judge: Hon. Richard A. Posner |

**MOTOROLA'S SUBMISSION PURSUANT TO THE COURT'S JUNE 3, 2012 ORDER**

Motorola hereby submits the following brief in response to the Court's order of June 3, 2012, seeking Motorola's position with respect to "the question whether asking for declaratory relief when further relief is barred does indeed render the case (or piece of the case, in a multi-patent case such as this) moot, requiring dismissal." 6/3/12 Order at 2. As discussed below, Motorola respectfully submits that under the specific facts and circumstances of this case, the Court is correct in concluding that the "request for declaratory relief would [not] survive a ruling barring monetary and injunctive relief." *Id*. at 1.

There can be no dispute that in the circumstance where a plaintiff has no chance of relief from the Court, the Court would lack jurisdiction over such a claim under Article III. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 107 (1998) ("psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury"); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) (Posner, J.) ("a case becomes moot, the

1

court loses jurisdiction, even though the case was not moot when filed" if there is no longer the "existence of a case or controversy in the Article III sense, that is, a real dispute between parties with tangible stakes in the outcome"). There are no special rules governing patent litigation that would entitle a plaintiff to pursue a claim upon which no relief can be granted. "Therefore the jurisdictional inquiry may be conducted at any time until the judgment becomes final." *Id*.

In the event an affirmative claim for infringement fails as a matter of law, the Court must consider whether it has jurisdiction over the concomitant declaratory judgment claims. "A declaratory judgment counterclaim, according to the relevant procedural provision, may only be brought to resolve an 'actual controversy' between 'interested' parties. 28 U.S.C. §2201(a)." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). "The existence of a sufficiently concrete dispute between the parties remains, however, a jurisdictional predicate to the vitality of such an action." *Id.* (internal citations omitted). "Indeed, the actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

In *Super Sack*, the court affirmed the trial court's dismissal of the declaratory judgment counterclaims after plaintiff's counsel promised not sue the defendant on the patents-in-suit for infringement, but "only to products that Chase made, used, or sold on or before July 8, 1994, the date Super Sack filed its motion to dismiss." *Super Sack,* 57 F.3d at 1056-57. "The legal effect of Super Sack's promise not to sue is the heart of the matter, and the trial court acted consistently with that legal effect." *Id.* at 1059. The trial court dismissed the declaratory judgment counterclaims for lack of jurisdiction based upon the plaintiff's promise not to assert the patents-in-suit notwithstanding the fact that the defendant "may, make, sell or use in the future" a product that could be accused of infringement in a different lawsuit. *Id.* at 1057. "In sum, the

trial court did not err in concluding that post-filing events rendered moot the controversy in this case. To proceed would have involved the court in rendering a forbidden advisory opinion." *Id*. at 1060 (citing *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227 (1937)).

Similarly, in this case, counsel for both parties entered into a written agreement dated February 27, 2012, whereby "both parties agree not to accuse any additional or new products of infringement of any patents-in-suit (and not to seek an injunction in this case for any such additional or new products) that were not accused of infringement in the original expert disclosures in this case." See, 2/27/2012 letter from Swedlow to Ferguson (Exhibit 1). When this agreement not to pursue claims against "new products" in this case is coupled with a determination that no remedies are available for the products currently at issue in this litigation, any further adjudication of the infringement and validity issues in this matter would be purely advisory. Therefore, if the Court in fact determines that no remedies are available for the claimed infringement, in light of the particular facts and circumstances of this case (including the specific agreement of the parties not to seek any injunction in this case for any additional or new products), "a request for declaratory relief would [not] survive a ruling barring monetary and injunctive relief." 6/3/12 Order at 1.

The Federal Circuit has recently re-affirmed its holding in *Super Sack* that "subsequent events can divest the district court of jurisdiction, specifically here, over [defendant's] counterclaims." *Benitec Austl., Ltd. v. Nucelonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007) (holding that the district court correctly determined that it had been divested of jurisdiction to hear the defendant's counterclaims for invalidity and unenforceability when the plaintiff had voluntarily dismissed its infringement claims without prejudice before trial). *Cf. Backyard Nature Prods., Inc. v. Woodlink, Ltd.*, 81 Fed. Appx. 729, 730 (Fed. Cir. 2003) (affirming district

court's order which granted the defendant's motion for summary judgment of non-infringement and dismissed the defendant's non-validity arguments as moot).

"[A]n actual controversy cannot be based on a fear of litigation over future products." *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) (citing *Super Sack Mfg.*, 57 F.3d at 1060 ("The residual possibility of a future infringement suit based on [the alleged infringer's] future acts is simply too speculative a basis for jurisdiction over [the alleged infringer's] counterclaim for declaratory judgments of invalidity.")).

Finally, it would be incorrect for this Court to retain jurisdiction over the declaratory judgment claims just because the parties are very close to trial, or for any alleged efficiency reasons that might be cited by Apple. "Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case, and no amount of 'prudential reasons' or perceived increases in efficiency, however sound, can empower a federal court to hear a case where there is no extant case or controversy." *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (reversing district court's denial of motion to dismiss for lack of subject matter jurisdiction and citing *Super Sack* with approval).

Dated: June 6, 2012                          Respectfully submitted,

MOTOROLA MOBILITY, INC. AND
MOTOROLA SOLUTIONS, INC.
By:     */s/ Stephen A. Swedlow*

Edward J. DeFranco
Raymond Nimrod
Richard W. Erwine
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
raynimrod@quinnemanuel.com
richarderwine@quinnemanuel.com

Charles K. Verhoeven
David A. Perlson
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com

Brian Cannon
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5001
Email: briancannon@quinnemanuel.com

David A. Nelson
Stephen Swedlow
Amanda S. Williamson
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL 60661

Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
      stephenswedlow@quinnemanuel.com
      amandawilliamson@quinnemanuel.com

*Attorneys for Defendant Motorola Mobility, Inc. and Motorola Solutions, Inc. (f/k/a Motorola, Inc.)*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record will be served with a true and correct copy of the foregoing by electronic mail, on this the 6th day of June, 2012.

*/s/ Stephen A. Swedlow*

# Exhibit 1

**quinn emanuel** trial lawyers | chicago

500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL: (312) 463-2961 FAX: (312) 463-2962

STEPHEN A. SWEDLOW
(312) 705-7430
stephenswedlow@quinnemanuel.com

February 27, 2012

<u>VIA E-MAIL</u>

Brian E. Ferguson
Weil, Gotshal & Manges LLP
1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
brian.ferguson@weil.com

Re:   *Apple Inc. v. Motorola, Inc. et al.*, No. 11-8540 (N.D. Ill.)

Dear Mr. Ferguson:

Motorola Mobility, Inc. ("Motorola") and Apple, Inc. ("Apple") hereby agree not to add any new accused products to the supplemental expert reports in the case of Apple v. Motorola No. 1:11-cv-08540. Specifically, both parties agree not to accuse any additional or new products of infringement of any patents-in-suit (and not to seek an injunction in this case for any such additional or new products) that were not accused of infringement in the original expert disclosures in this case. Both parties retain all rights to file separate actions on any additional or new products and seek any relief (including injunctive relief) in any other action. This agreement only relates to adding products to case - No. 1:11-cv-08540.

Agreed to by Apple

_____
Brian Ferguson on behalf of Apple

Agreed to by Motorola

_____
Stephen Swedlow on behalf of Motorola

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100