IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APPLE INC., and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>MOTOROLA INC. and MOTOROLA MOBILITY, INC.<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 1:11-CV-08540<br><br>Hon. Richard A. Posner<br><br>**JURY TRIAL DEMANDED** |

### APPLE'S RESPONSE TO THE COURT'S ORDER OF JUNE 3, 2012 REGARDING DECLARATORY RELIEF JURISDICTION

**I.   OVERVIEW**

Apple submits this brief in response to the Court's Order of June 3, 2012, directing the parties to brief the question of whether a ruling barring injunctive relief and past damages would render the parties' infringement, invalidity, and unenforceability claims moot. In other words, if summary judgment of no injunction and no past damages is granted with regard to any patent, does that then foreclose the Court's ability to adjudicate substantive issues of liability, particularly where such an adjudication could be highly efficient and conserve judicial resources?

Apple believes that the Court retains jurisdiction even if it determines that injunctive relief and past damages are barred. Both parties have asserted claims for declaratory judgment,

which remain justiciable even assuming the affirmative claims for infringement are dismissed as moot. Each party has asserted declaratory judgment claims that the other side's patents are invalid and unenforceable. Moreover, both parties have asked for the remedy of a declaration of infringement with respect to their asserted patents.

Both teams are ready and eager for trial. Apple and Motorola have expended considerable resources and effort to prepare this matter for trial. As the Court is well aware, this case is at the center of a wide-ranging dispute regarding the Android and Apple mobile platforms. The parties would benefit enormously from the clarity that only a verdict can provide. No other court is as close to reaching a decision on these issues between Motorola and Apple, and a determination regarding liability would greatly aid the parties in bringing their dispute to a resolution. Not to have a trial at this stage would be a waste of both sides' resources, and a waste of the considerable energy this Court has expended in getting this case ready for trial.

Moreover, it is more efficient to dispose of the claims on the merits now in order to create a complete record for appeal, rather than determining the claims piecemeal after a potential remand from the Federal Circuit. The Court has discretion to hear these declaratory judgment claims even if there is no monetary or injunctive relief available, and should exercise that discretion to hear the declaratory judgment claims in this case.

## II. ARGUMENT

Courts use a two-step process for evaluating declaratory judgment jurisdiction in patent cases. First, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Second, once such a controversy is

established, "the district court's exercise of its declaratory judgment authority is discretionary." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008). There is no controlling case law that prevents that exercise of discretion in this case.

### A. Declaratory Relief Jurisdiction Obtains Here

Both sides have asserted claims seeking declarations that the other party's patents are invalid, unenforceable, and not infringed. *See, e.g.*, Apple's Answer and Counterclaims, Dkt. 82 at 32-43 (asserting counterclaims for declaratory judgment of invalidity, unenforceability, and noninfringement of each of Motorola's asserted patents). In addition, Apple included in its prayer for relief a request for a declaration that Motorola has infringed its patents:

> F. That Motorola be declared to have infringed, directly and/or indirectly, literally or under the doctrine of equivalents, induced infringement, and/or contributed to the infringement of one or more claims of each of the '949, '002, '315, RE '486, '354, '263, '983, '705, '647, '852, '131, '337 '867, '721, and '599 patents under 35 U.S.C. § 271.

*See id*. at 44. The parties have therefore made their adverse legal interests clear, asserting affirmative claims of infringement along with the declaratory judgment claims, and have litigated these claims vigorously. These controversies clearly have sufficient "immediacy and reality," as evidenced by the current lawsuit and the clear threat of ongoing litigation. *See Teva Pharms. v. Novartis Pharms.*, 482 F.3d 1330, 1338 (2007) ("[A] declaratory judgment plaintiff is only required to satisfy Article III, which includes standing and ripeness, by showing under all the circumstances an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of 'sufficient immediacy and reality.'"). *See also Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) ("Constitutional injury in fact occurs when a party performs at least one prohibited action with respect to the patented invention that violates [the]

exclusionary rights" conferred by the patent.). Accordingly, the Court has discretion to retain jurisdiction to decide Apple's request for a declaration that Motorola infringes its patents.

      **B.    The Court Should Exercise Its Discretion To Retain Jurisdiction Over the Declaratory Relief Claims In The Absence of a Damages or Injunctive Remedy**

Where, as here, jurisdiction is present over declaratory judgment claims, district courts retain some measure of discretion to decline to hear the case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289, (1995); *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998). Federal Courts consider a number of factors when deciding whether to exercise their declaratory judgment jurisdiction, including "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1357 (Fed. Cir. 2004) (quoting Edwin Borchard, *Declaratory Judgments* 299 (2d ed. 1941)). The key factor governing such discretion is the efficient "investment of judicial time and resources." *Minnesota Mining and Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672 (Fed. Cir. 1991).

Here, all of the above factors weigh in favor of adjudicating the declaratory judgment claims. The parties and the Court have expended substantial resources to develop the claims at issue for trial, which is now imminent. It is more efficient, and consistent with the Federal Circuit's statement in *Norton*, to dispose of the claims on the merits now in order to create a complete record for appeal, rather than determining the claims piecemeal after a potential remand from the Federal Circuit. This approach will ensure a more prompt and complete resolution of the parties' ongoing dispute. Accordingly, the principle of judicial economy, as well as the desire of both sides to resolve outstanding issues regarding the validity of their respective patents expeditiously, favor adjudicating the declaratory judgment claims now.

Moreover, the Court should exercise its discretion to resolve the parties' declaratory judgment claims because, as the Supreme Court has repeatedly recognized, the public interest favors speedy resolution of validity issues. For instance, in *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), the Court noted the "strong public interest in the finality of judgments in patent litigation," as well as the "importance to the public at large of resolving questions of patent validity." *Id.* at 100. *See also Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945) (between infringement and validity, "validity has the greater public importance"). Thus, as the Court of Claims has explained, while courts need not consider validity once the issue of infringement has been disposed, "the better practice is to treat both the validity and infringement issues." *Leesona Corp. v. United States*, 530 F.2d 896, 906 n.9 (Ct. Cl. 1976). This public interest is especially strong in the present case, given the popularity and ubiquity of the accused products.

In sum, the exercise of the Court's discretion to retain jurisdiction would further the policies of the Declaratory Judgment Act, to give private parties greater clarity in the exercise of their rights, whether based on intellectual property or otherwise. *See, e.g.*, *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) ("The purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights.") (quoting *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987)).

### C. The Absence of Damages or Injunctive Relief Does Not Eliminate Declaratory Relief Jurisdiction in Patent Cases

While courts in various circumstances have held that the absence of a damages remedy or an injunction deprives the court of jurisdiction, *see, e.g.*, *Cornucopia Inst. v. USDA*, 560 F.3d 673, 676 (7th Cir. 2009) (dismissing FOIA claim where no damages were available, agency's

compliance rendered injunction moot, and only declaratory relief remained); *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528-29 (7th Cir. 2001) (after damages claims were dismissed and election had passed, declaratory judgment claim that exclusion of candidate from ballot violated First and Fourteenth Amendments found moot), this rule has not been applied by the Federal Circuit in patent cases where there is a claim for declaratory relief.

Moreover, in at least one intellectual property case, the Second Circuit has taken a contrary view. In *On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001), the Second Circuit held that "[t]he owner of a copyright is . . . entitled to prevail in a claim for declaratory judgment of infringement without showing entitlement to monetary relief." *Id.* at 159. The same principle should apply to a patent case where a declaration of property rights has a tangible impact.

The few patent cases where the court found that it lacked jurisdiction due to the absence of a damages remedy either predate the Federal Circuit or have been decided by district courts. *See Continental Coatings Corp. v. Metco, Inc.*, 325 F. Supp. 165, 168 (N.D. Ill. 1971), *aff'd* 464 F.2d 1375 (7th Cir. 1972) (motions for summary judgment on validity and infringement held moot upon a finding that laches barred relief); *Crown Packing Tech., Inc. v. Rexam Beverage Can Co.*, 622 F. Supp. 2d 124 (D. Del. 2007) (same outcome based on laches and marking statute).

### III. CONCLUSION

For the reasons set forth above, a determination that no monetary or injunctive relief is available does not deprive the Court of jurisdiction.

Dated: June 6, 2012

                          Respectfully submitted,

                          */s/ Robert D. Fram*
                          Robert T. Haslam (Ill. ID No. 71134)
                          rhaslam@cov.com
                          Anupam Sharma (*pro hac vice*)
                          asharma@cov.com
                          COVINGTON & BURLING LLP
                          333 Twin Dolphin Drive, Suite 700
                          Redwood Shores, CA 94065-1418
                          Telephone: (650) 632-4700
                          Facsimile: (650) 632-4800

                          Robert D. Fram (*pro hac vice*)
                          rfram@cov.com
                          Christine Saunders Haskett (*pro hac vice*)
                          chaskett@cov.com
                          Samuel F. Ernst (*pro hac vice*)
                          sernst@cov.com
                          Winslow B. Taub (*pro hac vice*)
                          wtaub@cov.com
                          COVINGTON & BURLING LLP
                          One Front Street
                          San Francisco, CA 94111-5356
                          Telephone: (415) 591-6000
                          Facsimile: (415) 591-6091

                          Christopher K. Eppich (*pro hac vice*)
                          ceppich@cov.com
                          COVINGTON & BURLING LLP
                          9191 Towne Centre Drive, 6th Floor
                          San Diego, CA 92122-1225
                          Telephone: (858) 678-1800
                          Fax: (858) 678-1600

Jill Schmidt (*pro hac vice*)
jill.schmidt@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Brian E. Ferguson (*pro hac vice*)
brian.ferguson@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Elizabeth S. Weiswasser (*pro hac vice*)
elizabeth.weiswasser@weil.com
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY 10153
Telephone: (212) 310-8022
Facsimile: (212) 310-8007

Matthew D. Powers (*pro hac vice*)
Matthew.Powers@tensegritylawgroup.com
Steven Cherensky (*pro hac vice*)
Steven.Cherensky@tensegritylawgroup.com
Tensegrity Law Group, LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:  650-802-6000
Facsimile: 650-802-6001

*Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.*

- 9 -

**CERTIFICATE OF SERVICE**

      I, Robert D. Fram, an attorney, do hereby certify that I caused a copy of the foregoing to be electronically filed with the Court and served on all parties on June 6, 2012 using the Court's electronic case filing system.

      By: */s/ Robert D. Fram*
            Robert D. Fram