**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| APPLE INC. and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.), )<br><br>Plaintiffs, )<br><br>v. )<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC. )<br><br>Defendants. ) | Case No. 1:11-cv-08540<br><br>Judge: Hon. Richard A. Posner |

## MOTOROLA'S RESPONSE TO APPLE'S SUBMISSION PURSUANT TO THE COURT'S JUNE 3, 2012 ORDER REGARDING DECLARATORY RELIEF JURISDICTION

Motorola hereby submits the following response to Apple's submission regarding the Court's order of June 3, 2012 regarding declaratory relief jurisdiction. Apple is incorrect that the Court retains jurisdiction even if it determines that no monetary or injunctive relief is available. Apple does not cite a single case in which a trial court retained declaratory judgment jurisdiction before trial after determining that no monetary or injunctive relief could be granted, nor does it cite any case that supports such a proposition. And Apple cites no special rules or authority governing patent litigation that would entitle a plaintiff to pursue a claim upon which no relief can be granted.

Apple's submission emotes every permutation of why a party may like a case to proceed to trial, even when there is no relief to be granted – e.g., its legal team is "ready and eager for trial," "this case is at the center of a wide-ranging dispute between the parties," [t]he parties would benefit enormously from the clarity that only a verdict can provide," a liability

1

determination "would greatly aid the parties in bringing their dispute to a resolution," and "[n]ot to have a trial at this stage would be a waste of both sides' resources." Apple Sub. at 2. Each of those justifications reflects a request for an advisory opinion. But the Supreme Court has made plain that such desires do not confer subject matter jurisdiction on the trial court. "By the mere bringing of his suit, *every* plaintiff demonstrates his belief that a favorable judgment will make him happier." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 107 (1998) (emphasis in original).

> But although a suitor may derive great comfort and joy from the fact that the United States Treasury is not cheated, that a wrongdoer gets his just desserts, or that a nation's laws are faithfully enforced, that psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury. *See, e.g.*, *Allen v. Wright*, 468 U.S. 737, 754-755, 104 S.Ct. 3315, 3326-3327, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 482-483, 102 S.Ct. 752, 763-65, 70 L.Ed.2d 700 (1982). **Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement.**

*Id.*, 118 S.Ct. at 1019 (emphasis added.)

If there is no chance for Apple to obtain relief from this Court, it is largely its own doing based on the failure of its damages experts to pass the Court's screening under *Daubert*. In that circumstance, Apple is unable to overcome the fact that the equitable remedy of an injunction is unavailable where money damages (if proven) could afford complete legal relief.[1]

---

[1] Apple does not and cannot dispute that "an actual controversy cannot be based on a fear of litigation over future products." *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999) (citing *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995) ("The residual possibility of a future infringement suit based on [the alleged infringer's] future acts is simply too speculative a basis for jurisdiction over [the alleged infringer's] counterclaim for declaratory judgments of invalidity.")). The Supreme Court has recognized the need "to prevent federal-court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution." *Calderon v. Ashmus*, 523 U.S. 740, 748 (1998).

### A. Apple Incorrectly Conflates The Requirement of Declaratory Relief Jurisdiction at the Time of Filing with the Continuing Requirement of Jurisdiction Throughout the Case

Apple contends that by making "their adverse legal interests clear" and by "litigat[ing] these claims vigorously, both parties have made their legal interest clear." Apple Sub. at 3. True, but again insufficient for this Court to retain jurisdiction where no relief can be granted. Apple then string-cites Federal Circuit cases that speak to the presence of declaratory judgment jurisdiction at the outset of the litigation. *Teva Pharms v. Novartis Pharm.*, 482 F.3d 1330, 1338 (2007); *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). Not surprisingly, neither of those cases supports the proposition that declaratory judgment relief present at the time of filing is sustained even where the Court determines that neither monetary nor injunctive relief can be granted.

### B. Apple Incorrectly Argues that "Efficiency" Considerations Give this Court the Discretion to Retain Jurisdiction

Apple argues that "it is more efficient to dispose of the claims on the merits now in order to create a complete record for appeal," and it then argues that such concerns place jurisdiction in circumstances here within this Court's discretion. Apple Sub. at 2, 4. It cites Federal Circuit cases in support of this proposition, but none of those cases substitute "efficiency" for the Supreme Court's requirement that a claim for relief remains in the case that can remedy the injury suffered.[2] *Id.* at 4.

---

[2] Apple also cites two cases for the general proposition that where declaratory judgment jurisdiction is present, district courts retain some measure of discretion to decline to hear the case. That issue is not in dispute, and the Supreme Court case cited by Apple is not particularly helpful or relevant. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) ("The District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court). However, the Federal Circuit case Apple cites supports Motorola's position. In *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998), the Federal Circuit affirmed

3

Apple cites Federal Circuit cases that considered the factors to be considered in determining whether declaratory judgment jurisdiction exists at the time of filing. Apple Sub. at 4. Those cases do not support the proposition that jurisdiction remains when a trial court finds that no relief can be granted. In those cases, unlike here, potential damages for patent infringement accrued as the threat of an infringement action loomed. In *Capo, Inc., v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1357 (Fed. Cir. 2004), the district court analyzed the "close question" of whether statements by an owner of design patents "created a reasonable apprehension" that the declaratory judgment plaintiff would be sued for design patent infringement. *Id.* The district court ruled that despite its discretion under the Declaratory Judgment Act it should decline to exercise jurisdiction. The Federal Circuit disagreed, finding that the district court erred in declining to find reasonable apprehension of a suit where the president of the company (Dioptics) that owned the design patents "minced no words, left no doubt, and advised Astik [the declaratory judgment plaintiff] that Dipotics had already filed three lawsuits against others for patent infringement." *Id.* at 1356. The Federal Circuit found that in those circumstances, the purpose of the Declaratory Judgment Act was served because it allowed one "who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await commencement of legal action by the other side." *Id.* at 1354 (internal citations omitted). Because the plaintiff was in imminent apprehension, declaratory judgment jurisdiction existed at the outset of the case. *Id.* at 1354-56. Moreover, the Federal Circuit emphasized that the district court's finding of no declaratory judgment jurisdiction exposed the plaintiff to an accrual of money damages: "In this case the district court's decision leaves [the declaratory judgment plaintiff] unable to resolve its accused

---

the district court's dismissal of a counterclaim of invalidity and unenforceability in light of its grant of summary judgment of noninfringement).

liability for patent infringement if it proceeds to market the [accused] 'Suncovers' product." *Id*. at 1357.

Similarly, in *Minnesota Mining and Mfg., Co., v. Norton Co.*, 929 F.2d 670, 672 (Fed. Cir. 1991), an accused infringer filed suit because in view of the threats of damages for infringement liability, absent resolution of the allegations "its potential liability grows." 929 F.2d at 673, citing *E. Edelman & Co. v. Triple-A Specialty Co.,* 88 F.2d 852, 854 (7th Cir.), cert. denied, 300 U.S. 680, 57 S.Ct. 673, 81 Led. 884 (1937) *(*"Norton has threatened 3M and its customers with the prospect of infringement liability. ***As 3M continues to sell products it believes do not infringe, its potential liability grows.***")(emphasis added). Because no remedy exists for the claimed infringement in this case, the risks present in *Capo* and *Minnesota Mining* are not present here.

Apple also cites several cases for the proposition that the Supreme Court has repeatedly recognized that "the public interest favors speedy resolution of validity issues. " Apple Sub. at 5. In *Cardinal Chem. Co. v. Morton Int'l Inc.*, 508 U.S. 83 (1993), the district court concluded ***after*** a bench trial that the patentee had failed to prove infringement and that the defendant-counterclaimant had proved by clear and convincing evidence that both patents were invalid. The Federal Circuit followed its practice at the time and vacated the declaratory judgment holding the patent invalid. *Id.* at 86-87. The Supreme Court held that "[t]hat practice, and the issue before us, therefore concern the jurisdiction of an intermediate appellate court—not the jurisdiction of either a trial court or this Court." 113 S.Ct . 1974. The Supreme Court ultimately held that the Federal Circuit's affirmance of a finding that a patent has not been infringed was not per se sufficient reason for vacating a declaratory judgment holding the patent invalid.

5

Apple cites *Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945) for the general proposition that "validity has the greater public importance." Apple Sub. at 5. That truth does not in any way allow jurisdiction to be maintained when no remedy exists. Apple also cites a footnote in the Court of Claims case *Leesona Corp. v. United States*, 530 F.2d 896, 906 n.9 (Ct.Cl. 1976), for the proposition that although courts need not consider validity once the issue of infringement has been disposed, "the better practice is to treat both the validity and infringement issues." Apple Sub. at 5. Apple fails to inform this Court that the footnote in *Leesona* goes on to say that "Where, as here, noninfringement is clear and invalidity is not plainly evident, it is appropriate to treat only the infringement issue." 530 F.2d at 906 n.9 [3]

### C. Apple Incorrectly Argues that the Absence of Damages or Injunctive Relief Does Not Eliminate Declaratory Relief Jurisdiction in Patent Cases

Apple concedes "courts in various circumstances have held that the absence of a damages remedy or an injunction deprives the court of jurisdiction." Apple Sub. at 5. It nonetheless argues that "in at least one intellectual property case, the Second Circuit has taken a contrary view." Apple Sub. at 6. Apple cites the copyright case of *On Davis v. The Gap, Inc.*, 246 Fd.3d 152 (2d Cir. 2001), where a copyright owner was allowed to proceed with an infringement claim "without showing entitlement to monetary relief" as a "principal that should apply to a patent case." Apple Sub. at 6. Apple ignores that in copyright cases, injunctive relief is available, and there was no indication in *On Davis* that (unlike here) there was an absence of injunctive relief based on the circumstances there. Moreover, the Second Circuit found that the copyright owner was entitled to actual damages. Also, the Court in *Davis* quotes *Nimmer on Copyrights*, section

---

[3] Apple cites *Micron Tech., Inc. v. Mosaid Techs., Inc.* 518 F.3d 897, 902 (Fed. Cir. 2008) for the proposition that the Court's exercise of its discretion to retain jurisdiction would further the policies of giving parties greater clarity in the exercise of their rights. Again, that boilerplate does not establish a legal basis for declaratory judgment jurisdiction where all remedies have been eliminated.

6

13.01, for the proposition that the existence of damages is not an essential element of a copyright violation. Section 13.01 of *Nimmer* goes on in the next sentence to explain that while damages is not an element for establishing a DJ of copyright violation, the absence of any relief at all (damages or injunctive) is the basis for SJ:

> Notably absent from the plaintiff's prima facie case is the need to demonstrate damage or any harm to plaintiff resulting from the infringement. n5.6 Nonetheless, it has been held that the plaintiff's inability to recover any form of monetary n5.7 or equitable relief n5.8 can warrant a defense summary judgment. (footnote citations omitted).

*Nimmer* cites as an example *Northwest Airlines, Inc. v. American Airlines, Inc.*, 870 F. Supp. 1504, 1512-1513 (D. Minn. 1994) in which a copyright claim was dismissed because there was no ability to collect damages or to obtain injunctive relief.

Apple also asserted that the few patent cases where the court found that it lacked jurisdiction due to the absence of a damages remedy "either predate the Federal Circuit or have been decided by district courts.[4] Apple Sub. at 6. But Apple gives no reason whatsoever to discount that authority. And again, Apple des not cite a single case in which a trial court retained declaratory judgment jurisdiction before trial after determining that no monetary or injunctive relief could be granted, nor does Apple cite any case that supports such a proposition.

It would be incorrect for this Court to, as Apples suggests, retain jurisdiction over the declaratory judgment claims just because the parties are very close to trial, or because it would provide clarity to the parties, for any of the other "psychic satisfactions" Apple recites. "Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case, and no amount of 'prudential reasons' or perceived increases in efficiency, however sound,

---

[4] *Continental Coatings Corp. v. Metco, Inc.*, 325 F.Supp. 165, 168 (N.D.Ill. 1971) aff'd 464 F.2d 1375 (7th Cir. 1972); *Crown Packing Tech., Inc. v. Rexam Beverage Can Co.*, 622 F.Supp. 2d 124 (D.Del. 2007).

can empower a federal court to hear a case where there is no extant case or controversy." *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010).

| | |
|---|---|
| Dated:  June 7, 2012 | Respectfully submitted, |
| | MOTOROLA MOBILITY, INC. AND MOTOROLA SOLUTIONS, INC. |
| | By:      */s/ Stephen A. Swedlow* |

Edward J. DeFranco
Raymond Nimrod
Richard W. Erwine
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
raynimrod@quinnemanuel.com
richarderwine@quinnemanuel.com

Charles K. Verhoeven
David A. Perlson
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com

Brian Cannon
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Telephone: (650) 801-5000
Facsimile:  (650) 801-5001
Email:  briancannon@quinnemanuel.com

David A. Nelson
Stephen Swedlow
Amanda S. Williamson

8

        QUINN EMANUEL URQUHART
            & SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
       stephenswedlow@quinnemanuel.com
       amandawilliamson@quinnemanuel.com

*Attorneys for Defendant Motorola Mobility, Inc. and Motorola Solutions, Inc. (f/k/a Motorola, Inc.)*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record will be served with a true and correct copy of the foregoing by electronic mail, on this the 7th day of June, 2012.

*/s/ Stephen A. Swedlow*