**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.), <br><br>       Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> MOTOROLA, INC. and MOTOROLA MOBILITY, INC. <br><br>       Defendants and Counterclaim-Plaintiffs. | Case No. 11-CV-8540 (RAP) |

**APPLE INC. AND NEXT SOFTWARE, INC.'S**
**OBJECTIONS AND PROPOSED MODIFICATIONS TO THE COURT'S**
**JURY INSTRUCTIONS AND VERDICT FORMS**

Under the Court's June 5 Order, Apple respectfully submits the following objections and suggested modifications to the Court's revised jury instructions and verdict forms submitted with that Order.

**The Court's Revised Jury Instructions**

Apple respectfully submits that proposed instruction 1.3 might prove confusing to the jury to the extent that its suggested order of the trial (validity, and then infringement) is the opposite of the Ordered presentation of evidence (infringement, and then validity). Apple suggests the following alternative:

**Trial Order -** Each of Apple's four patents relates to a different technology. For each patent, you must consider whether Motorola's products infringe it, and whether the patent is valid. You should consider infringement and the validity of each patent separately. The trial will go patent by patent in this order: '647, '263, '002, '949.

Further, the Court's obviousness instructions (1.7 and 2.17) equate "prior art" and "prior technology." Prior Art is a term of art, and only specific combinations of prior art can be used as a basis for alleging obviousness. The Court's ruling with respect to the motions *in limine* allowed Motorola to introduce certain technical references for purposes <u>other than</u> alleging invalidity. It would be confusing to the jury to equate that class of exhibits (i.e. prior technology) with what Motorola has specifically alleged as a basis of its obviousness combination (i.e. prior art). As such Apple requests that the Court substitutes "prior art" for "prior technology," and to add the following to instruction 1.7: "The jury should decide obviousness only in view of such specific combinations of prior art that form the basis of an obviousness allegation." For the same reason, Apple requests that the Court adds, at the end of obviousness instruction in 2.17, the following:

> "In this case, Motorola has only alleged that combinations of certain pieces of prior art render the asserted patents obvious. You should only consider those specific combinations in rendering your decision."

Also, with respect to 2.17 invalidity, Apple requests that the Court clarifies the sentence that reads:

> "To qualify, the item or reference must have been made, known, used, published, or patented either before the invention was made or more than one year before the filing date of the patent application."

as follows:

> "To qualify, the item or reference must have been made, known, used, published, or patented either before the invention was made or more than one year before the <u>earliest effective</u> filing date of the patent application,"

Additionally, in an effort to further winnow the case, Apple will not proceed with claims 21 and 46 of the '002 patent. As such, Instruction 2.8.1 and the relevant portion of 2.14 should be modified to reflect that change, and Instructions 2.8.2 and 2.15 should be deleted.

The Court's "Defined Terms" appearing at the end of the Court's proposed constructions are missing certain definitions. Specifically, regarding the '263 patent, the following definitions are missing from the appendix of Defined terms:

A "realtime" system must satisfy explicit (bounded) response-time constraints or risk severe consequences, namely degraded performance. [Jan. 25, 2012 Order at 9.]

A "device handler" is software associated with an interface device that sets up data flow paths and also presents data and commands to a realtime signal processing subsystem. [Parties' agreed-upon construction.]

With respect to the '949 patent, although correctly noted in the body of the Instructions, the following definitions are missing from the appendix of Defined terms:

"vertical screen scrolling heuristic"

**Function**: "determining that the user's finger contacts correspond to a one dimensional vertical screen-scrolling command rather than a two-dimensional diagonal screen translation command based on the initial angle of the finger's movement on the screen."

**Structure**: "a heuristic that uses as one input the initial angle of the user's finger swipe gesture and determines whether that angle is within a predetermined range of being perfectly vertical, as shown for example in Figure 39C at 3937."

"two-dimensional screen translation heuristic"

**Function**: "determining that the user's finger contacts correspond to two-dimensional diagonal screen translation command rather than the one-dimensional vertical screen-scrolling command based on the initial angle of the finger's movement on the screen."

**Structure**: "a heuristic that uses as one input the initial angle of the user's finger swipe gesture and determines whether that angle is within a predetermined range of being perfectly vertical, as shown for example in Figure 39C at 3939."

"next item" heuristic

**Function**: "determining that the user's finger contacts correspond to a command to transition from displaying one item in a set of items to displaying the next item in the set."

**Structure**: "a heuristic that uses as one input a user's finger tap on the right side of the device's touch screen."

Finally, Apple objects to the Court's written description instruction in 2.18.1.   Apple

respectfully submits the following alternative:

> The written description must clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed.  The test is whether the disclosure conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.

### Apple's Objections And Suggested Modifications to the Verdict Forms

Apple objects to any reference in the jury verdict form to invalidity of the 263 patent based on obviousness. The jury should not be asked to render a verdict on obviousness for the 263 patent because Motorola's proposed 'evidence' is not admissible. Motorola's proposed showing is limited to its expert's conclusory opinion, which is fully set forth in paragraphs 287-297 of Dr. Clark's Second Supplemental Expert Report Regarding Validity of U.S. Patent No. 6,343,263 (March 22, 2012). In his report, Dr. Clark parrots the language of the *Graham* factors but offers nothing more than a few conclusory sentences stating his conclusion, and he offers no analysis or evidence for the key question: what the differences are between the claims and the prior art, and how the differences would have been obvious to those skilled in the art. Such conclusory testimony is insufficient. *See, e.g.*, *Upjohn Co. v. MOVA Pharm. Corp.*, 225 F.3d 1306, 1311 (Fed. Cir. 2000) (reversing jury verdict of obviousness because testimony was limited to expert's conclusion without further support by substantial evidence).

With respect to the '647 patent, per the parties' agreement regarding representative products, as reflected in Exhibit A (List of Uncontested Facts) submitted with the June 5, 2011 Proposed Final Pretrial Order, Apple respectfully suggests the corresponding verdict forms be modified as indicated in the table below:

| Court's Proposal | Apple's Suggested Edits |
|---|---|
| **Apple's '647 Patent** | **Apple's '647 Patent** |
| **Infringement.** Do you find that Apple has proved that it is more likely than not that any of Motorola's devices infringe the '647 Patent, either literally or under the doctrine of equivalents?<br><br>_____ **YES** | **Infringement.** Do you find that Apple has proved that it is more likely than not that any of Motorola's devices infringe the '647 Patent, either literally or under the doctrine of equivalents?<br><br>_____ **YES** |

| Court's Proposal | Apple's Suggested Edits |
|---|---|
| _____ **NO** | _____ **NO** |
| If you answer "Yes," do you find that: | If you answer "Yes," do you find that: |
| The Motorola Xoom infringes Claim 1 of '647: | The Motorola Xoom infringes Claim 1 of '647: |
| _____ **YES** _____ **NO** | _____ **YES** _____ **NO** |
| The Motorola Xoom infringes Claim 8 of '647: | The Motorola Xoom infringes Claim 8 of '647: |
| _____ **YES** _____ **NO** | _____ **YES** _____ **NO** |
| The Motorola DroidX (browser) infringes Claim 1 of '647: | The Motorola Droid X (browser) infringes Claim 1 of '647: |
| _____ **YES** _____ **NO** | _____ **YES** _____ **NO** |
| The Motorola DroidX (browser) infringes Claim 8 of '647: | The Motorola Droid X (browser) infringes Claim 8 of '647: |
| _____ **YES** _____ **NO** | _____ **YES** _____ **NO** |
| The Motorola DroidX (messaging) infringes Claim 1 of '647: | The Motorola Droid X (**Motorola Messaging**) infringes Claim 1 of '647: |
| _____ **YES** _____ **NO** | _____ **YES** _____ **NO** |
| The Motorola DroidX (messaging) infringes Claim 8 of '647: | The Motorola Droid X (**Motorola Messaging**) infringes Claim 8 of '647: |
| _____ **YES** _____ **NO** | _____ **YES** _____ **NO** |
| The Motorola Droid infringes Claim 1 of '647: | The Motorola Droid (**MMS**) infringes Claim 1 of '647: |
| _____ **YES** _____ **NO** | _____ **YES** _____ **NO** |
| The Motorola Droid infringes Claim 8 of '647: | The Motorola Droid (**MMS**) infringes Claim 8 of '647: |
| _____ **YES** _____ **NO** | _____ **YES** _____ **NO** |
| The Motorola Droid3 infringes Claim 1 of '647: | ~~The Motorola Droid3 infringes Claim 1 of '647:~~ |
| _____ **YES** _____ **NO** | ~~_____ **YES** _____ **NO**~~ |
| The Motorola Droid3 infringes Claim 8 of '647: | ~~The Motorola Droid3 infringes Claim 8 of '647:~~ |
| _____ **YES** _____ **NO** | ~~_____ **YES** _____ **NO**~~ |
| **2.13 Representative Products** – Apple alleges that many different Motorola products infringe the four patents at issue in this trial. Rather than discuss every single device, the | **2.13 Representative Products** – Apple alleges that many different Motorola products infringe the four patents at issue in this trial. Rather than discuss every single device, the |

| Court's Proposal | Apple's Suggested Edits |
|---|---|
| parties have agreed to focus on specific ones that are representative of the rest. You are to consider whether each representative device infringes Apple's patent according to the following list: | parties have agreed to focus on specific ones that are representative of the rest. You are to consider whether each representative device infringes Apple's patent according to the following list: |
| **'647 Patent:** Xoom; Droid X (browser); Droid X (Motorola messaging); Droid MMS | **'647 Patent:** Xoom; Droid X (browser); Droid X (Motorola **Messaging**); Droid (**MMS**) ~~Droid 3~~. |
| **'263 Patent:** Xoom; Droid; Droid 2; Droid X2 | **'263 Patent:** Xoom; Droid; Droid 2; Droid X2 |
| **'002 Patent:** Droid Pro; Droid X; Photon | **'002 Patent:** Droid Pro; Droid X; Photon |
| **'949 Patent:** Droid X | **'949 Patent:** Droid X |

Finally, because Apple will no longer pursue claims 21 and 46 of the '002 patent, the verdict form questions relating to those claims can be deleted.

Dated: June 7, 2012                    Respectfully submitted,

 */s/ Brian E. Ferguson*
Robert T. Haslam rhaslam@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Tensegrity Law Group LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:  650-802-6010
Facsimile: 650-802-6001

Brian E. Ferguson
brian.ferguson@weil.com
Stephen K. Shahida
Stephen.shahida@weil.com

WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

*Attorneys for Plaintiffs Apple Inc.
and NeXT Software, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record will be served with a true and correct copy of the foregoing by electronic mail, on this the 7st day of June, 2012.

*/s/ Brian E. Ferguson*
Brian E. Ferguson