**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>　　　　　Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.,<br><br>　　　　　Defendants and Counterclaim-Plaintiffs. | Case No. 1:11-CV-08540<br><br>Hon. Richard A. Posner<br><br>**JURY TRIAL DEMANDED** |

**APPLE'S OBJECTIONS AND PROPOSED MODIFICATIONS TO THE COURT'S
JURY INSTRUCTIONS AND VERDICT FORMS
FOR THE MOTOROLA PATENT TRIAL**

　　　　Under the Court's June 5 Order, Apple respectfully submits the following objections and suggested modifications to the Court's revised jury instructions and verdict forms for the liability trial on Motorola's patent submitted with that Order.

**The Court's Revised Jury Instructions**

　　　　Apple respectfully submits that proposed instructions 1.2 and 1.3 might prove confusing to the jury to the extent that its suggested order of the trial (validity, and then infringement) is the opposite of the Ordered presentation of evidence (infringement, and then validity). Apple suggests that the Court modify the relevant proposed instructions as indicated in the table below:

| **Apple's Suggested Edits** |
|---|
| 1.2 **Trial Order** – In this trial, you must consider ~~whether the '898 patent is invalid and~~ whether the Apple iPhone 4, which is representative of all Apple products at issue in this case, infringes **the '898 patent**~~it~~**, and whether the '898 patent is invalid**. You should consider **infringement and** validity ~~and infringement~~ separately. |

| Apple's Suggested Edits |
|---|
| 1.3 . . . Then Motorola and Apple will present their arguments, which will include testimony by additional witnesses about ~~whether Motorola's 898 patent is invalid and~~ whether Apple's smartphones and tablets infringe **Motorola's 898 patent**~~it~~**, and whether the '898 patent is invalid**. |

Apple objects to the portions of proposed instructions 1.4, 2.10, and 2.12 that reference the doctrine of equivalents. These portions are not relevant because argument regarding infringement of the '898 patent under the doctrine of equivalents should be excluded as explained in Apple's Motion in Limine No. 12 (Dkt. No. 896). Also, because there is no infringement issue involving the level of ordinary skill, the Court should move the definition of a person of ordinary skill from the proposed instructions on infringement to a more appropriate location, such as proposed instructions 1.6 and 2.7. Based on this objection, Apple requests that the Court modify the relevant proposed instructions as indicated in the table below:

| Apple's Suggested Edits |
|---|
| 1.4. . . . A claim in a valid patent gives its inventor only the right to stop others from making, using, selling, or offering to sell a device that has all of the elements described in the claim~~, or elements that are equivalent to all of those elements~~. A patent is not infringed by a device that is similar to the patented invention unless that device contains every element described by the patent claim~~, or equivalents to those elements~~. . . . To prove infringement, Motorola (who is the owner of the patent) must prove that every element in one of '898's claims is found in the iPhone4~~, whether~~ as an exact duplicate of the element ~~or as being "equivalent" to it, meaning that a person of "ordinary skill" in the relevant field of technology would have considered the differences between them to be insubstantial. (A person of "ordinary skill" in the technological field to which the patented invention belongs is a person who has the education and experience necessary for a competent understanding of the technology described in the patent. He doesn't have to be a genius, but for complicated technologies he may need to have studied that type of technology in college and work with that technology for a number of years before reaching the level of "ordinary skill.") Any difference is insubstantial if, for each element of the patented claims, a feature of Apple's product performs substantially the same function and works in substantially the same way to achieve substantially the same result as that element. One factor you may consider in making that determination is whether a person of ordinary skill (as I've just defined it) would have regarded an aspect of Motorola's product to be interchangeable with the element of the claim.~~ |

| Apple's Suggested Edits |
|---|
| 1.6 . . . An invention is obvious if a person who had ordinary skill in the technology relevant to the invention and was aware of the "prior art" already existing at the time of the invention would have come up with the invention at that time, or in other words would have viewed the invention as obvious. (**A person of "ordinary skill" in the technological field to which the patented invention belongs just means a person who has the education and experience necessary for a competent understanding of the technology described in the patent. He doesn't have to be a genius, but for complicated technologies he may need to have studied that type of technology in college and worked with that technology for a number of years before reaching the level of "ordinary skill."** "Prior art" is just patent speak for what was already known in the relevant field when the patented technology was invented. It is the same as prior technology, which is the term I will use throughout these instructions**.**) |
| 2.7 "Ordinary skill in the technology" - Some ~~infringement and~~ invalidity issues in patent cases are determined by reference to a "person of ordinary skill in the art," which really means ordinary skill in the technology of the patent. **A person of "ordinary skill" in the technological field to which the patented invention belongs just means a person who has the education and experience necessary for a competent understanding of the technology described in the patent; he doesn't have to be a genius.** It is up to you to decide the level of ordinary skill for each of the four asserted patents. When deciding on the level of ordinary skill, consider the sophistication of technology in the field, the types of problems encountered in the field, and the level of education and experience of those working in the field. |
| 2.10 . . . Motorola must prove that every element in the claim that you are considering is found in Apple's product. ~~This can be proved in either of two ways.~~ An element of a claim is found in Apple's product if the element in its product is exactly the same as it is in the claim in Motorola's patent**.** ~~, or alternatively if the element in Apple's product is equivalent to the element in the claim. So what exactly is "equivalence"? An element in the product that is alleged to infringe Motorola's patent is equivalent to an element in the patent if the differences between the two would be thought insubstantial by a person of "ordinary skill" in the field of knowledge relating to the invention. (A person of "ordinary skill" in the technological field to which the patented invention belongs just means a person who has the education and experience necessary for a competent understanding of the technology described in the patent; he doesn't have to be a genius. It is up to you to decide the level of ordinary skill for each of the four patents.) To determine whether the differences are substantial or insubstantial, you should consider whether the element in question performs substantially the same function, in substantially the same way, to achieve substantially the same result, as an element of the claim. If so, the elements are equivalent.~~ |
| 2.12 . . . Apple's iPhone4 infringes a patent claim if every element of the patent's claim ~~(or its equivalent)~~ is found in Apple's device. |

Apple respectfully suggests that the portions of proposed instructions 1.5 and 2.15 that reference the "instructed" requirement for induced infringement would be clearer to the jury if the Court clarified what the nature of Apple's instruction to its customers is required to be – i.e.,

3

that the instruction must be to perform the specific limitations of the claim. Based on this suggestion, Apple requests that the Court modify the relevant proposed instructions as indicated in the table below:

| Apple's Suggested Edits |
|---|
| 1.5 . . . To prove inducement, Motorola must show that Apple: (1) knew about the '898 patent, (2) instructed its customers to ~~use its products~~**perform the steps in the asserted claims of that patent** in a way that infringed the patent, and (3) knew or should have known that its acts would cause its customers to infringe the patent. |
| 2.15 . . . To prove induced infringement, Motorola must show that it was more likely than not that Apple (1) knew about the '898 patent, (2) instructed its customers to ~~use its products~~**perform the steps in the asserted claims of that patent** in a way that infringed the patent (and that the customers did infringe the patent), and (3) knew or should have known that its acts would cause its customers to infringe the patent. |

In an effort to further winnow the case, Apple will not present evidence or argument that any prior art references anticipate the asserted claims of the '898 patent. Accordingly, the portions of proposed instructions 1.6 and 2.16 that reference anticipation are no longer relevant and including such an instruction would confuse the jury. In light of the removal of references to anticipation, Apple respectfully suggests that the portion of instruction 1.6 that states "[Apple] can prove invalidity by showing that the patent was obvious" would be clearer and more correct if phrased as "[Apple] can prove invalidity by showing that the patent was obvious in light of the state of the art when the patent was filed."

Apple objects to the portion of proposed instruction 2.16 that references "when the invention was made." Motorola claims the filing date of the '898 patent's predecessor provisional application – September 2, 1997 – as its priority date. The phrase "when the invention was made" would confuse the jury as to when

Apple objects to proposed instruction 2.16 because it does not inform the jury of the role that "common sense" plays in an obviousness determination. By focusing on combining prior art

references, this instruction could incorrectly cause the jury to believe that combining a single prior art reference with common sense alone is insufficient to render a patent obvious.

Apple objects to the portion of proposed instruction 2.16 that references secondary factors of non-obviousness. This portion is not relevant because (a) Motorola provides no evidence that (i) other inventors attempted to make the invention in the patent claim; (ii) anyone praised the invention; (iii) anyone sought or obtained from Motorola a license to the patent; or (iv) any copying of the standard is connected to the invention; and (b) by failing to include these factors in its response to Apple's contention interrogatory requesting that Motorola "identify" "any secondary considerations of non-obviousness," Motorola waived any right to claim the secondary factors of (i) whether other inventors failed in attempting to make the invention in the patent claim; (ii) praise for the invention; and (iii) licensing of the patent.

Based on the above objections and Apple's winnowing of its invalidity defenses, Apple requests that the Court modify the relevant proposed instructions as indicated in the table below:

| **Apple's Suggested Edits** |
|---|
| 1.6 . . . To succeed with its claim of invalidity, Apple must prove invalidity by clear and convincing evidence. In can prove invalidity by showing that the patent was obvious **in light of the state of the art when the patent was filed**~~or anticipated by a prior piece of technology~~. . . . ~~Anticipation - A patent claim is also invalid if all of its elements were already contained in an existing invention – in other words it had already been invented – even if the new patentee didn't know about the earlier invention.~~ |
| 2.16 . . . Apple argues that the claims of the '898 patent are invalid because they were obvious in light of prior technology before the patents were issued ~~and/or because they were anticipated by prior technology~~. Prior technology means . . . . If Apple proves ~~either~~ a claim of '898 was obvious ~~or anticipated by prior technology~~, it wins the case even if it infringed that claim. . . . To evaluate obviousness, you should assume that the person of ordinary skill knows all the prior technology existing when **Motorola filed the application that led to the '898 patent**~~the invention was made~~. You should then determine what he would have thought obvious **in light of the prior technology and common sense**. You must not . . . . the invention in the patent claim. ~~These factors are the primary factors that you should consider in deciding the question of obviousness, but you should also consider the following secondary factors, which may indicate that Motorola's invention was not obvious: whether other inventors failed in attempting to make the invention in the patent claim; or copied the invention; or praised it; or sought or obtained from Motorola a license to the patent. None of these~~ |

| Apple's Suggested Edits |
|---|
| ~~factors has to be present for you to conclude that the Motorola's invention was not obvious. And it is for you to decide how much weight to give each factor that you find is present. But remember that these are secondary factors, and you must not give them as much weight as the primary factors listed above.~~ Two more points: . . . . obvious to combine them. ~~Anticipation A patent claim is invalid if it is anticipated. To prove that a claim is anticipated, Apple must show by clear and convincing evidence that each element of the claim is present in a single piece of prior technology and that, by looking at that one piece of prior technology, a person with an ordinary level of skill in the field would have been able to make and use the invention disclosed in the claim. A final point: recall that, as I explained earlier, to find obviousness you can combine multiple pieces of prior technology. You cannot combine prior technology to establish invalidity by anticipation; only a single specific piece of prior technology can anticipate a patent.~~ |

Apple objects to the portions of proposed instructions 1.4 and 2.12 that reference comparing the patent claims to a technical standard. The current phrasing – "You may also compare the patent claims to a cellular technical standard practiced by Apple's products." – assumes facts Motorola bears the burden of proving and does not accurately state the law. Based on this objection, Apple requests that the Court modify the relevant proposed instructions to conform to the Federal Circuit's ruling in *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327-28 (Fed. Cir. 2010) that "[o]nly in the situation where a patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance.":

| Apple's Suggested Edits |
|---|
| 1.4 . . . You may also compare the patent claims to a cellular technical standard practiced by Apple's products **only if every possible implementation of that standard necessarily practices the patent claims**. |
| 2.12 . . . You may also determine infringement by comparing a patent claim to a cellular technical standard practiced by Apple's phones **only if every possible implementation of that standard necessarily practices the patent claims**. |

Apple objects to the portions of proposed instructions 2.7 and 2.10 that reference the jury's decision on the level of ordinary skill. These portions are not relevant because there is no dispute that turns on the level of ordinary skill in this case. Based on this objection, Apple requests that the Court modify the relevant proposed instructions as indicated in the table below:

| Apple's Suggested Edits |
|---|
| 2.7 "Ordinary skill in the technology" - Some ~~infringement and~~ invalidity issues in patent cases are determined by reference to a "person of ordinary skill in the art," which really means ordinary skill in the technology of the patent. ~~It is up to you to decide the level of ordinary skill for each of the four asserted patents. When deciding on the level of ordinary skill, consider the sophistication of technology in the field, the types of problems encountered in the field, and the level of education and experience of those working in the field.~~ |
| 2.10 . . . ~~It is up to you to decide the level of ordinary skill for each of the four patents.~~ |

Apple objects to the portion of proposed instruction 2.12 that references the dependence of claims 2 and 5 on claim 1. As currently phrased – "The iPhone4 only infringes claim 2 or claim 5 if it infringes claim 1." – the instruction could lead the jury to incorrectly conclude that Apple <u>must</u> infringe claims 2 and 5 if it infringes claim 1. Based on this objection, Apple requests that the Court modify the relevant proposed instruction as indicated in the table below:

| Apple's Suggested Edits |
|---|
| 2.12 . . . The iPhone4 **can** only infringe~~s~~ claim 2 or claim 5 if it infringes claim 1. |

Finally, some proposed instructions appear to contain typographical errors. Apple respectfully suggests that the Court modify the relevant proposed instructions as indicated in the table below:

| Apple's Suggested Edits |
|---|
| 1.4 He doesn't have to be a genius, but for complicated technologies he may need to have studied that type of technology in college and work**ed** with that technology for a number of years before reaching the level of "ordinary skill." |
| 1.6 . . . **It**~~In~~ can prove invalidity by showing that the patent was obvious or anticipated by a prior piece of technology. |
| 2.7 . . . It is up to you to decide the level of ordinary skill for ~~each of~~ the ~~four~~ asserted patent~~s~~. |
| 2.8 . . . 4. whether **Apple**~~Motorola~~ has proved by clear and convincing evidence that any of the claims of 898 are invalid. |
| 2.11 A few words in the patent~~s~~ . . . . |
| 2.12 . . . Apple and Motorola have identified the elements you must find present in **Apple**~~Motorola~~'s devices to find infringement. |
| 2.13 . . . If you **find** that the iPhone4 infringed '898 . . . . |

| **Apple's Suggested Edits** |
|---|
| 2.14 . . . Apple sold a component or product that is **a** significant part of the invention . . . . |
| 1.2, 1.4, 2.12, 2.13, 2.16:  For references to "iPhone4", incorporate a space between "iPhone" and "4". |

**The Verdict Form**

Apple objects to the portion of Question 1 that references the doctrine of equivalents. This portion is not relevant because argument regarding infringement of the '898 patent under the doctrine of equivalents should be excluded as explained in Apple's Motion in Limine No. 12 (Dkt. No. 896). Based on this objection, Apple requests that the Court modify the relevant proposed instructions as indicated in the table below:

| Apple's Suggested Edits |
| --- |
| 1. Infringement. Do you find that Motorola has proved that it is more likely than not that the iPhone 4 infringes the '898 Patent, ~~either literally or under the doctrine of equivalents~~? |

In an effort to further winnow the case, Apple will not present evidence or argument that any prior art references anticipate the asserted claims of the '898 patent. Accordingly, the portions of Question 5 that reference anticipation are no longer relevant. and including these portions would confuse the jury  Based on Apple's winnowing of its invalidity defenses, Apple requests that the Court modify the relevant proposed instructions as indicated in the table below:

| Apple's Suggested Edits |
| --- |
| 5. Invalidity. Do you find that Apple has proved by clear and convincing evidence that the '898 Patent is invalid because it is obvious ~~or anticipated by prior technology~~? <br> ____ YES (For Apple) <br> ____ NO (For Motorola) <br> If you answer "Yes," do you find that: <br> Claim 1 of '898 is obvious: _____ Yes _____ No <br> ~~Claim 1 of '898 is anticipated by prior technology: _____ Yes _____ No~~ <br> Claim 2 of '898 is obvious: _____ Yes _____ No <br> ~~Claim 2 of '898 is anticipated by prior technology: _____ Yes _____ No~~ <br> Claim 5 of '898 is obvious: _____ Yes _____ No <br> ~~Claim 5 of '898 is anticipated by prior technology: _____ Yes _____ No~~ |

Finally, the verdict form incorrectly references "claims 1, 2, and 3 of the '898 patent" in Question 2. This text should be modified to reference "claims 1, 2, and 5 of the '898 patent" as follows:

| **Apple's Suggested Edits** |
|---|
| 2. Induced Infringement. Do you find that Motorola has proved that it is more likely than not that Apple's customers performed claim 1, 2, or **5~~3~~** of the '898 patent, and that Apple knew of the '898 patent, and took action that it knew or should have known would induce that infringement? |

Dated: June 7, 2012　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Robert T. Haslam
　　　　　　　　　　　　　　　　　　　Robert T. Haslam rhaslam@cov.com
　　　　　　　　　　　　　　　　　　　COVINGTON & BURLING LLP
　　　　　　　　　　　　　　　　　　　333 Twin Dolphin Drive, Suite 700
　　　　　　　　　　　　　　　　　　　Redwood Shores, CA 94065-1418
　　　　　　　　　　　　　　　　　　　Telephone: (650) 632-4700
　　　　　　　　　　　　　　　　　　　Facsimile: (650) 632-4800

　　　　　　　　　　　　　　　　　　　Matthew D. Powers
　　　　　　　　　　　　　　　　　　　Matthew.Powers@tensegritylawgroup.com
　　　　　　　　　　　　　　　　　　　Tensegrity Law Group LLP
　　　　　　　　　　　　　　　　　　　555 Twin Dolphin Drive, Suite 360
　　　　　　　　　　　　　　　　　　　Redwood Shores, CA 94065
　　　　　　　　　　　　　　　　　　　Telephone: 650-802-6010
　　　　　　　　　　　　　　　　　　　Facsimile: 650-802-6001

　　　　　　　　　　　　　　　　　　　Brian E. Ferguson
　　　　　　　　　　　　　　　　　　　brian.ferguson@weil.com
　　　　　　　　　　　　　　　　　　　Stephen K. Shahida
　　　　　　　　　　　　　　　　　　　Stephen.shahida@weil.com
　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　1300 Eye Street, N.W., Suite 900
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　Telephone: (202) 682-7000
　　　　　　　　　　　　　　　　　　　Facsimile: (202) 857-0940

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs Apple Inc.*
　　　　　　　　　　　　　　　　　　　*and NeXT Software, Inc.*

**CERTIFICATE OF SERVICE**

    I, Robert T. Haslam, an attorney, do hereby certify that I caused a copy of the foregoing to be electronically filed with the Court and served on all parties on June 7, 2012 using the Court's electronic case filing system

                                              */s/ Robert T. Haslam*
                                              Robert T. Haslam