## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

_____

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE<br>INC. (f/k/a NeXT COMPUTER, INC.), | ) <br> ) <br> ) | |
| _Plaintiffs,_ | ) <br> ) | No. 1:11-cv-08540 |
| v. | ) <br> ) | Judge Richard A. Posner. |
| MOTOROLA, INC. and MOTOROLA<br>MOBILITY, INC., | ) <br> ) <br> ) | |
| _Defendants._ | ) | |

### ORDER OF JUNE 7, 2012

On the basis of the motions filed by the parties regarding damages, injunctive and de-claratory relief, and mootness, and the parties' filings this morning addressed to these matters and the hearing held this afternoon, I have tentatively decided that the case should be dismissed with prejudice because neither party can establish a right to relief. The trial scheduled to begin this coming Monday is therefore canceled. But I will delay entry of judgment until I have prepared a full opinion, because in the course of that preparation I may change my mind. I will merely sketch the grounds for my tentative view very briefly in this order.

Apple concedes that, in light of my Order of May 22, 2012, ruling on the _Daubert_ motion filed by Motorola, it cannot prove damages for the alleged infringement of the '002 and '949 patents. That leaves Apple with just its claims for infringement of the '263 and '647 patents. I tentatively conclude that its admissible evidence of damages with respect to those claims does not create a genuine issue of material fact enabling it to withstand Mo-torola's motion for summary judgment. I likewise tentatively conclude that the admissi-ble evidence of damages with respect to the alleged infringement by Apple of Mo-torola's '898 patent also fails to create a genuine issue of material fact.

No. 1:11-cv-08540                                                                                       2

That leaves only the parties' claims to injunctive relief against the alleged infringements. Because the parties believe that damages are an adequate remedy for the alleged infringements (though they failed to present evidence on damages strong enough to withstand summary judgment), and because injunctive relief would impose costs disproportionate to the harm to the patentee and the benefit of the alleged infringement to the alleged infringer and would be contrary to the public interest, I cannot find a basis for an award of injunctive relief. Apple urges me to hold a full evidentiary hearing on its claim for injunctive relief. The request was made for the first time at this afternoon's hearing, after the parties had fully briefed the question of entitlement to injunctive relief; in any event I think the existing evidentiary record is adequate.

Apple seeks declaratory relief as an alternative to injunctive relief; I do not believe that it has any right to declaratory relief, but if it did I would be strongly inclined to exercise my discretion to deny it such relief in light of my ruling that it has failed to prove its damages and injunction cases.

But all this requires a fuller explanation, which I will endeavor to provide in my opinion; I expect to issue it within a week.

United States Circuit Judge

June 7, 2012