UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

———————

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE INC. (f/k/a NeXT COMPUTER, INC.), | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:11-cv-08540 |
| v. | ) ) ) | Judge Richard A. Posner. |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC., | ) ) ) | |
| *Defendants*. | ) | |

ORDER OF JUNE 26, 2012

The case having been dismissed, I am not at all sure that I have jurisdiction to issue this order! Anyway it really isn't an order, but merely a comment on an email.

The email is from Apple and concerns the judgment of dismissal with prejudice that I directed be entered on June 22, 2012. Much of the email is taken up with rulings that I made in the course of the litigation. On appeal from a final judgment a party can seek appellate review of any interlocutory ruling that has not been rendered moot by the final judgment. There is no occasion for specifying those rulings in the judgment itself.

Apple refers to a January 19, 2012, email in which it said it "will move"—not that it was moving—to sever its claims relating to alleged infringement by Motorola of two patents, the '721 and the '983, and to stay further action on them in this litigation, pending the Federal Circuit's resolution of an appeal involving the same patents in a suit between Apple and HTC. *Apple v. HTC*, No. 2012-1025 (Fed. Cir. filed Dec. 29, 2011). (HTC, like Motorola, is a manufacturer of cell phones that use the Google-developed Android operating system.) The exact language of the January 19 email, so far as pertinent to severance and stay, is: "Apple will move pursuant to Fed. R. Civ. P. 21 to either sever its infringement claims as to U.S. Patent Nos. 5,481,721 and 6,275,983, and/or to stay resolu-

No. 1:11-cv-08540                                                                2

tion of those claims pending the Court of Appeals for the Federal Circuit's resolution of a pending appeal involving the 721 and 983 patents." Notice that the email does not commit to sever ("and/*or* to stay" (emphasis added)). The email itself was thus not a motion for a severance or for a stay, and I took no action in response to it. That was five months ago and until yesterday, June 25, I had not heard a further peep from Apple about these two patents. I assumed it had abandoned its claims.

Apple indicates in its email that it wants me to sever those patent claims and stay action on them. Coyly, it still has not filed a motion to sever, as required by Fed. R. Civ. P. 21. The informal suggestion in the January 19 email, never followed up, of a *possible* future motion to sever the two patents did not survive the entry of final judgment. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 882–83 (7th Cir. 2012). At the hearing on June 7, I indicated my tentative decision to dismiss the entire case, yet that did not trigger a motion to sever the '721 and '983 patent claims either. That decision became final on June 22. By its inaction, which given the quality and resources of Apple's legal team I must assume is strategic, Apple has forfeited any right to a severance.

*[signature: Richard A. Posner]*

United States Circuit Judge

June 26, 2012